UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL. | CIVIL ACTION NO.: 3:21-cv-00242 |
| Plaintiffs, | SECTION |
| VERSUS | JUDGE VITTER |
| LOUISIANA STATE UNIVERSITY, et al. | MAGISTRATE JUDGE JOHNSON |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT TIGER ATHLETIC FOUNDATION'S
MOTION TO COMPEL CASE STATEMENT AND COMPREHENSIVE
SUPERSEDING COMPLAINT, SECOND MOTION FOR EXTENSION OF
TIME TO RESPOND, AND ALTERNATIVE MOTION FOR STATUS CONFERENCE**

Defendant Tiger Athletic Foundation ("TAF") moves to compel plaintiffs to file a case statement and comprehensive superseding complaint "to establish an efficient procedure for handling this RICO case,"[1] in which plaintiffs allege—among *nineteen* claims—violations of the Louisiana Racketeering Act, the state's "equivalent" of the federal RICO statute. TAF also moves for an extension of time to respond to plaintiffs' complaint and case statement only because plaintiffs' case statement deadline has been continued. Alternatively, TAF asks this Court to hold a status conference to address how this putative class action involving ten named plaintiffs, eighteen named defendants,[2] and nineteen different liability counts should efficiently and economically proceed.

---

[1] R. Doc. 48 at 1.

[2] Though plaintiffs name "Louisiana State University" as a defendant, the law is clear that LSU's Board of Supervisors is the only entity capable of suing and being sued on the University's behalf. *See generally* La. Stat. § 17:3351; *Davis v. La. State Univ. & A&M College*, No.18-614, 2019 WL 179580, at *4 (M.D. La. Jan. 11, 2019) ("[A]s a matter of Louisiana law, neither LSU nor the LSU PD are juridical entities capable of being sued.").

1.

This case is a RICO case, notwithstanding plaintiffs' Rule 41 dismissal of their federal RICO claim. Both plaintiffs' original class action complaint and amended class action complaint alleged identical federal *and* state racketeering claims based on the same scant allegations against grouped defendants.

2.

Because of these racketeering claims, this Court rightly required plaintiffs to file a "case statement" identifying "the facts each plaintiff relies upon to initiate this RICO complaint as a result of the 'reasonable inquiry' required by Federal Rule of Civil Procedure 11"[3]—a directive equally aimed at plaintiffs' identical Louisiana RICO claims. The Court ordered plaintiffs to specify facts about defendants' alleged "predicate acts," "pattern of racketeering," and each plaintiff's "injury to . . . business or property," all of which apply equally to Louisiana RICO claims. The order also sought any other information that would help the Court process "[plaintiffs'] RICO claim."

3.

In the interests of efficiency and economy, this Court allowed TAF to respond 21 days after plaintiffs' case statement filing deadline, or until September 28, 2021.[4]

4.

Days before plaintiffs' case statement filing deadline, plaintiffs demanded all defendants consent to their filing a second amended complaint to remove *only* the federal racketeering claim

---

[3] R. Doc. 48 at 1.
[4] R. Doc. 59.

to "eliminate the need for the filing of the RICO case statement,"[5] despite their continued pursuit of identical Louisiana RICO claims.

5.

Without waiting for defendants' response, plaintiffs then unilaterally filed a Rule 41 notice of dismissal removing Count "XVIII" and "paragraphs 535-542, 544-547, and 549-552" from their complaint while maintaining certain non-consecutive paragraphs of their federal RICO claim to support their Louisiana RICO claim.[6]

6.

Because plaintiffs continue to accuse various defendants of criminal racketeering under the same allegations—with seemingly no Rule 11 basis for doing so—the same efficiency, economy, and fairness considerations underlying this Court's original case statement order and TAF's later response deadline are still present.

7.

Accordingly, for these reasons, and as detailed in the supporting memorandum, this Court should grant TAF's motion and compel plaintiffs to provide the case statement identifying facts to support their Louisiana RICO claims and to respond to the other inquiries in the Court's RICO order. Relatedly, the Court should again allow TAF the same 21 days from plaintiffs' filing their case statement or until October 18, 2021, whichever is later, to respond.

---

[5]   *See* TAF Exh. A at 7.

[6]   R. Doc. 67.

8.

The Court also should order plaintiffs to file a "comprehensive" superseding complaint that removes the counts and non-consecutive paragraphs no longer at issue, rather than merely identifying these paragraphs in later filings on the docket.

9.

Alternatively, TAF asks this Court to hold a status conference with all parties to address defendants' response deadlines and obligations, as well as how the parties can efficiently and economically manage these complex proceedings.

10.

Undersigned counsel asked plaintiffs' counsel for their consent to this motion by email on September 9, 2021.  The same day, plaintiffs' counsel advised that they oppose all requested relief, including a status conference with the Court.

Respectfully submitted,

   */s/ Chloé M. Chetta*
Judy Y. Barrasso, 02814
Laurence D. LeSueur, Jr., 35206
Chloé M. Chetta, 37070
Lance W. Waters, 37351
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA  70112
Telephone:  (504) 589-9700
jbarrasso@barrassousdin.com
llesueur@barrassousdin.com
cchetta@barrassousdin.com
lwaters@barrassousdin.com

*Counsel for Defendant Tiger Athletic Foundation*

*1801765v3*