UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ABBY OWENS, ET AL** | * | NO.: 3:21-cv-00242 |
| | * | |
| **VERSUS** | * | JUDGE: WBV |
| | * | |
| **LOUISIANA STATE UNIVERSITY, ET AL** | * | MAGISTRATE JUDGE: SDJ |
| | * | |
| | * | |

*****************************************************************************

<u>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO COMPEL RICO CASE STATEMENT OR, ALTERNATIVELY, MOTION FOR RICO CASE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e), MOTION FOR STATUS CONFERENCE, AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**</u>

**NOW INTO COURT,** through undersigned counsel, come Defendants, Louisiana State University, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, "O" The Rosy Finch Boyz, LLC, F. King Alexander, Joseph Alleva, Verge Ausberry, Jonathan Sanders, Tracy Blanchard, Maria Fuentes-Martin, Sharon Lewis, James Marchand, A.G. Monaco, Miriam Segar, Julia Sell, Michael Sell, Keava Soil-Cormier, Jennie Stewart, and Edward J. Orgeron, Jr. (collectively, "Defendants"), who respectfully submit this Memorandum in Support of their Motion to Compel Rico Case Statement Or, Alternatively, Motion for RICO Case Statement Pursuant to Federal Rule of Civil Procedure 12(e), Motion for Status Conference and Motion for Extension of Time to File Responsive Pleadings ("Motions").

**I.  FACTUAL BACKGROUND.**

On April 26, 2021, Plaintiffs filed a Class Action Complaint and Jury Demand, asserting various claims against Defendants, among others, including federal and state civil racketeering claims pursuant to the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-

1

1968, and the Louisiana Racketeering Act, La. R.S. 15:1351, *et seq*.[1]  On June 25, 2021, Plaintiffs filed an Amended Class Action Complaint and Jury Demand ("Amended Complaint") that merely added named plaintiffs and more defendants.[2]

The crux of Plaintiffs' allegations is, from roughly 2014 to 2020, Louisiana State University ("LSU") and its employees and third parties violated their Title IX obligations by failing to maintain an adequate reporting, investigation, and disciplinary system for sexual assault complaints.[3]  For this, Plaintiffs allege *twenty* (20) liability counts against various combinations of grouped defendants, claiming violations of Title IX, § 1983, Section 504 of the Rehabilitation Act, Americans with Disabilities Act (ADA), Louisiana tort law, the Racketeering Influenced and Corrupt Organizations Act (RICO), and its state counterpart, the Louisiana Racketeering Act.[4]

Recognizing the complexity of Plaintiffs' racketeering claims and the numerous parties involved, this Honorable Court issued a RICO Order, on July 28, 2021, focused on "establish[ing] an efficient procedure for handling this RICO case."[5]  In its Order, the Court correctly directed Plaintiffs to file a "RICO case statement" identifying "the facts *each plaintiff* relies upon to initiate this RICO complaint as a result of the 'reasonable inquiry' required by Federal Rule of Civil Procedure 11."[6]  The RICO Order contains twenty (20) enumerated paragraphs, with additional sub-paragraphs, setting forth the specific information the Court requires Plaintiffs to include in their case statement.  For instance, the Court ordered *each plaintiff* to state, in detail and with specificity:  (1) the "alleged misconduct…and basis of liability of *each defendant"*; (2) "how *each victim* was allegedly injured"; (3) the "pattern of racketeering…for *each* RICO claim," including

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 1, at ¶¶ 110-352.
[4] The Louisiana Racketeering Act is also known as the Louisiana RICO Act.  La. Prac. Emp. Law §14:24; *Viking Constr. Grp. v. Satterfield & Pontikes Constr. Inc.,* 728 F. App'x 405, 405 (5th Cir. 2018).
[5] R. Doc. 48.
[6] R. Doc. 48 (emphasis added).

"the alleged predicate acts, the dates of the predicate acts, the participants in the predicate acts, and the facts surrounding *each predicate act*"; and (4) the damages sustained by reason of the RICO violations and the amount for which *each defendant* is allegedly liable.[7] The information the Court ordered Plaintiffs to supply in their case statement is equally as important and applicable to their Louisiana RICO claims because Plaintiffs' claims depend on the same allegations and analogous legal provisions. Notably, the RICO Order also required Plaintiffs to identify "all state claims" and "the specific defendants for each state claim."

The deadline for Plaintiffs to file the RICO case statement was originally August 17, 2021, but was extended, at Plaintiffs' request, until September 7, 2021.[8] In the interests of efficiency and economy, the Court allowed Defendants to file their responsive pleadings twenty-one (21) days after the RICO case statement was filed, or by September 28, 2021.[9]

On September 1, 2021, mere days before the RICO case statement filing deadline and during the aftermath of Hurricane Ida, Plaintiffs requested all defendants' consent to their filing of a second amended complaint to remove their federal RICO claims *only* (Count XVIII). According to Plaintiffs, removal of the federal claims would "eliminate the need for the filing of the RICO statement,"[10] despite their continued pursuit of their corresponding Louisiana RICO claims. The next day, the U.S. District Court for the Middle District of Louisiana issued an emergency order extending certain case deadlines and delays for thirty (30) days commencing from August 26, 2021, due to Hurricane Ida.[11]

---

[7] R. Doc. 48, at Nos. 2, 4, 5, 15-17 (emphasis added).
[8] R. Doc. 51; R. Doc. 54.
[9] R. Doc. 59; R. Doc. 60; R. Doc. 68 (Maria Fuentes-Martin's response deadline ws extended to October 12, 2021).
[10] R. Doc. 71-2: TAF Exhibit A, at pp. 7-8.
[11] M.D. La. General Oder No. 2021-7, Omnibus Order Suspending Deadlines, signed by Chief Judge Shelly D. Dick on September 2, 2021.

3

On September 7, 2021, the (pre-Ida) deadline for Plaintiffs to file their RICO case statement, Plaintiffs, instead, filed a Notice of Dismissal, removing their federal RICO claims in Count XVIII, as well as "paragraphs 535-542, 544-547, and 549-552" from their Amended Complaint, while maintaining their state racketeering claims and certain non-consecutive paragraphs of their federal RICO claims because they were "incorporated by refence" into "other claims."  The other claims referenced by Plaintiffs include their Louisiana RICO claims.[12]

After Plaintiffs filed their notice of dismissal, this Honorable Court issued its September 8th Order, resetting the deadline for Plaintiffs to file their case statement, in accordance with the Court's RICO Order, to September 27, 2021.[13]  The next day, Plaintiffs' counsel advised defense counsel that Plaintiffs would not consent to any additional extension of time for Defendants to file responsive pleadings because Plaintiffs believe the RICO case statement is no longer necessary in light of their dismissal of their federal racketeering claims.  Plaintiffs' counsel further advised that they believe a status conference is not necessary and if defense counsel "think there is not enough detail in [Plaintiffs'] nearly 600 paragraph complaint" to support their Louisiana RICO claims, Defendants "are free to file a Rule 12(b) motion." [14]

## II. LAW AND ARGUMENT.

### A. The Court Should Compel Plaintiffs to File a RICO Case Statement.

Defendants adopt and incorporate by reference, as if copied herein in *extenso,* the law and argument contained in the Memorandum in Support of Motion to Compel Case Statement filed by the Tiger Athletic Foundation ("TAF").[15]  Like TAF, Defendants simply ask the Court to require

---

[12] R. Doc. 67.
[13] R. Doc. 70.
[14] R. Doc. 71-2: TAF Exhibit A, at pp. 1-2.  Plaintiffs subsequently notified the Court and all defense counsel, on September 13, 2021, after TAF filed its Motion to Compel RICO Case Statement, that Plaintiffs are not opposed to an expedited briefing schedule or status conference should the Court determine either would be helpful but continue to oppose all other relief sought by Defendants.
[15] R. Doc. 71-1.

4

the filing of the case statement by Plaintiffs as ordered. Based on the words of Plaintiffs' own counsel, Plaintiffs have attempted to dismiss their federal racketeering claims to eliminate the need to file a case statement and provide the information required by the Court in its RICO Order, while, at the same time, continuing to pursue their state racketeering claims.[16] If Plaintiffs are able to avoid filing the RICO case statement by dismissing *only* their federal RICO claims against Defendants, it will allow them to successfully circumvent this Honorable Court's Order.

The RICO case statement is a *case management tool* "born out of the great expansion in the use of civil RICO [claims] in otherwise routine litigation." *Landry v. Airline Pilots' Ass'n*, No. 86-3196, 1988 WL 27035, *1 and n. 1 (E.D. La. Mar. 17, 1988), affirmed in part and reversed in part on other grounds by *Landry v. Airline Pilots' Ass'n*, 901 F.2d 404 (5th Cir. 1990); *See also, Raymond v. Blair,* No. 09-5507, 2010 WL 11537936, * 2 (E.D. La. Oct. 8, 2010). It is a useful, often "indispensable, means to understand the nature of the claims asserted" and how the allegations satisfy the RICO statutory requirements. *Id.*; *See also, Marriot Bros. v. Gage,* 911 F.2d 1105, 1107 (5th Cir. 1990). The intent of the case statement is not to make the assertion of civil racketeering claims more difficult; rather, its purpose is to assist in the administration of the inherent complexities of such claims and make the RICO litigation more orderly and efficient.

In their Complaint, under "Count XIX, Civil Violations of the Louisiana Racketeering," Plaintiffs make absolutely no attempt to differentiate among any of the defendants but simply lump <u>all twenty (20) defendants</u> together in their allegations.[17] Plaintiffs fail to identify the specific acts *each individual defendant* allegedly engaged in, provide the dates of each alleged act, or describe the circumstances surrounding each such act.[18] Plaintiffs further fail to articulate *each defendant's*

---

[16] R. Doc. 71-2: TAF Exhibit A, at pp. 1-2.
[17] R. Doc. 2, at ¶¶ 553-580.
[18] The RICO Order requires Plaintiffs to include this information as part of their description of the "pattern of racketeering activity" – one of the most elusive of RICO's concepts.

alleged involvement or participation in the "enterprise" or specify the damages sustained by *each plaintiff* as a result of *each defendant's* alleged misconduct.[19]

Because the Louisiana Racketeering Act is modeled after the federal RICO statute, the statutory requirements for claims based on state law are equally as imprecise, uncertain, and nebulous as those based on federal law.[20] As a result, it is still necessary and relevant to Plaintiffs' state racketeering claims for them to provide the specific detailed information requested in the RICO Order, including: (1) the "alleged misconduct…and basis of liability of *each defendant*"; (2) how each plaintiff was allegedly injured; (3) the "pattern of racketeering activity"…for *each RICO claim,"* expressly identifying "the alleged predict acts, the dates of the predicate acts [and] the participants in the predicate acts" and providing "a description of the facts surrounding *each predicate act*"; (4) the damages sustained by reason of the RICO violations and the amount for which *each defendant* is allegedly liable; and (5) the names of the individuals or other entities allegedly constituting the enterprise.[21] Requiring Plaintiffs to file their RICO case statement will assist the Court and the parties in identifying, clarifying, and narrowing the complex issues – both factual and legal – involved in this RICO case, and help to weed out unsupported and ill-conceived claims, focus discovery, assist with motion practice, facilitate potential resolution, and provide a blueprint for trial.

---

[19] R. Doc. 2, at ¶¶ 553-580.
[20] *See State v. Nine Sav. Accts.,* 553 So.2d 823, 825 (La. 1989); *Meadaa v. K.A.P. Enterprises,* 2014 WL 6801636, *6 (W.D. La. 2014) (the Louisiana Racketeering Act is modeled off of the federal RICO act); La. Prac. Emp. Law §14:24 ("The Louisiana Racketeering Act (LRA), also known as the 'Louisiana RICO Act,' is similar to the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), and proscribes a pattern of racketeering activity…Although the LRA is part of the Code of Criminal Procedure, it provides a civil cause of action similar to the federal RICO statute.")
[21] R. Doc. 48 at Nos. 1-6, 15-17.

6

B. **The Federal Rules of Procedure are Replete with Authority to Support the RICO Case Statement Practice.**

The Court's authority to require a RICO case statement is "well-established in [the U.S. Fifth] Circuit" and is amply supported by the Federal Rules of Civil Procedure, including Rules 11, 12 and 16.  *See Marriot Bros.,* 911 F.2d at 1107, 1109; Richard L. Bourgeois, Jr., S.P. Hennessey, Jon Moore, Michael E. Tschupp, *Racketeering Influenced Corrupt Organizations,* 37 Am. Crim. L. Rev. 879, 1610 (2000).  These federal procedural rules apply equally to all claims asserted by Plaintiffs in this case – whether based on state or federal law – including their Louisiana RICO claims.[22]

First, as previously discussed, this Honorable Court has authority to compel the filing of the RICO case statement pursuant to Federal Rule of Civil Procedure 11, detailing the facts *each plaintiff* relies upon to initiate her RICO claims as a result of Rule 11's "reasonable inquiry" requirement.[23] *See, e.g., Marriot Bros.,* 911 F.2d at 1107, 1109; *Raymond v. Blair,* No. 09-5507, 2010 WL 11537936, *2-3 (E.D. La. 10/08/10); *R.M. Perez & Associates, Inc. v. Welch,* No. 85-3263, 1987 WL 10869, *1 (E.D. La. 1987).  This is precisely the basis upon which this Honorable Court issued its RICO Order requiring Plaintiffs to file their case statement.  The "reasonable inquiry" requirement under Rule 11 applies to all claims asserted in federal court, including the racketeering claims Plaintiffs are pursuing under state law.

Second, the case statement "serves essentially the same function as an order for a more definite statement under Fed.R.Civ.P. 12(e)." *Landry,* 1988 WL 27035, at *1 and n. 1; *See also,*

---

[22] *See generally,* Rule 11(b)(2); *Aerosonic Corp. v. Trodyne Corp.*, 402 F.2d 223, 229 (5th Cir. 1968)("Where jurisdiction of the federal court is based on existence of federal question, federal law applies as to both substance and procedure."); *Hanna v. Plumer*, 380 U.S. 460, 465, 469-470, 472-474, 85 S. Ct. 1136, 1141, 1143-1145, 14 L. Ed. 2d 8 (1965)(Where jurisdiction of the federal court is based on diversity, "[f]ederal courts apply state substantive law and federal procedural law.").
[23] R. Doc. 48.

7

*Old Time Enterprises, Inc. v. Int'l Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir.1989). "RICO case statements are an authorized and common use of [Rule 12(e)]." *Expotech Engineering, Inc. v. Cardone Industries, Inc.,* No. 19-1673, 2020 WL 1694543, *12 (E.D. Pa. 2020); *See also, Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). Indeed, the U.S. Fifth Circuit has upheld the requirement that case statements be filed by plaintiffs in response to a Rule 12(e) motion. *See, e.g., Old Time Enterprises, Inc.,* 862 F.2d at 1217 (noting the impetus for the filing of a RICO case statement was a Rule 12(e) Motion for More Definite Statement and affirming the district court's decision to require its filing); *Elliott,* 867 F.2d 877 at 880.

Third, Federal Rule of Civil Procedure 16 provides federal judges with broad powers to manage the pretrial process, especially in "potentially difficult or protracted actions that involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. Pro. 16(c)(2)(L). Rule 16 is intended to be liberally construed to facilitate the use of pretrial management techniques and subsection (c) provides an explicit authorization for special pretrial procedures and encourages their use. *See, e.g., Northland Ins. Co. v. Shell Oil Co.*, 930 F. Supp. 1069, 1074-1076 (D.N.J. 1996). It cannot be disputed that Plaintiffs' racketeering claims involve complex issues, difficult legal questions, multiple parties, and unusual proof problems. Therefore, requiring Plaintiffs to file a case statement is a special procedure the Court is authorized to adopt as an aspect of its power to control pretrial management under Rule 16.[24] *Id.*; *See also,* Bourgeois, Jon Moore, and Tschupp, *Racketeering Influence and Corrupt Organizations,* 37 Am. Crim. L. Rev. at 1610.[25]

---

[24] Another source of authority for the use of RICO cases statements is under Federal Rule of Civil Procedure 83, which in subsection (b) provides that "A judge may regulate practice in any manner consistent with federal law, [federal rules]…and the district's local rules."

[25] Similar orders are also used in the antitrust arena and recommended by the Manual for Complex Litigation.

Finally, the Court has the inherent authority to require the filing of a case statement. District courts routinely utilize case management techniques and procedures not expressly authorized by any specific rules or statutes pursuant to their "inherent powers." Inherent authority remains a means by which judges adopt special procedures or practices to address difficult, complex multi-party litigation and promote the efficient, effective, and economical administration and determination of such cases.

Accordingly, the Federal Rules of Civil Procedure 11, 12(e) and 16, together with the Court's inherent power to utilize procedures deemed necessary to control its docket and manage its cases, provide sufficient authority for requiring Plaintiffs to file a RICO case statement.

## III. CONCLUSION.

Because Plaintiffs continue to pursue state racketeering claims against all defendants, supposedly premised on the same criminal enterprise and same predicate acts as their federal racketeering claims, this is still a RICO case. Plaintiffs must still satisfy the same statutory requirements for their claims – whether based on the Louisiana Racketeering Act or its federal counterpart – and this Court has authority to order Plaintiffs to file a RICO case statement pursuant to the Federal Rules of Civil Procedure, as well as its inherent powers. Accordingly, Defendants respectfully request that this Honorable Court grant their motion and compel Plaintiffs to file a case statement detailing the specific information required by its RICO Order.[26]

Defendants further respectfully request that the Court extend their deadline to file responsive pleadings until twenty-one (21) days after Plaintiffs' filing of their case statement, which tracks this Court's original response deadline. Alternatively, Defendants respectfully request a twenty-one (21) day extension of time to file responsive pleadings from the current

---

[26] R. Doc. 48.

response deadline of September 28, 2021, or until October 19, 2021, due to the extensive damage caused by Hurricane Ida, which left numerous attorneys involved in this matter displaced or without essential services such as power and internet. Finally, Defendants ask that the Court schedule a status conference with all parties to address the matters discussed herein.

Respectfully submitted by:

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ S. Brooke Barnett-Bernal*
Michael A. Patterson (#10373)
S. Brooke Barnett-Bernal (#31031)-T.A.
Seth F. Lawrence (#38316)
Special Assistant Attorneys General
**LONG LAW FIRM, L.L.P.**
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
Telephone: (225) 922-5110
Facsimile:  (225) 922-5105
map@longlaw.com
bbb@longlaw.com
sfl@longlaw.com
**Attorneys for Joseph "Joe" Alleva**

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Wayne T. Stewart*
Alejandro "Al" R. Perkins (# 30288)
Wayne T. Stewart, (# 30964)
Evan M. Alvarez (# 31596)
**HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS, LLP**
Special Assistant Attorneys General
2431 S. Acadian Thruway, Suite 600
Baton Rouge, LA 70808
Telephone: (225-923-3462
aperkins@hamsil.com
ealvarez@hamsil.com
wstewart@hamsil.com
**Attorneys for F. King Alexander**

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Susan W. Furr*
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Shelton Dennis Blunt Bar Roll No. 21230
Michael B. Victorian Bar Roll No. 36065
Molly C. McDiarmid Bar Roll No. 36426
Special Assistant Attorneys General
PHELPS DUNBAR, LLP
II City Plaza |400 Convention St., Ste. 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: dennis.blunt@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com
***Attorneys for Louisiana State University and The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College***

JEFF LANDRY
ATTORNEY GENERAL
By: */s/ Darren A. Patin*
Darren A. Patin, #23244
Special Assistant Attorney General
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Facsimile:  (504) 836-6565
dpatin@hmhlp.com
**Counsel for Defendant, Verge Ausberry**

10

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Mark R. Pharr, III*
Mark R. Pharr, III (21019)
Lindsay M. Young, (31261)
Special Assistant Attorneys General
328 Settlers Trace Blvd.
Lafayette, LA  70508
Telephone: (337) 735-1760
Facsimile:  (337) 993-0933
tiger@gallowaylawfirm.com
LMeador@gallowaylawfirm.com
***Counsel for Defendants, Jonathan Sanders, Tracy Blanchard, and Maria Fuentes-Martin***

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Dennis J. Phayer*
Dennis J. Phayer (10408)
Gregory C. Fahrenholt (28572)
Sylvia M. Zarzeka (38451)
Special Assistant Attorneys General
**BURGLASS & TANKERSLEY, LLC**
5213 Airline Drive
Metairie, LA  70001
Tel: (504) 836-0412
Fax:  (504) 287-0452
dphayer@burglass.com
gfahrenholt@burglass.com
szarzeka@burglass.com
***Counsel for Defendants, Jennie Stewart, A.G. Monaco and James Marchand***

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Renee Culotta*
Renee Culotta (La. Bar No. 24436)
Benjamin M. Castoriano (La. Bar No. 31093)
**FRILOT L.L.C.**
1100 Poydras Street, Ste. 3700
New Orleans, LA  70163
Telephone: (504) 599-8085
Facsimile:   (504) 599-8267
Email: rculotta@frilot.com
bcastoriano@frilot.com
***Attorneys for Sharon Lewis***

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Mary Ann White*
John C. Walsh (LA 24903)
Jeffrey K. Cody (LA 28536)
Mary Ann White (LA 29020) (Lead Counsel)
**SHOWS, CALI & WALSH, L.L.P.**
Special Assistant Attorneys General
628 St. Louis Street (70802)
P.O. Box 4425
Baton Rouge, LA  70821-4425
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
john@scwllp.com
jeffreyc@scwllp.com
maryannw@scwllp.com
***Attorneys for Miriam Segar***

11

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Sidney W. Degan, III*
SIDNEY W. DEGAN, III (#04804)
KEITH A. KORNMAN (#23169)
BRIAN HARRELL (#28439
JENA W. SMITH (#25255)
Special Assistant Attorneys General
**DEGAN, BLANCHARD & NASH**
400 Poydras Street, Suite 2600
New Orleans, LA  70130
Telephone: (504) 529-3333
Facsimile:  (505) 529-3337
sdegan@degan.com
kkornman@degan.com
*Attorneys for Defendants,*
*Julia Sell and Michael Sell*

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ John Nicherson Chappuis*
John N. Chappuis (#4039)
Lamont P. Domingue (#20787)
Beau Anthony LeBlanc (#32549)
Special Assistant Attorneys General
700 St. John Street / P.O. Box 3527
Lafayette, LA  70502-3527
Telephone: (337) 232-9700
Facsimile:  (337) 235-4943
jnc@volalaw.com
lpd@volalaw.com
bal@volalaw.com
*Attorneys for Keava Soil-Cormier*

JEFF LANDRY
ATTORNEY GENERAL

By: */s/ Stephanie B. Laborde*
Stephanie B. Laborde (#20908)
Benjamin M. Chapman (#28325)
**Milling Benson Woodward, LLP**
6421 Perkins Road, Building B, Suite B
Baton Rouge, Louisiana 70802
Telephone: (225) 291-7300
Facsimile: (225) 291-4524
slaborde@millinglaw.com
bchapman@millinglaw.com
*Attorneys for Edward J. Orgeron, Jr*


/s/ *Carroll Devillier, Jr.*
Carroll Devillier, Jr. (La. Bar Roll #30477)
carroll.devillier@bswllp.com
David M. Charlton (La. Bar Roll #1759)
david.charlton@bswllp.com
BREAZEALE, SACHSE & WILSON, L.L.P.
23rd Floor, One American Place
Post Office Box 3197
Baton Rouge, LA 70821-3197
Telephone (225) 387-4000
Telecopier (225) 381-8029
*Attorneys for "O" The Rosy Finch Boyz, LLC*

12