**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| Abby Owens, et al.<br>*Plaintiffs* | Case No.: **3:21-cv-00242-WBV-SDJ** |
| **v.** | **Class Action** |
| Louisiana State University, et al.<br>*Defendants* | **Jury Demanded** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT TIGER ATHLETIC FOUNDATION'S MOTION TO COMPEL CASE STATEMENT AND COMPREHENSIVE SUPERSEDING COMPLAINT, SECOND MOTION FOR EXTENSION OF TIME TO RESPOND, AND ALTERNATIVE MOTION FOR STATUS CONFERENCE**
**AND**
**OPPOSITION TO DEFENDANTS LOUISIANA STATE UNIVERSITY, ET AL.'s JOINT MOTION TO COMPEL RICO CASE STATEMENT OR, ALTERNATIVELY, MOTION FOR RICO CASE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e), MOTION FOR STATUS CONFERENCE AND MOTION FOR <ins>EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS</ins>**

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, Sarah Beth Kitch, and other unidentified Does, individually and on behalf of other similarly situated students, through undersigned counsel, respectfully oppose the Motion to Compel Case Statement and Comprehensive Superseding Complaint, Second Motion for Extension of Time to Respond, and Alternative Motion for Status Conference ("TAF's Motion") filed by Defendant Tiger Athletic Foundation ("TAF")[1] as well as the Joint Motion to Compel RICO Case Statement or, Alternatively, Motion for RICO Case Statement Pursuant to Federal Rule of Civil Procedure 12(e), Motion for Status Conference and Motion for Extension of Time to File Responsive Pleadings ("Joint Motion") filed by Louisiana State University, the Board of Supervisors of Louisiana State

---

[1] R. Doc. 71.

University and Agricultural and Mechanical College, "O" The Rosy Finch Boyz, LLC, F. King

Alexander, Joseph Alleva, Verge Ausberry, Jonathan Sanders, Tracy Blanchard, Mari Fuentes-

Martin, Sharon Lewis, James Marchand, A.G. Monaco, Miriam Segar, Julia Sell, Michael Sell,

Keava Soil-Cormier, Jennie Stewart, and Edward J. Orgeron, Jr.,[2] as follows:

## INTRODUCTION

The Defendants ask this Honorable Court to procedurally force Plaintiffs to fit their

*Louisiana Racketeering Act* (La. R.S. § 15:1351 *et seq*., hereinafter "LRA") claims into a "RICO

Case Statement," a document which, by its own terms, is specifically limited to claims arising

from the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961-1968,[3]

hereinafter "RICO" or "Federal RICO") – a statutory provision that is procedurally and

substantively distinct from LRA.[4] This case no longer involves any Federal RICO claims and,

accordingly, the RICO Case Statement is simply an inapplicable and inappropriate procedural

mechanism.[5] The Defendants fail to cite a single statute, Rule of Civil Procedure, case, or standing

court order that requires Plaintiffs to file anything pertaining to their LRA claims in excess of the

burden Plaintiffs' bore in drafting their detailed complaint. Defendants do not argue that any of

the cases they cite required any LRA specific case statement; nor do they argue that a court has

ever forced a plaintiff to fit their LRA specific claims into the confines of the "RICO Case

Statement" that is specifically tailored to Federal RICO claims; nor is there any evidence that a

---

[2] R. Doc. 76.

[3] R. Doc. 48 at 1.

[4] As explained more fully herein, the statutory language of LRA materially deviates from Federal RICO in ways which make it prejudicial to force Plaintiffs to attempt to fit their LRA claims within the confines of a RICO Case Statement.

[5] *See* R. Doc. 67 at 1, where Plaintiffs dismiss their RICO claims.

RICO Case Statement has ever been used for an LRA claim in the nearly thirty-five years that the RICO Standing Order has been in effect in the Eastern District.[6]

In addition to lacking any legal authority, the Defendants' pleadings themselves demonstrate the contradictory reasoning and improper nature of their requested relief: Defendants allege that Plaintiffs have "per se violat[ed]… the Federal Rules of Civil Procedure's requirement of a 'short and plain statement of the [plaintiff's] claim" by filing a complaint with "589 paragraphs (not including subparagraphs) and 144 pages" in addition to "another 262-page, single-spaced legal report,"[7] while simultaneously arguing that Defendants need an *additional* "twenty (20) enumerated paragraphs, with additional sub-paragraphs"[8] of *additional* information to better understand Plaintiffs' claims. These contradictory statements highlight the fallacy in Defendants' contention that a RICO Case Statement is necessary because they somehow do not have enough information or detail on Plaintiffs' LRA claim to file responsive pleadings.

Finally, Defendants' Motions to Compel an unwarranted case statement, Motion to Compel a "comprehensive superseding complaint," and alternative motion to hold a status conference should be denied as procedurally improper attempts to circumvent the procedure mandated by Federal Rule of Civil Procedure 12. Defendants are essentially seeking to file a Rule 12 motion without having to adhere to the procedural requirements contained in Rule 12 – requirements that were enacted with the sole purpose to streamline the pretrial phase of litigation and to protect plaintiffs from responding to a multitude of individual, dilatory objections that only serve to cause "such expense and delay as to make the seeking of justice a profitless thing."[9] Defendants lengthily

---

[6] *See* RICO Standing Order adopted on June 3, 1987 and available at http://www.laed.uscourts.gov/sites/default/files/forms/rico.pdf

[7] R. Doc. 71-1 at 9 (hereinafter "TAF's Motion Memorandum").

[8] R. Doc. 76-1 at 2 (hereinafter "Joint Motion Memorandum").

[9] 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (3d ed. 2021).

describe their objections to Plaintiffs' several claims that are *wholly unrelated to either Federal RICO claims or LRA claims*, further evidencing their true purpose in filing these motions. *See* TAF's Motion Memorandum at 2-6; Joint Motion Memorandum at 1-4. In its motion, TAF outlines the deficiencies it perceives in Plaintiffs' Title IX discrimination claims, class action allegations, § 1983 claims, Section 504 of the Rehabilitation Act claims, the Americans with Disabilities Act claims, and the Louisiana tort law claims. TAF's Motion Memorandum at 2-6. TAF further attacks the facts alleged in Plaintiffs' Amended Complaint by contending that it "has zero control over LSU, its employees, or their obligations under federal law, and frankly, doesn't belong in this case at all." *Id*. at 3. *See also* Joint Motion Memorandum, at 1-4 (discussing Plaintiffs' non-RICO and non-LRA claims). As this Court is well aware, on a Rule 12 motion, the facts alleged in the Complaint must be accepted by this Court as true,[10] and by filing these motions, Defendants ask this Court to make determinations about the factual allegations that are improper at this stage in the litigation. None of these issues relate to LRA jurisprudence or, for the sake of argument, to Federal RICO jurisprudence; accordingly, compelling a Federal RICO Case Statement will not address any of these issues but will merely cause delay and added expense. If the Defendants have genuine objections to the Plaintiffs' Amended Complaint, the proper procedural device to present these objections to this Court is a Federal Rule of Civil Procedure 12 motion.

Accordingly, TAF's Motion and the Joint Motion should both be denied in their entirety, except for the Joint Motion's alternative request for additional time to file responsive pleadings

---

[10] *See e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999))).

"due to extensive damage caused by Hurricane Ida,"[11] a request that was not presented to Plaintiffs until the Joint Motion was filed.

## BACKGROUND

Defendants mischaracterize the procedural posture of Plaintiffs' RICO dismissal in a number of key ways. First, Defendants wrongfully assert that Plaintiffs dismissed the Federal RICO claims *merely* "to eliminate the need for the filing of the RICO statement."[12] Counsel for Plaintiffs clearly articulated to Defendants that the decision to dismiss the RICO claims had nothing to do with the RICO Case Statement:

> Our decision to dismiss the RICO claim has nothing to do with trying to 'avoid complying with a court-ordered Rule 11 RICO statement' and there is no support for the defendants' position that the Court's standing order on RICO applies to the LRA claim. The LRA is a separate claim with its own elements and jurisprudence which is why we are continuing to pursue it and not the RICO claim.[13]

Plaintiffs' decision to dismiss the RICO claim and retain the LRA claim was based upon undersigned counsel's Rule 11 diligence and confirmation that the LRA is an independent cause of action with its own distinct requirements—many of which are different from the requirements of Federal RICO.[14] Rather than offering soundbites about the LRA's similarity to RICO, Plaintiffs compared the precise language of the statutes and determined that their claims meet the elements of the LRA. Finally, the differences between the two statutes underscore the reason that no Court has ever ordered a plaintiff to shoe-horn their LRA claims into a Case Statement designed solely for Federal RICO Claims.[15]

---

[11] Joint Motion Memorandum at 9-10. Plaintiffs oppose any motion for an extension of deadlines to file responsive pleadings related to a filing of a RICO Case Statement. However, Plaintiffs agree to any extension to file responsive pleadings due to "the extensive damage caused by Hurricane Ida," a request that is brought to Plaintiffs' attention for the first time in the Joint Motion Memorandum.
[12] TAF's Motion Memorandum at 5.
[13] TAF's Motion, Exh. A at 1 (email from counsel for Plaintiffs to counsel for Defendants).
[14] *See* discussion, *infra* at § I.
[15] *See id.*

Second, following Plaintiffs' good faith dismissal of a claim against all Defendants, TAF's

counsel demanded that Plaintiffs either submit a RICO Case Statement or dismiss the LRA

claims.[16] Because the RICO case statement was ordered to address a claim that was no longer

pending, TAF's demand has no basis in law or practice and as stated herein is simply Defendants'

attempt to get a second bite of the Rule 12 apple.

Third, Defendants claim they need a RICO Case Statement to draft responsive pleadings.

However, Defendants have had sufficient time to review the Amended Complaint, which

specifically lists all causes of action, the relevant statutory citations, and the specific defendants

for each cause of action. The RICO Case Statement would not have affected their responsive

pleadings relating to the non-RICO causes of action, including the LRA. If Defendants are

confused by allegations in the Complaint, a RICO Case Statement is not the solution or the proper

procedural vehicle to address those perceived deficiencies.

Finally, Plaintiffs oppose any motion for an extension of deadlines to file responsive

pleadings based upon Defendants' demand for a RICO Case Statement. However, Plaintiffs agree

to any extension to file responsive pleadings due to "the extensive damage caused by Hurricane

Ida," a request that was not made to Plaintiffs prior to the filing of the Joint Motion Memorandum.

## LAW AND ARGUMENT

I.    **The Court should deny all Motions to Compel a "RICO Case Statement" because Defendants fail to cite any legal authority that has ever required a plaintiff to file a case statement under the Louisiana Racketeering Act – a cause of action that is procedurally and substantively distinct from RICO.**

Defendants' "simple"[17] procedural request fails to cite a single statute, rule, case, or

standing court order imposing the burden on Plaintiffs to file anything related to the LRA other

---

[16] TAF's Motion, Exh. A at 5.
[17] TAF's Motion Memorandum at 6.

than the detailed complaint, which Plaintiffs have already filed. As noted above, and after careful

consideration, Plaintiffs dismissed all claims arising under Federal RICO.[18] Indeed, this is no

longer a RICO case and a RICO Case Statement is no longer appropriate or required.

The first line of the sample RICO Case Statement itself clarifies that the document is

narrowly tailored to *only* apply to Federal RICO claims: "This case contains a Civil RICO claim,

filed in this Court **pursuant to 18 U.S.C. Sections 1961-1968**."[19] The rest of the text calls for

elaboration of RICO specific provisions, with citations to the federal statute.[20] Since Plaintiffs

have dismissed all causes of action arising from 18 U.S.C. Sections 1961-1968, the RICO Case

Statement, by its own terms, is simply not applicable to the Plaintiffs' remaining claims.

Although Louisiana courts have noted that federal decisions can be ***persuasive*** when

interpreting LRA provisions, that "persuasiveness" only applies to *"**parallel[s]*** between the RICO

and Louisiana's statutes."[21] The LRA, unlike RICO, has no "parallel"[22] standing order which

requires Plaintiffs to file a Case Statement or to otherwise bear a larger burden than is already

placed on Plaintiffs by the complaint. If there were a parallel order under LRA jurisprudence, then

the Defendants would have surely uncovered and provided it.[23]

In addition to procedural distinctiveness, LRA has substantive elements that distinguish it

from RICO and make the RICO Case Statement additionally untenable to the current scenario. As

---

[18] *See* R. Doc. at 67.

[19] R. Doc. 48 at 1.

[20] *See, e.g.,* R. Doc. 48 at 1 ("1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), or (d)…"); *id.* at 3-4 (requesting information regarding 18. U.S.C. Section 1962, Subsections (a), (b), (c), and (d) violations).

[21] *State v. Touchet*, 1999-1416 (La. App. 3 Cir. 4/5/00); 759 So. 2d 194, 197 (emphasis added).

[22] *Id.*

[23] Defendants fail to cite any case that requires an LRA tailored Case Statement in general, let alone any case that applies the federal "RICO Case Statement" adopted by the Eastern District of Louisiana in 1987 to state specific LRA claims. *See http://www.laed.uscourts.gov/sites/default/files/forms/rico.pdf* (last visited September 14, 2021).

just one example, the two statutory schemes provide civil remedies for different types of injuries. Although RICO civil relief is narrowly limited to only a "person injured in his *business or property*,"[24] the LRA provides a remedy for *all* injuries without limitation.[25] The RICO Case Statement, following the federal statutory language as well as years of federal jurisprudence interpreting RICO, requires plaintiffs to "[d]escribe the alleged injury to each plaintiff's business or property."[26] This is clearly inapplicable to LRA claims, and is just one illustration of the substantive differences between RICO and the LRA that make the relief sought by Defendants improper and extraordinary.

Accordingly, this Court should deny all Motions to Compel because Defendants have failed show any legal authority justifying this extra and inapplicable burden on Plaintiffs.

**II.     The Court should deny all Motions to Compel case statements or additional complaints and Motions for a Status Conference as improper dilatory tactics that attempt to accomplish the effects of a Rule 12 motion without following the procedure mandated by a Rule 12 motion.**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 11(b), in turn, requires the signing attorney to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support." Under the "liberal notice standards" of the Federal pleading requirements, this Court must "accept as true all well-

---

[24] 18 U.S.C. § 1964(c).
[25] *See* La. Stat. Ann. § 15:1356 ("Any person who is injured by reason of any violation of the provisions of R.S. 15:1353 shall have a cause of action against any person engaged in racketeering activity who violates a provision of R.S. 15:1353.").
[26] R. Doc. 48 at 4.

pleaded facts, 'viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d at 205 (internal citations omitted).[27]

A Rule 12 motion is the only proper procedural device to attack the sufficiency of Plaintiffs' Amended Complaint at this pleading stage for failing to meet the requirements of Rule 8 and Rule 11, not, as Defendants now attempt, through a wholly improper motion to compel either a "case statement" or a "comprehensive superseding complaint."[28] The unambiguous purpose of Rule 12 is to prevent dilatory tactics by Defendants and the undue burden of responding to a "sequential series of objections on a wide variety of grounds"[29] brought through improper procedural vehicles. "'Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes under which numerous pretrial motions could be made, many of them in sequence—a course of conduct that was pursued often for the sole purpose of delay.'"[30] In fact, the "purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series."[31]

---

[27] *See also Lormand v. US Unwired,* Inc., 565 F.3d 228, 232 (5th Cir. 2009) ("We must also draw all reasonable inferences in the plaintiff's favor."); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 127 S.Ct 1955, 550 U.S. 544, at 547 (2007)).

[28] TAF's Motion at 1; Joint Motion at 1.

[29] 5b Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (3d ed. 2021).

[30] *See e.g.*, *Mississippi ex rel. Hood v. Entergy Mississippi, Inc.*, No. 3:08-CV-780-CWR-LRA, 2017 WL 2973998, at *1 (S.D. Miss. July 11, 2017) (*quoting* Wright et al., 5C Fed. Prac. & Proc. § 1384 (3d ed. April 2017)).

[31] *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1387 (citation omitted)). *See also* 5b Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (3d ed. 2021) ("The objective of Federal Rule 12 is to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases. It does so in part by providing a streamlined system for the presentation of defenses and objections. . . . Certain dilatory tactics, so long deplored but nonetheless widely practiced prior to the federal rules, generally are avoided by Rule 12.").

The Joint Defendants, interestingly, point this Court to reasoning from Rule 12 cases that bolsters the procedural impropriety of Defendants' Motions to Compel. *See* Joint Motion Memorandum at 7-8. Each of these cases involved a defendant that had filed a proper Rule 12 motion; none of these cases involved a defendant that was attempting to utilize the powers of Rule 12 while avoiding its constraints through a motion to compel. *See Landry v. Airline Pilots' Ass'n*, No. 86-3196, 1988 WL 27035, at *1 (E.D. La. Mar. 17, 1988), *aff'd in part, rev'd in part sub nom*. *Landry v. Airline Pilots Ass'n*, 901 F.2d 404 (5th Cir. 1990) (where defendants filed a motion to dismiss); *Old Time Enterprises, Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989) (where defendants filed Rule 12 motions); *Expotech Eng'g, Inc. v. Cardone Indus., Inc.*, No. CV 19-1673, 2020 WL 1694543, at *2 (E.D. Pa. 2020) (where defendants filed Rule 12 motions); *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) (where defendants filed Rule 12 motions).

Defendants are attempting to end run Rule 12 generally and Rule 12(h) specifically, through these motions. This wholly circumvents the objective of expeditious and simplified pretrial practice to promote "just disposition of civil cases"[32] in direct contravention of Rule 12's goals. Accordingly, the Court should deny the Defendants' requests to compel as improper.

## CONCLUSION

Because Plaintiffs have dismissed all RICO Claims arising under 18 U.S.C. Sections 1961, *et. seq.*, this case is no longer a RICO Case. Accordingly, there is no procedural (or logical) basis to require Plaintiffs to file a RICO Case Statement. Moreover, the Defendants are attempting to obtain all the benefits of a Rule 12 motion without having to adhere to the procedural requirements contained in Rule 12 – requirements that were enacted with the specific purpose of streamlining the pretrial phase of litigation. Accordingly, Plaintiffs pray this Honorable Court deny TAF's

---

[32] 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1342 (3d ed. 2021).

Motion in its entirety. Further, Plaintiffs pray this Honorable Court deny the Joint Motion in its

entirety except to the extent the Joint Defendants seek an extension of time to file responsive

pleadings until October 19, 2021, due to damage caused by Hurricane Ida.

    Respectfully submitted,

**/s/ Catherine E. Lasky**
Catherine E. Lasky (La. Bar 28652)
Matthew B. Peters (La. Bar 37514)
Endya L. Hash (La. Bar 38260)
KATIE LASKY LAW LLC
619 Homedale Street
New Orleans, LA 70124
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
matt@katielaskylaw.com
endya@katielaskylaw.com


**Karen Truszkowski**
*Pro Hac Vice*
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
karen@temperancelegalgroup.com

**Elizabeth K. Abdnour**
*Pro Hac Vice*
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 709-7700
elizabeth@abdnour.com