UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-242-WBV-SDJ** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | |

## LOUISIANA RACKETEERING ACT ORDER

This case contains a claim alleging a violation of the Louisiana Racketeering Act, La. R.S. 15:1351, *et seq*. This Order is designed to establish an efficient procedure for handling such claims in this case.[1]

The plaintiffs shall file within 20 days of the entry of this order a case statement. The statement shall include the facts each plaintiff relies upon to initiate this complaint as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11. To the extent that a response applies to all plaintiffs, counsel may so note that in the response to that particular inquiry. In particular, the statement shall be in a form which uses the numbers and letters set forth below and shall state in

---

[1] Plaintiffs initially asserted claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") in their Complaint and Amended Complaint. (R. Docs. 1, 22). As a result, this Court issued a RICO Order, requiring plaintiffs to provide additional information regarding their RICO claims. (R. Doc. 48). Plaintiffs subsequently dismissed their RICO claims (R. Doc. 67), while maintaining their claims alleging violations of the Louisiana Racketeering Act, La. R.S. 15:1351, *et seq*. Thereafter, Defendants filed Motions to Compel the RICO case statement. (R. Docs. 71, 76). The Court held a telephone status conference to allow the parties to make their respective arguments regarding the motions. The Court orally denied the motions during the conference, but determined that an order requiring additional information relative to the Louisiana Racketeering Act claims was appropriate, and necessary, as a case management tool and to provide Defendants limited and specific information in order to answer the lawsuit. (R. Doc. 90). This Order follows.

detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of La. R.S. 15:1351(A), (B), and/or (C). If you allege violations of more than one of the subsections, treat each as a separate claim.

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim allegedly was injured.[2]

5. Describe in detail the pattern of racketeering activity alleged for each racketeering claim. A description of the pattern of racketeering activity shall include the following information:

  (a) List the alleged predicate acts and the specific statutes allegedly violated;

  (b) Provide the dates of the predicate acts, the participants in the predicate acts and a description of the facts surrounding each predicate act;

  (c) Describe whether the alleged predicate acts relate to the enterprise as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each racketeering claim. A description of the enterprise shall include the following information:

  (a) State the names of the individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise;

---

[2] Plaintiffs' names may be concealed or listed as "Jane Does," as appropriate.

(b) Describe the structure, purpose, roles, function and course of conduct of the enterprise;

(c) State whether any defendants are employees, officers or directors of the alleged enterprise;

(d) State whether any defendants are associated with the alleged enterprise, and if so, how;

(e) State whether you allege the defendants are individuals or entities separate from the alleged enterprise, or the defendants are the enterprise itself, or members of the enterprise;

(f) If you allege any defendants to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged Racketeering activity.

7. State whether you allege, and explain in detail, how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering activity.

10. If the Amended Complaint alleges a violation of La. R.S. 15:1353(a), provide the following information:

(a) State who received the proceeds derived, directly or indirectly, from the pattern of racketeering activity; and,

(b) Describe the use or investment of such proceeds.

11. If the Amended Complaint alleges a violation of La. R.S. 15:1353(b), provide the following information:

    (a)    Describe in detail the acquisition or maintenance of any interest in, or control of, the any enterprise or immovable property; and,

    (b)    Specify the "person" and "enterprise" referred to in La. R.S. 15:1353(b).

12.    If the Amended Complaint alleges a violation of La. R.S. 15:1353(c), provide the following information:

    (a)    State who is employed by or associated with the enterprise; and

    (b)    Specify the "enterprise" referred to in La. R.S. 15:1353(c).

13.    Describe the relationship between the plaintiffs' alleged injuries and the violation of the Louisiana Racketeering Act.

14.    Provide any additional information you believe would be helpful to the Court in processing your Louisiana Racketeering Act claims.

**IT IS FURTHER ORDERED** that Defendants shall have **21 days** from the date Plaintiffs file their La. Racketeering Act Case Statement to file responsive pleadings in this matter.

New Orleans, Louisiana, September 27, 2021.

                                                                  */s/ Wendy B. Vitter*
                                                                  WENDY B. VITTER
                                                                  UNITED STATES DISTRICT JUDGE