# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, et al.                              Case No:  3:21-cv-0242-WBV-SDJ

*Plaintiffs*                                    Class Action

v.                                              Jury Demanded

LOUISIANA STATE UNIVERSITY et al.

*Defendants*

## STATUS REPORT[1]

### A.     JURISDICTION

The basis for the Court's Jurisdiction is under 28 U.S.C. § 1331 and § 1367.

### B.     BRIEF EXPLANATION OF THE CASE

1. Plaintiffs claim various violations of Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.*, civil conspiracy, violations of the Louisiana Racketeering Act, La. Rev. Stat. §§ 15:1351 *et seq*., and various other constitutional and statutory violations based on Louisiana State University's systematic failure to prevent and properly respond to sex-based discrimination, including rape, sexual assault, sexual harassment, relationship violence, and/or stalking, perpetrated by male LSU students and employees. Plaintiffs were the victims of this sex-based discrimination.  Plaintiffs assert that responsibility for the systemic failure has already been acknowledged by the University and the Board of Supervisors. based upon information included in the investigative report into LSU's Title

---

[1] Defendants submit this joint report per the Court's order (R. Doc. 87, 95) but object to setting deadlines prior to the defendants' opportunity to file responsive pleadings, many or all of which will consist of motions to dismiss and/or to strike plaintiffs' allegations.  The outcome of those motions is expected to substantially influence the scope and duration of discovery.  Therefore, the defendants believe it is premature to establish deadlines prior to filing responsive pleadings.
Plaintiffs submit that this case can proceed with discovery according to the Court's established procedures.

IX program that was commissioned by LSU itself and prepared by law firm Husch Blackwell, and the admissions made under oath to the Louisiana Senate by Interim President Tom Galligan.  Plaintiffs object to defendants' characterizations in their "Brief Explanation of the Case."

2.  Defendants object to plaintiffs' characterizations in their "Brief Explanation of the Case." Defendants each deny all liability in this action.  Defendants have not yet filed responsive pleadings but assert that plaintiffs' state and federal claims against each of them are legally and factually deficient for numerous reasons.   Additionally, defendants assert that plaintiffs' Class Action demand does not satisfy Rule 23 and must be dismissed. Defendants also include the following individual explanations of the case:

    a.  <u>Louisiana State University/Board of Supervisors of Louisiana State University and Agricultural and Mechanical College</u>:  Louisiana State University ("LSU") and the Board of Supervisors for Louisiana State University and Agricultural and Mechanical College (the "Board") denies plaintiffs' claims.  As an initial matter, LSU lacks the capacity to sue or be sued, and therefore LSU is not a proper party and must be dismissed.  As to the claims against the Board, many of plaintiffs' claims fail to state a claim upon which relief can be granted, cannot be maintained against the Board, are legally, factually, and procedurally deficient, and/or are untimely, among other reasons.

    b.  <u>Tiger Athletic Foundation:</u>  Defendant Tiger Athletic Foundation ("TAF") is the only defendant that is not an employee or administrator of LSU.  TAF is a legislatively favored private nonprofit corporation that is wholly separate and independent from LSU, and TAF and has no supervision, control or oversight over

LSU or its employees. *See generally*, La. R.S. 17:3390. Neither is TAF an education program, activity or institution subject to Title IX, or a state actor subject to liability under § 1983. Legally, plaintiffs cannot hold TAF liable for the alleged actions or inactions of LSU and its employees, and factually, TAF did not take any actions to contribute to plaintiffs' alleged sex-based discrimination. Plaintiffs' claims against TAF should be dismissed.

c. <u>F. King Alexander:</u> Although the factual basis for plaintiffs' claims against F. King Alexander ("Mr. Alexander") are uncertain at this time, he will demonstrate that plaintiffs' claims for civil rights violations and State law-based claims are prescribed and are both legally and factually without merit in part due to: (1) a lack of standing by the graduated Plaintiffs to assert any claims for injunctive relief; (2) no cause of action against individuals, such as Mr. Alexander, for Title IX violations; (3) qualified immunity that protects individual State defendants from suit, if the conduct does not violate a clearly established statutory or constitutional right; and (4) a lack of legally sufficient allegations by plaintiffs in their civil rights, First Amendment, and State law-based claims.

d. <u>Angelo-Gene Monaco:</u> Angelo-Gene Monaco served as LSU's Associate Vice President of Human Resource Management from 2010 to April 10, 2018. Plaintiffs assert multiple liability counts against Mr. Monaco including violations of Title IX, the First and Fourteenth Amendments of the United States Constitution, Louisiana Racketeering Act, and various other provisions of federal and Louisiana law. Very few, if any, of plaintiffs' allegations specify how Mr. Monaco has allegedly violated these federal and/or state laws. Mr. Monaco denies all allegations of violations of

federal and state law asserted against him by plaintiffs. He contends that there is neither a factual nor legal basis on which plaintiffs can recover damages from him for any of the alleged violations.

e.  Joseph Alleva:  Joseph "Joe" Alleva ("Alleva") served as Athletic Director for LSU from July 1, 2008 through April 17, 2019.  At all times relevant to the Plaintiffs' allegations contained in the Amended Complaint, Alleva was acting in the course and scope of his employment with Louisiana State University.  Alleva is no longer employed by LSU in any capacity.  All of the claims by Plaintiffs, Calise Richardson, Ashlyn Robertson, Samantha Brennan, Abby Owens, Jade Lewis, and Kennan Johnson, against Alleva fail to meet the pleading requirements under the Federal Rules of Civil Procedure, are barred by immunity and/or are untimely.  The claims of Plaintiffs, Jane Doe, and Sarah Beth Kitch, in the Amended Complaint do not contain any allegations that Alleva or anyone in the Athletic Department was involved with the alleged mishandling of their reports of sexual misconduct of another LSU student or faculty member.  Plaintiff, Elizabeth Andries, enrolled at LSU after Alleva was no longer the Athletic Director.

f.  Edward James Orgeron:  Once he became Head Coach and had the authority to do so, Defendant Edward James Orgeron, Jr., promptly and appropriately disciplined football players for their alleged acts of sexual misconduct against female students, or other inappropriate acts, that were brought to his attention.  He undertook the necessary measures to ensure that the appropriate personnel were informed of any such issues of which he was aware, fulfilling all requirements of the instructions he was provided regarding the procedure for investigations of such issues at that time,

in full compliance with the protocol he had been directed to follow in such circumstances. He appropriately managed his staff and made every effort to ensure that they also fulfilled all such requirements and procedures whenever an allegation of misconduct was made.

g. "O" The Rosy Finch Boyz, LLC: "O" The Rosy Finch Boyz, LLC ("Finch Boyz") is a limited liability company owned by Edward James Orgeron and Kelly L. Orgeron. Finch Boyz denies each and every allegation and count asserted against it by the plaintiffs. The lengthy complaint does not allege any specific action taken by Finch Boyz which could give rise to any liability under any theory of law. Moreover, Finch Boyz is not subject to Title IX and is not a state actor subject to liability under § 1983. All claims asserted against Finch Boyz should be dismissed, with prejudice.

h. Verge Ausberry: The 589 paragraph lawsuit asserts 11 counts against Verge Ausberry, who at all times served as the University's Executive Deputy Athletic Director; Mr. Ausberry denies the allegations of liability or legal fault, both procedurally and substantively, particularly inasmuch as: (1) Title IX does not authorize suit against individuals who serve as school officials, and as several if not all of these Title IX claims otherwise are time barred as well; (2) plaintiffs' alleged causes of action pursuant to the state RICO statute are vague and fail to state any allegations of criminal activity, and/or fail to show a pattern of racketeering activity on the part of Mr. Ausberry, much less conduct or control of an enterprise; the claims likewise are time-barred; (3) Claims under 42 USC § 1983 or 1985 require a demonstration of intentional acts on the part of the actor for purposes of violating

5

the individual's civil rights, and there are no allegations contained within the Complaint to support such a cause of action as to Mr. Ausberry; (4) The state law claims of negligence, negligent supervision and the intentional or negligent infliction of emotional distress are so intertwined to the Title IX claim so as to be subsumed; and there is no jurisprudential support for the contention that Mr. Ausberry owed and/or breached a duty to the plaintiffs under Louisiana tort law to report and/or investigate their claims of alleged harassment; and (5) the equitable claim of enrichment without cause in Louisiana is not viable if there are other causes of action through which a plaintiff may seek his or her relief, which exists herein.

i.  <u>Miriam Segar:</u>    Defendant, Miriam Segar ("Segar"), denies each and every allegation raised against her by Plaintiffs. At all times pertinent to this matter, Segar performed her job duties in accordance with LSU policies and as directed by her supervisors. Segar is only mentioned with respect to the allegations asserted by five of the ten named Plaintiffs in the Amended Complaint. Plaintiffs' allegations rely heavily upon the Husch-Blackwell report, which is flawed and incomplete. Insofar as the Husch Blackwell Report makes any negative findings about Segar's conduct, those findings are inaccurate and are not based on a review of the totality of the facts and circumstances.

j.  <u>Sharon Lewis:</u>    Sharon Lewis is the Associate Athletic Director of Football Recruiting and Alumni Relations for LSU; prior to August 2020, Ms. Lewis served as the Assistant Athletic Director for Football Recruiting.  Plaintiffs Calise Richardson and Samantha Brennan are the only plaintiffs who have asserted factual

claims against Ms. Lewis, alleging Ms. Lewis failed to report their allegations of sexual abuse by students identified in the Amended Complaint as "John Coe" and "John Doe." There are no factual allegations that Ms. Lewis had any involvement as to any of the other Plaintiffs.  Ms. Lewis denies plaintiffs have stated actionable claims against her; further, Ms. Lewis denies any and all liability and that she violated any federal or state laws. In fact, to the contrary, as the Hush Blackwell report (annexed to Plaintiffs' Amended Complaint) details, throughout Ms. Lewis's tenure with LSU, she promptly and dutifully lodged reports of sexual harassment and sexual abuse pursuant to LSU's policy. (See R. Doc. 22-1, p. 49). Ms. Lewis is thus entitled to qualified immunity.  Contrary to the allegations in the Amended Complaint, plaintiff Richardson did not report any sexual abuse, harassment or any conduct that would violate Title IX to Ms. Lewis. As for plaintiff Brennan, Ms. Lewis acted appropriately and lawfully as to her complaint of sexual abuse and, at the time, Brennan praised Ms. Lewis's handling of her complaint, stating Ms. Lewis was "supportive." (R. Doc. 22-1, p. 100.) All claims against Ms. Lewis should be dismissed.

k.  <u>Keava Soil-Cormier:</u>  Keava Soil-Cormier is implicated by only one plaintiff, Calise Richardson, under limited facts. At the time of the events involving her, Keava had just transitioned from an internship to an analyst in the football recruiting program.  Keava denies the facts as alleged: at no time did Richardson mention actual or attempted physical or sexual assault concerning John Doe or John Coe to Keava.  Moreover, Richardson was one of over fifteen student workers terminated in a departmental downsizing, and Keava was not the final decision-

maker as to who was terminated. From a legal standpoint, all claims against Keava under state and federal law fail because they are time-barred and because the allegations are insufficient to state claims for which relief may be granted.

l.  <u>Julia and Michael Sell:</u> Julia and Michael Sell (the "Sells") are the co-coaches of the LSU Women's Tennis Team. Only three of the ten named plaintiffs have asserted any claims against the Sells in the Amended Complaint. Further, the Husch Blackwell Report, attached to plaintiffs' Amended Complaint, fully exonerates the Sells by conclusively demonstrating that the Sells timely reported any potential Title IX claims and other concerns to the LSU administration as soon as the Sells became aware of those potential issues. The Sells will demonstrate that all claims for sex-based discrimination against them as coaches of the Women's Tennis Team and other broad brush attacks against them are baseless as they are both factually and legally without merit.

m.  <u>Jonathan Sanders, Tracy Blanchard, Mari Fuentes-Martin ("the Sanders Defendants"):</u> Plaintiffs have leveled very few factual allegations against the Sanders Defendants limited to a very small number of alleged incidences. These purported actions include not reporting certain matters to superiors, not "taking action" on certain matters, failing to return emails and asking allegedly uncomfortable (but not actionable) questions for three of the plaintiffs (two for Sanders and Blanchard and one for Fuentes-Martin), over a very short period of time relative to the temporal definition of the class. For these minimal allegations, plaintiffs claim the Sanders Defendants should be liable to an entire class of plaintiffs for conspiracy and racketeering based no allegations and upon pure

speculation. The Sanders Defendants have been named in 14 of the 20 causes of action ranging from negligence, to civil rights violations to the improbable allegation of breach of contract. With regard to the Sanders Defendants, there is no commonality, predominance, numerosity and a class action would not be the superior method of litigating individual actions that have vastly different and individualized facts for liability and especially for damages.

n. <u>Jim Marchand:</u> Jim Marchand served as LSU's Interim Title IX Coordinator from 2013 to 2015. Plaintiffs assert multiple liability counts against Mr. Marchand including violations of Title IX, the First and Fourteenth Amendments of the United States Constitution, Louisiana Racketeering Act, and various other provisions of federal and Louisiana law. Very few, if any, of plaintiffs' allegations specify how Mr. Marchand has allegedly violated these federal and/or state laws. Mr. Marchand denies all allegations of violations of federal and state law asserted against him by plaintiffs. He contends that there is neither a factual nor legal basis on which plaintiffs can recover damages from him for any of the alleged violations.

o. <u>Jennie Stewart</u>: Jennie Stewart served as LSU's Title IX Coordinator from 2015 to March 2021. Plaintiffs assert multiple liability counts against Ms. Stewart including violations of Title IX, the First and Fourteenth Amendments of the United States Constitution, Louisiana Racketeering Act, and various other provisions of federal and Louisiana law. Plaintiffs allege that Ms. Stewart violated her Title IX obligations by failing to maintain an adequate reporting, investigation, and disciplinary system for sexual assault complaints. However, plaintiffs' allegations indicate that some of the plaintiffs chose not to file a Title IX complaint. Several of

the sexual assault complaints lodged by plaintiffs were never submitted to the Title

IX Office. The complaints that were submitted to the Title IX Office were handled

in accordance with the law and LSU policy.  Ms. Stewart denies all allegations

asserted against her by plaintiffs. She submits that the evidence will show that there

is neither a factual nor legal basis on which plaintiffs can recover damages from

her for any of the alleged violations.

## C.    PENDING MOTIONS

There are no pending motions as of October 22, 2021. There is a pending request to certify a class

action as stated in the Plaintiffs' Amended Complaint.

Plaintiffs anticipate filing a Rule 12 motion.

Defendants' Additional Response: Defendants' deadline to file responsive pleadings has not yet

occurred, and defendants each anticipate filing Rule 12 motions.

## D.    ISSUES

Plaintiffs' Statement: The issues are as identified in Plaintiffs' Amended Complaint and Louisiana

Racketeering Act statement.

Defendants' Statement: Defendants have not yet filed responsive pleadings and have not identified

all issues and/or affirmative defenses to be asserted therein.  Therefore, the following listing is

preliminary, and defendants reserve the right to identify further issues through their responsive

pleadings.

The principal legal issues include:

1.  Whether plaintiffs have failed to state a claim upon which relief may be granted as to some

or all of their state and federal claims;

2.  Whether defendants' conduct constitutes a violation of Title IX, the First and Fourteenth Amendments to the United States Constitution, or various provisions of federal and Louisiana law, and whether such claims are permissible against each of the defendants;

3.  Whether plaintiffs have sufficiently pled violations of the Louisiana Racketeering Statute and civil conspiracy;

4.  Whether the plaintiffs' claims are untimely and are barred by the relevant statute of limitations/prescription, in whole or in part;

5.  Whether plaintiffs' request for injunctive relief is improper;

6.  Whether some or all of plaintiffs' claims against individual defendants are barred by applicable law;

7.  Whether plaintiffs' Title IX claim is available against individual defendants;

8.  Whether plaintiffs lack standing, in whole or in part;

9.  Whether qualified immunity, or other applicable immunities, bar plaintiffs' claims, in whole or in part;

10. Whether plaintiffs failed to satisfy their burden under Rule 23 with respect to their class allegations;

11. Whether TAF is a state actor for purposes of Section 1983;

12. Whether Finch Boyz is a state actor for purposes of Section 1983;

13. Whether defendants owed a duty to plaintiffs as required to assert a state law negligence claim; and

14. Whether defendants committed any acts proscribed by the Louisiana Racketeering Act.

**E.    DAMAGES**

    1.  Plaintiffs' calculation of damages:  Plaintiffs' specific damages are listed in the amended complaint.  Until the class certification is addressed by the court, specific dollar amounts cannot be quantified.

    2.  Defendants' calculation of offset and/or plaintiff's damages: At this point, defendants have not filed responsive pleadings and have not asserted counterclaims against plaintiffs. Therefore, defendants have not yet claimed damages in this action, but they may, at the very least, be entitled to attorneys' fees, costs, and/or sanctions, if appropriate.

    3.  Counterclaimant/cross claimant/third party's calculation of damages: Not applicable.

**F.    SERVICE:**

There are no issues with service as of October 22, 2021.

**G.    DISCOVERY**

    1.  Initial Disclosures:

        a.  Have the initial disclosures required under FRCP 26(a)(1) been completed?

            [  ]  YES    [ x ] NO

        b.  Do any parties object to initial disclosures?

            [  ]  YES    [ x ] NO

Plaintiffs assert that the initial disclosure deadline should not be delayed any longer than November 30, 2021.

Defendants do not object to initial disclosures at some point but assert that the initial disclosure deadline should occur after defendants file responsive pleadings and after the Court rules on the anticipated Rule 12 motions, which are expected to narrow the issues considerably.

2.  Briefly describe any discovery that has been completed or is in progress:

    a.  By plaintiff(s): There has been no discovery thus far.

    b.  By defendant(s): There has been no discovery thus far.

3.  Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

    a.  The parties will agree to a modified version of the Model Protective Order by Judge Michael B. North for the United States District Court for the Eastern District of Louisiana to protect confidential personnel, school, medical, and other records protected by law, but that does not apply to public records.

    b.  <u>Plaintiffs' Statement</u>: Plaintiffs are ready to proceed with discovery.  Plaintiffs do not agree with Defendants that discovery should stall until after a ruling on potential Rule 12 motions; further, there exists no authority to support this request by Defendants.

    <u>Defendants' Statement</u>: After the disposition of their Rule 12 motions, defendants propose phased discovery, as set forth more fully below.

    c.  <u>Plaintiffs' Statement</u>: Plaintiffs assert that their pleadings comply with Rule 23 requirements, and that this will be confirmed through proper litigation. Plaintiffs do not agree with Defendants that discovery should be delayed until after a ruling on potential Rule 12 motions; further, there exists no authority to support this request by Defendants.

    <u>Defendants' Statement</u>: Defendants object to participating in class discovery until after the Court has ruled on defendants' forthcoming Rule 12 motions and respectfully request that the Court's Case Management Order incorporate such

timing.  Defendants contend that plaintiffs' pleadings fail to demonstrate "the four requirements of Rule 23(a), [and] they have not met their burden under Rule 23(b)(3) of proving that common issues of the class predominate over individual issues."  *Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809 at *2, (E.D. La. Mar. 6, 2007).

    d.  <u>Plaintiffs' Statement</u>: Plaintiffs submit that merits discovery can begin immediately after the conclusion of class discovery.

       <u>Defendants' Statement</u>: Defendants object to participating in merits discovery until after the class certification hearing. [2]

4.  Discovery from experts:

    a.  Plaintiffs will likely offer expert testimony from medical experts to assess damages to plaintiffs, education experts who will testify as to Title IX violations, and accounting practices experts to testify as to the conspiracy claims.  Plaintiffs reserve the right to amend this statement regarding additional expert discovery as information comes to light in the case.

---

[2] In the event the Court does not agree to phase discovery pursuant to this proposal, TAF requests that it be permitted to proceed in discovery on a separate track as a result of its unique legal defenses and to secure a "just, speedy, and inexpensive determination" of the claims against TAF. *See* Fed. R. Civ. P. 1.  Indeed, phasing or bifurcating discovery is especially appropriate where, as here, dispositive motion practice may dispense with the case (or certain causes of action) against TAF before the parties need to engage in expensive, lengthy discovery on every issue. *See Interstate Production Credit Ass'n v. Fireman's Fund Ins. Co.,* No. 87-1417, 1988 WL 121240 *1 (D. Or. Nov. 10, 1988); *Brittingham*, 2008 WL 5156645 at *2; *Good v. Altria Group*, 20231 F.R.D. 446, 446-447 (D. Me. 2005).  As a result, TAF proposes that limited discovery be taken on certain narrow issues (namely, whether TAF is a state actor for purposes of plaintiffs' civil rights claims, whether plaintiffs' claims are time-barred, and whether TAF owed a legal duty to plaintiffs under Louisiana law as required to state a negligence claim) *before* the parties engage in protracted discovery on every issue, including the class allegations.  Should plaintiffs' claims survive Rule 12(b)(6) challenges, TAF proposes that this limited discovery will assist dispensing with any remaining claims by plaintiffs against TAF through dispositive motion practice, which will aim to secure a "just, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1.
Plaintiffs object to any separate track for discovery for TAF. Plaintiffs dispute that motion practice will dispense with the case against TAF, and propose that an evaluation of the merits of plaintiffs' case against TAF is not an appropriate consideration prior to motion practice.

b.  Defendants anticipate that experts may be necessary for class certification and/or merits discovery, but defendants have not yet identified all subjects on which expert testimony may be required.

## H.    PROPOSED SCHEDULING ORDER

1.  Deadline for exchanging initial disclosures:  No earlier than November 22, 2021.

2.  Recommended deadlines to join other parties or to amend the pleadings: January 15, 2022.

3.  Filing all class discovery motions and completing all class discovery, except for expert discovery: Plaintiffs: February 28, 2022.  Defendants: November 1, 2022.

a.  Plaintiffs are prepared to begin discovery now.  Defendants assert that no discovery should be conducted until the Court rules on defendants' Rule 12 motions.

b.  Plaintiffs assert that merits discovery should proceed at the conclusion of class discovery.  Defendants assert that after rulings on their Rule 12 motions, discovery should be on class certification only until a ruling on class certification is made by the Court.

c.  The parties propose the following deadlines for class certification discovery only:

i.  Deadline to serve all written discovery requests:

1.  Plaintiffs: December 1, 2021.

2.  Defendants: June 1, 2022.

ii.  Deadline to respond and object to all written discovery requests:  60 days after service of the written discovery requests.

iii.  Deadline to request medical examinations:

1.  Plaintiffs: February 1, 2022.

2.  Defendants: July 1, 2022.

    iv.  Disclosure of identities and resumés of expert witnesses for the class certification hearing:

       1.  Plaintiffs:

          a.  Plaintiffs: <u>March 1, 2022</u>.

          b.  Defendants: <u>May 1, 2022</u>.

       2.  Defendants:

          a.  Plaintiffs: <u>April 1, 2022</u>.

          b.  Defendants: <u>June 1, 2022</u>.

    v.  Deadline for exchange of expert reports on issues to be addressed at the class certification hearing:

       1.  Plaintiffs:

          a.  Plaintiffs: <u>March 1, 2022</u>.

          b.  Defendants: <u>September 1, 2022</u>.

       2.  Defendants:

          a.  Plaintiffs: <u>April 1, 2022</u>.

          b.  Defendants: <u>November 1, 2022</u>.

    vi.  Deadline to complete all class certification discovery, except experts:

       1.  Plaintiffs: <u>February 28, 2022</u>.

       2.  Defendants: <u>November 1, 2022</u>.

    vii.  Deadline to complete all class certification depositions of expert witnesses:

       1.  Plaintiffs: <u>April 30, 2022</u>.

       2.  Defendants: <u>January 15, 2023</u>.

4.  Filing any dispositive motions and Daubert motions related to class certification issues:

      a.  Plaintiffs: <u>May 15, 2022.</u>

      b.  Defendants: <u>April 1, 2023.</u>

5.  Deadlines for parties to submit a joint notice of stipulated and disputed facts.

      a.  Plaintiffs: <u>30 days prior to the class certification hearing.</u>

      b.  Defendants: <u>60 days prior to the class certification hearing.</u>

6.  Motion for class certification: <u>60 days prior to the class certification hearing</u>.

7.  Opposition to class certification: <u>30 days after plaintiffs file their motion to certify class</u>.

8.  Class certification hearing:

      a.  Plaintiffs: <u>To be set by the Court within 15 days after briefing closes on the parties' class certification dispositive and/or Daubert motions</u>

      b.  <u>Defendants: To be set by the Court at least 60 days after briefing closes on the parties' class certification dispositive and/or Daubert motions.</u>

Defendants request that the Court's Case Management Order set deadlines through the class certification hearing only, after which defendants request that the Court issue a Case Management Order that encompasses the remaining deadlines, including trial, if necessary. *Plaintiffs agree to this request but oppose any request to delay discovery until after this Court's rulings on Rule 12 motions or merits discovery until after this Court's ruling on class certification.*

**I.    TRIAL**

1.    Has a demand for trial by jury been made?

               [ x ]  YES    [ ] NO

2.    Plaintiffs estimate that the trial will require seven to ten days. Defendants assert that, in its current form, plaintiffs' Amended Complaint suggests a much longer trial period would be necessary, but defendants cannot realistically estimate the length of trial until after the Court

rules on plaintiffs' Class Action demand and defendants' dispositive motions (Rule 12 or otherwise).

**J.    OTHER MATTERS**

1. Are there any specific problems the parties wish to address at the scheduling conference?

[ x ]  YES    [ ] NO

    a. Plaintiffs would like to address the timing of settlement conferences, mediations, or other alternative dispute resolution processes.

    b. Defendants respectfully request that Magistrate Judge Johnson and/or Judge Vitter participate in the scheduling conference with the parties on November 5, 2021, in light of the numerous issues Defendants anticipate will need to be addressed during the conference.

    c. Per the Court's instruction, the parties respectfully request that the Court address which local rules should apply, including whether the Court wishes to handle class certification pursuant to Eastern District or Middle District Local Rules.

    d. The parties respectfully request that the Court address whether and how class certification discovery will be handled.

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the Middle District Local Rules and this Court's October 6, 2021 communication to the parties, defendants propose the following:

**FRCP 26(f)(3)(B) - Anticipated Discovery and Discovery Phases**

Defendants anticipate filing various Rule 12 motions that will substantially impact the scope and duration of class and merit discovery.  Therefore, defendants respectfully object to participating in class discovery until this Court rules on defendants' motions, which will impact class issues. Plaintiffs dispute at Rule 12 motions will "substantially impact the scope and duration

of class and merit discovery," and submit that like in every other case, discovery should proceed while Rule 12 motions are pending.

Following decisions on the Rule 12 motions, the parties propose phased discovery as follows:

**Phase 1:** Discovery required for the class certification hearing, if applicable;

**Phase 2:** Merit-based discovery.

Defendants request that merit-based discovery deadlines be set after the class certification hearing. Plaintiffs oppose this request.

### FRCP 26(f)(3)(C) - Treatment of Electronically Stored Information (ESI)

Prior to service of written discovery, the parties agree to confer regarding the scope of a possible ESI search, including applicable custodians, search terms, devices, accounts, specifications for the form of production of ESI, including load files, standardized metadata fields, and a standard format (e.g., native or near native). Defendants assert that plaintiffs should instruct their parents and guardians to also preserve and produce this ESI and social media. Plaintiffs object to this request, as they are all of the age of majority and will not assume responsibility for items in the possession of third parties.

The parties agree to produce all metadata showing the date, time and location and confirm no revisions have been made to the ESI will be produced along with the ESI.

The parties may agree upon a third-party vendor to search for and cull relevant ESI based on agreed upon keyword searches and technology assisted review and that ESI will be produced in native file .jpg, .mov, or .pdf format will be exchanged and/or similar links maintained in joint repository assessable and paid for by all parties.

The third-party vendor, if applicable, will be permitted to search for any deleted documentation that is available for review.  The parties will reach an agreement on sharing the costs for preserving and producing an accessible ESI.

### FRCP 26(f)(3)(D) - Privilege Claims

Each party shall have an opportunity to review the ESI and to remove any documentation that is deemed to be non-responsive, non-discoverable, or privileged.  The parties agree that a privilege log will be produced that covers responsive documents and ESI that are withheld, in accordance with the Federal Rules of Civil Procedure and applicable case law relating to privileges. The parties agree that any communications covered by a joint defense privilege or attorney-client communications between parties and their attorneys occurring after the date of the plaintiffs' initial Complaint will be excluded from the privilege log. The parties have the right to "claw back" any privileged documentation that was produced in error.

### FRCP 26(f)(3)(E) - Discovery Limits

Due to the size and complexity of this litigation, the defendants recommend modifying discovery limits as stated below:

Interrogatories and Requests for Admission

The parties agree that each named defendant be permitted to propound an initial round of 40 interrogatories, including subparts, and 40 requests for admission, to each named plaintiff and that each named plaintiff that asserts factual allegations against each named defendant be permitted to propound an initial round of 40 interrogatories, including subparts, and 40 requests for admission, against that named defendant.  Defendants Louisiana State University and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College shall be

counted as a single party for the purpose of this discovery limit. Defendants Julia and Michael Sell shall be counted as a single party for the purpose of this discovery limit.

The parties agree that it is possible that additional interrogatories and/or requests for admission may be necessary. The parties agree that, should any party wish to propound additional interrogatories or requests for admission after the initial round, they shall seek leave of court to do so.

<u>Depositions</u>

The parties assert that it is premature to limit the number of depositions at this time. The parties anticipate seeking this Court's intervention and assistance regarding the number, scope, and duration of witness and named party depositions during merit discovery.

<u>Medical Examinations</u>

Defendants propose for purposes of the class certification proceeding, each named plaintiff be subject to one psychological and medical examination, limited to issues relating to class action certification as agreed upon by the parties or ordered by the Court. Defendants reserve all rights to request another psychological and medical examination of the named plaintiffs and any putative class members pursuant to agreement by the parties or in accordance with Rule 35 of the Federal Rules of Civil Procedure. Defendants request the opportunity to address the issue of medical examination attendees with counsel and the Court, at a later date, if applicable, and defendants reserve all objections.

Plaintiffs respond that for purposes of class certification, any psychological or medical examination should be limited to the class representatives. Further, plaintiffs request that at least one individual in the examination room be a certified Sexual Assault Nurse Examiner and/or Sexual Assault Advocate (as these terms are defined by Louisiana Legislature) as the plaintiffs are

a group of women who have suffered sexual abuse for whom the medical examinations will be invasive and harmful to them emotionally, and the medical information will be best gathered if the plaintiffs are as comfortable as possible. *See* La. R.S. § 46:2181 *et seq*.

**K.    SETTLEMENT**

1.   As of October 22, 2021 there have been no settlement discussions between the parties.

2.   Do the parties wish to have a settlement conference:

[ X ]  YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

Plaintiffs assert that based upon the Defendant LSU's own Husch Blackwell report, and the admissions made under oath by Interim President Galligan to the Louisiana Senate, responsibility for the systemic failure has already been acknowledged by the University and the Board of Supervisors.   Therefore, settlement discussions should ensue as soon as possible to prevent further damages to the Plaintiffs, and to avoid unnecessary expense and time expenditure for the parties and the court.

Defendants believe a settlement conference may be beneficial at the close of class discovery and/or prior to the class certification hearing.

Defendant TAF does not believe a settlement conference would be worthwhile given the forthcoming Rule 12 motions to be filed by all defendants.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to

have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside

over a jury or bench trial, with appeal lying to the United States Court of Appeals for the

Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES     [ X ] NO     [ ]  To be determined

**If your response was "yes" to the preceding question, all attorneys and unrepresented**

**parties should sign the <u>attached form</u> to indicate your consent.**

Report dated:  <u>October 22, 2021</u>

Respectfully submitted,                          **Elizabeth K. Abdnour**
**/s/  Endya L. Hash**                            Pro Hac Vice
Catherine E. Lasky (La. Bar 28652)              ELIZABETH ABDNOUR LAW, PLLC
Endya L. Hash (La. Bar 38260)                   1100 W. Saginaw St., Ste 4A-2
KATIE LASKY LAW, LLC                            Lansing, MI 48915
619 Homedale St.                                Phone: (517) 292-0067
New Orleans, LA 70124                           Fax: (517) 709-7700
Phone: (504) 584-7336                           elizabeth@abdnour.com
Fax: (504) 375-2221
katie@katielaskylaw.com                         **Karen Truszkowski**
endya@katielaskylaw.com                         Pro Hac Vice
                                                TEMPERANCE LEGAL GROUP, PLLC
                                                503 Mall Court #131
                                                Lansing, MI 48912
                                                Phone: (844) 534-2560
                                                Fax: (800) 531-6527
                                                karen@temperancelegalgroup.com

ATTORNEYS FOR PLAINTIFFS

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  /s/ *Susan W. Furr*

  Susan W. Furr,  19582
  Karleen J. Green,  25119
  Shelton Dennis Blunt, 21230
  Michael B. Victorian, 36065
  Molly C. McDiarmid, 36426
  *Special Assistant Attorneys General*
  II City Plaza | 400 Convention Street,
  Suite 1100
  Baton Rouge, Louisiana 70802
  Telephone: 225 346 0285
  Facsimile: 225 381 9197
  Email: susie.furr@phelps.com
  Email: karleen.green@phelps.com
  Email: michael.victorian@phelps.com
  Email: molly.mcdiarmid@phelps.com

  ATTORNEYS FOR LOUISIANA
  STATE UNIVERSITY AND BOARD
  OF SUPERVISORS OF LOUISIANA
  STATE UNIVERSITY AND
  AGRICULTURAL AND
  MECHANICAL COLLEGE

BY:   /s/ *Laurence D. LeSueur, Jr.*

  Judy Y. Barrasso, 02814
  Laurence D. LeSueur, Jr., 35206
  Chloé  M. Chetta, 37070
  Lance W. Waters, 37351
  Barrrasso Usdin Kupperman
  Freeman & Sarver, L.L.C.
  909 Poydras Street, Suite 2350
  New Orleans, LA 70112
  Telephone: (504)0589-9700
  jbarrasso@barrassousdin.com
  llesueur@barrassousdin.com
  cchetta@barrassousdin.com
  lwaters@barrassousdin.com

  ATTORNEYS FOR TIGER ATHLETIC
  FOUNDATION

**JEFF LANDRY**
**ATTORNEY GENERAL**
BY:   /s/ *Wayne T. Stewart*
        ALEJANDRO "AL" PERKINS (#30288)
        Email: aperkins@hamsil.com
        WAYNE T. STEWART (#30964)
        Email: wstewart@hamsil.com
        EVAN M. ALVAREZ (#31596)
        Email: ealvarez@hamsil.com
        Special Assistant Attorneys
        HAMMONDS, SILLS, ADKINS,
        GUICE, NOAH & PEKINS, LLP
        2431 S. Acadian Thruway, Suite 600
        Baton Rouge, Louisiana 70808
        Telephone: (225) 923-3462
        Facsimile: (225) 93280315


COUNSEL FOR DEFENDANT, FIELDON
"F" KING ALEXANDER

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Dennis J. Phayer*
        Dennis J. Phayer (10408)
        Gregory C. Fahrenholt (28572)
        Sylvia M. Zarzeka (38451)
        Special Assistant Attorneys General
        BURGLASS & TANKERSLEY,
        LLC
        5213 Airline Drive
        Metairie, Louisiana 70001-5602
        Tel.: (504) 836-0412
        Fax: (504) 287-0452
        dphayer@burglass.com
        gfahrenholt@burglass.com
        szarzeka@burglass.com


COUNSEL FOR DEFENDANTS,
JENNIE STEWART,
A.G. MONACO, AND JAMES
MARCHAND

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Michael A. Patterson*
        Michael A. Patterson (#10373)
        S. Brooke Barnett-Bernal (#31031)-T.A.
        Seth F. Lawrence (#38316)
        *Special Assistant Attorneys General*
        LONG LAW FIRM, L.L.P.
        1800 City Farm Drive, Building 6
        Baton Rouge, Louisiana 70806
        Telephone: (225) 922-5110
        Facsimile: (225) 922-5105
        map@longlaw.com
        bbb@longlaw.com
        sfl@longlaw.com


ATTORNEYS FOR JOSEPH "JOE" ALLEVA

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Stephanie B. Laborde*
        Stephanie B. Laborde (#20908)
        Benjamin M. Chapman (#28325)
        Special Assistant Attorneys General
        **Milling Benson Woodward, LLP**
        6421 Perkins Road, Building B,
        Suite B
        Baton Rouge, Louisiana 70802
        Telephone: (225) 291-7300
        Facsimile: (225) 291-4524
        slaborde@millinglaw.com
        bchapman@millinglaw.com


ATTORNEYS FOR EDWARD J.
ORGERON, JR.

**BREAZEALE, SACHSE & WILSON, L.L.P.**
23rd Floor, One American Place
Post Office Box 3197
Baton Rouge, LA  70821-3197
Telephone (225) 387-4000
Telecopier (225) 381-8029

/s/ Carroll Devillier, Jr.
Carroll Devillier, Jr. (La. Bar Roll #30477)
carroll.devillier@bswllp.com
David M. Charlton (La. Bar Roll #1759)
david.charlton@bswllp.com

*Attorneys for "O" The Rosy Finch Boyz*

**JEFF LANDRY**
**ATTORNEY GENERAL**

  BY:   /s/ *Mary Ann White*
John Carroll Walsh (24903)
Mary Ann White (29020)
Jeffrey K. Cody (28536)
Shows Cali & Walsh, LLP
P.O. Box 4425
628 St. Louis Street
Baton Rouge, LA 70821
Telephone: 225-346-1461
john@scwllp.com
maryannw@scwllp.com
jeffreyc@scwllp.com

*Counsel for Defendant, Miriam Segar*

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Darren A. Patin*
Darren A. Patin, 23244
Special Assistant Attorney General
Hailey, McNamara, Hall, Larmann,
& Papale
One Galleria Blvd., Suite 1400
Metairie, Louisiana 70001
Telephone: 504-836-6500
dpatin@hmhlp.com

COUNSEL FOR DEFENDANT, VERGE
AUSBERRY

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Renee Culotta*
Renee G. Culotta, La. Bar No.
24436
Special Assistant Attorneys General
FRILOT L.L.C.
1100 Poydras Street, Suite 3800
Telephone: (504) 599-8085
Facsimile: (504) 599-8267
rculotta@frilot.com

ATTORNEYS FOR SHARON LEWIS

26

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *John N. Chappuis*
        John N. Chappuis (#4039)
        Beau Anthony LeBlanc (#20787)
        Lamont P. Domingue (#32549)
        Special Assistant Attorneys General
        Voorhies & Labbe'
        700 St. John Street/ P.O. Box 3527
        Lafayette, LA 70502
        Telephone: 337-232-9700
        jnc@volalaw.com
        Bal@volalaw.com
        lpd@volalaw.com

ATTORNEYS FOR KEAVA SOIL-
CORMIER

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Mark R. Pharr, III*
        Mark R. Pharr, III, No. 21019
        Lindsay Meador Young, No. 31261
        William F. Large, No. 34837
        Rick Eisenstat, No. 35472
        Special Assistant Attorneys General
        328 Settlers Trace Blvd.
        Lafayette, Louisiana 70508
        Phones: 337-735-1760
        Fax: 337-993-0933
        Email: tiger@gallowaylawfirm.com
        Email: LMeador@gallowaylawfirm.com
        Email: WLarge@gallowaylawfirm.com
        Email: REisenstat@gallowaylawfirm.com

ATTORNEYS FOR JONATHAN SANDERS,
TRACY BLANCHARD AND MARI
FUENTES-MARTIN

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Sidney W. Degan, III*
        Sidney W. Degan, III (#04804)
        Keith A. Kornman (#23169)
        Brian Harrell (#28439)
        Jena W. Smith (#25255)
        Special Assistant Attorneys General
        DEGAN, BLANCHARD & NASH
        400 Poydras Street, Suite 2600
        New Orleans, LA 70130
        Telephone: (504) 529-3333
        Facsimile: (505) 529-3337
        sdegan@degan.com
        kkornman@degan.com

ATTORNEYS FOR JULIA SELL AND
MICHAEL SELL