UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL. | CIVIL ACTION NO.: 3:21-cv-00242 |
| Plaintiffs, | SECTION |
| VERSUS | JUDGE VITTER |
| LOUISIANA STATE UNIVERSITY, et al. | MAGISTRATE JUDGE JOHNSON |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT TIGER ATHLETIC FOUNDATION'S
RULE 12(b)(6) MOTION TO DISMISS NON-RACKETEERING CLAIMS**

Tiger Athletic Foundation (TAF) seeks to dismiss all of plaintiffs' claims against it. This motion addresses plaintiffs' civil rights and state-law claims, while their racketeering claim is the subject of a separate, contemporaneously filed motion. The civil rights and state-law claims should be dismissed for several reasons.

First, because civil rights and state-law tort claims are subject to one year liberative prescription, all but plaintiff Corinn Hovis's individual claims are facially prescribed, and plaintiffs cannot depend on equitable tolling because they were all on notice of their claims during their time as LSU students. Second, plaintiffs cannot plead a valid civil rights claim against TAF because it is a private corporation who did not engage in any "state action," and plaintiffs fail to sufficiently plead the elements of their civil rights claims against TAF. Third, plaintiffs cannot maintain state-law tort claims against TAF because plaintiffs premise their causes of action on Title IX duties TAF legally does not have and did not breach; plaintiffs erroneously cite Louisiana Civil Code article 2030 governing "absolute nullity of contracts," which unquestionably does not apply here; TAF has no supervisory duties over LSU staff and their adherence to Title IX; plaintiffs fail to sufficiently allege emotional distress claims under

Louisiana law; state-law civil conspiracy is not a freestanding cause of action; and well-established law holds that plaintiffs' assertion of nineteen other causes of action preclude them from pursuing an unjust enrichment claim, even in the alternative.

Because this case is fundamentally about LSU's alleged failure to abide by Title IX—for which TAF bears no legal duties or responsibilities—each of these extraneous claims against TAF should be dismissed.

Respectfully submitted,

  /s/ Chloé M. Chetta
Judy Y. Barrasso, 02814
Laurence D. LeSueur, 35206
Chloé M. Chetta, 37070
Lance W. Waters, 37351
Barrasso Usdin Kupperman
  Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA  70112
Telephone:  (504) 589-9700
Facsimile:   (504) 589-9701
jbarrasso@barrassousdin.com
llesueur@barrassousdin.com
cchetta@barrassousdin.com
lwaters@barrassousdin.com

*Counsel for Tiger Athletic Foundation*

*1786912*