**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ABBY OWENS ET AL** | **Case No.: 21-242** |
| *Plaintiff* | |
| | **Division WBV-SDJ** |
| **v.** | |
| | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY** | |
| **ET AL** | **MAGISTRATE JUDGE JOHNSON** |
| *Defendant* | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS AUSBERRY, ORGERON, AND ALEXANDER'S JOINT MOTION TO STRIKE

Plaintiffs, through undersigned counsel, respectfully submit this Opposition to Defendants Verge Ausberry, Edward R. Orgeron, Jr., and Fieldon "F" King Alexander's (collectively, "Defendants") Motion to Strike ("Motion"). Doc. 137. The Court should reject the Defendants' argument that Plaintiffs failed to file their Oppositions timely as this argument is not supported by the facts and granting this Motion would be inequitable and unfairly prejudicial to Plaintiffs.

Defendants correctly note that Attorney Abdnour filed Docs. 132, 133, and 134 on December 6, 2021, in excess of the page limit without first filing the Motion for Leave to File Excess Pages ("Motion for Leave"). Attorney Abdnour is still in the process of learning relevant local court rules and procedures and did not realize she needed to file the motion prior to filing the Oppositions. As a precautionary measure, because she was unsure if she was filing the documents properly, Attorney Abdnour also attached the Oppositions to the Motion for Leave. Attorney Abdnour was having difficulty with the PACER system last night on both of her computers and was unable to get assistance from cocounsel as they were exhausted and had all gone to bed after working around the clock through the weekend to complete the Oppositions. In all, it took almost a half hour just for Attorney Abdnour to successfully log into the Middle District of Louisiana's

CM/ECF system last night.  This is not an issue Attorney Abdnour has ever encountered on any of the other district courts' CM/ECF systems in which she practices.  As the timestamps show, Attorney Abdnour was able to submit quickly and easily each of the Oppositions and received immediate confirmations of submission.  However, it took quite some time from the time Attorney Abdnour submitted the Motion for Leave and its attachments for the CM/ECF system to process the submission and show that the documents had been accepted, hence the 00:00 timestamp.  Per the CM/ECF system itself, the Motion for Leave was considered filed on December 6, 2021.  *See* Exhibit 1 at 1.[1]

Counsel for Plaintiffs wish they were not in the position of filing the Oppositions at the last minute but given that two of the attorneys are solo practitioners and the other two are a two-attorney firm, and Counsel for Plaintiffs do not have large staffs to whom they can delegate tasks, unlike Counsel for Defendants, and there are only so many hours in the day for counsel to get everything accomplished at work and in their home lives, such was the situation last night.  In this case, Counsel for Plaintiffs were working around the clock to prepare and file these Oppositions. As shown by the fact of the filing of the Oppositions on December 6, 2021, and the 00:00 timestamp on the Motion, Counsel for Plaintiffs did not intentionally file the Motion for Leave past the deadline – the Motion for Leave was literally entered less than one minute past the deadline and was considered by the CM/ECF system itself to have been filed on December 6, 2021.

Further, striking the Motion for Leave and its attachments would be inequitable to Plaintiffs, who have retained the counsel of their choice given their limited access to resources – in contrast to the Defendants, who are positioned to fund large firms to represent each of them with staffs of people to assist with filings.  Just the act of filing the Motion to Strike so quickly and

---

[1] This is a screenshot of the filing confirmation page, which reads: "The following transaction was entered by Abdnour, Elizabeth on 12/7/2021 at 0:00 AM CST and *filed on 12/6/2021*." (Emphasis added)

without any attempt to resolve the matter directly with Counsel for Plaintiffs is an indication of the strength of Defendants' desire the case dismissed due to a minor procedural error rather than litigating the case on its merits, an indication of the strength of Plaintiffs' claims. It would be inequitable to the Plaintiffs to allow a minor mistake by the merely human Attorney Abdnour – which was neither detrimental to the case nor prejudicial to the Defendants – cause Plaintiffs' Oppositions to Defendants' Motions to Dismiss to be stricken and left unconsidered by this court.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike.

Respectfully Submitted,

Catherine E. Lasky (La. Bar 28652)          Karen Truszkowski
Endya L. Hash (La. Bar 38260)               *Pro Hac Vice*
KATIE LASKY LAW                              TEMPERANCE LEGAL GROUP, PLLC
619 Homedale Street                          503 Mall Court #131
New Orleans, Louisiana 70124                 Lansing, MI 48912
P: (504) 584-7336 / F: (504) 375-2221        P: (844) 534-2560 / F: (800) 531-6527
katie@katielaskylaw.com                      karen@temperancelegalgroup.com
endya@katielaskylaw.com

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour
*Pro Hac Vice*
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
P: (517) 292-0067 / F: (517) 709-7700
elizabeth@abdnour.com

*Attorneys for Plaintiffs*