UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL. | CIVIL ACTION NO.: 3:21-cv-00242 |
| Plaintiffs, | SECTION |
| VERSUS | JUDGE VITTER |
| LOUISIANA STATE UNIVERSITY, et al. | MAGISTRATE JUDGE JOHNSON |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT TIGER ATHLETIC FOUNDATION'S
RULE 12(b)(6) MOTION TO DISMISS**

Tiger Athletic Foundation (TAF) seeks to dismiss all of plaintiffs' claims against it. This is a Title IX lawsuit, but because TAF has no legal duties or responsibilities under Title IX, plaintiffs grasp at straws to manufacture claims against TAF (the only private defendant among state actors in a higher education system beset with budget cuts) and seek penalties like attorneys' fees and treble damages. Those claims against TAF are supported only by impermissible legal conclusions and group pleading, and plaintiffs continue to press both legally and factually deficient theories of liability in both complaints, as well as their court-ordered racketeering case statement. But plaintiffs have not—and consistent with their Rule 11 good-faith obligation, cannot—identify any person at TAF who supposedly engaged in criminal conduct, civil rights violations, or any of the other kitchen-sink theories plaintiffs assert. Each of their claims should be dismissed:

*First*, all the racketeering claims fail because plaintiffs do not allege any actionable "racketeering activity" or "pattern" of racketeering against TAF. Plaintiffs also do not (and cannot) allege causation of any injuries cognizable under the Louisiana Racketeering Act.

1

*Second*, many of plaintiffs' individual and putative class racketeering claims are prescribed.

*Third*, plaintiffs' civil rights and state-law tort claims are prescribed, and neither *contra non valentem* nor the "continuing tort" doctrine apply. *See generally In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 995 F.3d 384, 390 (5th Cir. 2021) (strictly construing *contra non valentem*, affirming prescription-based dismissal, and noting well-established prescription principles like a plaintiff's failure "to ascertain whom to sue within a year does *not* toll . . . prescription," and "[p]laintiffs are *not* entitled to wait to sue until they certain of what and/or who caused their injury" (emphasis added); *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010) (reversing district and appellate court to dismiss claims based on prescription, noting "lower courts have interpreted . . . *contra non valentem* too broadly," and "continuation of the harm caused by the previous, but terminated conduct . . . falls under the category of 'progressively worsening damages,'" but does not create a continuing tort).

*Fourth*, plaintiffs cannot allege any actionable civil rights claim against TAF because it is not a state actor and their bald accusations of "conspiracy" and "joint action"—without any "who, what, when, where" details against TAF—are insufficient under United States and Fifth Circuit precedent. *See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 US. 40, 51 (1999) (noting that determining "state action" requires "identifying the *specific conduct* of which the plaintiff complains" (emphasis added)); *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 206 n.16 (5th Cir. 2020) ("Plaintiffs who assert [civil rights] conspiracy claims . . . must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient.").

2

*Fifth*, plaintiffs cannot allege any actionable state-law claims against TAF because their assertions of Title IX-based duties (for example, "to keep [LSU students] safe from assault and abuse" and "to ensure [LSU students'] safety and freedom from sex-based assault, harassment, and abuse") do not apply to TAF as a matter of law. In addition, plaintiffs fail to plead any actionable infliction of emotional distress claims; their independent pleaded civil conspiracy claim under article 2324 is invalid as a separate cause of action under well-established Fifth Circuit and Louisiana jurisprudence; and their assertion of *nineteen* other causes of action precludes the assertion, even in the alternative under Rule 8, of any unjust enrichment claim.

For all these reasons, plaintiffs' claims against TAF must be dismissed.

Respectfully submitted,

  */s/ Chloé M. Chetta*
Judy Y. Barrasso, 02814
Laurence D. LeSueur, 35206
Chloé M. Chetta, 37070
Lance W. Waters, 37351
Barrasso Usdin Kupperman
 Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA  70112
Telephone:  (504) 589-9700
Facsimile:   (504) 589-9701
jbarrasso@barrassousdin.com
llesueur@barrassousdin.com
cchetta@barrassousdin.com
lwaters@barrassousdin.com

*Counsel for Tiger Athletic Foundation*