UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Abby Owens, et al.**<br>*Plaintiff* | Case No.: 3:21-cv-00242-WBV-SDJ |
| v. | JUDGE WENDY B. VITTER |
| **Louisiana State University, et al.**<br>*Defendants* | MAGISTRATE JUDGE SCOTT D. JOHNSON |

### DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Defendant, Sharon Lewis, respectfully submits this Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Lewis seeks dismissal under Fed. R. Civ. P. 12(b)(1)[1] because the Court lacks subject-matter jurisdiction; Lewis has Eleventh Amendment immunity to Plaintiffs claims against her in her official capacity. Thus, all claims asserted against her in her official capacity should be dismissed.

Lewis also seeks dismissal of all claims under Fed. R. Civ. P. 12(b)(6) because Plaintiffs failed to state claims upon which relief may be granted.[2] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] "[A] claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate the claim." *Muslow v. Board of Supervisors of Louisiana State Univ. & Agr. & Mech. Coll.*, No. 19-11793, 2020 WL 1864876, at *8 (E.D. La April 14, 2020) (citing *Griener v. United States*, 900 F. 3d 700, 703 (5th Cir. 2018)).
[2] Fed. R. Civ. P. 12(b)(6).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1

for the misconduct alleged."[4] In this case, Plaintiffs failed to allege sufficient facts in the Amended Complaint (R. Doc. 21) to establish any liability against Lewis. Instead, Plaintiffs' Amended Complaint is a "shotgun" pleading, rife with conclusory allegations, unwarranted factual inferences, and legal conclusions, all of which, even viewed in the light most favorable to Plaintiffs, are insufficient to state a valid claim against Lewis.[5]  Although a Court is generally prohibited from considering information outside the pleadings, the Court may consider documents when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiffs' claims.[6] To that end, the Court should consider the facts as outlined in the Husch Blackwell report, which was attached to and referenced repeatedly in the Amended Complaint.[7] When the factual allegations in the Amended Complaint are contradicted by the facts as contained in the Husch Blackwell report, **the Husch Blackwell report controls**.[8] This is important as applied to the Amended Complaint because the Husch Blackwell report completely exonerates Lewis from any liability in this case.

Lewis is aware that co-defendants in this case are similarly filing motions to dismiss. Lewis adopts by reference all arguments asserted by co-defendants which likewise apply to the claims asserted against her.

---

[4] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[5] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[6] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[7] See Louisiana State University Title IX Review, R. Doc. 21-1.
[8] *Quadvest, L.P. v. San Jacinto River Auth.*, 7 F.4th 337, 345 (5th Cir. 2021) ("If an attached exhibit contradicts a factual allegation in the complaint, then indeed the exhibit and not the allegation controls.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).

**WHEREFORE**, Defendant, Sharon Lewis, prays this Honorable Court grant her Motion to Dismiss, thereby dismissing all of Plaintiffs' claims against her with prejudice and at Plaintiffs' cost.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

*By: /s/ Renee G. Culotta*
Renee G. Culotta (LA Bar No. 24436)
**Special Assistant Attorneys General**
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:    (504) 599-8000
Facsimile     (504) 599-8100
Email:          rculotta@frilot.com;

**Counsel for Defendant, Sharon Lewis**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was served upon all counsel electronically via the CM/ECF filing system this 8th day of December, 2021.

*/s/ Renee G. Culotta*