UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, ET AL.  CIVIL ACTION NO.:

VERSUS  21-242-WBV-SDJ

LOUISIANA STATE UNIVERSITY, ET AL.

**MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT EDWARD R. ORGERON, JR.'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes Defendant, Edward J. Orgeron, Jr. (hereinafter "Orgeron"), who respectfully responds to the opposition filed by Plaintiffs to his motion to dismiss any and all claims made against him in the Amended Class Action Complaint and Jury Demand, with prejudice.

I. **Title IX**

A. **Prescription**

While Plaintiffs concede that, "It is undisputed that Title IX claims are subject to the state statutes of limitations for personal injury actions, and in Louisiana, the relevant prescriptive period is one year,"[1] they argue that it did not begin to toll until they knew or should have known of the "causation between Plaintiffs' injuries and Orgeron's actions" when the Husch Blackwell Report was released in March 2021.[2]

---

[1] Plaintiffs' Opposition, p. 7.
[2] *Id.*, p. 8.

Contrary to Plaintiffs' arguments, prescription begins to run when plaintiffs have actual or constructive knowledge of facts indicating they may have a claim.[3] The U.S. Fifth Circuit Court of Appeals recently held that "prescription runs from the time there is notice enough to call for *inquiry* about a claim, not from the time when the inquiry reveals facts or evidence sufficient to *prove* the claim."[4] Plaintiffs were required to file suit within one year of the date that they knew or should have know that they suffered injuries and that someone caused those injuries, and were not required to have "actual knowledge of the *particular cause* of the [damage]."[5]

**B.     Retaliation**

As a government official performing discretionary functions, Orgeron is protected by qualified immunity against claims under federal law for civil damages insofar as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[6]

Even if Title IX authorizes suits against school officials, which is specifically denied for the reasons provided in Orgeron's original memorandum, Plaintiffs have wholly failed to state a retaliation complaint against Orgeron. Plaintiffs cite the definition of retaliation as "Intimidation, threats, coercion, or discrimination."[7] Despite the specific language of this definition, Plaintiffs broaden this definition in their Opposition to include any "adverse action,"[8] because they simply cannot plausibly make any allegations that Orgeron engaged in any acts constituting "intimidation, threats, coercion or discrimination."

---

[3] *Keenan v. Donaldson, Lufkin & Jenrette, Inc.,* 575 F.3d 483, 489 (5th Cir. 2009, citing *Campo v. Correa,* 828 So.2d 502, 510 (La. 2002).
[4] *Thibodeaux v. Sanofi U.S. Servs.(In re Taxotere (Docetaxel) Products Liability Litigation),* 995 F.3d 384, 391 (5th Cir. 2021), quoting *Terrel v. Perkins,* 704 So.2d 35, 39 (La. App. 1st Cir. 1997). See also, *Keenan,* 575 F.3d 489, citing *Lafleur v. Blue,* 6 So.3d 348, 351 (La. Ct. App. 2009), also quoting *Terrell v. Perkins.*
[5] *Id.,* 995 F.3d at 392, citing *Bennett v. General Motors Corp.,* 420 So.2d 531, 537 (La. Ct. App. 1982).
[6] *Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.E.2d 666 (2002).
[7] Plaintiffs' Opposition, pp. 6-7, citing 34 CFR § 106.71(a).
[8] Plaintiffs' Opposition, p. 6.

Plaintiffs complain at length in their Opposition that Orgeron failed to comply with his Title IX obligations as an LSU Responsible Employee.[9] At all relevant times herein, Orgeron dutifully followed the Athletic Department's policies and procedures for reporting sexual misconduct. As Assistant Coach, he reported any such issues to the Head Coach, and as Head Coach he reported those issues to Miriam Segar, who was designated as the Athletic Department's Title IX point person and coordinator.[10] He acted reasonably and appropriately by following the Athletic Department's policies and procedures in place at that time.

As documented in the Husch Blackwell Report, LSU's Responsible Person policy was "poorly crafted and confusing" until its revision in August 2020.[11] The Report concluded that, "LSU has never had a clear written policy requirement that **all** employees must report incidents potentially implicating the Title IX policy to the Title Coordinator.  In addition, even for employees identified as responsible employees in PM-73, the ultimate reporting directives in the various sections of the policy are conflicting and unclear."[12]

Orgeron followed LSU's policies in place at that time and, if they were defective in any way, the fault therefor does not lie with Orgeron.

## II.  Louisiana Racketeering Act and Conspiracy

Plaintiffs seek to conflate Orgeron's participation in the LSU football and athletics program with a knowing and willing pattern of participation in a criminal enterprise through a pattern of racketeering activity.  Merely because Plaintiffs allege that an "Enterprise" existed which was "designed to protect and maximize the future revenue created by LSU's successful athletics programs by, *inter alia,* violating the rights of sexual misconduct victims, including

---

[9] Plaintiffs' Opposition, pp. 2, 6, 7.
[10] Exhibit A to Plaintiffs' Amended Complaint, Husch Blackwell Report, pp. 31, 62, 182-3, 185-6, 188, 195-200.
[11] *Id.*, pp. 21-2.
[12] *Id.*, p. 23 (emphasis in original).

3

Plaintiffs, through a pattern of racketeering activity"[13], they seek to wish it into existence, at least enough to survive the instant Motion. Wishing, and conclusory allegations without a factual basis, are simply insufficient to support an LRA claim. Further, Plaintiffs' desire to create an "Enterprise" or a pattern of criminal activity where none exists does not create a knowing or willing pattern of participation in the criminal enterprise by a third-party participant such as Orgeron.

This failure is even more true as it relates to the allegations of Orgeron's participation in a conspiracy, which requires an actual agreement between the conspirators, who specifically intend the illegal conduct.[14] Plaintiffs have wholly failed to allege any facts, much less specific facts, in support of their alleged agreement between the alleged conspirators to commit the alleged criminal activity alleged to constitute the required predicate acts for their LRA claim against Orgeron.

Finally, since this is a claim made under state law, and since Orgeron was at all relevant times acting within the course and scope of his LSU employment, the state is the real, substantial party in interest. Accordingly, this claim against him must also be dismissed based on Eleventh Amendment immunity.

## III. Civil Rights

Plaintiffs' Section 1983 claims against Orgeron in his official capacity must be dismissed due to Eleventh Amendment immunity. To the extent that Plaintiffs have made a claim against Orgeron in his official capacity as a state official under Section 1983 of the Civil Rights Act, he is not a "person" amendable to suit thereunder.[15]

---

[13] Plaintiffs' Opposition, p. 9.
[14] *Snow Ingredients, Inc. v. SnoWizard, Inc.,* 833 F.3d 512, 526 (5th Cir. 2016), citing *Crowe v. Henry,* 43 F.3d 198, 206 (5th Cir. 1995), and *Abraham v. Singh,* 480 F.3d 351, 357 (5th Cir. 2007).
[15] *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).

To the extent that Plaintiffs have made a claim against Orgeron in his individual capacity as a government employee under Section 1983, he is protected therefrom by the affirmative defense of qualified immunity. Qualified immunity protects him from "reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law."[16] "Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful."[17]

Finally, to demonstrate a "conspiracy" to deny civil rights for purposes of a Section 1985(3) claim, plaintiffs must allege facts to establish an actual agreement between all of the various defendants acting together to deprive the plaintiffs of their right to equal protection.[18] No such agreement has been reached between the defendants to intentionally violate the constitutional rights of Plaintiffs, and several of the Defendants weren't even present at LSU at the same time as several of the other Defendants. Plaintiffs' conspiracy claims are threadbare and conclusory; it is well-settled that baseless assertions without more are not sufficient to state a valid claim.[19] Since Orgeron is entitled to qualified immunity as to the Section 1983 claims, qualified immunity extends to shield him from suit against Plaintiffs' conspiracy claims as well.[20]

## IV. <u>Negligence, Negligent Supervision, and Negligent Infliction of Emotional Distress</u>

All of the state law claims against Orgeron for actions in his official capacity must likewise be dismissed based on Eleventh Amendment immunity because such a suit is actually against the state official's office and the State of Louisiana is the real, substantial party in

---

[16] *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011); *Mendenhall v. Rise,* 213 F.3d 226, 230 (5th Cir. 2000).
[17] *Hope v. Pelzer,* 536 U.S. at 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).
[18] *Barber v. District of Columbia Gov't.,* 394 F.Supp.3d 49, 66 (D.D.C. 2019).
[19] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955 (2007).
[20] *Pfannstiel v. City of Marion,* 918 F2d 1178, 1187 (5th Cir. 1990).

interest.[21] At all relevant times herein, Orgeron was acting within the course and scope of his employment at LSU. The Eleventh Amendment prohibits suit against state officials for violations of state law when "the state is the real, substantial party in interest."[22] The State is the real party in interest if a judgment would compel expenditures from the state treasury.[23] A claim that a state official violated state laws, such as those cited as authority for these negligence claims in carrying out their official responsibilities, is a claim against the State.[24]

La. R.S. 9:2798.1 also provides public officials with immunity from tort liability "based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." Since all of the acts alleged against Orgeron were discretionary acts performed within the course and scope of his lawful powers and duties, they should be dismissed based on the discretionary immunity provided to public officials.

Finally, the negligence claims are all time-barred by the one-year prescriptive period applicable to negligence claims.

### V.    Intentional Infliction of Emotional Distress

Again, any state law claims against Orgeron must be dismissed based on Eleventh Amendment immunity because the State of Louisiana is the real, substantial party in interest, and at all relevant times herein, Orgeron was acting within the course and scope of his employment.

---

[21] *Minnis v. Bd. of Supervisors. of La. State Univ.,* 972 F.Supp.2d 878, 887 (M.D. La. 2013), citing *Will,* 491 U.S. at 71.
[22] *Hughes v. Savell,* 902 F.2d 376, 377 (5th Cir. 1990), quoting *Ford Motor Co. v. Dept. of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).
[23] *Id.,* citing *Pennhurst Sate School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), *Neuwirth v. Louisiana State Board of Dentistry,* 844 F.2d 553, 555 (5th Cir. 1988), and *Voisin's Oyster House v. Guidry,* 799 F.2d 183, 185 (5th Cir. 1986).
[24] *Id.,* citing *Pennhurst,* 465 U.S. at 121, 104 S.Ct. at 919, *Neuwirth,* 845 F.2d at 556, *Livingston Louisiana School Board v. Louisiana State Board of Education,* 830 F.2d 563, 569 n. 13 (5th Cir. 1987), cert denied, 487 U.S. 1223, 108 S.Ct. 2884, 101 L.Ed.2d 918 (1988).

In addition, La. R.S. 9:2798.1 provides Orgeron with immunity for the policymaking or discretionary acts performed within the course and scope of his lawful powers and duties.

Further, a claim of intentional infliction of emotional distress under Louisiana law requires a showing that: 1) the conduct alleged was extreme and outrageous; 2) the emotional distress was severe; and, 3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.[25] "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[26] Plaintiffs have made no such claims against Orgeron, and their claims against him for intentional infliction of emotional distress should be dismissed.

## VI. Bad Faith Breach of Contract

Any state law claims against Orgeron must be dismissed based on Eleventh Amendment immunity because the State of Louisiana is the real, substantial party in interest, and at all relevant times herein, Orgeron was acting within the course and scope of his employment.

La. R.S. 9:2798.1 provides Orgeron with immunity for the policymaking or discretionary acts performed within the course and scope of his lawful powers and duties.

Further, Louisiana Civil Code article 1927 provides that a contract is formed by consent of the parties established through offer and acceptance that may be made orally, in writing, or by action or inaction that is clearly indicative of consent. When there is no "meeting of the minds"

---

[25] *Labove v. Raftery,* 00-1394 c/w 00-1423, pp. 16-7 (La. 11/28/01), 802 So.2d 566, 577; *Nicholas v. Allstate Ins. Co.,* 99-2522, p.6 (La. 08/31/00), 765 So.2d 1017, 1022; *White v. Monsanto Co.,* 91-0148 (La. 09/09/91), 585 So.2d 1205, 1209.
[26] *Labove v. Raftery,* p. 17, 802 So.2d at 578; *White v. Monsanto Co.,* 585 So.2d at 1209.

between the parties, there is no consent and thus no enforceable contract.[27] Plaintiffs bear the burden of proving that an enforceable contract existed between them and LSU.[28]

There is no factual support whatsoever for a claim that Orgeron entered into a contract with any of the Plaintiffs. The policies cited in Plaintiffs' complaint were unilaterally issued by LSU and subject to amendment at any time without any consent of the Plaintiffs or Orgeron. In the absence of a contract, there can be no breach of contract, and this claim should be dismissed.

## VII. Civil Conspiracy

As an initial matter, there is no independent cause of action for civil conspiracy under Louisiana law.[29] "Simply stated, the unlawful act is the tortious conduct."[30] Further, as stated above, conspiracies must be alleged with specificity and with specific intent, and Plaintiffs have failed to allege any specific facts to support the existence of a conspiracy involving Orgeron.

## VIII. Enrichment without Cause

Any state law claims against Orgeron must be dismissed based on Eleventh Amendment immunity because the State of Louisiana is the real, substantial party in interest, and at all relevant times herein, Orgeron was acting within the course and scope of his employment.

La. R.S. 9:2798.1 provides Orgeron with immunity for the policymaking or discretionary acts performed within the course and scope of his lawful powers and duties.

---

[27] *Reed v. Willwoods Cmty,* 2014-1475, p. 5 (La. 03/17/15), 165 So.3d 883, 887; *Moridani v. Stone Clinical Labs., LLC,* 2017-0519, p. 7 (La. App. 4 Cir. 11/22/17), 231 So.3d 803, 807; *Adrian v. Adrian,* 15-419, pp. 4-5 (La. App. 3 Cir. 11/04/15), 178 So.3d 297, 301; Landers v. Integrated Health Servs., 39,739, p. 4 (La. App. 2 Cir. 05/11/05), 903 So.2d 609, 612; *Estate of Mayeaux v. Glover,* 2008-2031 c/w 2008-2032 c/w 2008-2033, pp. 7-8 (La. App. 1 Cir. 01/12/10), 31 So.3d 1090, 1095, citing *Stockstill v. CF. Industries, Inc.,* 94-2072, p. 25 (La. App. 1 Cir. 12/15/95), 655 So.2d 802, 820, writ denied, 96-0149 (La. 03/15/96), 669 So.2d 428.
[28] *Estate of Mayeaux v. Glover,* p.8, 31 So.3d at 1095, citing *Casey v. Nat'l Info. Services, Inc.,* 2004-0207, p. 12 (La. App. 1 Cir. 06/10/05), 906 So.2d 710, 719, writ denied, 2005-2210 (La. 3/24/06), 925 So.2d 1235..
[29] *Able Sec. and Patrol, LLC v. State of Louisiana,* 569 F.Supp.2d 617, 636 (E.D. La. 2008); *Hardy v. Easterling,* 47,950 (La. App. 2 Cir. 04/10/13), 113 So.3d 1178, 1184.
[30] *Able Sec. and Patrol, LLC,* 569 F.Supp.2d at 636.

Further, Plaintiffs cannot recover under the theory of unjust enrichment if the law provides another remedy for their loss.[31] "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'"[32] In this case, Plaintiffs have made many other claims for specific damages, so this claim should be dismissed.

## IX.  Conclusion

Plaintiffs have not made any allegations that Orgeron took actions in anything other than his official capacity, and all claims against him in his personal capacity should be dismissed.

Any state law claims against Orgeron should be dismissed based on Eleventh Amendment immunity because the State of Louisiana is the real party in interest and Orgeron was at all times acting within the course and scope of his employment.

Orgeron is entitled to the affirmative defense of qualified immunity for any claims made against him in his individual capacity as a government employee.

La. R.S. 9:2798.1 provides Orgeron with discretionary immunity for any state law claims for the policymaking or discretionary acts performed within the course and scope of his lawful powers and duties.

At all relevant times herein, Orgeron dutifully followed the Athletic Department's policies and procedures for reporting sexual misconduct. He acted reasonably and in good faith, and according to the directives, guidelines and training he was provided at that time. If those policies were defective, the fault therefor does not lie with Orgeron.

---

[31] La. C.C. art. 2298.
[32] *Walters v. Medsouth Record Mgmt., LLC,* 10-0351 (La. 06/04/10), 38 So.3d 243, 244, quoting *Mouton v. State,* 525 So.2d 1136, 1142 (La. App. 1st Cir. 1988), writ denied, 526 So.2d 1112 (La. 1988).

WHEREFORE, after due consideration is had, Edward J. Orgeron, Jr. respectfully requests that, after due proceedings, his Motion to Dismiss Amended Class Action Complaint and Jury Demand be granted.

> Respectfully submitted,
>
> JEFF LANDRY
> ATTORNEY GENERAL
>
> */s/ Stephanie B. Laborde*
> Stephanie B. Laborde (#20908)
> Benjamin M. Chapman (#28325)
> Special Assistant Attorneys General
> **Milling Benson Woodward, LLP**
> 6421 Perkins Road, Building B, Suite B
> Baton Rouge, Louisiana 70802
> Telephone: (225) 291-7300
> Facsimile: (225) 291-4524
> slaborde@millinglaw.com
> bchapman@millinglaw.com
>
> ***Attorneys for Edward J. Orgeron, Jr.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been electronically filed with the United States District Court via the Court's CM/ECF system on December 13, 2021, and Notice of Electronic Filing sent to all interested parties by operation of same.

*/s/ Stephanie B. Laborde*