UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL | CIVIL ACTION NO. 3:21-CV-00242 |
| VERSUS | JUDGE WENDY B. VITTER |
| LOUISIANA STATE UNIVERSITY, ET AL | MAGISTRATE JUDGE JOHNSON |

### MEMORANDUM IN SUPPORT OF VERGE AUSBERRY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**MAY IT PLEASE THE COURT**:

**Verge Ausberry**, named defendant herein, submits the following memorandum in support of his *Motion to Dismiss* the claims asserted against him by **Abbie Owens, et al**, plaintiffs in this matter, and pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

While the *Second Amended Complaint and Jury Demand* filed herein by the plaintiffs purport to assert seven counts/causes of action against the several defendants herein, it purports only to assert the following three (3) causes of action against Mr. Ausberry[1]:

1.  42 USC § 1983 – First Amendment retaliation

2.  42 USC § 1983 – First Amendment denial of equal protection

3.  42 USC § 1983 – Fourth Amendment denial of due process

---

[1] The Complaint filed by the plaintiffs asserts several other causes of action against the various codefendants, but not Mr. Ausberry, and pursuant to 20 U.S.C. § 1681 ("Title IX") (deliberate indifference)(hostile environment)(heightened risk)(retaliation).

1

Unfortunately for plaintiffs, the Second Amended Complaint fails to state any plausible claims against Mr. Ausberry, inasmuch as claims under 42 USC § 1983 require a demonstration of intentional acts on the part of the actor for purposes of violating, or conspiring to violate, an individual's civil rights, and there are no allegations contained within the Complaint as asserted by any of the collective plaintiffs which factually state such a cause of action as to Mr. Ausberry; they also are time-barred.

**FACTUAL BACKGROUND**

The *Second Amended Complaint and Jury Demand* (Doc No. 182) filed herein by the named plaintiffs asserts a total of seven (7) counts of alleged violations of Title IX and 42 USC § 1983 against several defendants, all of whom are in some way related in an official capacity to/and Louisiana State University (named as a defendant through its Board of Supervisors). Only three (3) of the counts are asserted against defendant, Verge Ausberry, who at all relevant times served as the University's Executive Deputy Athletic Director (¶19), yet who is named as a defendant herein in his individual capacity (*Id.*).

The ten (10) named plaintiffs, who are all alleged to be former or current students at the University, claim to have been injured and/or damaged as the result of acts of sexual harassment and/or misconduct committed by other students and/or LSU officials at some point from 2013-2021, along with claims of systemic issues at the University and in response to their purported reports/complaints of sexual misconduct; their respective allegations as asserted in the *Second Amended Complaint* can be briefly summarized as follows:

**Calise Richardson**

Ms. Richardson alleges that as a student and a member of the recruiting staff of LSU's football team from September 2014 to January 2017 (¶121), she was subjected to sexual assault and abuse. This included a rape which occurred in the Fall of 2015 (¶130). She contends that she often was offered as a sexual object to potential recruits (¶124). She states that she reported the abuse to LSU employees Sharon Lewis and Keva Soil-Cormier, but to no avail (¶¶166-174). She contends that neither individual reported the incident to the Title IX office, and she was not provided any support, resources or interim measures (*Id.*). She also claims that she was subjected to retaliation for reporting the abuse, including being denied job opportunities within the Football Department (¶175).

*As it relates to Mr. Ausberry, Ms. Richardson contends that she reported certain aspects of the alleged abuse to Mr. Ausberry in or about Fall 2018 (whom she described as her mentor), because she understood that her claimed abuser ("John Coe") also committed acts of sexual abuse upon co-plaintiff, Jade Lewis (¶¶212-213). She contends that Mr. Ausberry did not allow her to report the alleged abuse to him, but instead directed her to report the abuse to defendant Miriam Segar, Senior Associate Athletic Director (¶121).*

**Ashlyn Robertson**

Ms. Robertson alleges that she was a student at LSU beginning the Fall 2015 semester. (¶242) She alleges that she was sexually assaulted/raped by a member of the LSU Football team in or about January 22, 2016 (¶248). She claims that she visited the LSU Student Health Center a few days after the incident, and was told it was better to not pursue an investigation (¶257). She also claims that she initially denied wanting to pursue a Title IX investigation (¶164), but shortly thereafter and in or about May 2016, she was subjected to retaliation by said perpetrator,

3

John Doe, who is also alleged to have sexually assaulted co-plaintiffs, Abby Owens and Samantha Brennan (¶¶263-265). She contends that certain others knew of the incident but never reported same to the University's Title IX office or any other entity (¶¶275-287). She claims that she withdrew from LSU in or about September 2017 (¶284).

*Notably, there are no express allegations of fact or wrongdoing asserted by Ms. Robertson and against defendant, Ausberry.*

### Samantha Brennan

Ms. Brennan contends that she "assumes" that she was sexually assaulted by a member of the LSU Football Team in or about July 2016 ("John Doe")(¶294). She claims to have reported this incident to defendants Sharon Lewis and Miriam Segar, whom she contends had actual knowledge of the individual's rape of at least one other student, i.e., co-plaintiff Robertson (¶¶299-301). She contends that Lewis and Segar, despite her requests, did not handle the claim internally, but instead reported it to the LSU Police Department (¶¶308-310). Ms. Brennan contends that she has never received any notice from LSU about whether a Title IX investigation was conducted, which left her feeling humiliated and shamed (¶¶314-317).

*Notably, there are no express allegations of fact or wrongdoing asserted by Ms. Brennan and against defendant, Ausberry.*

### Abby Owens

Ms. Owens alleges sexual assault and rape against "John Doe," which is alleged to have occurred in or about June 2016 (¶333). She contends that she was afraid to report the rape, which she contends exacerbated a substance abuse problem that she had developed as a result of a prior abusive relationship (¶335). She contends that she disclosed to a rehabilitation center official that she been raped by the individual, which official then reported the sexual assault to

4

LSU's Athletic Department (¶337). Ms. Owens contends that she was never contacted by anyone at LSU's Title IX office (¶338). She also contends that she reported the incident to her tennis coach, Julia Sell, whom, she contends, stated that she did not believe that Owens had been raped, and did not report same to any on-campus authorities (¶342). She also contends that defendant, Jennie Stewart, told her that she had heard about the alleged incident, but decided not to move forward with an investigation since the Athletic Department not provide her with the name of the assailant (¶353).

*There are no express allegations of fact or wrongdoing asserted by Ms. Owens and against defendant, Ausberry.*

**Elisabeth Andries**

Ms. Andries alleges an incident of sexual assault against an LSU student ("John Doe"), which is alleged to have occurred in or about Fall 2016 (¶370). She alleges that she was forcefully groped by said student *(Id.)*. She also alleges that this individual attempted a second assault in the Summer of 2017, (¶375) which caused her to experience panic attacks. She contends that the report resulted in the individual being deemed as violating LSU's Title IX policy in or about June 2019, but no significant penalties were issued; indeed, he continued to remain on campus and even enrolled in classes with Ms. Andries (¶¶411, 429-434).

*There are no express allegations of fact or wrongdoing asserted by Ms. Andries and against defendant, Ausberry. Also note that Ms. Andries was not a scholarship athlete or otherwise associated or allegedly assaulted by someone associated with LSU athletics.*

**Jade Lewis**

Jade Lewis was a member of LSU's Women's Varsity Tennis team, and sometime in January, 2017, allegedly began a romantic relationship with an individual on the LSU football

5

team ("John Coe"), whom she alleges became abusive to the point of physically assaulting her (¶¶447-458). She contends that she and other reported the abuse to the tennis team's coaches and athletic trainers, but to her knowledge, her incident was not reported to the police, LSU's Title IX office or any other entity (¶¶459-461, 464-470). She contends that LSU did not respond to her reports of abuse until nearly a year later, at which point another incident of abuse occurred which resulted in the fracturing of her ribs, and at the hands of the aforesaid individual football player (¶478).

*As it relates to defendant, Ausberry, Ms. Lewis alleges that in or about April 2018, defendant Ausberry was informed by John Coe of the incident of April 2018– i.e., that John Coe purportedly admitted to Ausberry of punching Ms. Lewis in the stomach (¶479)– and that defendant Ausberry nonetheless was aware of this individual's prior pattern of violent abuse as a result of plaintiff Richardson's reporting; yet, she claims, defendant Ausberry did not report this incident to the police, Title IX office or any other entity (¶¶480-482).*

**Kennan Johnson**

Ms. Johnson likewise was a member of the LSU Women's Varsity Tennis team. She contends that the team's coaches, Julia and Michael Sell, would shame her with regards to her weight, as well as her sexual orientation (¶¶563-569, 585-587). She contends that they would hold the threat of losing her scholarship over her head, which affected Ms. Johnson's ability to complete her studies (although she graduated from LSU in Spring 2019) (*Id.;* ¶594). She also contends that she reported the abuse being inflicted upon a plaintiff, Jade Lewis, but to her knowledge, Sell never reported same to the relevant entities at LSU (¶¶580-583).

*Notably, there are no express allegations of fact or wrongdoing asserted by Ms. Johnson and against defendant, Ausberry.*

6

**Jane Doe**

The unnamed plaintiff alleges that, in or about October 2018 as a student at LSU, she was sexually harassed by an individual whom she met through her roommate's boyfriend (¶¶503, 608, 616). She contends that the two kissed on a few occasions, but she rebuffed any further sexual advances, which resulted in the assailant becoming verbally abusive (*Id.*). She contends that she reported the abuse to the Title IX office in March 2019, which conducted interviews that were purportedly inconsistent (¶¶624-629). She contends that she was never informed as to whether or not the individual was disciplined, and as result, she stopped attending classes because she was afraid of seeing him (¶634). She contends that she became so depressed and uncomfortable that she left LSU in December 2019 and enrolled in a community college (¶648).

***Notably, there are no express allegations of fact or wrongdoing asserted by Jane Doe and against defendant, Ausberry. Also note that Jane Doe was not a scholarship athlete or otherwise alleged to be involved with LSU athletics, or assaulted by someone associated with LSU athletics.***

**Corinne Hovis**

Ms. Hovis alleges that sometime in January 2020 she was sexually assaulted by "John Loe," a "highly recruited quarterback on LSU's football team." (¶660) She contends that she was heavily intoxicated one evening, at which time she blacked out and thereafter was sexually assaulted in his vehicle (*Id.*). She alleges that she reported the incident to the dorm's Resident Assistant and filed a report with the LSU Police Department (¶¶664-665). She alleges that the University's Title IX office moved forward with an investigation in February 2020 that resulted in discipline for the accused individual in June 2020 (¶¶676-679), but nonetheless, LSU's handling of the incident was poor and caused her to be traumatized (¶683).

*There are no express allegations of fact or wrongdoing asserted by Ms. Hovis and against defendant, Ausberry.*

**Sarah Beth Kitch**

Ms. Kitch is a former graduate student at LSU. She alleges that in or about 2009, one of her professors sexually harassed her, including expressing interest in a sexual relationship and making inappropriate comments of a sexual nature, including allegations of inappropriate touching which occurred in or about March 2013 (¶¶704, 706-707, 717-721). She contends that she was not aware of her reporting options to the Title IX office (¶722); and while she finished her doctoral program in 2014, she contends that the trauma of her professor's assault and harassment continues to haunt her (¶723-724).

*There are no express allegations of fact or wrongdoing asserted by Ms. Kitch and against defendant, Ausberry. Also note that Ms. Kitch was not associated with LSU athletics, as an athlete or otherwise, and does not allege assault by anyone associated thereto.*

\*\*\*

*Again, please note that with regards to the allegations put forth by aforesaid plaintiffs, respectively, <u>only Richardson and Lewis</u> put forth express factual allegations regarding the purported actions or alleged wrongdoing of Mr. Ausberry.*

\*\*\*

The plaintiffs collectively allege that "until the release of the [Judge Blackwell] report of March 2021, plaintiffs could not have known that "LSU and its employees, **including defendants Ausberry** and Segar, encouraged and perpetrated sex discrimination by retaliating against employees that attempted to follow their reporting obligations" and that "LSU and its employees, *including defendants Ausberry* and Segar, had concealed disclosures of sexual

misconduct that should have been reported to LSU's Title IX Office; …"  (¶83).    [Emphasis added]

## RULE 12(B)(6) STANDARD

To withstand a Rule 12(b)(6) Motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Covington County School District*, 675 F.3d 849, 854 (5th Cir. 2012). Another way, a Court must be able to "draw a reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*)  This plausibility standard requires more than pleading the sheer possibility that a defendant has acted unlawfully. (*Id*. at 678)  Thus, even if the allegations in the Complaint are true, if they cannot support a claim to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties in the Court. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 558 (2007).

Further, the United States Supreme Court has noted that Rule 12(b)(6) requires dismissal of a lawsuit whenever a claim is based on an invalid legal theory:

"Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'... a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one." *Brooks v. Amgen, Inc.*, No. 18-00657, 2019WL507491, at *2 (M.D. La. Feb. 8, 2019), *quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted).

When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."

*Brooks*, 2019WL507491, at *2, *quoting Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Twombly*, 550 U.S. at 558).

A plaintiff cannot simply submit an "unadorned, the defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and while factual allegations may be accepted as true for purposes of a 12(b)(6) motion, legal conclusions are not. (*Id.*)

**The Plaintiffs' Complaints Fail to State a Cause of Action Pursuant to 42 U.S.C. § 1983**

In order to state a claim under 42 USC § 1983, a plaintiff must allege a deprivation of a right or privilege secured by the Constitution and laws of the United States <u>and</u> that the deprivation was caused by an individual acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Establishing individual liability under § 1983 requires an **affirmative showing** that the defendant **personally acted** to deprive the plaintiff of her rights. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985): ***"The defendant must have had personal knowledge and involvement in the alleged deprivation of appellant's rights in order to be liable."***

Thus, while § 1983 allows a person to bring an individual-capacity civil suit against a state official, the plaintiffs must establish that the individual's actions were taken under color of state law with the *intention to deprive* that person of their federally- protected rights, in this matter, the plaintiff's federally-protected rights under Title IX.

That is, the plaintiffs must allege <u>and</u> establish that Mr. Ausberry's conduct was a **cause in fact** of the plaintiffs' claimed Constitutional deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); and must show that Mr. Ausberry not only was involved in, but encouraged the wrongful conduct, which requires a **"causal relationship"** of some kind between Ausberry's conduct and plaintiffs' alleged deprivation of their rights under the law.

10

Put simply, the plaintiffs must establish that Mr. Ausberry's intentionally performed the duties of Executive Deputy Athletic Director in a manner that purposefully and proximately caused the Constitutional injury of which they complain. But there are no allegations within the Second Amended Complaint which allege the commission of intentional actions on the part of Mr. Ausberry.

Further, Mr. Ausberry raises the affirmative defense of qualified immunity, which allows government officials to act and make decisions without fear of being sued for money; it is afforded to public officials such as Mr. Ausberry herein who perform discretionary functions which do not violate clearly established Constitutional rights "of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

And to that point, there are no allegations herein which seem to contend that defendant Ausberry committed any acts that were intentional and in deliberate violation of the plaintiffs' Constitutional rights. And simply alleging a "pattern and practice", without more, is <u>insufficient</u> under Rule 12 pleading standards. *Twombley*, 550 U.S. at 558.

The law is well established that in suits filed under § 1983 against public officials in their individual capacity, a claim must be stated with <u>particularity</u>. *Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995). This is particularly so, as it relates to the purported 1st and 4th Amendment claims of retaliation, equal protection and due process which, as pled herein, fail to establish that (i) any of these plaintiffs engaged in constitutionally protected speech, that the (ii) the actions of Mr. Ausberry were motivated by the desire to squelch protected speech of any plaintiff and/or that (iii) Mr. Ausberry's alleged failure to properly report their alleged Title IX Complaints was violative of their individual 1st or 4th Amendment rights – further supporting the application of the qualified immunity defense - as there is no "clearly established case law which would have

11

put any reasonable state official on notice" that failing to report a Title IX report would be a violation of their respective rights under the 1st and/or 4th Amendment.

There also are <u>no</u> allegations in the Complaints that any actions taken against these plaintiffs were based upon their gender. And again, the actions of Mr. Ausberry are only alleged to have affected two of the ten named plaintiffs (Richardson and Lewis).

***

Nevertheless, these claims are time barred, as <u>all</u> of the alleged actions took place on or before February 2020, and claims under § 1983 must be filed <u>within one (1) year of the alleged action</u>.

When a federal statute does not contain a limitations period (as is the case for Title IX and § 1983), the settled practice is to borrow an "appropriate" statute of limitations from state law. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 371, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *see also* 42 U.S.C. § 1988. *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 759 (5th Cir. 2015): "Title IX and § 1983 should be governed by state statutes of limitations for personal injury actions."

The operative date from which the relevant limitations period runs is the day injury or damage is sustained, La. Civ. Code art. 3492, or, more precisely herein, "the date of the notice of the adverse action." <u>See *Hartz v. Admr's of the Tulane Educ. Fund*</u>, 275 Fed.Appx. 281, 287 (5th Cir. 2008).  A claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. <u>*King-White*</u>, 803 F.3d at 762.

Thus, as with regards to the plaintiffs' Title IX claims, their Section 1983 claims are likewise subject to a one-year prescriptive period. And all of the claims and alleged resulting injury are alleged to have occurred prior to February, 2020, i.e., more than one year prior to the filing of the instant suit in April 26, 2021, and thereby subject to dismissal by the operation of the applicable statute of limitations.

***

In further support of his *Motion to Dismiss*, defendant Ausberry adopts and incorporates (as if copied herein fully) any and all of the arguments put forth by his co-defendants herein, in response to the asserted Counts V-VII and by way of the respective *Motions to Dismiss* which they have respectively filed in response to the plaintiffs' Complaint; and particularly with regards to defendant Segar, whose causes of action against here are asserted in identical or mirroring fashion.

***

Finally, the plaintiffs have not, and cannot – if given another opportunity to amend their Complaints – allege plausible claims against defendant Ausberry; and the United States Supreme Court has noted that leave to amend need not be granted by the Court upon repeated failure on the part of the plaintiff to cure any deficiencies, and/or when the futility of same can be recognized by the Court. *Foman v. Davis*, 371 US 178, 182 (1962).

{Please see signature block on following page}

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**


BY: __/s/Darren A. Patin_____
    **DARREN A. PATIN, #23244**
Special Assistant Attorney General
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Facsimile: (504) 836-6565
*Counsel for Defendant, Verge Ausberry*


## CERTIFICATE OF SERVICE

I, Darren Patin, attorney for Defendant, do hereby certify that I have date electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system, and/or by email have provided a true and correct copy of the foregoing to all counsel of record.

**SO CERTIFIED** this the 14th day of February, 2022.


*s/ Darren A. Patin*
_____
**DARREN A. PATIN**