THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**DEFENDANT JONATHAN SANDERS' MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

MAY IT PLEASE THE COURT:

Defendant Jonathan Sanders ("Defendant"), by and through counsel, files this Memorandum in Support of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) ("Motion") and respectfully shows as follows:

## I. INTRODUCTION

In their Second First Amended Complaint [Rec. Doc. 182] ("Complaint"), Plaintiffs have brought causes of action against the LSU Board of Supervisors, Verge Ausberry, Executive Deputy Athletic Director and Executive Director of External Relations for LSU,[1] Miriam Segar, Senior Associate Athletics Director and Senior Woman Administrator for LSU,[2] Jennie Stewart, LSU's Title IX Coordinator from 2015 through March 2021,[3] and

---

[1] Complaint ¶ 19.

[2] *Id.* ¶ 20.

[3] *Id.* ¶ 21.

1

Jonathan Sanders, Associate Dean of Students and Director of LSU's Office of Student Advocacy & Accountability.[4]

Counts I-IV are brought against the LSU Board of Supervisors for violations of Title IX. *Id.* ¶ 742. Counts V-VII are civil rights actions brought pursuant to 42 U.S. § 1983 against the individually named defendants in their official and personal capacities. *Id.* ¶¶ 19-22.

## II.   FACTUAL ALLEGATIONS

The general allegations regarding LSU's allegedly discriminatory policies, most regarding to the school's athletic program, have been set forth previously *ad nauseum* and therefore will not be repeated herein.

The allegations of each Plaintiff against Defendant are set forth below.[5]

### A.   Calise Richardson.

Though the factual allegations related to Richardson total over 100 paragraphs, but only a small portion involve Defendant. Complaint ¶¶ 121-241. In the fall of 2018, an LSU Athletics Department employee took Richardson to the "LSU Cares" office -- which is a subdivision of LSU's Student Advocacy and Accountability ("SAA") office -- where she reported abuse she had suffered. *Id.* ¶¶ 217-221. No allegations against Defendant are made for that visit or events resulting from the visit, other than stating he had "specific knowledge of the pervasive sex discrimination and retaliation [Richardson] and others suffered." *Id.* ¶ 240.a. The allegation regarding Defendant's knowledge is conclusory and not based on any other facts or reasoning in

---

[4] *Id.* ¶ 22.

[5] For the purpose of this Motion and Memorandum, all factual allegations are presumptively true in conformity with Rule 12(b)(6) requirements. The recitation of allegations below therefore omits from the description qualifiers such as "alleged" or "purported," without making any admission or denial.

the Complaint. Thus, the Complaint makes no effort to establish a causal relationship between unidentified acts or omissions by Defendant and Richardson's injuries in ¶ 241 of the Complaint.

**B.    Ashlyn Robertson.**

Plaintiff Ashlyn Robertson has made no allegations involving the Defendant. *Id.* ¶¶ 242-288. There are minimal references to "Defendants" and "LSU employees." *Id.* ¶¶ 287-288. These vague allegations do not state any cause of action against Defendant, as he is not identified by Plaintiffs with regarding to any actions or inactions involving Robertson.

**C.    Samantha Brennan.**

In the introductory paragraphs of the Complaint, there are brief mentions of Brennan suffering due to a "culture of non-disclosure" and other general allegations not linked to Defendant. *See, e.g., id*. ¶ 120 & 279. Within the paragraphs devoted to Brennan's allegations, Defendant is not mentioned. *See id.* ¶¶ 289-326. The passing comment that "Defendants" actions and inactions caused Brennan's losses is too vague to state a cause of action against Defendant. *Id.* ¶ 326.

**D.    Abby Owens.**

Owens makes no allegations involving Defendant, save for the vague reference to "Defendants." *Id.* ¶¶ 327-361. Thus, she likewise has not stated a cause of action against Defendant.

**E.    Elisabeth Andries.**

Andries went to the SAA for help in late February 2019, after which SAA reported Andries's assaults to the Title IX office. *Id.* ¶¶ 393-397. Andries then met with one of her professors, who told her that no one form SAA had "reached out to him to explain why she could not be in class" with her abuser, even after an SAA employee told Andries she would do so. *Id.*

¶¶ 396 & 407. The Complaint then discusses Andries's interactions with the SAA office, the Title IX office, and her dissatisfaction with the help she received and the outcomes of discipline and appeal proceedings against John Roe, her assailant. *Id.* ¶¶ 409-449.

While there are several complaints against SAA and some of its employees, Defendant himself is identified in only five paragraphs. Andries's main complaint seems to be that Defendant asked her "whether she was on drugs at the time of the assault and where she was sitting on the bus when she was assaulted." *Id.* ¶¶ 422-423. Andries also accuses Defendant of not taking any action on behalf of another (unnamed) student that Andries told him about. *Id.* ¶¶ 424-425. Andries also states she is not pleased with being delayed information regarding the progress of the disciplinary proceedings against her assailant. *Id.* ¶¶ 426-448.

Finally, Andries complains that the issuance of a "mutual" no-contact order violated her right of due process and constituted retaliation. *Id.* ¶ 438. Despite the fact that Andries' complaints are against the SAA generally, she alleges that "Defendant Sanders concealed information regarding John Roe's other victims." *Id.* ¶ 450.a. She concludes her allegations stating that "Defendants" caused her extensive suffering without drawing any connection between Defendant's brief meeting with her and her ailments. *Id.* ¶ 451.

### F.   Jade Lewis.

The Complaint lists numerous allegations that John Coe physically abused Lewis beginning in January 2017. *Id.* ¶¶ 452-517. Lewis's complaint about Defendant is that he only questioned her about one of her several reported assaults by John Coe. *Id.* ¶ 518. When Defendant interviewed Lewis, she apparently corroborated John Coe's telling of the incident but also told Defendant about prior physical attacks by John Coe; she also alleges that three other witnesses had told Defendant about the past attacks. *Id.* ¶¶ 519-526.

4

In the end, Lewis complains that Defendant only questioned John Coe about one of the battery incidents, even though Defendant knew of others. *Id.* ¶ 554.f. Lewis blames Defendant, along with other "Defendants," in that their actions and inactions caused her to suffer emotional and physical distress. *Id.* ¶ 555.

### G.     Kennan Johnson.

Johnson contends that "Defendants'" actions and inactions caused her to suffer emotional and physical harm. *Id.* ¶ 596. No mention is made of any involvement by Defendant. Thus, the Complaint states no cause of action against Defendant.

### H.     Jane Doe.

Doe describes meetings and interactions with the assistant director of SAA, and SAA generally, but she makes no mention of Defendant and describes no wrongdoing by him. *Id.* ¶¶ 630-640. She then blames "Defendants" for harm she suffered. *Id.* ¶ 650.

### I.     Corrin Hovis.

Hovis makes one fleeting reference of Defendant. Hovis alleges a sexual assault by John Loe resulting in a no-contact directive issued to Loe by the Title IX office. *Id.* ¶ 679. Hovis then asserts "upon information and belief" that she believes that Loe violated the no-contact directive which was then reported to Defendant. *Id.* ¶¶ 680-681. According to Hovis, "LSU" did not take any further disciplinary actions against Loe. *Id.* ¶ 681. Hovis concludes the "actions and inactions by Defendants" caused her harm and economic loss. *Id.* ¶ 698.

### J.     Sarah Beth Kitch.

Kitch makes no allegations against Defendant by name, instead only alleging "actions and inactions of "Defendants" caused her harm and economic loss. *Id.* ¶ 741.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6) Motion to Dismiss.

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more [ ] than [ ] a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555. "The "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

A cause of action only meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009). Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *see also U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

#### B. Federal Rule of Civil Procedure 8(a).

"A pleading that states a claim for relief must contain: [ ] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The Rule requires a complaint, on its face, to allege facts that, if accepted as true, would state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. (citing. *Twombly*, 550 U.S. at 544). Still, at a minimum, a complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A "plaintiff's obligation to provide the grounds of his entitlement to

6

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Id.* (internal quotations and citations omitted).

A pleading requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Even though courts must accept all of the allegations contained in the complaint as true, courts are not required to accept as true legal conclusions cloaked as factual allegations. *Id.* Courts are to expeditiously dismiss claims that clearly fail to provide any legal relief to the plaintiff. *Id.* at 558.

## IV. LAW AND ARGUMENT

### A. The causes of action brought by Plaintiffs Owens, Brennan, Johnson, Doe, Robertson and Kitch should be dismissed.

Plaintiffs Owens, Brennan, Johnson, Doe, Robertson and Kitch include nowhere in the Complaint an actual allegation against Defendant. This falls short of even the most basic requirements of pleading.

References to "Defendants" collectively do not meet the standards necessary to overcome a Rule 12(b)(6) motion to dismiss a § 1983 lawsuit. "A plaintiff must plead that each Government-official defendant, through the <u>official's own individual actions</u>, has violated the Constitution." *Iqbal*, 556 U.S. at 676 emphasis added); *Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020) (Since § 1983 applies to individuals, a plaintiff must allege "individual causation.")

Richardson, Andries, Lewis and Hovis are the only plaintiffs that actually identify Defendant by name in their Complaint.[6] Therefore, these four Plaintiffs' causes of action are the only ones which require further scrutiny.

---

[6] Richardson, Andries, Lewis and Hovis, and none of the other Plaintiffs, will be collectively referred to as "Plaintiffs" for the remainder of this Memorandum.

**B.     Plaintiffs have failed to state causes of action pursuant to 42 U.S. § 1983.**

An action pursuant to 42 U.S.C. § 1983 is available to a plaintiff that asserts a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a §1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013).

Count V (First Amendment retaliation), Count VI (Denial of Equal Protection), and VII (Denial of Due Process) are all brought by Plaintiffs through 42 U.S.C. § 1983. Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State to redress the deprivation of rights secured by the United States Constitution or federal law. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Section 1983 "is not itself a source of substantive rights" but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

For the reasons set forth below, the § 1983 claims against Defendant should be dismissed.

**C.     Plaintiffs claims against Defendant have prescribed.**

Section 1983 uses a state's statute of limitations for personal injury actions. *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Louisiana's relevant limitations period is one year. La. Civil Code art. 3492. The limitations period begins to run when the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. *Redburn*, 893 F.3d at 496. Moreover, "[a] plaintiff need not realize that a legal cause of action exists; [she] need only know the facts that would support a claim."

8

*Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995). The one-year limitations period applies to claims brought under § 1983 for First Amendment retaliation, denial of equal protection, and for denial of due process under the Fourteenth Amendment. *See Stringer v. Town of Jonesboro*, 986 F.3d 502 (5th Cir. 2021) (First Amendment); *Taylor v. Bunge Corporation*, 775 F.2d 617, 618 (5th Cir.1985) (Equal Protection) *Jones v. Orleans Parish School Bd.*, 688 F.2d 342 (5th Cir. 1982) (Due Process).

    1.    <u>Richardson's claims have prescribed.</u>

Richardson's allegations involve several instances of battery and other abuse from 2016 through 2017 and an investigation into same in 2018. Richardson only alleges that Defendant knew of the attacks, but then she seems to imply he did nothing.[7]

According to the Complaint, Richardson was well aware of the facts that give rise to her claim well before one year prior to the filing of the Original Complaint on April 26, 2021. [Rec. Doc. 10]. She claims she only discovered that Defendant had knowledge of the events from the Husch Blackwell Report on March 5, 2021. That matters not. All facts giving rise to her claims were known by her prior to when prescription had run. Richardson's claims against Defendant should therefore be dismissed.

    2.    <u>Andries's claims have prescribed.</u>

All factual allegations giving rise to Andries's causes of action against Defendant occurred from 2016 through October 2019. Thus, they are plainly prescribed. There is a bare allegation that Defendant "concealed information regarding John Roe's other victims." *Id.* ¶ 450. Whether or not Defendant concealed anything, of which she claims she did not learn until March 5, 2021, she had knowledge of more than enough facts prior to November 2019.

---

[7] Richardson does not allege that it was Defendant's responsibility to do anything in this instance. Complaint ¶ 240.

9

Furthermore, an allegation of concealment requires pleading with specificity; something for which Andries has failed. *See* FED. R. CIV. P 9(b).

Andries' claims against Defendant should be dismissed, because they have prescribed.

### 3. Lewis's claims have prescribed.

The events giving rise to Lewis's lawsuit occurred between January 2017 through May 2019, at the latest. There is an allegation that Defendant only questioned Lewis about one of the attacks on her, but that was in June 2018. Complaint ¶ 554.f. Lewis also states she did not learn until March 5, 2021 that Defendant had knowledge of others that had been abused by Lewis's attacker. *Id.* ¶ 554.a.

Once again, the facts giving rise to Lewis's causes of action against Defendant occurred well before one year of the filing of her lawsuit. Lewis's causes of action against Defendant are prescribed and should therefore be dismissed.

### 4. Hovis's claims have prescribed.

Hovis claims she was sexually assaulted in January 2020 and reported it to the police that same month. *Id.* ¶¶ 652-665. She then discussed her attack with Defendant Stewart on January 31, 2020.

Hovis knew enough facts that she reported the sexual assault more than a year prior to April 26, 2021. Hovis's claims against Defendant are therefore prescribed and should be dismissed.

**D.    Qualified immunity bars Plaintiffs' claims against Defendant.**

Pursuant to § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *James v. Tex. Collin City*, 535 F.3d 365,

373 (5th Cir. 2008). "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548, 551 (2017). It is meant to allow "government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

Immunity should not be denied unless "existing precedent … placed the statutory or constitutional question beyond debate." *Id*. To overcome the qualified immunity defense, a plaintiff must establish "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id*. "Clearly established law" must be "particularized to the facts of a case." *Samples v. Vadzemnieks*, 900 F.3d 655, 662 (5th Cir. 2018). Precedent must "put the underlying question beyond debate." *al-Kidd*, 563 U.S. at 741.

Plaintiffs have failed to plead allegations that would overcome qualified immunity for Counts V-VII.

    1.    <u>Plaintiffs' First Amendment violation cause of action is barred by qualified immunity of Defendant and lack of factual allegations.</u>

One Plaintiff, Jade Lewis, states her freedom of speech to report sexual discrimination was abridged, because Defendant retaliated against her. Complaint ¶¶ 1002-1058.

To establish a First Amendment retaliation claim, a plaintiff must show that (1) she was engaged in a constitutionally protected activity; (2) the defendant's actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse actions were substantially motivated by the constitutionally protected conduct. *al-Kidd*, 563 U.S. at 743.

11

Defendant is accused of finding that Lewis violated the residential life policy by having a candle in her room. Lewis asserts this constituted a retaliatory infringement on her free speech rights. Complaint ¶ 1034.d.  Lewis does not deny she had a candle in her room.  Enforcing rules, especially ones that address potential extreme danger to others, simply cannot be considered retaliation.  Counsel has found no cases establishing a Constitutional right to be free to violate health and safety rules.

Defendant therefore is entitled to qualified immunity, and Lewis's First Amendment retaliation claim is without merit and should be dismissed.

### 2. Plaintiffs' Equal Protection violation cause of action is barred by qualified immunity of Defendant and lack of factual allegations.

Plaintiffs Richardson and Lewis allege that Defendant violated their right to equal protection by Defendant, because he did not investigate properly their sexual discrimination claims. *Id.* ¶ 1070.

The Equal Protection Clause of the Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  A "plaintiff must prove that similarly situated individuals were treated differently." *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999).  In addition, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.1999).  Lewis and Richardson make no allegations that Defendant treated any of them differently than anyone else, whether in a protected class or not.

To state a claim of discrimination under the Fourteenth Amendment, a plaintiff must allege that (1) she received treatment different from that received by similarly situated individuals, and (2) the unequal treatment stemmed from a discriminatory intent. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015).  The Complaint must allege "that the decision maker

singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* Allegations of discriminatory intent that are merely conclusory allegations, without reference to specific facts, do not suffice to overcome a motion to dismiss. *Id.*

No allegations against Defendant even suggest intent to discriminate against Lewis and Richardson. Furthermore, undersigned counsel has been unable to identify any cases which hold that failure to investigate without intent violates a constitutionally protected right. Lewis's and Richardson's allegations of denial of equal protection against Defendant fall flat, and their claims should therefore be dismissed.

        3.    <u>Plaintiffs' denial of due process violation cause of action is barred by qualified immunity of Defendant and lack of factual allegations.</u>

To establish a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that (1) she was deprived of a life, liberty, or property interest protected by the Fourteenth Amendment and (2) the administrative procedures attendant to the deprivation did not satisfy the constitutional requirements of procedural due process. *Welch v. Thompson*, 20 F.3d 636, 639 (5th Cir. 1994)).

The Complaint is devoid of allegations of deprivation of any life, liberty, or property interest by Defendant, other than the following conclusory allegation: Defendant deprived Plaintiffs "of their property and liberty interests without adequate notice or a meaningful opportunity to be heard   Complaint ¶ 1087. However, "most case law involving due process in the educational setting concerns student dismissals or suspensions from academic institutions." *Smith v. Davis*, 507 Fed. Appx. 359, 362. (5th Cir. 2013).

13

## IV.  CONCLUSION

For the reasons set forth above, Defendant Jonathan Sanders prays this Court grant his Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6).  Plaintiffs have had three chances to make sufficient allegations against Defendant, but they have failed.  It is readily apparent that Plaintiffs' further efforts to amend would be futile.  Therefore, the entire Complaint, as it relates to Defendant, should be dismissed with prejudice. *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("Though a court should freely grant leave to amend, [ ] a district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  */s/ Mark R. Pharr, III*
Mark R. Pharr, III, Bar Role No. 21019
Lindsay Meador Young, Bar Roll No. 31261
William F. Large, Bar Roll No. 34837
*Special Assistant Attorneys General*
3861 Ambassador Caffery Pkwy., Ste. 300
Lafayette, LA 70503
Phone: 337-735-1760
Fax: 337-993-0933
Email: tiger@gallowaylawfirm.com
Email: LMeador@gallowaylawfirm.com
Email: wlarge@gallowaylawfirm.com
ATTORNEYS FOR JONATHAN SANDERS