UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ABBY OWENS, et al.**                                   **CIVIL ACTION**

**VERSUS**                                                      **NO. 21-242-WBV-SDJ**

**LOUISIANA STATE UNIVERSITY, et al.**

## AGREED ORDER

All parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

I. **Preservation of ESI.**

With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to backup and archive data. This does not apply to the duty to implement a "litigation hold" and ensure the preservation of relevant documents once the party reasonably anticipates litigation.

2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   i. Deleted, slack, fragmented, latent or other data only accessible by forensics.

   ii. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   iii. On-line access data such as temporary internet files, history, cache, cookies, and the like

   iv. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

   v. Back-up data that is substantially duplicative of data that is more accessible elsewhere.

      vi. Server, system or network logs.

      vii. Data remaining from systems no longer in use that is unintelligible on the systems in use.

      viii. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices *provided* that a copy of all such electronic data is saved in an accessible format elsewhere (such as on a server, laptop, desktop computer, or cloud storage).

II. **ESI Discovery Procedure and Format.**

1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Custodians and search methodology</u>. Following service of discovery requests, the responding party shall identify its own custodians most likely to have discoverable ESI in their possession, custody or control, and identify third-party data sources, if any, likely to contain discoverable ESI. Thereafter the parties shall meet and confer regarding the use of reasonable search terms and date ranges or an appropriate computer- or technology-aided methodology for each custodian, before any such ESI search effort is undertaken.[1] The parties shall continue to cooperate in modifying and/or eliminating custodians, third-party data sources, and search terms or computer- or technology-aided methodology as is appropriate to ensure the scope of discovery does not exceed the limits of Federal Rule of Civil Procedure 26. In determining the appropriate custodians, search terms, and third-party data sources, the parties reserve all rights to raise objections to discovery from any sources or custodians, or the use of search terms~~, on the basis of relevance, privilege, proportionality, burden and expense~~.

3. <u>Non-responsive, privileged or private documents.</u> The fact that any document has been identified in agreed-upon search term filters shall not prevent any party from withholding

---

[1] The parties meet and confer obligations in this section shall also include the identification of data sources, if any, that are likely to contain discoverable ESI but that a party asserts is not reasonably accessible under Fed.R.Civ.P. 26(b)(2).

such document from production on the grounds that the document is not responsive, that it is protected from disclosure by applicable privilege or immunity, that it is governed by FERPA or another applicable privacy law or regulation, that it contains commercially sensitive or proprietary non-responsive information, or that the Protective Order allows the document to be withheld.

4. <u>Format</u>. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats may include, but are not limited to, native, **WORD**, TIFF (with a companion text file), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format. Each document image file shall be named with a unique bates number as set forth in Section II.7 below (*e.g.* the unique Bates Number of the page of the document in question, followed by its file extension). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, including metadata and, where applicable, the revision history. In the event redactions are applied, the files will be produced as redacted PDFs.

5. <u>De-duplication</u>. A producing party shall take reasonable steps to de-duplicate ESI horizontally and/or globally in order to reduce unnecessary production and associated expense.

6. <u>Metadata fields</u>. The parties will confer and agree on the production of metadata fields.

7. <u>Naming conventions</u>. The parties agree to bates label each document with an alpha prefix with an 8 digit number (*e.g.*, LSU_00000001). To the extent applicable, parties should also include a field indicating the custodian from which the document was collected.

8. <u>Color Copies.</u> Generally, productions need not be in color, unless good cause is shown.

9. <u>No Obligation to Convert Third Party Productions:</u> The parties agree that any document production received from a third party, if any, shall be produced in the format in which

it was received, except that if a third party fails to include Bates numbers on its production, the receiving party shall affix the documents with a common-sense naming convention consistent with Section II(7) and advise all parties of having done so.

III.   **Miscellaneous Discovery Issues.**

1. Proportionality required. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be applied when formulating discovery requests. To further the application of the proportionality standard, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

2. Objections. The parties reserve the right to raise any objections permissible under the Federal Rules of Civil Procedure, including any and all objections relating to relevance, proportionality, burden, and expense.

3. Previously produced documents. The parties agree that any documents which were produced prior to the issuance of this Order will be re-produced to comply with this Order. Documents produced in connection with Initial Disclosures should be produced again, if necessary, to comply with this Order.

4. Privilege logs. The parties agree that any party asserting a privilege will produce a privilege log within thirty days of production of the documents upon which the privilege is asserted.

5. Service by electronic means. All parties consent to service of discovery responses, including any document production, by electronic means. *See* Fed. R. Civ. P. 5(b)(2)(E)-(F).

6. Costs and expenses. The parties reserve their rights to seek and collect all costs and expenses associated with ESI as is appropriate and to the extent permitted by the Federal Rules of Civil Procedure.

IV.   **Clawback Agreement**

1.   Production not Waiver of Privilege. The parties acknowledge that, while each party shall make a diligent effort to identify and withhold from production any record or ESI that is subject to the attorney-client privilege, work-product doctrine, or other legal privilege or

protection, given the volume and nature of ESI and/or records exchanged, there is a possibility that certain such privileged or protected records or ESI may be inadvertently produced. Accordingly, the parties agree that the production of any record or ESI which, prior to production, was subject to an applicable privilege or protection, shall not constitute waiver of the privilege or protection, either as to the particular record or ESI or generally, provided the producing party complies with the provisions of this Agreed Order.

2. <u>Producing Party.</u> In the event a party inadvertently produced a document(s) that would otherwise be covered by the attorney-client privilege, the work product protection doctrine, or a comparable privilege or protection, that party may, promptly after discovering the inadvertent disclosure, request that the protected document(s) be returned. If the producing party claims that only a portion of the record/ESI was inadvertently produced, the producing party shall provide with the notice of inadvertent production a new copy of the record/ESI with the allegedly privileged portions redacted.

3. <u>Receiving Party.</u> Upon the producing party's notice of mistaken production of a protected document to the receiving party, the receiving party agrees that it shall not use the document for any purposes, except that the receiving party shall have the right to challenge the assertion of privilege or protection against disclosure and request an order denying such assertion. In addition, upon receipt of a notice of inadvertent production from the producing party, the receiving party shall promptly secure the specified record/ESI, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information. If the receiving party chooses not to contest the assertion of privilege, the receiving party shall promptly return the specified record/ESI to the producing party and any copies of it, and shall destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged

information, the receiving party does not waive any right it has to challenge the assertion of privilege, or to request an order denying such privilege. In the event that the receiving party challenges the assertions of protection on any ground, including waiver, it shall do so within thirty (30) days following notice by letter to counsel for the party asserting protection, specifying the basis for the challenge. If, following a meaningful opportunity to meet and confer, the parties do not resolve the challenge the party challenging the claim of protection shall seasonably move to compel production of the disputed document(s).

      4.     <u>Notification</u>. A receiving party is under a good-faith obligation to notify the producing party of any produced document which appears on its face or in light of facts known to the receiving party to be protected. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document.

Signed in Baton Rouge, Louisiana, on March 4, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**