UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL.<br>*Plaintiffs*  | CIVIL ACTION NO. 3:21-cv-00242 |
| VERSUS | JUDGE WENDY B. VITTER |
| LOUISIANA STATE UNIVERSITY, ET AL.<br>*Defendants* | MAG. JUDGE SCOTT D. JOHNSON |

**REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

Defendant Jennie Stewart submits this reply memorandum in support of her Rule 12(b)(6) motion to dismiss the plaintiffs' Second Amended Complaint to briefly address certain arguments presented by the plaintiffs in their opposition.[1]

I. **Plaintiffs' Section 1983 claims against Stewart are prescribed.**

Plaintiffs cite extensively to *Doe 1 v. Baylor University*, 240 F.Supp.3d 646 (W.D.Tex. 2017), in support of their argument that the Section 1983 claims against Stewart are not prescribed, and they claim that the facts of the *Baylor* litigation "mirror the facts of the instant matter."[2] But there is a very obvious distinction between the *Baylor* case and the case before this court: the plaintiffs in the *Baylor* case sued no individual employees of Baylor and asserted no Section 1983 claims. The only named defendant was Baylor University. All discussion of tolling of the statute of limitations concerned Title IX claims made against Baylor University.

---

[1] R.Doc. 213.
[2] Id., at p. 8.

{01285221 - v1}   1

Plaintiffs do not explain how their attempted end-around of Title IX to hail Stewart and other individuals into court is not prescribed.[3]

### II. Stewart is entitled to qualified immunity and dismissal of all three Section 1983 claims.

Plaintiffs do not challenge that Stewart is entitled to qualified immunity against each of the Section 1983 counts against her unless they carry their burden in opposition to show (1) that Stewart violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Their opposition does not carry their burden.

#### A. Stewart has qualified immunity against plaintiffs' First Amendment claims.

Plaintiffs' First Amendment claims fail under both prongs of the qualified immunity analysis. With respect to the first prong, plaintiffs state that "Plaintiffs' disclosures of sexual misconduct are constitutionally protected form of speech pursuant to the First Amendment of which a reasonable public official would have known."[4] But it is extremely telling that this quoted statement does not cite to a single reported or even unreported case to support it. The cases which plaintiffs cite later have nothing whatsoever to do with Title IX complaints by students against a university; indeed, Stewart already addressed each of their cited cases in her original memorandum,[5] with no direct response from the plaintiffs other than a cut-and-paste of their oppositions to other parties' motions.

---

[3] Stewarts further adopts and incorporates all arguments regarding prescription set forth in the original motions and reply memoranda filed by all co-defendants.
[4] R.Doc. 213, at p. 20.
[5] R.Doc. 199-1, p. 10.

{01285221 - v1}                                                                 2

*Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260 (1988), cited by plaintiffs for the proposition that students have First Amendment rights to speech, considered whether a school's censorship of articles in a student newspaper violated those students' First Amendment rights to freedom of press. *Healy v. James*, 408 U.S. 169 (1972), cited by plaintiffs for the same proposition, considered whether a university violated students' First Amendment rights to free association by failing to recognize a campus organization. *Papish v. Board of Curators*, 410 U.S. 667 (1973), cited for the proposition that "[i]t has also been established for decades that school officials may not retaliate against students based on their protected speech," considered whether a school's disciplinary suspension of a student who distributed publications on campus containing "indecent speech" violated First Amendment rights to free speech. None are relevant to the instant case, as each involved students who engaged in obviously public speech directed to and intended to be heard by all other students and faculty. The instant plaintiffs, in clear contrast, made **confidential** reports of sexual harassment or assault not intended to be made publicly known to all other LSU students.[6] The fact that the recipient of the reports was a public entity does not make the plaintiffs' confidential reports "public" under any of the cases they cite.

Plaintiffs further assert that "it is clearly established law that students and student-employees are free to report claims of sexual assault without fear of retaliation."[7] But while plaintiffs' claim against Stewart is based on the First Amendment, they do not cite to case law which establishes that alleged retaliation in response to Title IX complains is prohibited by the

---

[6] 34 C.F.R. § 106.71(a) provides in part that recipients of federal funds "must keep confidential the identity of any individual who has made a report or complaint of sex discrimination, including any individual who has made a report of filed a formal complaint of sexual harassment, any complainant, any individual who has been reported to be the perpetrator of sex discrimination, any respondent, and any witness[.]"
[7] R.Doc. 20.

First Amendment. Plaintiffs instead cite to a provision of the Code of Federal Regulations which provides that retaliation is prohibited **under Title IX**.[8] 34 C.F.R. § 106.71(a), which plaintiffs truncate in their footnotes, provides:

> No recipient or other person may intimidate, threaten, coerce, or discriminate against any individual **for the purpose of interfering with any right or privilege secured by Title IX** or this part, or because the individual has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under this part.

[Emphasis added to the portions omitted by plaintiffs.] Plaintiffs' Section 1983 claims are not brought under Title IX, because Fifth Circuit case law clearly holds that an individual university employee such as Stewart cannot be held liable under Title IX. See *Plummer v. Univ. of Houston*, 860 F.3d 767, 776 n. 12 (5th Cir. 2017) (citing *Davis v. Monroe Cty. Bd. of Ed.*, 526 U.S. 629, 640-43 (1999) (""Liability under Title IX does not extend to school officials, teachers, and other individuals.") They are instead brought under the First Amendment; therefore, plaintiffs must prove that any retaliation they allege violates **the First Amendment, not Title IX.** They do not and cannot.

### B. Stewart has qualified immunity against plaintiffs' Equal Protection claims.

Plaintiffs' opposition to Stewart's arguments regarding Equal Protection does not actually address any argument made by Stewart. Plaintiffs again simply cut and paste their oppositions to other motions as an opposition to Stewart's motion.

As Stewart noted to the Court, to state a claim of gender-based discrimination against Stewart under the Fourteenth Amendment, plaintiffs must show that (1) they received treatment different from Stewart than that received by similarly situated male and (2) that the

---

[8] R.Doc. 213, p. 20, n. 77.

unequal treatment stemmed from a discriminatory intent.[9] To establish intent, plaintiffs must show that Stewart "singled out a particular group (i.e., female students) for disparate treatment and selected [her] course of action at least in part for the purpose of causing its adverse effect on an identifiable group."[10]

Plaintiffs' opposition does not address how Stewart treated female students who submitted Title IX complaints differently from male students who submitted Title IX complaints. They don't bother to explain how Stewart, herself a female, had any intention to discriminate against the female plaintiffs due to their gender, or point to any plausible, non-conclusory facts which could prove intentional discrimination. Given that plaintiffs do not bother to even attempt to establish the necessary elements of an Equal Protection claim against Stewart, their claims must be dismissed.

### C. Stewart has qualified immunity against plaintiffs' Due Process claims.

As set forth in Stewart's motion, to state a claim for violation of substantive or procedural due process, the plaintiffs are first required to show that they were deprived of "a life, liberty, or property interest protected by the Fourteenth Amendment."[11] Plaintiffs respond in conclusory fashion, without citation to any legal authority, that they "have a liberty and property right in accessing their full educational opportunities and benefits, as well as in the investigation of reports of sexual misconduct[.]" While very creative, this statement does not become "clearly established law" merely because the plaintiffs say so; their claimed rights are apparently created out of whole cloth. All due process claims must be dismissed.

---

[9] R.Doc. 199-1, at p. 11 (citing *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015)).
[10] Id.
[11] R.Doc. 199-1, at p. 12 (citing *Wheelahan v. City of New Orleans,* No. 19-11720, 2020 U.S. Dist. LEXIS 54571, at pp. 42-43 (E.D. La. 3/30/20) and *Welch v. Thompson*, 20 F.3d 636, 639 (5th Cir. 1994)).

1. Substantive due process

The plaintiffs' arguments in response to the contention that they state no claim for substantive due process are again non-responsive to the arguments presented by Stewart in her motion.

As set forth by Stewart, the substantive component of due process bars certain arbitrary government actions "even if their implementation is fair." *Pham v. Univ. of La. At Monroe*, 194 F.Supp.3d 534, 544. (W.D. La. 2016). In determining whether government action is "arbitrary" in the constitutional sense, a Court asks whether the government action "shocks the conscience." *Id.* "'[O]nly the most egregious conduct' is arbitrary in the constitutional sense." *Id.* at 544-45 (quoting *Cty. Of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998)).

Plaintiffs' opposition does not bother to address how any single alleged action by Stewart individually was "arbitrary" in the constitutional sense. Their argument does not even contain the word "arbitrary."[12] Instead, plaintiffs cite *Doe v. Taylor Independent School Dist.*, 15F.3d 443 (5th Cir. 1994)—a case involving sexual abuse of a student **by a school employee** that even the plaintiffs themselves admit is not "on point"[13]—and ask the Court to fashion a new legal test in order to somehow conclude that Stewart violated their rights to substantive due process. How a legal test applied for the first time by this Court would ever be "clearly established law" is inexplicable.

---

[12] R.Doc. 213, pp. 24-25.
[13] R.Doc. 213, at p. 27 ("While the situation here is not completely analogous, as Plaintiffs have not alleged abuse by an employee, Plaintiffs are not aware of any case law that is directly on point.")

{01285221 - v1}                                              6

2. Procedural due process

With respect to their claims that they were denied procedural due process, plaintiffs cite *Perry v. Sindermann*, 408 U.S. 593 (1972), a case involving a junior college professor whose employment contract was not renewed, for the principle that a public university must follow published procedures before depriving a plaintiff of a property interest. Plaintiffs are correct that students subject to **discipline** by a public university are entitled to procedural due process; as the Fifth Circuit noted in *Smith v. Davis*, 507 Fed. App'x 359, 362 (5th Cir. 2013), "most case law involving due process in the educational setting concerns student dismissals or suspensions from academic institutions."  But no plaintiff alleges that she was disciplined by Stewart. Plaintiffs cite no case law to support their proposition that the Fourteenth Amendment requires any specific process with respect to Title IX complaints filed by students against other students.

## CONCLUSION

Jennie Stewart has pled qualified immunity as a defense to all Section 1983 claims. Plaintiffs bear the burden to show that Stewart is not entitled to the defense.  They have failed to carry their burden.  Their opposition arguments are barely responsive to Stewart's motion.  If the plaintiffs wish to model their case on the *Baylor* litigation by proceeding with a Title IX lawsuit against LSU, perhaps they can do so.  But neither *Baylor* nor any other cases relied upon by plaintiffs in their oppositions provide a basis for any Section 1983 claim against Jennie Stewart as an individual employee of LSU based solely on alleged violations of Title IX.  Stewart renews her prayer for dismissal pursuant to Rule 12(b)(6), with prejudice, and at plaintiffs' cost.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

By:  */s/ Gregory C. Fahrenholt*
**DENNIS J. PHAYER (La. Bar No. 10408)**
**GREGORY C. FAHRENHOLT (La. Bar No. 28572)**
**SYLVIA M. ZARZEKA (La Bar No. 38451)**
**Special Assistant Attorneys General**
**BURGLASS & TANKERSLEY, LLC**
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0412
Fax: (504) 287-0452
dphayer@burglass.com
gfahrenholt@burglass.com
szarzeka@burglass.com

***Attorneys for Defendant, Jennie Stewart***