UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL** | **MAGISTRATE JUDGE JOHNSON** |

### REPLY MEMORANDUM IN SUPPORT OF VERGE AUSBERRY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**MAY IT PLEASE THE COURT**:

Verge Ausberry, named defendant herein, submits this *brief* reply memorandum in response to the Opposition Memorandum (Doc. 210), filed hearing by the plaintiffs, Abby Owens, et al, and in further support of Mr. Ausberry's Motion to Dismiss Plaintiff's Second Complaint (Doc. 200):

Despite plaintiffs' best efforts, it is clear that the claims asserted by the plaintiffs and against Mr. Ausberry - sounding exclusively pursuant to the provisions of 42USC§1983 (First Amendment-related claims of retaliation and denial of equal protection, and Fourth Amendment-related claims of denial of due process) are tolled/prescribed.  As Mr. Ausberry outlined in his initially-filed *Memorandum in Support of Motion to Dismiss* (Doc. 200-1), all of the alleged actions took place on or before February 2020, and claims under § 1983 must be filed within one (1) year of the alleged action.

(Again, when a federal statute does not contain a limitations period (as is the case for Title IX and § 1983), the settled practice is to borrow an "appropriate" statute of limitations from

state law. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 371, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *see also* 42 U.S.C. § 1988. *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 759 (5th Cir. 2015): "Title IX and § 1983 should be governed by state statutes of limitations for personal injury actions."  The operative date from which the relevant limitations period runs is the day injury or damage is sustained, La. Civ. Code art. 3492, or, more precisely herein, "the date of the notice of the adverse action." See *Hartz v. Admr's of the Tulane Educ. Fund*, 275 Fed.Appx. 281, 287 (5th Cir. 2008).  A claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *King-White*, 803 F.3d at 762.)

Furthermore, the plaintiffs' citation to the matter of *Doe 1 vs. Baylor University*, 240 F.Supp.3d. 646 (W.D. Tex. 2017) provides no support to the plaintiffs' claims and as put forth against Mr. Ausberry - the *Baylor* matter did **not** involve claims asserted against an individual employee of Baylor University and, most notably, did not assert any claims under §1983; any and all discussions of any tolling pursuant to the relevant statute of limitations therein concerned the Title IX claims made against the University – as opposed to herein, the prescription of 1983 claims put forth against an individual employee as to whom no Title IX liability can rest.

Put simply, holding in the *Baylor* matter is relevant neither as to the legal or factual matters pertinent herein, and the plaintiffs have made no other effort to identify how they are asserted claims against Mr. Ausberry – again, all sounding under 42 USC §1983 - are not prescribed based upon the relevant jurisprudence and the facts as undisputed herein.

\* \* \*

Furthermore, Mr. Ausberry is squarely entitled to qualified immunity pursuant to the provisions of 42USC§1983; and the plaintiffs have failed to establish otherwise.

As outlined in Mr. Ausberry's *Memorandum in Support of Motion to Dismiss*, in order for an individual defendant to enjoy the benefits of qualified immunity in response to §1983 claim, the plaintiffs must allege (<u>and</u> establish) that Mr. Ausberry's conduct was a **cause in fact** of the plaintiffs' claimed Constitutional deprivation (*Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978)); and must show that Mr. Ausberry not only was involved in, but encouraged the wrongful conduct, which requires a **"causal relationship"** of some kind between Ausberry's conduct and plaintiffs' alleged deprivation of their rights under the law.

Thus, in order to state a claim under 42USC§1983, a plaintiff must allege a deprivation of a right or privilege secured by the Constitution and laws of the United States <u>and</u> that the deprivation was caused by an individual acting under the color of state law, *West v. Atkins*, 487 U.S. 42, 48 (1988), which requires an **affirmative showing** that the defendant **personally acted** to deprive the plaintiff of her rights, i.e., that the individual's actions were taken under color of state law with the *intention to deprive* that person of their federally-protected rights. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985): ***"The defendant must have had personal knowledge and involvement in the alleged deprivation of appellant's rights in order to be liable."***

Herein, the plaintiffs have made no such showing, resting simply on their self-serving and speculative representations of a conspiracy, along with the bare-boned allegations that "plaintiffs' disclosures of sexual misconduct are constitutionally-protected forms of speech." Yet, the limited cases cited by the plaintiff in opposition to Mr. Ausberry's Motion to Dismiss are not on point, if relevant herein, as they addressed students who were actively engaged in public speech; herein, the purported "speech" to which the plaintiffs purported enjoyed First and Fourth

Amendment rights involved private, confidential reports of sexual harassment as per Title IX and/or FERPA, 20 U.S.C. § 1232g, et seq.  Additionally, the plaintiffs' claims against Mr. Ausberry do not establish, much less cite to any case law which provides support to the notion, that the challenged actions of Mr. Ausberry were known and intentional violations of the plaintiffs' constitutional rights.  This is particularly so, as the plaintiffs §1983 claims are not brought under Title IX, and inasmuch as individual employees of a University cannot be exposed to liability under Title IX.  *Fitzgerald v. Barnstable School Commission*, 555 U.S. 246, 257 (2009); *Sewell v. Monroe City School Board*, 974 F.3d 577 (5th Cir. 2020); *see also Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007): "Because Title IX only prohibits discrimination by federal grant recipients, a supervisory school official may not be sued in his individual capacity, either directly under Title IX or under § 1983 based upon a violation of Title IX."

    Finally, the plaintiffs' claims of retaliation, or violations of substantive/procedural due process or equal protection cannot lie against Mr. Ausberry who, in his undisputed role as Associate Athletic Director, was not in charge of the handling of any Title IX complaints submitted to LSU, by a student athlete or otherwise.  And again, with the exception of plaintiffs, Calise Richardson and Jade Lewis, no plaintiff has put forth express factual allegations regarding the purported actions or alleged wrongdoings of Mr. Ausberry.

    Respectfully Submitted,

**JEFF LANDRY, ATTORNEY GENERAL**

BY:   **/s/Darren A. Patin**
      **DARREN A. PATIN, #23244**
Special Assistant Attorney General
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Facsimile:  (504) 836-6565
*Counsel for Defendant, Verge Ausberry*

## **CERTIFICATE OF SERVICE**

I, Darren Patin, attorney for Defendant, do hereby certify that I have date electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system, and/or by email provided a true and correct copy of the foregoing to all counsel of record.

**SO CERTIFIED** this the 21st day of March, 2022.

*s/ Darren A. Patin*
_____
**DARREN A. PATIN**