UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, ET AL.                           CIVIL ACTION NO.  3:21-CV-00242

VERSUS                                       JUDGE WENDY B. VITTER

LOUISIANA STATE UNIVERSITY,                  MAGISTRATE JUDGE JOHNSON
ET AL.

JOINT MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO
AMEND SCHEDULING ORDER

NOW INTO COURT, through undersigned counsel, come defendants, Board of

Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"),

Verge Ausberry, Miriam Segar, Jennie Stewart and Jonathan Sanders (collectively, "defendants"),

who submit the following memorandum in partial opposition to plaintiffs' motion to amend

scheduling order.

I.    BACKGROUND.

On June 6, 2022, all parties filed a Joint Motion to Continue Unexpired Deadlines and

Reset Trial Date ("Joint Motion").[1]  In the Joint Motion, **plaintiffs** and defendants sought to extend

the **unexpired** deadlines—not any deadlines that had already passed.  On June 7, 2022, the Court

granted the Joint Motion and issued an Amended Scheduling Order on June 8, 2022.[2]

On June 29, 2022, plaintiffs filed a Motion to Amend Scheduling Order and Memorandum

in Support (the "Motion"),[3] wherein plaintiffs sought to move the trial date and revive their expert

report deadline.  Defendants understand that the trial date conflicts with plaintiffs' local counsel's

pre-planned vacation.[4]  Defendants had already communicated their consent to moving the trial

---

[1] R. Doc. 232.
[2] R. Doc. 233-234.
[3] R. Doc. 235, 235-1.
[4] *Id.*

_

date via email on Thursday, June 16th, in order to accommodate plaintiffs.  Therefore, defendants

do not oppose plaintiffs' request to move the trial date.

However, because plaintiffs' request regarding their expert deadline relates to a deadline

that has already expired, defendants oppose that portion of plaintiffs' motion.  Defendants

communicated their opposition to reviving plaintiffs' expert deadline twice.  The first was by email

on June 8, 2022.  Thereafter, on June 16, 2022, plaintiffs emailed defendants regarding their

intention to file the Motion and seeking defendants' consent.  Specifically, plaintiffs stated that

their expert deadline had been "inadvertently omitted" by plaintiffs from the parties' previously

filed Joint Motion (even though plaintiffs had also not sought defendants' consent to include their

expert deadline in the Joint Motion).  On June 20, 2022, undersigned counsel responded on behalf

of the Board and stated that it did not consent to reviving any expired deadlines.

## II.     PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE TO AMEND THE SCHEDULING ORDER.

A scheduling order "may be modified only for good cause and with the judge's consent."[5]

The party seeking to modify the scheduling order must "show that the deadlines cannot reasonably

be met despite the diligence of the party needing the extension."[6]  As plaintiffs acknowledge,

"[t]here are four relevant factors to consider when determining whether there is good cause under

Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2)

the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and

(4) the availability of a continuance to cure such prejudice."[7]

---

[5] F.R.C.P. 16(b)(4).

[6] *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009), citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir.2003).

[7] *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation marks omitted).

PD.37979945.1

The good cause standard is "fairly stringent."[8] "Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking the amendment.  Prejudice to the opposing party remains relevant but is not the dominant criterion."[9] "[T]he ordinary rule is that simple carelessness, inadvertence, or attorney error does not amount to good cause justifying a modification of the scheduling order."[10]  Here, plaintiffs did not act with diligence to comply with or preserve their deadline, and reviving such deadline would prejudice defendants.

On March 18, 2022, plaintiffs propounded discovery to the Board.  Thereafter, on April 8, 2022, the Board propounded discovery to plaintiffs.  Both sides granted each other a series of extensions, largely motivated by the obstacles involved in information/document collection and review.  The Board provided its discovery responses to plaintiffs on June 3, 2022 and produced its first round of documents on June 10, 2022.  To date, plaintiffs have not provided any written responses or documents to the Board's discovery requests.  Instead, four plaintiffs only have merely produced executed authorizations (requested of all plaintiffs as part of the Board's April 8, 2022 requests) on June 24, 2022, June 28, 2022, and July 1, 2022.[11]

On May 25, 2022, two weeks after plaintiffs' expert deadline had already expired, undersigned counsel circulated a draft Joint Motion for Extension of Unexpired Deadlines ("Joint Motion") to all counsel.  Plaintiffs revised the Joint Motion to add two sentences regarding in-person versus remote deposition discussions.  Plaintiffs made no other additions or revisions to the Joint Motion and never raised the issue of expert deadlines.  The parties jointly submitted the motion, as approved by all, without reference to any expired deadlines, including plaintiffs' expert deadline.

---

[8] *Argo v. Woods*, 399 Fed. Appx. 1 (5th Cir. 2010).

[9] *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (internal citations omitted).

[10] *Sall v. Bounassissi*, CIV.A. DKC 10-2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011).

[11] The Board requires FERPA authorizations from the Plaintiffs prior to producing some of its documents.

PD.37979945.1

As shown above, plaintiffs have not made a showing of good cause to revive their expert deadline. In fact, plaintiffs did not raise the issue of their expert deadline with defendants until June 6, 2022, over three weeks after their expert deadline expired and after filing the Joint Motion. When allowing the Board informal extensions to respond to plaintiffs' discovery requests, plaintiffs did not express any concern that such extensions might affect plaintiffs' expert deadline as now stated in their Motion, nor did plaintiffs refuse any extensions on that basis. Plaintiffs also made no effort to include their expert deadline before submitting the Joint Motion.

Plaintiffs' argument that the Board's delay in providing discovery responses purportedly prevented plaintiffs from complying with their expert deadline is illogical for several reasons. First, the Board informed plaintiffs' counsel in April that executed FERPA releases were required prior to producing plaintiff-specific documents. The Board received the first executed release on June 24 and are still awaiting executed releases for over half of the plaintiffs. The Board and plaintiffs have been communicative and cooperative about the discovery process, but it is inaccurate to blame plaintiffs' failure to designate an expert on the Board's "delay" when plaintiffs have delayed in providing forms that would hasten production. Second, plaintiffs' expert deadline already fell **before** the deadline for the parties to complete discovery.[12] In other words, the Scheduling Order always contemplated that fact discovery would be ongoing and incomplete when plaintiffs made their expert disclosures. Indeed, plaintiffs have not even propounded discovery to the other defendants (besides the Board), further demonstrating that defendants' discovery responses are not linked to their expert disclosure. Third, plaintiffs failed to show how defendants' discovery responses affect their purported expert disclosures. Plaintiffs did not identify any subject matter area for anticipated expert testimony, much less show how only defendants'

---

[12] R. Doc. 124.

discovery responses can instruct plaintiffs on whether to retain an expert. For example, if plaintiffs anticipated using a potential medical or damages expert, the necessary damages information would be wholly within plaintiffs' knowledge—not defendants' discovery responses.

Finally, defendants would be substantially prejudiced should plaintiffs be permitted to revive their expert discovery deadline to identify an expert. With plaintiff having identified no expert witnesses, defendants have not needed to evaluate a counter-expert or to make plans regarding written or oral discovery of plaintiffs' expert discovery. Should plaintiffs now be permitted to designate an expert, the costs and burdens in this case will increase substantially, and defendants will be required to make immediate plans to identify a counter-expert(s) and undergo expert discovery.

## III.    CONCLUSION.

It is plaintiffs' burden to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[13] Here, plaintiffs have not done so. The mere need to extend fact discovery does not explain or provide good cause for plaintiffs' failure to comply with their deadline for identification of an expert, nor have plaintiffs explained the necessity for reviving such deadline. For all of the reasons above, defendants oppose plaintiffs' request to amend the scheduling order to revive their expert deadline.

*[SIGNATURES ON NEXT PAGE]*

---

[13] *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir.2015) (internal quotation marks omitted).

PD.37979945.1

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**


BY:    /s/ *Susan W. Furr*
     Susan W. Furr Bar Roll No.  19582
     Karleen J. Green Bar Roll No.  25119
     Shelton Dennis Blunt Bar Roll No. 21230
     Michael B. Victorian Bar Roll No. 36065
     Molly C. McDiarmid Bar Roll No. 36426
     *Special Assistant Attorneys General*
     II City Plaza | 400 Convention Street, Suite 1100
     Baton Rouge, Louisiana 70802
     Telephone: 225 346 0285
     Facsimile: 225 381 9197
     Email: susie.furr@phelps.com
     Email: karleen.green@phelps.com
     Email: michael.victorian@phelps.com
     Email: molly.mcdiarmid@phelps.com
     ***Counsel for the Board of Supervisors of Louisiana State University & Agricultural and Mechanical College***


**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: /s/ *Dennis Phayer*
Dennis J. Phayer (La. Bar. No. 10408)
Gregory C. Fahrenholt (La. Bar No. 28572)
Sylvia M. Zarzeka (La. Bar No. 38451)
*Special Assistant Attorney General*
Burglass & Tankersley, LLC
5213 Airline Drive
Metairie, LA 70001
Ph.: (504) 836-0412
Fax: (504) 287-0452
Dphayer@burglass.com
gfahrenholt@burglass.com
szarzeka@burglass.com
***Counsel for Jennie Stewart***


**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: /s/ *Mary Ann White*
John C. Walsh (LA 24903)
Jeffrey K. Cody (LA 28536)
Mary Ann White (LA 29020)
Shows Cali & Walsh, LLP
628 St. Louis Street (70802)
P.O. Box 4425
Baton Rouge LA  70821-4425
Ph:   225-346-1461
Fax: (225) 346-1467
john@scwllp.com
jeffreyc@scwllp.com
maryannw@scwllp.com

***Special Assistant Attorneys General***
***Counsel for Defendant, Miriam Segar***


**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: /s/ *William Large*
Mark R. Pharr, Bar Roll No. 21019
Lindsay Meador Young Bar Roll No. 31261
William F. Large Bar Roll No. 34837
Galloway Law Firm
*Special Assistant Attorneys General*
3861 Ambassador Caffery Pkwy., Ste. 300
Lafayette LA 70503
Ph.: (337) 735-1760
Fax: (337) 993-0933
tiger@gallowaylawfirm.com
LMeador@gallowaylawfirm.com
wlarge@gallowaylawfirm.com
***Counsel for Jonathan Sanders***

JEFF LANDRY
ATTORNEY GENERAL

BY: */s/ Darren A. Patin*
Darren A. Patin
Hailey McNamara
*Special Assistant Attorney General*
One Galleria Boulevard, Suite 140
Metairie LA 70001
Ph.:    504-836-5986
Fax:    504-836-6565
dpatin@haileymcnamara.com
**Counsel for Defendant, Verge Ausberry**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on

July 6, 2022, with the Court's CM/ECF system, which will electronically send a copy of the same

to all counsel of record.

/s/ *Susan W. Furr*_____
Susan W. Furr

PD.37979945.1