UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** <br> *Plaintiff* <br><br> v. <br><br> **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL.** <br> *Defendant* | Case No.: 21-242-WBV-SDJ <br><br> JUDGE WENDY B. VITTER <br><br> MAGISTRATE JUDGE JOHNSON <br><br> JURY DEMANDED |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER AS TO CERTAIN EXPERT REPORTS

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), through undersigned counsel, respectfully submit this memorandum in support of their Motion to Amend the Scheduling Order as to Certain Expert Reports.

### INTRODUCTION

All parties have been moving diligently through the discovery in this case, including taking seventeen (17) depositions, some lasting several days, in less than two months. However, certain document collection, including in particular the voluminous medical records of Plaintiffs, has presented challenges and caused delays. Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") was not only in possession of a large volume of Plaintiffs' medical records from the time that they were students at LSU, but also took the laboring oar of issuing subpoenas to Plaintiffs' third-party medical providers. While all parties moved diligently in pursuing these records, the fact that they had to be obtained by

1

subpoenas from third parties has slowed the process. In fact, attorneys for the Board had trouble receiving responses from LSU's own health center and was not able to produce those records (totaling over 1600 pages) until just a few weeks ago.

Below is a timeline of the parties' attempts to obtain medical records:

July 29, 2022: The Board issues the following subpoenas:

- To 10 medical providers for Ashlyn Robertson- *8 of those subpoenas remain outstanding*;

- To 7 medical providers for Calise Richardson- *at least 2 of those subpoenas remain outstanding*;

- To 4 medical providers for Corinn Hovis; *2 of those subpoenas remain outstanding*;

- To 2 medical providers for Elisabeth Andries; *1 of those subpoenas remains outstanding*;

- To 2 medical providers for Jade Lewis; *responses were produced as of November 1*;

- To 2 medical providers for Kennan Johnson's medical records; *responses were produced as of November 15*;

- To 4 medical providers for Rayne Bradford's medical records; *2 of those subpoenas remain outstanding*;

- To 1 medical provider for Sarah Beth Kitch; *that subpoena remains outstanding;*

September 20, 2022 - Board produces over 400 pages of medical records from subpoena responses;

September 23, 2022 - Board produces over 1100 pages of medical records from subpoena responses;

November 1, 2022 - Board produces over 400 pages of medical records from subpoena responses;

November 8, 2022 - Board produces over 1100 pages of Plaintiffs' records from the LSU Health Center for all Plaintiffs except Abby Owens and Kennan Johnson; and

2

November 15, 2022 – Board produced over 300 pages of medical records from subpoena responses and apparent LSU athletics records.

Counsel for Plaintiffs immediately provided all records to their experts upon receipt, but because of the number of Plaintiffs; the volume of the records received; and the fact that responses to numerous subpoenas have not yet been received, Plaintiffs' vocational expert and economist are not able to complete their reports.

For these reasons, Plaintiffs request a brief extension of the deadline to provide the reports from their vocational expert Josephine Doherty and economist Andrew Verzilli and will produce all other expert reports by the current December 1, 2022, deadline.[1]

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." The Fifth Circuit has established that "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining good cause, "this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice." *Carollo v. ACE Am. Ins. Co.*, No. CV 18-13330-WBV-KWR, 2019 WL 4038602, at *3 (E.D. La. Aug. 27, 2019) (internal

---

[1] As stated in the Motion, counsel for Plaintiffs have been in discussions with counsel for the Defendants about an agreement on this extension, but have been unable to reach agreement due to the Thanksgiving holiday. If the parties do reach agreement, undersigned counsel will immediately contact the Court and file a consent motion.

3

citations omitted); see also, *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

Plaintiffs have stated good cause for this Court to amend its Scheduling Order to extend the deadline for Plaintiffs to deliver certain of their expert reports. Plaintiffs' experts are unable to meet the current December 1, 2022, deadline because information necessary to these experts' reports is contained within medical records that the parties have not yet obtained. The Board issued subpoenas with a return date of August 31, 2022, but the Board has not yet produced responses to sixteen (16) of those subpoenas.[2] Conversation among counsel indicates that the Board is working diligently to produce responsive records, but several delays have been caused by the volume of the medical records and the medical providers' delay in response to subpoenas.

Second, the relief requested by Plaintiffs is extremely important as these expert reports must rely on medical records to determine the extent of each Plaintiffs' injuries. Vocational expert Josephine Doherty reviews these records to understand the extent of each Plaintiffs' disability and what additional medical or vocational needs each Plaintiff may require as a result of their injuries. Then, the economics expert takes the expert analysis of Josephine Doherty and determines what these additional needs will cost each Plaintiff. Thus, neither of these particular experts is capable of drafting a report without the full medical records of Plaintiffs.

Third, there is no prejudice to Defendants with the relief sought by Plaintiffs because Defendants have been aware of the ongoing collection of records and because Defendants' own expert reports are not due until February 1, 2023. In fact, the Board took the lead in issuing

---

[2] Counsel for Plaintiffs recently contacted certain providers who had not yet provided responses to the Board's subpoenas and several of those providers represented that they had already provided documents in response to those subpoenas. Because those documents have not yet been provided to all parties by the Board, counsel for Plaintiffs immediately informed counsel for the Board and the parties are working together to make sure all subpoena responses are circulated.

4

subpoenas to Plaintiffs' medical providers. Further, discovery may continue in this case until March 7, 2023. Further, Plaintiffs and their experts are willing to produce reports on a rolling basis as completed and are willing to waive any rebuttal reports for their vocational and economic experts. Thus, Defendants shall not suddenly receive twenty expert reports on January 15, 2023, but instead shall receive each report as completed. This should allow Defendants' experts adequate time to review each report and draft an opposing report, as necessary. Further, Defendants have already deposed each of the Plaintiffs (with the continuation of deposition to resume on December 2, 2022), so the extent and type of Plaintiffs' injuries is well-known to Defendants as of the date of this filing.

Finally, continuing the deadline for certain of Plaintiffs' experts' reports would not require adjusting any other deadlines in the Scheduling Order. This brief continuance should allow the parties to obtain necessary information and cure any prejudice to all parties.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs submit that there is good cause for this minor modification to the Scheduling Order. Plaintiffs respectfully request that the Court grant their Motion and amend the Scheduling Order to extend the deadline for Plaintiffs to submit written reports of certain experts on a rolling basis until January 15, 2023.

Respectfully Submitted,

*/s/Catherine E. Lasky*
Catherine E. Lasky (La. Bar 28652)
Endya L. Hash (La. Bar 38260)
Katie Lasky Law
619 Homedale Street
New Orleans, Louisiana 70124
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

Elizabeth K. Abdnour
Pro Hac Vice
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw Street, Suite 4A-2
Lansing, Michigan 48915
P: (517) 292-0067
F: (517) 709-7700
elizabeth@abdnour.com

Karen Truszkowski
Pro Hac Vice
Temperance Legal Group, PLLC
503 Mall Court #131
Lansing, Michigan 48912
P: (844) 534-2560
F: (800) 531-6527
karen@temperancelegalgroup.com

*Attorneys for Plaintiffs*