UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, ET AL.                              CIVIL ACTION NO. 3:21-cv-00242
    *Plaintiffs*

                              JUDGE WENDY B. VITTER

VERSUS
                              MAG. JUDGE SCOTT D. JOHNSON

LOUISIANA STATE UNIVERSITY, ET AL.
    *Defendants*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT JENNIE STEWART'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

Defendant Jennie Stewart submits this brief memorandum to supplement her prior briefing and alert the Court to new case law authorities issued since Stewart filed her motion to dismiss on February 14, 2022, which may assist the Court in its consideration of Stewart's still-pending motion seeking dismissal of all claims pled against her due to qualified immunity.[1]

First, Judge Shelly D. Dick last week dismissed similar Section 1983 claims alleged against defendant Stewart and others in *Doe, et al. v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, et al.*, Civil Action No. 3:21-cv-00564, 2022 WL 16701930 (E.D. La. Nov. 3, 2022). *Doe* involves claims by six plaintiffs who are current or former students or faculty members of LSU who filed Title IX claims against the university related to incidents of sexual harassment or assault while also attempting to state Section 1983 claims against Stewart as LSU's Title IX Coordinator and other individuals. After a thorough discussion of controlling case law in *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 250 (2009), and persuasive case law in *Wilkerson v. University of North Texas*, 223 F.Supp.3d

---

[1] R.Doc. 199.

592 (E.D. Tex. 2016) and *Doe v. Napa Valley Unified School District*, 2018 WL 4589978 (N.D. Cal. Apr. 24, 2018), Judge Dick dismissed the Section 1983 claims against Stewart and other individual defendants because she concluded that the *Doe* plaintiffs were attempting an "end run around" clearly established law prohibiting Title IX claims against individual employees rather than the employer institutions receiving federal funds:

> A plain reading of the Complaint herein compels the conclusion that the Plaintiffs have sued certain LSU officials in their individual capacities under Section 1983, based on underlying Title IX violations, in a seeming "end run around Title IX's explicit language limiting liability to funding recipients." For the same reasoning and analysis discussed above, the Section 1983 claims brought against [Stewart and other LSU officials] are dismissed with prejudice.

2022 WL 16701930, at *22-24. The same reasoning should support the dismissal of Stewart and the other individually named defendants in the instant action.[2]

Second, Stewart asks the Court to consider the case of *Thomas v. Board of Regents of the University of Nebraska,* 2022 WL 1491102 (D. Neb. May 11, 2022), in which a number of plaintiffs represented by two of the plaintiffs' attorneys in this lawsuit (Elizabeth Abdnour and Karen Truszkowsi) filed a strikingly similar Title IX lawsuit on behalf of former students against the University of Nebraska at Lincoln. As in the instant case, the *Thomas* plaintiffs attempted to assert Section 1983 claims against individual university officials in addition to their Title IX claims against the university. The District of Nebraska dismissed those plaintiffs' Section 1983 based on qualified immunity, just as Stewart and other individual defendants have requested this Court to do. *Thomas*, at *17-18.

---

[2] Alternatively, Judge Dick also determined that all Section 1983 claims were prescribed. And she dismissed all Title IX claims against the LSU Board of Supervisors as prescribed.

Finally, while discovery is now well underway, it is unclear if this Court is awaiting further factual development through discovery before ruling on the motions to dismiss filed by Stewart and other defendants in February.  In its recent ruling in *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022), the Fifth Circuit made it clear that a district court must rule of motions to dismiss asserting qualified immunity at the earliest possible stage "*without any discovery.*"  *Id.* at 1066.  [Emphasis contained in the opinion.]

In making its ruling, the *Carswell* court specifically overruled *Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987) and its progeny, which had allowed district courts in this circuit to defer qualified immunity rulings until after discovery if the district court believed that further factual development was necessary.  After discussing Supreme Court cases issued after *Lion Boulous*, including *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the *Carswell* court set forth the following new rule:

> When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion.  It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.  The rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of litigation"—full stop.  Although our court previously carved out a "narrow exception" to this rule, we now make clear the rule admits of no exceptions.

*Carswell*, 37 F.4th at 1067 (internal citations omitted).  While Stewart has not sought a stay of all discovery and has therefore already incurred significant costs through her participation, she urges the Court to rule on her pending motion to dismiss as soon as practicable without waiting for the expiration of all remaining discovery deadlines.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

By:  _/s/ Gregory C. Fahrenholt_
**DENNIS J. PHAYER (La. Bar No. 10408)**
**GREGORY C. FAHRENHOLT (La. Bar No. 28572)**
**CRAIG J. CANIZARO (La. Bar No. 31086)**
**Special Assistant Attorneys General**
**BURGLASS TANKERSLEY GAUDIN PHAYER**
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0408
Fax: (504) 287-0452
dphayer@burglass.com
gfahrenholt@burglass.com
ccanizaro@burglass.com

***Attorneys for Defendant, Jennie Stewart***