**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT COURT OF LOUISIANA**

| | | |
|---|---|---|
| **ABBY OWENS, ET AL** | * | **CIVIL ACTION NO:** |
| | * | **3:21-CV-00242-WBV-SDJ** |
| | * | |
| **VERSUS** | * | **JUDGE: THE HONORABLE WENDY** |
| | * | **VITTER** |
| **LOUISIANA STATE** | * | |
| **UNIVERSITY, ET AL** | * | **MAGISTRATE: THE HONORABLE** |
| | * | **SCOTT D. JOHNSON** |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER FOR DEPOSITIONS OF JULIA SELL AND MICHAEL SELL AND FOR PRODUCTION OF SPECIFIC DEPOSITION TRANSCRIPTS AND DISCOVERY MATERIALS**

**MAY IT PLEASE THE COURT:**

Former Defendants and current non-parties, Julia Sell and Michael Sell (collectively the "Sells"), respectfully submit this Memorandum in Support of their Motion for Entry of Protective Order and for Production of Specific Deposition Transcripts And Materials to govern their depositions and the obligations by all parties prior to, during, and upon the conclusion of the depositions and this litigation. The Sells are also seeking the production of specific transcripts and materials pursuant to this Court's Protective Order, which are reasonably necessary for them to prepare for their depositions from Plaintiffs.

The Sells have conferred with counsel for Plaintiffs and counsel for all Defendants regarding their requests contained herein. Defendants have not objected to any of the request made

{01242988.DOCX;1}

by the Sells. Counsel for Plaintiffs have agreed to some, but not all of the Sells' requests contained in the proposed Protective Order.[1]

The remaining disputed issues are the Sells' requests for the following documents and limited deposition transcripts to be produced to them for their review prior to their testimony subject to this Court's Protective Order. The Sells respectfully assert that Plaintiffs' cannot meet their burden to show good cause to withhold production of those materials.

The Plaintiffs have refused to produce the following documents and transcripts to the Sells prior to the Sell Depositions:

1. **The deposition transcripts and attached exhibits for:**

    a. **Plaintiff, Abby Owens, and any of her family members;**
    b. **Plaintiff, Jade Lewis, and any of her family members;**
    c. **Plaintiff, Kennan Johnson, and any of her family members; and,**

2. **Any documents produced in discovery in this litigation that any party intends to present to the Sells during the Sells' depositions.**

The Sells respectfully assert that they are entitled to these documents and original transcripts pursuant to their general rights to information produced in discovery and this Court's Protective Order entered on March 4, 2022 [Doc. 206] (the "Original Protective Order"). The Sells and undersigned counsel have already signed the Original Protective Order's Acknowledgment and Agreement to be Bound to ensure the protection of all documents and testimony.[2]

The Sells respectfully assert that <u>it is Plaintiffs who have the burden to show good cause why Plaintiffs can withhold these specific deposition transcripts and documents from the Sells prior to their depositions</u>. Because there is no valid basis to withhold these documents from the

---

[1] See proposed Protective Order for Depositions of Julia Sell and Michael Sell, attached hereto as Exhibit "A".
[2] See executed Acknowledgment and Agreement to be Bound by Keith Kornman, Michelle Ledet, Julia Sell, and Michael Sell, attached hereto, collectively, as Exhibit "B".

Sells and undersigned counsel, the Sells respectfully request that this Court enter the Protective Order including the requirement for the production of the complete depositions with attached exhibits requested and any materials produced in discovery that may be presented to the Sells during their depositions.

**I.     Procedural History**

Julia Sell and Michael Sell were originally named defendants in the instant litigation [Docs. 1, 22]. Only three of the ten named Plaintiffs, Abby Owens, Jade Lewis, and Kennan Johnson, asserted claims against the Sells. The Sells filed a Motion to Dismiss [Doc. 141] resulting in a Court Order for Plaintiffs to file an Amended Complaint addressing the issues raised by the Sells and other Defendants [Doc. 177]. In Plaintiffs' Second Amended Complaint [Doc. 182] the Plaintiffs did not name the Sells as defendants, and the Sells were, therefore, dismissed <u>without prejudice</u> by this Court [Doc. 187].

Although the Sells were not named defendants in the Second Amended Complaint, <u>Plaintiffs still asserted multiple, unfounded allegations against the Sells in that Complaint</u> despite the fact that many of those allegations were expressly debunked by the Husch-Blackwell Report relied upon by Plaintiffs and attached to Plaintiffs' own Complaints. Among the many false and defamatory statements asserted in Plaintiffs' Second Amended Complaint against the Sells are claims that the Sells "gave false information to the police" [Doc. 182 at ¶554(e)], that Julia Sell "never reported" alleged abuse to LSU's Title IX office [*Id*. at ¶583, 795], and that Julia Sell "continuously violated Title IX policy" [*Id*. at ¶932(a)]. In fact, Julia Sell and/or Michael Sell were explicitly referenced by Plaintiffs over 100 times in the Second Amended Complaint. <u>The Sells, therefore, have a specific interest and right to know what Plaintiffs, Owens, Lewis, and Johnson, have testified to under oath regarding their allegations against them.</u>

After the Sells' dismissal without prejudice, Plaintiffs attempted to serve a *subpoena duces tecum* on both Julia Sell and Michael Sell on or about July 10, 2022 seeking production of documents. The Sells cooperated with these subpoenas and voluntarily produced extensive documents subject to their objections on or about August 25, 2022.

Plaintiffs then demanded the Sells appear for depositions resulting in another round of negotiations over the extent of the depositions and the obligations of the parties prior to, during, and upon conclusion of the depositions and this litigation. As a result, the Sells have agreed to voluntarily appear for their depositions on or about January 29-31, 2023, subject to this Court entering a Protective Order.

In the meantime, several orders were entered in both the instant case and by Judge Susie Morgan in *Lewis v. Louisiana State University, et al.*, Civ. A, No. 21-198-SM-RLB (M.D. La.) ("*Lewis*"). On October 17, 2022 Judge Morgan issued a Minute Entry in which she ordered as follows:

> <u>Counsel for parties who have been terminated in both cases</u> in which the client was named as a defendant may represent their client in the client's deposition and <u>may attend non-client depositions</u>, but may not make objections or ask questions.[3]

That Order also required counsel to send deposition notices to counsel for all current and terminated parties.

While Judge Morgan did not specify what she meant by "both cases", counsel for the dismissed defendants in *Lewis* sent requests to Plaintiffs' counsel and were apparently immediately permitted by Plaintiffs to join in all depositions set in the instant litigation. Further, as this Court

---

[3] See October 17, 2022 Minute Entry in *Lewis*, Doc. 285, attached hereto as Exhibit "C" (emphasis added).

is well aware, this Court has ordered that depositions in both this case and *Lewis* may be used in both actions and that counsel in both this case and in *Lewis* should confer and agree upon the manner in which all depositions should proceed [Docs. 245, 246].

Upon receipt of the Minute Entry in Lewis, undersigned counsel asked for the immediate production of the transcripts of Abby Owens, Jade Lewis, and Kennan Johnson and for a schedule of upcoming depositions. Plaintiffs' counsel responded that they had not yet determined whether they would object to the application of Judge Morgan's Order to the instant case. The request was, therefore, withdrawn. Upon information and belief, in the past 46 days, Plaintiff has neither filed an objection nor sought clarification of Judge Morgan's Order. Instead, they have apparently simply chosen to not apply the Order to the instant case.

As negotiations continued over the Sell Depositions, on November 1, 2022, Plaintiff counsel, Karen Truszkowski, consented to undersigned counsel's suggestion to participate in the Zoom link for defendant Miriam Segar's deposition to present the requests contained in the attached proposed Protective Order to all Defendants. No defendant objected to the requests presented.

Importantly, during that conference, Plaintiff counsel, Katie Lasky, stated that undersigned counsel could not remain for the deposition because the Acknowledgment and Agreement to be Bound by the Protective Order entered by this Court [Doc. 206] had not been signed by counsel or the Sells. Undersigned counsel stated that he had not intended to stay for the deposition and logged out after presenting the requests to all attendees.

On November 30, 2022, undersigned counsel learned that the continuation of the Jade Lewis deposition was set for December 2, 2022. Pursuant to Judge Morgan's Order, counsel requested the "zoom link" so he could attend that deposition, as Jade Lewis' testimony is directly

relevant to the allegations asserted against the Sells in the Second Amended Complaint and for the Sells' preparation for their depositions. Copies of the signed Acknowledgment and Agreement to be Bound by the Protective Order by counsel and the Sells were attached to that request. No objection was made in response to this request and the Zoom link was provided by defense counsel.

On December 1, 2022, between approximately 1:38 pm and 1:47 pm, both Plaintiffs' counsel and the chambers of Magistrate Judge Scott D. Johnson sent emails stating that a conference would be held at 2:30 pm that day [Doc. 262]. Upon information and belief, Plaintiff made no prior telephone calls, emails, or other correspondence to undersigned counsel or other defense counsel prior to what must be presumed to be their unilateral call to the Magistrate Judge regarding the Sells' request to attend the conference.[4]

At the conference, undersigned counsel agreed to waive attendance at the Jade Lewis deposition subject to the right to seek the transcript pursuant to the Orders of this Court and in *Lewis*. The Sells are, therefore, seeking relief to obtain the requested transcripts and materials in addition to their request for a Protective Order as part of this Motion.

## II.  The Sells Have Good Cause to Obtain a Protective Order Governing Their Depositions.

The Sells respectfully assert that they have good cause to obtain a Protective Order from this Court to specify the terms of their depositions pursuant to Federal Rule of Civil Procedure 26(c)(1)(B). The Sells are not seeking substantive limitations to their depositions beyond the dictates of the Federal Rules of Civil Procedure. The Sells are, however, requesting specifications regarding their depositions and that they be permitted to review the testimony by those persons

---

[4] Undersigned counsel was participating in person in a deposition in *Gaspard v. The Travelers Insurance Company, et al.*, No. C-698630, 19th JDC for the Parish of Baton Rouge, at the time these notices were issued and only saw the notices by chance. Fortunately, other counsel in that deposition graciously permitted a break of the deposition to permit attendance at the conference.

who have asserted claims against them and be provided any relevant documents produced in discovery prior to their depositions. These requests are both limited and highly relevant to the Sells' upcoming depositions.

The Sells have already been the subject of "annoyance, embarrassment, and oppression" due to the media frenzy surrounding this case, much of it perpetrated by the false statements made by the Plaintiffs, themselves, to the press.[5] The Sells have left their employment at LSU and have moved to a different state. If ever there was a concern regarding misuse and improper dissemination of deposition testimony against individuals, it is presented in this case. Further, this Court has recognized the need for such protections for the parties in the Original Protective Order. As demonstrated herein, the Sells ask for little more than the same confidentiality protections in that Order plus an agreement that any video (but not the written transcripts) of their depositions be destroyed after this litigation has come to an end. The Sells note that neither Plaintiffs nor Defendants have objected to those provisions.

This Court has broad discretion to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) and related jurisprudence.[6] The Sells have demonstrated that they have been and may be the subject of annoyance, embarrassment, and oppression if video of their deposition

---

[5] See, *e.g.,* "Former LSU Tennis Player Says Her Coach Lied About Knowing of Abuse Allegations", November 19, 2020, https://www.espn.com/college-sports/story/_/id/30347563/former-lsu-tennis-player-says-coach-lied-knowing-abuse-allegations; "Two Women say ex-Washington RB Derrius Guice Raped Them at LSU When He Was a Freshman", August 19, 2020, https://www.usatoday.com/story/sports/ncaaf/sec/2020/08/19/ex-washington-nfl-player-derrius-guice-accused-rape-while-lsu/3391053001/; "Inside LSU's 'Toxic' Women's Tennis Program: Former Players Recall Lies, Distrust, Division, December 10, 2020, https://www.lsureveille.com/sports/inside-lsu-s-toxic-women-s-tennis-program-former-players-recall-lies-distrust-division/article_917ca11c-3a99-11eb-85cb-fb0f47963498.html.

[6] See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

testimony is selectively leaked to the press and/or if confidential portions of their testimony are similarly made public. The Sells, therefore, respectfully request that this Court issue the requested Protective Order.

### III. Plaintiffs Cannot Meet Their Burden to Show Good Cause to Withhold The Requested Transcripts and Documents Prior to the Sell Depositions.

It is well settled that "A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal."[7] This presumption of free use is generally only limited by protective orders entered pursuant to Federal Rule of Civil Procedure 26(c).[8] Therefore it is up to the party that does <u>not</u> want to produce the transcripts or materials, i.e., the Plaintiffs, to show good cause to restrict the production of those documents.[9] The Sells respectfully assert that Plaintiffs cannot meet this standard.

The Sells expect that the majority of their depositions will likely be related to the testimony provided by Plaintiffs, Owens, Lewis, and Johnson and/or any of their family members, as it was their allegations in the Complaints that were the basis of the claims against the Sells. The Sells have a personal interest in the sworn testimony by those specific Plaintiffs and witnesses and whether the testimony deviates from, or provides further insight into the allegations against the Sells in the Second Amended Complaint. And the Sells have a further interest in reviewing that testimony so they can best testify themselves in response to the expected questions on the same subject matter. It is, therefore, reasonably necessary for the Sells and counsel to have an opportunity to review these transcripts and materials prior to the Sell Depositions.

---

[7] *Harris v. Amoco Prod Co.*, 768 F.2d 669, 684 (5th Cir. 1984).
[8] See *id.*
[9] See, *e.g., Ryder v. Union Pacific Railroad Co.*, 315 F.R.D. 186, 189 (M.D. La, 2016).

<u>The Sells have already agreed to abide by this Court's Original Protective Order regarding that testimony</u>, ensuring that the Plaintiffs' testimony will be protected to the limits of that Order (which is far more protection than the Sells ever received from the Plaintiffs' and their family members' multiple statements in public, to the press, and in other public forums).

Further, as stated herein, the Court in *Lewis* has already demonstrated that there are no privacy interest or other interests beyond the protections of the original Protective Order that would preclude the Sells, as dismissed defendants in this case, from attending these depositions and reviewing these transcripts.[10] <u>Plaintiffs are well aware of this Minute Entry and have permitted counsel of dismissed defendants in *Lewis*, but not in *Owens*, to attend depositions since that date.</u> Considering that Court's Order, Plaintiffs' refusal to provide the deposition transcripts to the Sells cannot be supported with any valid argument.

The Original Protective Order states that specific deposition testimony is protected <u>"only"</u> to the extent that portions of the testimony is properly designated as confidential.[11] Therefore, there are no further rights to withhold these transcripts than in any other case. The Original Protective Order provides for production of even "confidential" portions of testimony to the Sells. That Order states in part:

> The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity <u>except</u> as set forth subparagraphs (1)-(9) below. … (7) during their depositions, **in preparation for their trial or deposition testimony, third-party fact witnesses in this action to whom disclosure is reasonably necessary** but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order").[12]

---

[10] See Exhibit "C".
[11] See Doc. 206 at pp. 4-5.
[12] See *id.* at pp. 5-6 (underline in original) (other emphasis added).

The Sells have already signed the Acknowledgment. They have stated that they are willing to be bound by the dictates of the Original Protective Order. Production of the transcripts, including any Confidential Information is clearly permitted and, in fact, <u>expected</u> to be produced to fact witnesses prior to their depositions by the Original Protective Order and it is "reasonably necessary" for the Sells to review that testimony prior to their own depositions.

Finally, because the Sells have not been privy to discovery since their dismissal, they have no knowledge regarding documents that may have been produced by Plaintiffs, Defendants, or third parties that may be directly relevant to any questions that may be posed at their depositions. In order to save time, to be fully prepared, and to avoid "trial by ambush", the Sells have requested that the parties produce any documents that will be addressed in the Sell Depositions pursuant to the Original Protective Order within a reasonable amount of time for the Sells to review same prior to their depositions.

**IV.    All Parties Have Agreed to the Remaining Issues Contained in the Protective Order.**

As stated herein, after several discussions, counsel for Plaintiffs and the Sells agreed to all other issues contained in the attached Protective Order. The agreement and remaining disputed issues addressed herein were presented via Zoom video to all defense counsel prior to the deposition of Miriam Segar on November 1, 2022. Defense counsel voiced no objection to any of the issues listed above.

**V.    Conclusion**

For the reasons stated herein, Julia Sell and Michael Sell respectfully request a Protective Order be entered governing their depositions and the obligations of the parties prior to, during, and upon the conclusion of the depositions and the litigation. The Sells have acknowledged and agreed

to abide by the terms of the original Protective Order and have demonstrated good cause for entry of a Protective Order.

In contrast, Plaintiffs cannot meet their separate burden to demonstrate good cause to withhold the requested transcripts and materials from the Sells and counsel. The Original Protective Order permitting transcripts and documents to fact witnesses and the Orders in this case and *Lewis* permitting counsel for the dismissed defendants to attend all depositions in this case demonstrate that there is no valid basis for Plaintiffs to object to the production of the requested transcripts and materials.

The parties have agreed on all other issues contained in the Protective Order. Julia Sell and Michael Sell, therefore, respectfully request their Motion for Protective Order be granted and that the attached Protective Order be signed and entered into the record and that the requested transcripts and materials be forwarded to the Sells and counsel for their review prior to the Sell Depositions.

Respectfully Submitted:

JEFF LANDRY
ATTORNEY GENERAL
**By:** */s/ Sidney W. Degan, III*
**SIDNEY W. DEGAN, III (#04804)**
**KEITH A. KORNMAN (#23169)**
**JENA W. SMITH (#25255)**
Special Assistant Attorneys General
**DEGAN, BLANCHARD & NASH**
400 Poydras Street, Suite 2600
New Orleans, LA 70130
Telephone: (504) 529-3333
Facsimile: (505) 529-3337
sdegan@degan.com
kkornman@degan.com
jsmith@degan.com
*Attorneys for Defendants,*
*Julia Sell and Michael Sell*

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| ABBY OWENS, ET AL | * | CIVIL ACTION NO: |
| | * | 3:21-CV-00242-WBV-SDJ |
| | * | |
| VERSUS | * | JUDGE: THE HONORABLE WENDY |
| | * | VITTER |
| LOUISIANA STATE | * | |
| UNIVERSITY, ET AL | * | MAGISTRATE: THE HONORABLE |
| | * | SCOTT D. JOHNSON |
| | * | |

## RULE 26 CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiffs on multiple occasions including on October 31, 2022, and with Defendants on November 1, 2022, concerning the request for a Protective Order in relation to the depositions of Julia Sell and Michael Sell. After conferring in a good faith effort to resolve all disputed matters, I certify that a partial agreement was reached regarding the depositions of Julia Sell and Michael Sell and that the parties agreed a Court intervention in warranted for resolution of the remaining disputed issues and for the entry of a Protective Order.

_____
KEITH A. KORNMAN