UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| ABBY OWENS, ET AL | * | CIVIL ACTION NO: |
| | * | 3:21-CV-00242-WBV-SDJ |
| | * | |
| VERSUS | * | JUDGE: THE HONORABLE WENDY |
| | * | VITTER |
| LOUISIANA STATE | * | |
| UNIVERSITY, ET AL | * | MAGISTRATE: THE HONORABLE |
| | * | SCOTT D. JOHNSON |
| | * | |

---

### *EX PARTE* MOTION FOR EXPEDITED CONSIDERATION ON MOTION FOR ENTRY OF PROTECTIVE ORDER IN RELATION TO THE DEPOSITIONS OF JULIA SELL AND MICHAEL SELL

**NOW INTO COURT,** through undersigned counsel, come former defendants and current non-parties, Julia Sell and Michael Sell (collectively, the "Sells"), who respectfully request expedited consideration of their contemporaneously filed Motion for Entry of Protective Order in relation to their depositions.

Counsel for Plaintiffs have demanded the depositions of the Sells as part of the instant litigation. Plaintiffs' counsel and undersigned counsel have been negotiating the terms of such depositions and have reached an agreement on part, but not all, of the conditions requested by the Sells to proceed with their depositions, which are tentatively set for January 29-31, 2023.

Plaintiffs have now made clear that they oppose counsel for former defendants in the instant case, including undersigned counsel, to attend depositions of parties and witnesses in the instant matter and have effectively and unilaterally barred undersigned counsel from attending the continuation deposition of plaintiff, Jade Lewis, in possible derogation of the Order by Judge Susie Morgan in *Lewis v. Louisiana State University, et al.*¸ Civ. A, No. 21-198-SM-RLB (M.D. La.) ("*Lewis*") that "[c]ounsel for parties who have been terminated in both cases in which the client

{01242965.DOCX;1}

was named as a defendant may represent their client in the client's deposition and may attend non-client depositions, but may not make objections or ask questions."[1]

The Sells respectfully assert that Judge Morgan's Order and this Court's Orders on July 20, 2022 [Doc. 245] and August 4, 2022 [Doc. 246], which essentially hold that all depositions shall be relevant for both the instant case and *Lewis*, and that the parties should confer on the matter in which depositions would proceed, permit the Sells and their counsel to attend depositions and obtain specific transcripts within the Court's previously stated parameters in its Protective Order in advance of the Sells' depositions.

Based on the foregoing, Julia Sell and Michael Sell respectfully request expedited consideration of the Motion for Protective Order in relation to their depositions so this Court can rule on whether the Sells will be permitted to review certain deposition transcripts and documents with sufficient time in advance of their depositions.

              Respectfully Submitted:

              **JEFF LANDRY**
              **ATTORNEY GENERAL**
              **By:** */s/ Sidney W. Degan, III*
              **SIDNEY W. DEGAN, III (#04804)**
              **KEITH A. KORNMAN (#23169)**
              **JENA W. SMITH (#25255)**
              Special Assistant Attorneys General
              **DEGAN, BLANCHARD & NASH**
              400 Poydras Street, Suite 2600
              New Orleans, LA 70130
              Telephone: (504) 529-3333
              Facsimile: (505) 529-3337
              sdegan@degan.com
              kkornman@degan.com
              jsmith@degan.com
              *Attorneys for Defendants,*
              *Julia and Michael Sell*

---

[1] See October 17, 2022 Minute Entry in *Lewis*, Doc. 285, attached hereto as Exhibit "A".