MINUTE ENTRY
MORGAN, J.
August 2, 2022

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,                            CIVIL ACTION
    Plaintiff

VERSUS                                 NO. 21-198-SM-RLB

LOUISIANA STATE UNIVERSITY, ET AL.,
    Defendants

### MINUTE ENTRY

A video status conference was held on August 2, 2022, at 12:00 p.m., in the chambers of Judge Susie Morgan.

    Present:     Albert Van-Lare, counsel for Plaintiff, Sharon Lewis;

                      Susan Furr, counsel for Defendants, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board");

                      Barbara Melton, for Defendants, Garrett "Hank" Danos, Robert "Bobby" Yarborough, and Stanley Jacobs;

                      Robin Sylvester, counsel for Defendant, William Jenkins;

                      Joseph Cullens and Brandon Black, counsel for Defendants, William Shelby McKenzie, Vicki Crochet, and Robert "Bob" Barton;

                      Peter Ginsberg, counsel for Defendant, Leslie Edwin "Les" Miles;

                      Seth Lawrence, counsel for Defendant, Joseph "Joe" Alleva;

                      Rudy Aguilar, Camille Bryant, and Magdalen Bickford, counsel for Defendant, Scott Woodward;

                      Darren Patin, counsel for Defendant, Verge Ausberry; and

                      John Walsh, counsel for Defendant, Miriam Segar.



1

The parties discussed the status of the case. The parties also discussed the pending motion for deconsolidation filed by Robert Barton, Vicki Crochet, and William Shelby McKenzie (collectively, the "Taylor Porter Defendants").[1] All claims against the Taylor Porter Defendants have been dismissed with prejudice. Neither the remaining Defendants nor Plaintiff objects to consolidation of discovery in the instant case and the *Owens, et al. v. Louisiana State University, et al.* (Case No. 21-242) action. Accordingly, the motion for deconsolidation is **DENIED AS MOOT**.[2]

The Court reiterated that the parties should use identical BATES stamp numbers for all documents produced in this action and in *Owens*.[3] The Court clarified that the documents considered produced in this action will be those produced in response to a request for production propounded in this case or produced voluntarily in response to an informal request for documents to be used in this action.

The Court reiterated that depositions taken in either action may be used in both actions, subject to the provisions of the protective orders entered in both actions. The Court clarified there shall be one deposition of each deponent whose testimony may be relevant in both actions, unless the Judge in either action orders otherwise after a motion is filed and good cause is shown.[4]

The parties agree to confer prior to depositions being taken to determine the number of hours reasonably necessary for each deposition and the manner in which depositions shall proceed. If the parties are unable to agree after conferring in good faith, the parties shall notify the Court prior to the deposition by letter emailed to eFile-Morgan@laed.uscourts.gov.

---

[1] R. Doc. 213.
[2] *Id.*
[3] R. Doc. 169 at p. 2.
[4] *Id.*

2

The Court ordered the parties to propound initial written discovery requests to other parties by **August 15, 2022**.

**New Orleans, Louisiana, this 2nd day of August, 2022.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

JS10 (0:31)