UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| **ABBY OWENS, ET AL** | * | **CIVIL ACTION NO:** |
| | * | **3:21-CV-00242-WBV-SDJ** |
| | * | |
| **VERSUS** | * | **JUDGE: THE HONORABLE WENDY** |
| | * | **VITTER** |
| **LOUISIANA STATE** | * | |
| **UNIVERSITY, ET AL** | * | **MAGISTRATE: THE HONORABLE** |
| | * | **SCOTT D. JOHNSON** |

*************************************************************************

**PROTECTIVE ORDER FOR DEPOSITONS OF JULIA SELL AND MICHAEL SELL**

It is hereby Ordered, Adjudged, and Decreed that the following Protective Order is issued to govern the depositions of Julia Sell and Michael Sell (the "Sell Depositions") in the instant litigation and any related litigation:

1. **Application of General Protective Order.** The Protective Order issued in *Owens, et al. v. Louisiana State University, et al.* [Doc. 206] (the "Original Protective Order") shall apply in all respects to the Sell Depositions and shall be made a part of this Protective Order unless otherwise ordered herein. Julia Sell, Michael Sell (the "Sells"), and relevant counsel and staff members for the law firm representing the Sells for the Sell Depositions have all executed the Acknowledgment and Agreement to be Bound, attached hereto as Exhibit 1 demonstrating their agreement to be bound in all respects by that Protective Order.

2. **Agreed upon procedures for the Sell Depositions.** The Sell Depositions shall be taken pursuant to all requirements included in the Original Protective Order including, but not limited to Paragraph 4 "Depositions" and pursuant to those additional requirements:

{01242816.DOCX;1}


EXHIBIT A

(a)  **Appearance at Depositions:**

Julia Sell and Michael Sell agree to appear voluntarily for their depositions on or about January 29-31, 2023 in the general vicinity of Charleston, South Carolina. This voluntary appearance shall not act as a waiver by Julia Sell or Michael Sell to require formal service for any other aspect of this or any other litigation in accordance with the Federal Rules of Civil Procedure.

(b)  **Time Limitation:**

The time limitation to take the Sells' respective depositions shall be limited to four hours for all Plaintiffs and two hours total for all Defendants to elicit testimony from Julia Sell and Michael Sell for a total of six hours for each deposition.

**(c) Production of Deposition Transcripts to the Sells:**

Transcripts of the complete depositions given by Plaintiffs, Abby Owens, Jade Lewis, and Kennan Johnson, and any of their family members, including all exhibits attached thereto, shall be immediately forwarded by Plaintiffs' counsel to the Sells and the Sells' counsel for their review.

**(d) Reasonable production of materials prior to the Sell Depositions:**

Any document that has been produced in discovery in the instant litigation other than those documents produced by the Sells that may be presented to Julia Sell or Michael Sell during their respective depositions shall be produced to the Sells and their counsel for purpose of the Sell Depositions within a reasonable time for them to review same prior to the Sell Depositions. Any production to Julia Sell, Michael Sell, or counsel shall be subject to the provisions of the Original Protective Order.

3. **Obligations upon conclusion of the Sell depositions.** The Sells depositions shall be treated the same as all party depositions in relation to confidentiality as dictated by the Original Protective Order and other orders entered in the instant litigation.

4. **Obligations upon conclusion of the litigation.** In addition to the obligations within the Original Protective Order, all parties agree that any audio and visual recordings of the Sell Depositions and any copies thereof shall be destroyed within sixty (60) days after dismissal or entry of final judgment not subject to further appeal of the instant litigation. The Sells or their counsel may make demand for confirmation of destruction of the audio and visual recordings within sixty (60) days after dismissal or entry of final judgment not subject to further appeal. If such a demand is timely made, the parties upon which the demand is made shall provide written confirmation of the destruction of the materials as requested.

5. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

6. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

7. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel or record and their law firms, the parties, and persons made subject to this Order by its terms.

Baton Rouge, Louisiana, this _____ day of _____, 2022.

_____
UNITED STATES MAGISTRATE JUDGE
SCOTT D. JOHNSON

{01242816.DOCX;1}                                       4