UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, et al.
    *Plaintiffs*

v.

LOUISIANA STATE UNIVERSITY, et al.
    *Defendants*.

CIVIL ACTION NO. 3:21-cv-00242

JUDGE WENDY B. VITTER
MAG. JUDGE SCOTT D. JOHNSON

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANT JENNIE STEWART'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiffs respectfully submit this brief memorandum in support of their *ex parte* motion to respond to the arguments raised by Defendant Stewart in the memorandum entered on November 28, 2022 (ECF No. 260), in support of her Rule 12(b)(6) motion to dismiss (ECF No. 199), which is still pending.

On February 14, 2022, Stewart filed a motion to dismiss all claims against her, based on qualified immunity. Stewart raises two arguments in her recently filed supplemental memorandum, highlighting recent case law. First, Stewart raises *Doe, et al. v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, et al.*, No. 3:21-cv-00564, 2022 WL 16701930 (E.D. La. Nov. 3, 2022) (hereinafter *Doe v. LSU*), a recent decision in which Section 1983 claims against Stewart were dismissed. Second, Stewart raises *Thomas, et al. v. Board of Regents of the University of Nebraska, et al.*, No. 4:20-cv-03081, 2022 WL 1491102 (D. Neb. May 11, 2022) (hereinafter *Thomas v. UNL*), which is a Title IX case brought by certain of Plaintiffs' attorneys in the U.S. District Court for the District of Nebraska in which Section 1983 claims were

1

dismissed.[1] Third, Stewart accuses the Court of running afoul of *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022), which held that district courts must rule on motions to dismiss based on qualified immunity at early stages of litigation.

First, *Doe v. LSU* is irrelevant in the present matter. The Court analyzed the Section 1983 issue in that case by first noting that Title IX does not preclude use of Section 1983 to combat gender discrimination in schools. *Doe v. LSU*, 2022 WL 16701930 at *47 (citing *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 250 (2009)). The Court found that precedent does, however, bar a plaintiff from stating a claim under Section 1983 "based on an underlying violation of Title IX" because it would give a plaintiff rights–allowing suits against individuals–that would be unavailable under Title IX. *Id.* at *48*. The Court dismissed the plaintiffs' Section 1983 claims because the plaintiffs "nest[ed] a Title IX claim into a § 1983 claim and claim[ed] that Title IX is the substantive right violated," because it could allow for remedies unavailable for the underlying claim. *Id*. Importantly, however, the Court did not address and did not prohibit parallel or concurrent Title IX and Section 1983 claims, which *are* permissible as they do not allow access to new remedies within each other. *See Wilkerson v. University of North Texas*, 223 F.Supp.3d 592 (E.D. Tex. 2016) (citing *Fitzgerald*, 555 U.S. at 256).

This commingling of claims is not an issue in the present case. Plaintiffs here base their Section 1983 claims clearly outside their Title IX claims. Count V bases a Section 1983 claim in the First Amendment. *See* Amended Complaint ¶ 1002-58. Count VI bases a Section 1983 claim under the Fourteenth Amendment for denial of equal protection due to discrimination on the basis of sex.  *See* Amended Complaint ¶ 1059-85. Count VII bases a Section 1983 claim under the Fourteenth Amendment for denial of substantive and procedural due process. *See* Amended

---

[1] A copy of the decision is attached hereto as Exhibit 1.

Complaint ¶ 1086-1118. All three of these Section 1983 claims are made separately from and concurrent to the Title IX claims, which is explicitly permitted by the Supreme Court in *Fitzgerald*. *See Fitzgerald*, 555 U.S. at 257 (stating "parallel and concurrent § 1983 claims will neither circumvent required procedures nor allow access to new remedies.") For these reasons, Plaintiffs' Section 1983 claims should not be dismissed based on the rationale applied in *Doe v. LSU*.

Second, Stewart's brief misstates the court's decision regarding qualified immunity in *Thomas v. UNL*. In *Thomas*, the court did *not* dismiss the Section 1983 claim based on qualified immunity.[2] Rather, the court dismissed the claim because it determined that the facts alleged did not provide a basis for finding a violation of the plaintiffs' rights under the Equal Protection Clause. "The plaintiffs did not establish a facial showing in their second amended complaint… Because the plaintiffs have failed to allege any violations of a clearly established equal protection right that goes beyond labels and conclusions, the individual defendants are entitled to qualified immunity and any such claims are dismissed." *Thomas v. UNL* at *32. This failure to plead is not at issue in the present case; Plaintiffs have alleged violations of clearly established rights. Stewart is therefore not entitled to dismissal based on the holding in *Thomas v. UNL*.

Furthermore, if this Court wishes to consider other cases litigated by Plaintiffs' attorneys in the U.S. District Court for the District of Nebraska, it should also consider *Doe v. Board of Regents of the University of Nebraska et al.,* No 4:21-cv-03049, Memorandum and Order, ECF No. 26 (D. Neb. Jan. 5, 2022) (hereinafter *Doe v. UNL*).[3] In *Doe v. UNL*, the court specifically determined that it was inappropriate to dismiss a Section 1983 claim against an individual based on qualified immunity. The plaintiff in *Doe v. UNL* made constitutional claims against an

---

[2] Stewart cites *Thomas v. UNL* at *17-18, which discusses student-on-student sexual harassment claims under Title IX, not qualified immunity under Section 1983.
[3] A copy of the decision is attached hereto as Exhibit 2.

individual–the Title IX coordinator at UNL–and the defendants argued in part that Doe failed to state a valid claim, and if she did, that the individual defendant is entitled to qualified immunity. *Doe v. UNL* at 13. The court in that case not only found that the plaintiff had alleged sufficient facts to constitute valid substantive and procedural due process claims, but also specifically held that the Title IX coordinator defendant was not entitled to qualified immunity. *Id*. at 15.

Officials are entitled to qualified immunity unless 1) the facts alleged constitute a violation of a constitutional or statutory right, and 2) that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that their actions were unlawful. *See id*. at 15-16 (citing *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011); *see also Zadeh v. Robinson*, 928 F.3d 457, 463-64 (5th Cir. 2019). Applying the two-prong test, the *Doe v. UNL* court found that it is "clearly established that university students have a right not to be discriminated against or harassed on the basis of sex… [and that] a supervisory school official with actual notice of ongoing sexual abuse against a student is required to take action to investigate and stop the abuse." *Id*. at 16 (internal citations omitted).[4] The court's evaluation in *Doe v. UNL* shows that qualified immunity does not automatically insulate individuals working at federally funded institutions from liability under Section 1983 claims that run concurrently with Title IX claims.

Neither of Stewart's new arguments bear on the issue before this Court. Both Title IX and Section 1983 claims can be plead against the same defendants if they remain separate, as they do here. Additionally, despite Stewart's claims, the U.S. District Court for the District of Nebraska did not dismiss defendants in either *Thomas v. UNL* or *Doe v. UNL* based on qualified immunity.

---

[4] The court in *Doe v. UNL* did dismiss the plaintiff's claim of a violation of her rights under the Equal Protection Clause, but due to qualified immunity; instead, the court found that plaintiff did not plead sufficient facts to support a finding that her right to equal protection had been violated. *See Doe v. UNL* at 20.

Plaintiffs respectfully ask that the Court disregard Stewart's additional arguments for the reasons stated above and deny Stewart's motion to dismiss.

Respectfully submitted,

**Catherine E. Lasky (La. Bar 28652)**
**Endya L. Hash (La. Bar 38260)**
KATIE LASKY LAW LLC
900 Camp St. Suite 439
New Orleans, LA 70130
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

**Karen Truszkowski**
*Pro Hac Vice*
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

*Attorneys for Plaintiffs*

**s/ Elizabeth K. Abdnour**
Elizabeth K. Abdnour
*Pro Hac Vice*
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 709-7700
Email: elizabeth@abdnour.com