**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

ABBY OWENS, et al.
     *Plaintiffs*

CIVIL ACTION NO. 3:21-cv-00242

v.

JUDGE WENDY B. VITTER
MAG. JUDGE SCOTT D. JOHNSON

LOUISIANA STATE UNIVERSITY, et al.
     *Defendants*.

**MEMORANDUM IN OPPOSITION TO MOTION FOR ENTRY OF PROPOSED
PROTECTIVE ORDER FOR DEPOSITIONS OF JULIA SELL AND MICHAEL SELL
AND FOR PRODUCTION OF SPECIFIC DEPOSITION TRANSCRIPTS AND
DISCOVERY MATERIALS**

Now come Plaintiffs, through undersigned counsel, who respectfully request that the

Motion for Entry of Proposed Protective Order for Depositions of Julia Sell and Michael Sell and

for Production of Specific Deposition Transcripts and Discovery Materials ("Motion") [ECF No.

265] filed by non-party witnesses Julia and Michael Sell, be denied.

Julia and Michael Sell ("the Sells") are former defendants and are current non-party

witnesses, and they are requesting the production of specific deposition transcripts, exhibits, and

other materials produced in discovery to "prepare" for their depositions. Plaintiffs ask that this

request be denied because (1) witnesses are not entitled to the review of evidence; (2) no other

witnesses (including other dismissed defendants) have reviewed evidence in advance of their

depositions; and (3) granting this request could interfere with the Sells' testimony.

### I.    Procedural History

The Sells were originally named defendants in the instant litigation [ECF Nos. 1, 22]. The

Sells filed a Motion to Dismiss [ECF No. 141] resulting in a Court Order for Plaintiffs to file an

Amended Complaint addressing the issues raised by the Sells and other Defendants [ECF No.

177]. In Plaintiffs' Second Amended Complaint [ECF No. 182], filed on January 17, 2022, Plaintiffs did not name the Sells as defendants, and the Sells were dismissed without prejudice by this Court on January 19, 2022 [ECF No. 187]. Since that day, the Sells have not been parties to this matter, although they have been subpoenaed to depositions as witnesses, as have several other non-party witnesses. No other non-party witnesses who have been deposed have requested to attend depositions or review deposition transcripts.

II.    <u>Argument</u>

A. **Non-parties do not have a right to access information and evidence gathered through the discovery process in a legal proceeding**

In their Memorandum in Support of Motion for Entry of Proposed Protective Order for Depositions of Julia Sell and Michael Sell and for Production of Specific Deposition Transcripts and Discovery Materials ("Memorandum"), the Sells argue that they have been subjected to "annoyance, embarrassment, and oppression" due to media coverage, and they request that the video recordings (not the transcripts) of the depositions be destroyed after the litigation has ended. Memorandum, ECF No. 265-1 at 7. Plaintiffs do not object to this portion of the requested Protective Order.

The Sells also state that they are "entitled to" and "have good cause" to review testimony of parties and other witnesses in this case. *See* Memorandum, ECF No. 265-1 at 2 and 6. The Sells do not provide any argument or precedent to support this Court granting their request, aside from stating that they have been subjected to inconveniences regarding media coverage. They do not articulate an argument as to why potential media coverage or an unlikely, purely speculative possible leak—which has not yet occurred in a year and a half of litigation—should give them access to evidence in this case.

2

The Sells cite no case law upholding the right of a non-party to access deposition testimony, and Plaintiffs are unaware of any. The fact is that the Sells, as non-party witnesses, are not entitled to access evidence. They are no longer parties in this case; there are no "claims against them." Other witnesses, including former defendants, have not been granted access to other parties' testimony. Allowing the Sells to review other parties' testimony could taint their own testimony and could lead to other non-party witnesses requesting access to deposition transcripts or other evidence, thus tainting their testimony as well. The Sells are very clear about why they want to view the Plaintiffs' deposition transcripts—they believe the information in Plaintiffs' transcripts is "reasonably necessary for them to prepare for their depositions from Plaintiffs." Memorandum, ECF No. 265-1 at 1. No honest witness would find it "reasonably necessary" to review someone else's testimony to provide their own truthful testimony under oath. If they are asked a question to which they do not know the answer, they can simply say, "I don't know." The Sells' rationale for why they need copies of Plaintiffs' transcripts is precisely why this Court should deny their Motion.

### B. Plaintiffs do not need to show good cause to withhold evidence from non-parties

The Sells also assert that Plaintiffs must show good cause to withhold the requested evidence, citing *Harris v. Amoco Prod Co*., 768 F.2d 669, 684 (5th Cir. 1984) and *Ryder v. Union Pacific Railroad Co*., 315 F.R.D. 186, 189 (M.D. La, 2016). The Sells point to *Harris* to state that "[a] party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal," and that this presumption of free use is limited only by protective orders. 768 F.2d at 684. They go on to argue that "it is up to the party that does not want to produce the transcripts…to show good cause to restrict the production of those documents." Memorandum, ECF. No. 265-1 at 8 (emphasis in original). This is a misstatement of the precedent

in *Harris*. First, *Harris* involves a discovery dispute between parties, not between a party and a witness; free use is a right of the parties, not of witnesses. *See* 768 F.2d at 684 (stating that "[i]f the party from whom discovery is sought shows "good cause," the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable. . ." (emphasis added)). The presumption of free use applies to the parties in a case—plaintiffs and defendants—ensuring that anything uncovered in discovery can be used by either side. The Sells are not parties and are therefore not entitled to the presumption of free use, and Plaintiffs are not obligated to show good cause in denying them access to evidence.

### C. The Sells are not entitled to review documents that may be presented at their deposition in advance

The Sells also ask this Court to order that they be permitted to review "any documents produced in litigation that any party intends to present to the Sells during the Sells' depositions. Again, the Sells have provided no precedent for such a request, and the request runs contrary to the purpose of depositions.  Nonetheless, Plaintiffs can assert that at most of the depositions that have occurred thus far in this case, the attorneys handling the depositions have generally (although not always) produced documents to deponents' counsel and the court reporter a day or a few days prior to the deposition, particularly when the depositions are occurring via videoconferencing. There have also been numerous occasions where the attorney handling the deposition realized that they needed a document they had not planned for, or a document was provided through the discovery process the day before a deposition, or other unexpected situations.  And in a few cases, no documents have been provided to a deponent ahead of time by the attorney questioning that individual.

For all the same reasons outlined above, ordering the parties to provide documents to the Sells in advance would provide them with evidence they are not entitled to and improperly restrict

counsel's ability to manage depositions in the manner they wish.  The Sells have provided no case law supporting a non-party deponent's right to view documents in advance of a deposition, Plaintiffs are unaware of any, and this request should be denied.

### D.  Orders in other ongoing litigation do not bear on this case

The Sells also refer to another ongoing case, in *Lewis v. Louisiana State University, et al.*, No. 21-cv-198 (M.D. La. 2021) ("*Lewis*"). In Lewis, the court ordered the following: "Counsel for parties who have been terminated in both cases in which the client was named as a defendant may represent their client in the client's deposition and may attend non-client depositions but may not make objections or ask questions." Memorandum, ECF. No. 265-1 at 4 (citing October 17, 2022, Minute Entry in *Lewis*, ECF No. 285). That order does not specify what "both cases" means.  The Sells imply that "both cases" meant *Lewis* and this case; however, Plaintiffs' counsel have confirmed with counsel for Plaintiff in *Lewis*, who were present at the October 17, 2022, hearing, that the judge meant Sharon Lewis' federal and state cases, as she filed complaints in both jurisdictions. Plaintiffs maintain that the Sells have no right to attend depositions or to access transcripts.

The Sells also argue that the *Lewis* court has already determined that there are no privacy interests or other interests beyond the protections of the original Protective Order that would preclude the Sells from attending these depositions and reviewing these transcripts. Memorandum, ECF. 265-1 at 9. They cite the original Protective Order to state that "in preparation for their trial or deposition testimony, third-party fact witnesses in this action to whom disclosure is reasonably necessary…" *Id*. (citing ECF No. 206 at 5-6). It is not reasonably necessary for the Sells to access the information contained in the testimony of the plaintiffs or other witnesses. Plaintiffs' testimony should have no bearing on the facts that the Sells can report. As stated above, allowing the Sells

to access Plaintiffs' testimony could influence their own testimony, and it likely would, given the Sells' stated objective to review the transcripts to prepare for their depositions. *See* Memorandum, ECF No. 265-1 at 1.

Confidentiality in the litigation process is of paramount importance. Prior to a trial in this matter, both sides will have the opportunity to ask this Court to exclude information from consideration by the factfinder through motions *in limine*. It is unknown by Plaintiffs at this time what, if any, evidence they or Defendants may ask this Court to suppress; regardless, it is possible that statements in one or more of the Plaintiffs' deposition transcripts may be at issue. If that information—which is, at present, only accessible to the parties and their counsel—is shared with a third party, the entire point of such motion practice may be moot.

Moreover, even if this Court finds that the judge in *Lewis* was referring to the Owens and Lewis federal matters as "both cases" in her October 17, 2022, order, that order should not control in this case because there was no due process for Plaintiff, in the deliberations of that issue in *Lewis*. Plaintiffs are not parties to the Lewis matter, were not noticed or given the opportunity to appear before the *Lewis* court at the October 17, 2022, conference, and had no ability to present any arguments for or against the participation of third parties in the present litigation; further, this Court has not adopted the *Lewis* court's order. It is a bedrock principle of U.S. Constitutional law that parties must be given an opportunity to be heard before courts make decisions that directly affect them, and it is unheard of for a judge to have the authority to issue orders directly affecting parties in cases that are not before them. If this were the case, any party could simply go to any judge anywhere and ask them to issue an order affecting a matter before another judge, which would completely negate the fundamental concepts of procedural due process and jurisdictional limitations of judicial authority.

Finally, as a matter of professionalism in the legal field, it is not appropriate for counsel for Plaintiffs—or anyone else—to provide copies of deposition transcripts to others. Court reporters make their livelihood by charging reasonable fees for copies of their work, and in no other situation would it be appropriate for parties to circumvent the process of requesting transcripts directly from court reporters.[1]

The Sells cannot have their cake and eat it too. The privilege of accessing information and evidence obtained in the discovery process is a privilege reserved for parties to litigation, who need such access to present their case. The Sells are not parties to this litigation. Non-parties have the privilege of not being entangled in litigation and therefore have no case to present for which they would need access to evidence. Should this Court find that it is appropriate for the Sells to be provided with access to Plaintiffs' deposition transcripts or any other evidence in this matter, Plaintiffs respectfully request that this Court re-add them as defendants, at which point they will be entitled to any evidence or deposition transcripts they may wish to review.

### III.    Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Sells' Motion be denied or, alternately, that this Court re-add the Sells as defendants in this matter.


Respectfully submitted,

**Catherine E. Lasky (La. Bar 28652)**          **s/ Elizabeth K. Abdnour**
**Endya L. Hash (La. Bar 38260)**               Elizabeth K. Abdnour
KATIE LASKY LAW LLC                             *Pro Hac Vice*
900 Camp St. Suite 439                          ELIZABETH ABDNOUR LAW, PLLC
New Orleans, LA 70130                           1100 W. Saginaw St., Ste. 4A-2
P: (504) 584-7336                               Lansing, MI 48915

---

[1] *See, e.g.,* Deborah J. Walters, *Why Sharing Your Transcript With Other Parties May Be Harmful to Your Client*, PohlmanUSA, May 19, 2018, https://pohlmanusa.com/why-sharing-your-transcript-with-other-parties-may-be-harmful-to-your-client/.

F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

**Karen Truszkowski**
*Pro Hac Vice*
Temperance Legal Group, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

*Attorneys for Plaintiffs*

Telephone: (517) 292-0067
Fax: (517) 709-7700
Email: elizabeth@abdnour.com