UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| ABBY OWENS, ET AL | * | CIVIL ACTION NO: |
| | * | 3:21-CV-00242-WBV-SDJ |
| | * | |
| VERSUS | * | JUDGE: THE HONORABLE WENDY |
| | * | VITTER |
| LOUISIANA STATE | * | |
| UNIVERSITY, ET AL | * | MAGISTRATE: THE HONORABLE |
| | * | SCOTT D. JOHNSON |
| | * | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER FOR DEPOSITIONS OF JULIA SELL AND MICHAEL SELL AND FOR PRODUCTION OF SPECIFIC DEPOSITION TRANSCRIPTS AND DISCOVERY MATERIALS

MAY IT PLEASE THE COURT:

Former defendants and current non-parties, Julia Sell and Michael Sell (collectively, the "Sells"), respectfully submit this Reply Memorandum in Support of their Motion for Entry of Protective Order and for Production of Specific Deposition Transcripts and Materials.  The Sells assert that the Plaintiffs' Opposition fails to demonstrate why the requested deposition transcripts and materials should not be produced to the Sells immediately in advance of the Sells' depositions and that Plaintiffs have not shown good cause to withhold these materials pursuant to the Federal Rules of Civil Procedure, relevant jurisprudence, and the orders entered in this case.

Specifically, the Sells respectfully assert that Plaintiffs' Opposition is without merit for the following reasons:

1) **Plaintiffs failed to take make any attempt to show good cause to withhold non-confidential materials from the Sells or properly address the right of any party to produce these materials to the Sells under the "free use" doctrine;**

2)  **Plaintiffs failed to demonstrate why this Court's Protective Order explicitly permitting production of confidential materials to "third-party fact witnesses" should be ignored;**

3)  **Plaintiffs failed to explain why dismissed parties in the *Lewis* case should be entitled to attend all depositions in this litigation, but dismissed parties in this litigation cannot review transcripts from those same depositions;**

4)  **Plaintiffs failed to sufficiently address the good cause demonstrated by the Sells for reviewing the requested transcripts based on the claims asserted against them by Plaintiffs both in this litigation and in the public sphere; and**

5)  **Plaintiffs made an unwarranted argument with no possible intent other than to concern and harass the Sells, by asserting that the Sells should be rejoined as defendants in this case over one year after the deadline to amend their pleadings.**

I.    **Plaintiffs Make No Attempt to Show Good Cause to Withhold Documents.**

Plaintiffs do not even attempt to show good cause to withhold the requested transcripts in this case.  Instead, they assert only that the cases cited by the Sells from United States Fifth Circuit and United States District Court for the Middle District of Louisiana do not apply because the Sells are no longer parties to this litigation.

Plaintiffs fundamentally misread and misunderstand the purpose of the "free use" doctrine by claiming it does not apply to non-parties.  In fact, the free use doctrine would <u>only</u> apply to sharing discovery with non-parties because it is axiomatic that all parties are entitled to all discovery.  *See, e.g.,* Federal Rule of Civil Procedure 5(a)(1)(C).

In the instant case, the Sells are asserting that Plaintiffs or any other party should be permitted to share the transcripts of the persons who have made public allegations against the Sells in this lawsuit.  A party, such as Plaintiffs, can only stop such free use and sharing of discovery by any other party by asserting good cause to block such use. As demonstrated by *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1984), which Plaintiffs quoted on page of 4 of their

Opposition, it is up to "the party from whom discovery is sought" to show good cause to override the free use doctrine to prevent the sharing of these materials.

In *Harris*, a permissive intervenor wanted to share documents obtained in the case with other government agencies who were not parties to the litigation. The free use doctrine governed whether a party could share those documents. Likewise, in this case, the Sells are seeking leave for the Court to permit or require Plaintiffs, or any other party,[1] to share the requested transcripts with the Sells ahead of the Sells' depositions. As stated in *Harris*, it is up to the objecting party to show good cause to prevent that sharing of materials, and Plaintiffs have refused to even attempt to do so.

Plaintiffs' burden to show good cause equally applies to attendance and review of depositions. Federal Rule of Civil Procedure 26(c)(1)(E) demonstrates that a Protective Order is necessary if the parties want to designate who may be present "while the discovery is conducted". Indeed, Judge Susie Morgan, who is handling the *Lewis* case, has held that good cause must be shown to exclude non-party witnesses from depositions. *See David v. Signal Intern., LLC*, 2014 WL2581319, at p. 2 (E.D.La. 5/14/14). In *David*, Judge Morgan noted that "courts have declined to order sequestration based on a conclusory allegation or inchoate fear that witnesses who attend each other's depositions will tailor their testimony to conform." *Id.*, citing, *In re Terra Int'l, Inc.*, 134 F.3d 302 (5th Cir. 1998) (other citations omitted); *see also*, *Ryder v. Union Pacific Railroad Company*, 315 F.R.D. 186 (M.D.La. 2016).

Judge Morgan held based on the Fifth Circuit's holding in *In re Terra Int'l* that without affidavits or other evidence supporting the assertion that attendance or review of depositions will

---

[1] At least one defendant had already stated in the December 1, 2022 status conference before this Court that they had no objection to undersigned counsel attending the depositions. And as stated in the Sells' original Motion, no Defendant objects to the Sells' proposed Protective Order.

somehow affect a witness's future testimony, any such claim is merely "stereotyped and conclusory" and, therefore, does not meet the good cause standard to exclude attendance or review of testimony. *See David* at p. 1, *In re Terra* at 306-7. As this Court is aware, Plaintiffs have done nothing more than lob stereotyped and conclusory veiled assertions against the Sells that they must not be "honest" for seeking these transcripts. *See* Plaintiffs' Opposition at p. 3.

In the absence of any "particular and specific demonstration of fact" through affidavits of other evidence, entry of any sequestration protective order has been held to be a clear abuse of discretion. *See In re Terra, Int'l* at 306. In this case, Plaintiffs have failed to make any such showing through affidavits or any other evidence in their Opposition. Their baseless claim is, therefore, "stereotyped and conclusory" and without merit based on Fifth Circuit jurisprudence and the Federal Rules of Civil Procedure.

## II.    The Protective Order Entered in This Case Permits Review of the Depositions.

The Original Protective Order [Doc. 206] affords no greater protection for deposition transcripts unless they are properly designated as "Confidential". *See* Doc. 206 at p. 7. Further, as demonstrated in the Sells' Original Memorandum, the Protective Order permits the production of Confidential portions of depositions to be disclosed to "third-party fact witnesses" in preparation for those witnesses' testimony if that review is "reasonably necessary". *See id.* at p. 6.[2]

Plaintiffs make the questionable assertion that "[n]o honest witness would find it 'reasonably necessary' to review someone else's testimony to provide their own truthful testimony under oath." *See* Plaintiffs' Opposition at p. 3. Aside from flirting with inappropriate imputations

---

[2] The Sells do not know and <u>Plaintiffs have not asserted</u> whether any of the testimony in the requested depositions has been properly designated as Confidential pursuant to the Original Protective Order. If there has been no such designation, then the deposition transcripts should be produced in its entirety without any further requirements pursuant to *In re Terra, Int'l* and related cases.

against the Sells, Plaintiffs' claim is nonsensical as they essentially assert that no third-party fact witness could <u>ever</u> request a review of this information without improper intentions. Further, Plaintiffs cannot explain why this information was contained in the Original Protective Order if "no honest witness" would ever need to review such testimony.

The Sells have demonstrated in their Original Memorandum and herein why review of any confidential designations of transcripts are reasonably necessary. All other portions of the transcripts should also be shared as they are not protected from disclosure by the Original Protective Order.

**III.**     **<u>Plaintiffs Did Not and Cannot Explain Why They Are Only Permitting Dismissed Defendants in *Lewis* But Not in *Owens* to Attend or Review Depositions.</u>**

Plaintiffs claim that the decision in the *Lewis* case should not apply to the instant litigation. But this ignores the Court's Orders linking all depositions together. For example, this Court has ordered, based on an order from *Lewis*, that any deposition which may be relevant in both the instant action and in *Lewis* must be taken in both cases simultaneously [Doc. 246]. And while Plaintiffs claim that the plaintiff attorneys in *Lewis* believed that the order in *Lewis* regarding the right of dismissed defendants to attend depositions did not apply to the instant case, there is no affidavit or other evidence supporting such a claim. Importantly, Plaintiffs chose not to seek any clarification from the Court at the time of the *Lewis* order, deciding instead to just ignore that Court Order.

The Sells respectfully assert that even if the *Lewis* case was not intended to apply to dismissed defendants in the instant case (which is denied), <u>Plaintiffs cannot explain why they are permitting dismissed defendants from *Lewis* to attend all depositions taken in the *Owens* case since that Order but not allowing dismissed defendants from *Owens* to attend those same depositions.</u> Plaintiffs have not attempted to explain why there is a difference between allowing a dismissed

*Lewis* defendant to "access evidence" and allowing a dismissed *Owens* defendant to access that same evidence.  Because there is none.  Plaintiffs have already acceded to the Order by permitting *Lewis* dismissed defendants to attend these depositions.  They can articulate no basis why that Order should not also apply to the dismissed defendants in *Owens*, allowing them to attend those very same depositions.

## IV.    To the Extent Necessary, the Sells Have Demonstrated Good Cause.

The Sells have demonstrated why they have good cause for the entry of a Protective Order. Further, the Sells have quoted directly from Federal Rule 26(c)(1) by stating that the entirety of the Protective Order is necessary to protect them from "annoyance, embarrassment, [and] oppression".  Contrary to Plaintiffs' arguments, the Sells have met their burden to demonstrate this need for protection by presenting this Court with "particular and specific demonstrations of fact". *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

Particular and specific demonstrations of fact were presented to this Court by the Sells in the form of citations to examples of each of the relevant Plaintiffs' statements to the media, Plaintiffs' continuing allegations against the Sells in this litigation, and the Sells' ultimate decision to leave their jobs at LSU and move out of state in that aftermath.

Plaintiffs correctly assert that the Sells are "no longer parties in this case" but gloss over the fact that numerous allegations were asserted against the Sells in the most recent Complaint filed in this litigation. In fact, Plaintiffs explicitly refer to Julia and/or Michael Sell including unfounded assertions against the Sells in paragraphs 327, 340, 341, 342, 343, 455, 459, 460, 461, 471, 472, 473, 474, 475, 542, 543, 547, 554(a), 554(e), 557, 558, 559, 563, 564, 565, 567, 568, 569, 571, 572, 573, 574, 575, 576, 577, 578, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589,

591, 592, 596, 767, 769(a), 791, 795, 797(a), 800, 803, 804, 806, 807, 808(a), 810(a), 810(b), 810(c), 810(d), 810(e), 810(f), 810(g), 861, 888, 889, 932, 932(a), 932(b), 932(c), 951, 952, 953, 962, 963, 964, 965, 981, 982, 983, 984, 1022(a), 1023, 1024, 1025, 1032, 1034(a), 1034(b), 1034(c), 1035, 1036, 1037, 1040, 1041, 1042, and 1043 [Doc. 182].  It is, therefore, reasonably necessary for the Sells to know whether certain Plaintiffs supported or recanted these assertions in their sworn testimony in order to best prepare for their own depositions.

V.      **Plaintiffs' Unwarranted Argument that the Sells Should be Re-Added as Defendants Could Only Be Intended to Harass and Concern the Sells.**

On November 10, 2022, this Court entered a Scheduling Order governing this case. [Doc. 124].  That Scheduling Order set a deadline to filing any amendments to pleadings and other claims for December 6, 2021, over one year ago.  That deadline has never been changed.

Now, without filing a Motion for Leave to amend their Complaint, Plaintiffs make the improper "request that this Court re-add [the Sells] as defendants…" in this litigation.  Plaintiffs must know that the deadline passed over one year ago and that such an action cannot be taken absent a formal motion for leave to be presented to this Court.  Further, Plaintiff would be required to show good cause for modifying the Scheduling Order, which they have not attempted to do. *See* Federal Rule of Civil Procedure 16(b)(4) and Doc. 124 at p. 6 ("Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Eastern District Local Rules and upon a showing of good cause.")

Plaintiffs' contention is not warranted by law or a nonfrivolous argument for extending the law in this case. Therefore, Plaintiffs' presentation of this argument can serve no valid purpose for this Court.  Plaintiffs' only plausible purpose of making this argument must be to try to harass and

concern the Sells.[3]  For these reasons, the Sells respectfully assert that Plaintiffs' assertion on this point is without merit.

**VI.     Presentation of Materials to the Sells During Their Depositions Will Waste Time and Shorten the Amount of Time Plaintiffs Have to Depose the Sells.**

As discussed during negotiations over the Protective Order with Plaintiffs' counsel, the main purpose of requesting materials to be used during the deposition was to enable the Sells enough time to review those documents without using up too much time during the timed deposition.  If Plaintiffs do not wish to present these materials prior to the depositions with enough time for the Sells to thoroughly review the documents, they should expect the Sells to review those documents while the time is running out during the depositions.

**VII.    Conclusion**

Plaintiffs have failed to give any valid reasons to withhold the requested transcripts from the Sells.  They have not attempted to show good cause to prevent the sharing of these depositions and have failed to properly address relevant jurisprudence regarding the production of those materials.  Plaintiffs have also failed to address the Original Protective Order permitting the production of these documents, choosing instead to make veiled imputations of dishonesty against the Sells.  Finally, Plaintiffs cannot explain why dismissed defendants from *Lewis* can attend these depositions but dismissed defendants from *Owens* cannot.  Based upon the foregoing, the Sells respectfully assert that they have the right to obtain and review these transcripts and materials based on the Federal Rules of Civil Procedure, related jurisprudence and the Orders of this Court and request that the Protective Order be approved.  The Sells further request all other relief this Court deems proper.

---

[3]  *See* Federal Rule of Civil Procedure 11(b).

Respectfully Submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**
**By:** */s/ Sidney W. Degan, III*
**SIDNEY W. DEGAN, III (#04804)**
**KEITH A. KORNMAN (#23169)**
**JENA W. SMITH (#25255)**
Special Assistant Attorneys General
**DEGAN, BLANCHARD & NASH**
400 Poydras Street, Suite 2600
New Orleans, LA 70130
Telephone: (504) 529-3333
Facsimile: (505) 529-3337
sdegan@degan.com
kkornman@degan.com
jsmith@degan.com
*Attorneys for*
*Julia Sell and Michael Sell*