UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**EX PARTE MOTION TO EXTEND CERTAIN UNEXPIRED DEADLINES**

NOW INTO COURT, through undersigned counsel, come Defendants, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Verge Ausberry, Miriam Segar, Jennie Stewart and Jonathan Sanders (collectively, "Defendants"), who respectfully move this Court to extend certain unexpired deadlines in this matter. In support of this motion, the parties state as follows:[1]

1.

Pursuant to this Court's current Scheduling Order (Docs. 247, 275), the current deadlines are:

- Defendants' expert report deadline: February 8, 2023;
- Witness and exhibit lists due: February 1, 2023;
- Plaintiffs' rebuttal expert report deadline: February 22, 2023;
- Discovery and deposition deadline: March 7, 2023;

---

[1] Immediately after this Court granted Plaintiffs additional time to submit their expert reports, Defendants moved this Court for an extension of their expert deadline to correspond with the extension granted to Plaintiffs. This Court denied the motion on the basis that the Court did not consider its grant of an extension to Plaintiffs as sufficient grounds to provide the same extension to Defendants. Rather than immediately re-filing a motion for additional time with more specific grounds, Defendants waited to provide additional grounds until they had received Plaintiffs' expert reports and would know the nature and content of the expert opinions, what responsive expert evaluations and opinions would be necessary, and the timetable that would be required for such responsive evaluations and reports. Defendants now provide detailed grounds related to Plaintiffs' reports and provide more precise time periods based on those reports.

- Submission date for summary judgment motions and motions in limine regarding the admissibility of expert testimony: April 4, 2023;

- Pretrial conference: June 1, 2023; and

- Trial: June 26, 2023.

2.

Plaintiffs previously served defendants with their Expert Witness List in which they identified six experts. (R. Doc. 244) Plaintiffs' latest deadline to submit expert reports was January 9, 2023. The current deadline places Defendants' expert reporting deadline a quick 30 days later.

3.

Plaintiffs' recent production of their expert reports indicates that an extension of Defendants' expert report deadlines is necessary. The reports provided information and conclusions that were not expected according to Plaintiffs' Expert Witness List. The previously provided disclosures gave no notice that the reports would discuss some of the topics contained in the reports.

4.

For example, Plaintiffs' vocational rehabilitation expert, Josephine Doherty, included numerous findings regarding causation as it relates to her assessment of the Plaintiffs. Plaintiffs' Expert Witness List did not indicate that such causation would be a subject of Plaintiffs' vocational expert reports. Additionally, there was no notice provided in Plaintiffs' Expert Witness List that the trauma expert, Apryl Pooley, would give particularized information on the Plaintiffs. (R. Doc. 244)

5.

PD.40775436.1

After reviewing the expert reports, Defendants have concluded that it will be necessary to conduct Independent Medical Exams ("IMEs") on each Plaintiff. The necessity of doing so was unclear prior to receipt of Plaintiffs' expert reports. For example, Defendants could not know from Plaintiffs' Expert Witness List whether any expert would give particularized testimony about each Plaintiff's emotional health, and if so, to what degree, or whether Plaintiffs' experts would have performed their own testing or medical examinations of Plaintiffs. Nor was it clear to Defendants that any expert would render causation opinions, much less whether, based on the findings in Plaintiffs' actual reports, Defendants would believe IMEs were necessary.

6.

Following receipt of Plaintiffs' expert reports, Defendants requested that Plaintiffs submit to IMEs. Plaintiffs responded that the IMEs must be conducted in each Plaintiff's own locations, as opposed to Plaintiffs traveling to Louisiana, where they filed their suit. Plaintiffs live in various locations across the country and, in two instances, in other countries. Defendants' expert cannot conduct these IMEs in the short 30-day time frame provided by the current deadline (particularly not in numerous locations, as requested by Plaintiffs). In an effort to accommodate Plaintiffs' request, Defendants have made arrangements for virtual psychological evaluations (and are working on virtual vocational rehabilitation evaluations), and their psychological expert is preparing to conduct testing by virtual means. The expert has identified dates between February 7-February 21, on which he can conduct all of the Plaintiffs' evaluations, and then issue his reports on each thereafter.

7.

Additionally, because of the nature of this case and the opinions at issue, the vocational rehabilitation and other experts will not be able to complete their necessary work or issue reports

PD.40775436.1

until the psychological expert finalizes the IMEs and issues his report. Therefore, an extension for all defense expert reports is necessary.

8.

As another example of the need for an extension of Defendants' expert deadlines, Plaintiffs also submitted a 49-page report from their Title IX expert, which report itemizes each of the Plaintiff's unique circumstances and renders conclusions about each Plaintiff's particular involvement or non-involvement in the Title IX process. Notably, this scope was not disclosed in Plaintiff's Expert Witness List, where Plaintiffs merely disclosed that their expert's testimony would include "proper Title IX procedures required of federal funding recipients." (R. Doc. 244) Accordingly, Defendants' Title IX expert is now having to address all of Plaintiffs' particularized analyses of the Plaintiffs' respective claims.

9.

Plaintiffs have sought and received significant extensions on producing their expert reports. Plaintiffs obtained several extensions to provide their disclosures and missed a deadline in one instance. Indeed, Plaintiffs received an extension of *all* of their expert reports, despite having only requested an extension of their vocational experts. (R. Doc. 253, 261) Moreover, although Plaintiffs were ordered to provide expert reports as they became available, the earliest completed report was not provided until January 6, 2023 (one business day before their deadline). (R. Doc. 261) Defendants have been presented with extreme difficulty in moving forward with their own expert witness processes prior to receipt of Plaintiffs' expert reports. Now, upon Defendants' recent receipt of Plaintiffs' reports, Defendants have been finally able to adequately assess the necessity and scope of their own experts.

10.

Due to the vast number of plaintiffs in this case and the vastness of their expert reports, Defendants will not be able to finalize their expert reports by the current deadline of February 8, 2023. Accordingly, Defendants respectfully seek a 30-day extension for their Title IX expert report and a 60-day extension to submit their other expert reports.

11.

In addition, the parties have several depositions left to take in this case, including but not limited to expert depositions. The parties have been cooperative and efficient in taking many depositions over a period of months, but due to the potential number of witnesses and extensive expert issues, even with the utmost diligence, the scheduling and taking of the remaining depositions cannot reasonably occur before March 7, 2023. Similarly, the parties would be in a more informed position to complete their exhibit and witness lists if the witness and exhibit list deadline was moved proportionally with the discovery deadline.

12.

For these reasons, Defendants have evaluated the remaining deadlines in the case and desire a short extension of the following deadlines to the requested dates:

- Defendants' expert report deadline for Title IX expert: March 8, 2023;
- Defendants' expert report deadline for remaining experts: April 8, 2023;
- Witness and exhibit lists due: March 8, 2023;
- Discovery and deposition deadline: March 28, 2023;
- Submission date for summary judgment motions and motions in limine regarding the admissibility of expert testimony: May 9, 2023;

These deadlines would not interfere with completion of all deadlines and submissions before the June 1, 2023 pretrial conference date.

13.

The parties have been fully cooperating in discovery, including expert discovery and the taking of depositions. Defendants have consented to multiple previous extensions of Plaintiffs' deadlines. (R. Doc. 232, 253).[2] Plaintiffs do not give their consent to the deadlines proposed by this motion.

14.

Under Fed. R. Civ. P. 16, good cause exists to extend the specific deadlines at issue. The parties respectfully request an Amended Scheduling Order to include the new deadlines.

WHEREFORE, the parties pray that the Motion be granted, extending the aforementioned deadlines.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Susan W. Furr Bar Roll No.  19582
Karleen J. Green Bar Roll No.  25119
Shelton Dennis Blunt Bar Roll No. 21230
Michael B. Victorian Bar Roll No. 36065
Molly C. McDiarmid Bar Roll No. 36426
*Special Assistant Attorneys General*
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com

---

[2] Defendants did not oppose Plaintiff's Motion to Amend the Scheduling Order (R. Doc. 253), thereby consenting.

      Email: karleen.green@phelps.com
      Email: michael.victorian@phelps.com
      Email: molly.mcdiarmid@phelps.com
***Counsel for the Board of Supervisors of Louisiana State University & Agricultural and Mechanical College***

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ Mary Ann White*
John C. Walsh (LA 24903)
Jeffrey K. Cody (LA 28536)
Mary Ann White (LA 29020)
Shows Cali & Walsh, LLP
628 St. Louis Street (70802)
P.O. Box 4425
Baton Rouge LA  70821-4425
Ph:   225-346-1461
Fax: (225) 346-1467
john@scwllp.com
jeffreyc@scwllp.com
maryannw@scwllp.com
***Special Assistant Attorneys General***
***Counsel for Defendant, Miriam Segar***

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ Darren A. Patin*
Darren A. Patin
Hailey McNamara
*Special Assistant Attorney General*
3445 N. Causeway Boulevard, Suite 800
Metairie LA 70002
Ph.:   504-836-5986
Fax:   504-836-6565
dpatin@haileymcnamara.com
***Counsel for Defendant, Verge Ausberry***

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ William Large*
Mark R. Pharr, Bar Roll No. 21019
Lindsay Meador Young Bar Roll No. 31261
William F. Large Bar Roll No. 34837
Galloway Law Firm
*Special Assistant Attorneys General*
3861 Ambassador Caffery Pkwy., Ste. 300
Lafayette LA 70503
Ph.: (337) 735-1760
Fax: (337) 993-0933
tiger@gallowaylawfirm.com
LMeador@gallowaylawfirm.com
wlarge@gallowaylawfirm.com
***Counsel for Jonathan Sanders***

PD.40775436.1

                **JEFF LANDRY**
                **ATTORNEY GENERAL**

BY: /s/ *Dennis Phayer*
Dennis J. Phayer (La. Bar. No. 10408)
Gregory C. Fahrenholt (La. Bar No. 28572)
Craig J. Canizaro (La. Bar. No. 31086)
*Special Assistant Attorney General*
Burglass & Tankersley, LLC
5213 Airline Drive
Metairie, LA 70001
Ph.: (504) 836-0412
Fax: (504) 287-0452
Dphayer@burglass.com
gfahrenholt@burglass.com
szarzeka@burglass.com
**Counsel for Jennie Stewart**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on January 20, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

                /s/  *Susan W. Furr*
                Susan W. Furr

PD.40775436.1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### ORDER

CONSIDERING the Motion for Extension of Certain Unexpired Deadlines filed by Defendants Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Verge Ausberry, Miriam Segar, Jennie Stewart and Jonathan Sanders;

IT IS ORDERED that the Motion is GRANTED. The Court will issue an Amended Scheduling Order with the deadlines requested.

New Orleans, Louisiana, this _____ day of _____, 2023.

_____
WENDY B. VITTER
UNITED STATES DISTRICT JUDGE