## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**OWENS, ET AL.**

**VERSUS**

**LOUISIANA STATE UNIVERSITY, ET AL.**

**CIVIL ACTION**

**No. 21-242-WBV-SDJ**

### ORDER

Before the Court is a Motion for Entry of Proposed Protective Order and for Production of Deposition Transcripts and Discovery Materials filed by former defendants and current non-parties Julia Sell and Michael Sell on December 2, 2022. (R. Doc. 265). For the reasons below, the Motion for Protective Order is **GRANTED in part**. To the extent that the Sells seek deposition transcripts and other discovery materials from current parties, the motion is **DENIED**.

I.      **Background**

This case arises from Title IX claims brought against LSU and many associated parties. The Sells were originally named as defendants in this litigation but were later dismissed without prejudice. (R. Doc. 187). The Sells have agreed to appear for depositions for Plaintiffs on or about January 29-31, 2023. (R. Doc. 265-1 at 4). In the instant motion, the Sells seek to ensure that their depositions are subject to the protective order that governs all discovery (R. Doc. 206), with some additions regarding deposition procedure, destruction of audio or visual recordings, and production of discovery materials. (R. Doc. 265-2, Proposed Protective Order).

On December 1, 2022, a telephone conference was held before the Court regarding a deposition of Plaintiff Jade Lewis scheduled for the following day. Keith Kornman, counsel for the Sells, sought to attend

this deposition per an order in *Lewis v. Louisiana State University, et al*.[1] Plaintiffs asserted that the order from a separate case was not applicable and that Kornman should not be allowed to attend the deposition. Kornman agreed not to attend the deposition but said that the Sells would be seeking transcripts after the fact. The proposed protective order in the instant motion includes a stipulation that complete transcripts of depositions given by named Plaintiffs and any of their family members be provided to the Sells and their counsel for review.

## II.    Production of Plaintiffs' Deposition Transcripts and Discovery Materials

The proposed protective order for the Sells' depositions includes two provisions regarding production of documents: (1) production of any document that may be presented to the Sells during their depositions shall be produced within reasonable time for review prior to the Sells' depositions; and (2) production of complete transcripts of depositions given by the named Plaintiffs and any of their family members immediately upon entry of the protective order. (R. Doc. 265-2 at 2). The Sells assert that Plaintiffs have "refused" to produce these documents but that they are entitled to these documents "pursuant to their general rights to information produced in discovery". (R. Doc. 265-1 at 2).

The Sells assert that, because the Second Amended Complaint, in which they are not named as defendants, contains "multiple unfounded allegations" regarding the Sells and their conduct, they have a "personal interest" in Plaintiffs' sworn testimony. (R. Doc. 265-1 at 3, 8). They explicitly cite their desire to review Plaintiffs' testimony in order to prepare for their own depositions. (R. Doc. 265-1 at 8). While the Sells may have a personal interest in knowing what is said about them in sworn testimony, this interest does not create a right to discovery materials. Non-party witnesses generally do not have access to discovery materials except during their depositions as provided by counsel. The Sells claim they want to avoid "trial by ambush" in their depositions (R. Doc. 265-1 at 10), but the Sells are not on trial in this case and will not

---

[1] *Lewis v. Louisiana State University, et al*, No. 21-198, ECF No. 285 (M.D. La. filed Apr. 26, 2021). Sharon Lewis, plaintiff in No. 21-198, is not Plaintiff Jade Lewis of the instant case and whose deposition Kornman sought to attend.

be unless they are rejoined as defendants, in which case they would be free to seek discovery as any other parties do.

### A.    Free Use of Discovery Materials is Not a Presumption of Access

In addition to their subjective personal interest, the Sells cite three sources of their alleged right to access deposition transcripts. First, they claim the "presumption of free use" of discovery materials creates a burden on Plaintiffs to show good cause why they cannot produce discovery documents to the Sells. (R. Doc. 265-1). They cite *Harris v. Amoco Prod. Co.*,[2] saying that the free use of discovery materials is only limited by protective orders pursuant to Federal Rule 26(c), and thus that a party that does not want to produce discovery materials must show "good cause" to restrict production of those documents. (R. Doc. 265-1). The court in *Harris* said, "a party may generally do what it wants with material obtained through the discovery process, so long as it wants to do something legal." *Harris* at 684. But it cites the caveat that there is no absolute right to disseminate information obtained through pretrial discovery. *Harris* at 684 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 2208-09, 81 L.Ed.2d. 17 (1984)). That court goes on to say that "if the party from whom discovery is sought shows 'good cause', the presumption of free use dissipates", and a court can restrict the use of discovery materials. *Harris* at 684.

The Sells are correct that the free use of discovery materials is limited only by Federal Rule 26(c), which allows for protective orders like the one the Sells themselves seek in the instant motion. But it is Federal Rule 26(b) that identifies to whom the restrictions of 26(c) apply. Rule 26(b)(1) states that "**[p]arties** may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…". (Fed. R. Civ. P. 26(b)(1)) (emphasis added). It is parties to the litigation who may make discovery requests. Rule 26(c) then allows for protection of the provider via restriction of materials sought or the use of those materials. Because they are not parties, the Sells cannot seek discovery; what they

---

[2] *Harris v. Amoco Prod. Co.*, 768 F.2d 669 (5th Cir. 1984).

actually seek here is not discovery but products of Plaintiffs' discovery efforts. If Plaintiffs wanted to avail themselves of "free use" and share discovery documents with the Sells, Rule 26(c) would apply, and they would be bound by the already agreed Protective Order. But the Court cannot compel such production to a non-party.

In their Reply Memorandum, the Sells continue to assert that *Harris* applies here because in that case an intervenor sought to share case documents with third parties; the Sells assert that they seek the same here. (R. Doc. 287 at 3). The crucial flaw in this analogy is that the instant motion does not involve a party attempting to share information but rather a non-party attempting to compel production—here the Sells are attempting to force Plaintiffs into the role of the intervenors in *Harris*.[3] As the court in *Harris* plainly stated, "a party may generally do what it wants with material obtained through the discovery process".  It does not state that a party *must* do anything that is requested with those materials.

### B.    Protective Orders Do Not Create an Obligation to Disclose

In their second invocation of authority for their alleged right to access Plaintiffs' deposition transcripts, the Sells cite the Protective Order (R. Doc. 206) that governs all discovery for this litigation. The Sells argue that because the Protective Order provides for the production of confidential information to third-party fact witnesses, production to the Sells is expected. (R. Doc. 265-1 at 10). The relevant provision of the Protective Order is Section 5: Limited Third-Party Disclosures; it reads:

> The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity <u>except</u> as set forth in subparagraphs (1)-(9) below. *Subject to these requirements, the following categories **may** be allowed to **review** Confidential Information*. … (7) during their depositions, or in preparation for their trial or deposition testimony, third-party fact witnesses in this action … *Third party fact witnesses **shall not retain a copy** of documents containing Confidential Information…*

---

[3] Indeed, if the Sells wished to obtain discovery materials, their appropriate action would have been to seek to intervene rather than attempting to compel production with a protective order. *See, e.g., EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("the appropriate avenue for advancing 'third-party claims of access to information generated through judicial proceedings' is permissive intervention pursuant to Rule 24(b).") (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1998)).

(R. Doc. 206 at 5-6) (underline in original, other emphasis added). The Sells omitted parts of this section when they quoted it in their memorandum supporting the instant motion (R. Doc. 265-1 at 9), so the Court has provided the missing lines here in italic type. The Sells' omissions show that production of deposition transcripts is merely *permitted* and not required, and that production of permanent copies to the Sells is *not* in fact provided for but explicitly forbidden. The purpose of this section of the Protective Order is to allow for attorneys to share discovery materials in the course of depositions and to prepare their own witnesses. It does not intend to *require* production of documents to everyone who signs the confidentiality agreement, nor does it do so in practice. The same logical fallacy that was detrimental to the Sells' argument regarding the free use of discovery materials also invalidates their argument regarding the existing Protective Order: just because something is permitted does not mean it is required.

### C.    Judicial Orders Do Not Bind Parties Outside That Case

The final source of authority the Sells cite for their alleged right to access Plaintiffs' deposition transcripts is an order issued in *Lewis v. LSU, et al.*[4] Such an order from another case does not bind parties in this case. Counsel for parties to this case but *not* party to *Lewis* would not have received notice of this order in *Lewis*, much less a chance to discuss it with the ordering judge. The order in this case regarding joint depositions (R. Doc. 246), which the Sells cite in their Reply Memorandum, does reference an order in *Lewis*, but it is an independent order in *this case*. There is no such order in this case regarding dismissed parties' attendance at depositions.

Even if the order in *Lewis* bound parties to this case who are not party to *Lewis*, it does not provide for retroactive production of transcripts of depositions that had already taken place, does not guarantee permanent access to transcripts, and only references access for counsel and not for parties themselves. It would be far outside the scope of that order to allow the Sells—and not their attorneys only—access to deposition transcripts of all Plaintiffs and their family members. But again, these points are moot as the

---

[4] *Lewis v. Louisiana State University, et al*, No. 21-198, ECF No. 285 (M.D. La. filed Apr. 26, 2021).

*Lewis* order only binds parties to that litigation. The Sells argue that Plaintiffs have allowed dismissed defendants from the *Lewis* case to attend or review depositions in this case and must explain why the Sells are not permitted the same access. (R. Doc. 287 at 5). But as discussed above, parties may do what they wish with their discovery materials within the bounds of law and protective orders.

### III.    Remaining Provisions of the Proposed Protective Order

The remaining provisions of the Sells' proposed protective order include non-waiver of formal service, time limitation on the depositions, and obligations to destroy any audio or visual recordings of the Sells' depositions upon conclusion of this litigation. The Court declines to limit the duration of depositions beyond the limitation set forth in Federal Rule of Civil Procedure 35(d)(1).[5] The Sells have not shown good cause why there should be such a time limit or why it should be allocated among the parties according to the Sells' wishes. The Sells have, however, shown good cause why a protective order should be entered regarding confidentiality and destruction of their deposition recordings. Defendants agree to the remaining provisions. (R. Doc. 265 at 1). Plaintiffs do not present objections to these provisions and explicitly agree to destruction of audio and visual recordings of the Sells' depositions upon the conclusion of this litigation. (R .Doc. 286 at 2). Thus,

**IT IS ORDERED** that the Motion for Entry of Proposed Protective Order for Depositions of Julia Sell and Michael Sell is **GRANTED in part**, and the attached Protective Order will be entered into the record by the Clerk of Court, along with its exhibit (R. Doc. 265-3, signed Acknowledgments and Agreements to be Bound). The Court has amended the Proposed Protective Order in accordance with the reasoning above and eliminated Sections 2(b), 2(c), and 2(d).

---

[5] "[A] deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 35(d)(1)

**IT IS FURTHER ORDERED** that insofar as the Motion for Proposed Protective Order seeks

Production of Specific Deposition Transcripts and Discovery Materials, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 24, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**OWENS, ET AL.**

                                             **CIVIL ACTION**

**VERSUS**

                                             **No. 21-242-WBV-SDJ**

**LOUISIANA STATE UNIVERSITY,
ET AL.**

---

<u>**PROTECTIVE ORDER FOR DEPOSITIONS OF JULIA SELL AND MICHAEL SELL**</u>

It is hereby Ordered, Adjudged, and Decreed that the following Protective Order is issued to govern the depositions of Julia Sell and Michael Sell ("Sell Depositions") in the instant litigation:

1. **Application of General Protective Order.** The Protective Order issued in *Owens, et al. v. Louisiana State University, et al.* (R. Doc. 206) (the "Original Protective Order") shall apply in all respects to the Sell Depositions and shall be made a part of this Protective Order unless otherwise ordered herein. Julia Sell, Michael Sell (the "Sells"), and relevant counsel and staff members for the law firm representing the Sells for Depositions have all executed the Acknowledgment and Agreement to be Bound, attached hereto as Exhibit 1 demonstrating their agreement to be bound in all respects by that Protective Order.

2. **Agreed upon procedures for the Sell Depositions.** The Sell Depositions shall be taken pursuant to all requirements included in the Original Protective Order including, but not limited to Paragraph 4 "Depositions" and pursuant to these additional requirements:

   a. **Appearance at Depositions.** Julia Sell and Michael Sell agree to appear voluntarily for their depositions on or about January 29-31, 2023, in the general vicinity of Charleston, South Carolina. This voluntary appearance shall not act as a waiver by Julia Sell or Michael Sell to require formal service for any other aspect of this or any other litigation in accordance with the Federal Rules of Civil Procedure.

3. **Obligations upon conclusion of the Sell depositions.** The Sell depositions shall be treated the same as all party depositions in relation to confidentiality as dictated by the Original Protective Order and other orders entered in the instant litigation.

4. **Obligations upon conclusion of the litigation.** In addition to the obligations within the Original Protective Order, all parties agree that any audio and visual recordings of the Sell Depositions and any copies thereof shall be destroyed within sixty (60) days after dismissal or entry of final judgment not subject to further appeal of the instant litigation. The Sells or their counsel may make demand for confirmation of destruction of the audio and visual recordings within sixty (60) days after dismissal or entry of final judgment not subject to further appeal. If such a demand is timely made, the parties upon which the demand is made shall provide written confirmation of the destruction of the materials as requested.

5. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

6. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

7. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

Signed in Baton Rouge, Louisiana, on January 24, 2023.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**