UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, et al.
    *Plaintiffs*

v.

LOUISIANA STATE UNIVERSITY, et al.
    *Defendants*.

CIVIL ACTION NO. 3:21-cv-00242

JUDGE WENDY B. VITTER
MAG. JUDGE SCOTT D. JOHNSON

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME FOR CERTAIN UNEXPIRED DEADLINES**

Now come Plaintiffs, through undersigned counsel, who respectfully request that the Motion for Extension of Time for Certain Unexpired Deadlines ("Motion") [ECF No. 293] filed by Defendants, be denied.

**I.    Procedural History**

On November 18, 2022, Counsel for Plaintiffs contacted Counsel for Defendants as numerous medical records that were necessary for Plaintiffs' experts to review had not been received by Counsel for Plaintiffs, and Plaintiffs sought Defendants' concurrence in extending Plaintiffs' expert report deadlines. Exhibit 1 at 6. Counsel engaged in negotiations over the extension of deadlines but had not reached an agreement by November 23, 2022. *Id*. at 3-4. Counsel for Plaintiffs did not feel comfortable waiting any longer before filing a motion as no final agreement had been reached among counsel. Therefore, on November 23, 2022, Plaintiffs filed a Motion to Amend Scheduling Order as to Certain Expert Reports, seeking an extension to January 15, 2023, to submit certain expert reports. ECF No. 253. On November 30, 2022, this Court granted this Motion in part and denied it in part, and ordered: "Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs,

1

shall be obtained and delivered to counsel for Defendants as soon as they become available, but in no event later than **January 7, 2023**." ECF No. 261 (emphasis in original). On December 2, 2022, Defendants filed an Unopposed Motion to Amend Scheduling Order as to Defendants' Expert Reports seeking an extension to submit all their expert reports on March 8, 2023. ECF No. 264. On December 8, 2022, this Court issued an Order which provided Defendants an extension to February 8, 2023. ECF No. 275.

On December 9, 2022, Attorney Susan Furr, Counsel for Defendant LSU Board of Supervisors, contacted Counsel for Plaintiffs to notify them that Defendants intended to file another motion seeking an extension to March 8, 2023, with "additional grounds per the court's request," and asked if Plaintiffs would still consent. Exhibit 1 at 1. Counsel for Plaintiffs reviewed the Second Amended Scheduling Order [ECF No. 247] and realized that moving Defendants' deadlines out that far would impact other deadlines and provided a proposed schedule. *Id*. Attorney Furr asked Counsel for Plaintiffs if they would then agree to call the motion a "joint motion," to which Counsel for Plaintiffs agreed. *Id*. Counsel for Defendants then did not file the motion and did not contact Counsel for Plaintiffs further on the matter. Counsel for Plaintiffs understood the lack of filing and communication to mean that Defendants had decided not to file the motion after all.

On December 13, 2022, Plaintiffs submitted their first expert report to Defendants. Exhibit 2. Plaintiffs had submitted their expert witness list to Defendants on July 20, 2022, and submitted their expert reports as they became available, in accordance with this Court's order. Not until January 12, 2023, did Plaintiffs hear from Defendants again regarding an extension to their expert report deadline, when Attorney Mary Ann White, Counsel for Defendant Miriam Segar, contacted Counsel for Plaintiffs regarding the extension request. Exhibit 3 at 1. Attorney White at this time

2

advised Counsel for Plaintiffs that Defendants did not know what length of time was needed for an extension, writing, "In order to determine the length of the extension needed for our expert report deadlines, I need to know how soon you can present the plaintiffs for an IME [independent medical examination] and a vocational rehab conference." *Id*.

This email was the first time Defendants ever brought up the matter of evaluating the Plaintiffs. Plaintiffs were shocked that Defendants were making this request for the first time less than a month prior to the deadline for their expert reports to be submitted, particularly given the fact that Defendants have been aware of, and on several occasions objected vehemently to, Plaintiffs' requests for extensions of Plaintiffs' expert report deadlines when Defendants felt that Plaintiffs bore responsibility for the need for the extension due to a purported commitment to strictly obeying deadlines.[1] Hearing nothing before this date, Counsel for Plaintiffs had assumed Defendants would not be conducting expert examinations of Plaintiffs.

---

[1] *See*, e.g., Defendants' Joint Memorandum in Partial Opposition to Plaintiffs' Motion to Amend Scheduling Order filed on July 6, 2022 [ECF No. 237], in which Defendants wrote:

> Specifically, plaintiffs stated that their expert deadline had been "inadvertently omitted" by plaintiffs from the parties' previously filed Joint Motion (even though plaintiffs had also not sought defendants' consent to include their expert deadline in the Joint Motion). On June 20, 2022, undersigned counsel responded on behalf of the Board and stated that it did not consent to reviving any expired deadlines….
>
> The good cause standard is "fairly stringent." "Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking the amendment. Prejudice to the opposing party remains relevant but is not the dominant criterion." "[T]he ordinary rule is that simple carelessness, inadvertence, or attorney error does not amount to good cause justifying a modification of the scheduling order."10 Here, plaintiffs did not act with diligence to comply with or preserve their deadline, and reviving such deadline would prejudice defendants.

*Id*. at 2-3. *See also* Exhibit 1, an email in which, in response to an extension request to Plaintiffs' expert report deadline many necessary medical records had still not been received from Plaintiffs' providers, Attorney Furr wrote, "We do not see how the 11162 pages that you mention would result in a substantial delay. While you are correct that we are awaiting medical records from the providers, they are plaintiffs' providers, so it seems that plaintiffs could have obtained these records much earlier, without waiting for our subpoenas." *Id*. at 5.

*See also* Defendant Ausberry and dismissed Defendants Orgeron and Alexander's Joint Motion to Strike Plaintiffs' Oppositions to Defendants' Motions to Dismiss and to Continue Submission Date of Motions to Dismiss [ECF No. 152], in which Defendant Ausberry and the dismissed Defendants moved this Court to strike Plaintiffs' oppositions

3

In response to Attorney White's email, Attorney Elizabeth Abdnour, Counsel for Plaintiffs, responded that Plaintiffs had not and would not agree to a joint motion, but that Plaintiffs had agreed not to oppose the motion at the time of Attorney Furr's request a month prior. *Id*. Attorney Furr then wrote:

> Incidentally, we did not immediately file for the extension because we wanted to wait to see your reports and determine how much of an extension is needed and have more concrete grounds before going back to the court. Depending on your response to [Attorney White] about your clients' availability for IMEs, perhaps we can discuss what amount of extension is necessary, whether we can agree upon a schedule, and what other deadlines the parties believe will be impacted.

*Id*. Attorney Abdnour reiterated that Plaintiffs were not in agreement with a joint motion because there was no explanation provided as to why Defendants waited until receiving Plaintiffs' expert reports before even beginning the process of scheduling their own expert evaluations, given the significant amount of time needed to complete expert assessments and reports in a ten plaintiff case, and that Defendants' need for expert evaluations and reports would not in any case depend on the contents of Plaintiffs' expert reports. *Id*. Even if, as Defendants argue, the contents of Plaintiffs' expert reports were surprising to them, Defendants' experts should have already started their evaluations and reports and simply need to supplement or edit them based on the information in Plaintiffs' expert reports.

Later that day, Attorney Furr contacted Attorney Katie Lasky, Counsel for Plaintiffs, by telephone, asking if Plaintiffs would agree to adjourn the trial. Attorney Lasky notified Attorney Furr that under no circumstances would Plaintiffs consent to moving the trial. Attorney Furr then advised Attorney Lasky that Defendants still needed to schedule and conduct third-party depositions, despite the deposition deadline coming up in less than two months on March 7, 2023,

---

to Defendants' motions to dismiss because Plaintiffs had filed an *Ex Parte* Motion for Leave to File Oppositions Exceeding Page Limits [ECF No. 135] just <u>one minute</u> past the deadline.

4

and the significant amount of time (in some cases, months) it has taken to schedule the previous depositions taken in this matter given the challenge of coordinating the calendars of so many attorneys, parties, and witnesses. This was the first time Defendants ever mentioned scheduling third party depositions in this matter, and Plaintiffs have already taken almost all their third-party depositions.[2] Counsel for Defendants provided no rationale for doing so other than their failure to timely schedule expert examinations and third-party depositions. As of the time of filing, Defendants still have not scheduled any third-party depositions.

On January 13, 2023, Attorney White notified Counsel for Plaintiffs that: "We are thinking we will request a 30 day extension of the Title IX expert report deadline and need to find out what reasonable amount of time is needed for vocational rehab and psych expert report deadlines." *Id*. Counsel for all parties was at that point going back and forth trying to find dates that all could agree on regarding scheduling the expert evaluations of Plaintiffs. Counsel for Plaintiffs advised Counsel for Defendants that Plaintiffs were not willing to agree to any evaluation dates after February 8, 2023, as that was the deadline for Defendants' expert reports. *Id*.

On January 19, 2023, Attorney Furr contacted Counsel for Plaintiffs with a proposed schedule requesting consent to extend the deadlines. Via this email, Plaintiffs learned for the first time that Defendants were now seeking a two-month extension to submit some of their expert reports:

> As I believe either [Attorney White] or I may have mentioned to you briefly over the last week, defendants desire a short extension of some of the deadlines. We are going to file a motion and need to confirm your position. Do you give your consent to any of the following as extended deadlines:
> - Defendants' expert report deadline for Title IX expert: March 8, 2023;
> - Defendants' expert report deadline for remaining experts: April 8, 2023;
> - Witness and exhibit lists due: March 8, 2023;
> - Discovery and deposition deadline: March 28, 2023;

---

[2] The only remaining third party depositions Plaintiffs will take are of Julia Sell and Michael Sell, which are scheduled for January 30 and 31, 2023, and which are only occurring so late because of the Sells' attempts to delay.

5

- Submission date for summary judgment motions and motions in limine regarding the admissibility of expert testimony: May 9, 2023; [sic]

Please advise at your earliest convenience.

*Id.* Attorney Abdnour responded the same day, asking to review a copy of the motion to assess the rationale for the extension request so Plaintiffs could determine whether they could agree to consent. *Id.* Defendants provided a copy of the draft motion, but Plaintiffs were unable to identify any rationale therein that was not fundamentally due to a failure to manage the case properly; therefore, they did not consent to the extension request. *Id.*

Defendants have now filed the Motion at issue, seeking an extension of the deadlines for the reasons stated. The Court should deny this Motion for the following reasons.

## II.    Law and Argument

### A. Defendants have misstated the facts that form the basis for their Motion

Defendants falsely assert, "…although Plaintiffs were ordered to provide expert reports as they became available, the earliest completed report was not provided until January 6, 2023 (one business day before their deadline)." ECF No. 293-1 at 4. In fact, the earliest completed report, Plaintiff Calise Richardson's Vocational Evaluation & Earning Capacity Assessment completed by Josephine Doherty, was provided to Defendants on December 13, 2022. *See* Exhibit 2. Dr. Apryl Pooley's report was then provided to Defendants on January 4, 2023. *See* Exhibit 4. As Defendants were advised, Plaintiffs' experts were working until the eleventh hour to complete their expert reports due to delays in receiving medical records, some of which still were not received at the time the reports were completed, and some of which still have not been received at the time of filing this response. Further, economist Andrew Verzilli was unable to start his analysis

6

of each of the Plaintiffs until receiving Josephine Doherty's vocational assessment for that Plaintiff, as his assessments relied on her findings.

### B. Defendants have failed to meet their burden to prove that good cause exists to grant their Motion

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." The Fifth Circuit has established that "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining good cause, "this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice." *Carollo v. ACE Am. Ins. Co.*, No. CV 18-13330-WBV-KWR, 2019 WL 4038602, at *3 (E.D. La. Aug. 27, 2019) (internal citations omitted); *see also Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). In their Memorandum in Support [ECF No. 293-1], Defendants cited no law to support their arguments, nor did they address the good cause factors. Regardless, Plaintiffs have applied the available facts and arguments asserted by Defendants to the relevant law, reaching a conclusion that the law does not support granting Defendants' Motion.

### 1. *Defendant have provided no reasonable explanation for failing to meet the deadline*

Defendants' explanation for failing to meet the deadline is essentially that they were waiting to receive Plaintiffs' expert reports prior to assessing what they would need in terms of expert reports. This explanation is illogical. From the outset, pursuant to the scheduling orders

issued in this case, Defendants would have had no more than two months from the date of receipt of Plaintiffs' expert reports to produce their own, apart from the Amended Scheduling Order entered on June 8, 2022, in which Plaintiffs inadvertently failed to include a new date for their experts' reports, as the relevant language from each scheduling order makes clear:

> Scheduling Order entered on November 12, 2021:
>
>> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendants as soon as possible, but in no event later than **May 11, 2022**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).
>>
>> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiffs as soon as possible, but in no event later than **June 10, 2022**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

ECF No. 124 at 3 (emphasis in original).

> Amended Scheduling Order entered on June 8, 2022:
>
>> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **November 16, 2022**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

ECF No. 234 at 1 (emphasis in original).

> Second Amended Scheduling Order entered on August 4, 2022:
>
>> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **December 1, 2022**. Plaintiff's expert disclosures were ordered submitted by July 20, 2022 (R. Doc. 238).
>>
>> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be

> obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **February 1, 2023**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

ECF No. 247 at 1 (emphasis in original).

> Order entered on November 30, 2022:
>
> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendants as soon as they become available, but in no event later than **January 7, 2023**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

ECF No. 261 at 1 (emphasis in original).

> Order entered on December 8, 2022:
>
> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiffs as soon as possible, but in no event later than **February 8, 2023**. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

ECF No. 275 at 1-2 (emphasis in original).

Defendants have known since November 2021 – with the exception of a two month period from June 4 to August 8, 2022 – that they would only have at most two months from the date of receipt of Plaintiffs' expert reports to complete their own expert reports, and if there was any doubt that completing expert reports for ten plaintiffs was a significant undertaking, Plaintiffs' multiple requests for extensions, both formal and informal, should have made this clear.

Defendants also argue that the expert reports submitted by Plaintiffs encompassed topics that were not listed in Plaintiffs' expert witness list. This is a red herring and ignores the fact that that Plaintiffs disclosed the names of their experts on July 20, 2022, in accordance with this Court's order. The reality is that Defendants did nothing with that information until six months later, after

9

receiving Plaintiffs' expert reports. There is no requirement either in the Federal Rules of Civil Procedure or in any of the orders issued in this case that Plaintiffs provide Defendants with any information at all about their experts' testimony prior to submitting expert reports. Fed. R. Civ. Pro. 26(a)(2) does not require any separate, earlier disclosure of expert witness names or topics apart from the submission of expert reports to the other party:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony….

In the present matter, there was no order issued requiring a separate, earlier disclosure of any experts' identities until July 20, 2022, when the Court held a telephone conference with all counsel to discuss Plaintiffs' Motion to Amend Scheduling Order [ECF No. 235] and Defendants' Joint Memorandum in Opposition [ECF No. 237]. At that conference, the Court ordered Plaintiffs to file an expert witness list that day, and entered an order to that effect the same day: "The Court further clarified that the July 20, 2022 deadline for Plaintiffs to disclose to the Defendants the names of all of their experts, set forth in the Court's July 6, 2022 Telephone Status Conference Report and Order (R. Doc. 238), remains in effect, and that Plaintiffs shall file that list into the record in this matter." ECF No. 245 at 3.

As the July 20, 2022, order makes clear, the only requirement placed upon Plaintiffs regarding expert disclosures prior to the deadline for the expert reports themselves was to file "the names of all experts." *Id*. Plaintiffs did so and included a short summary of the general topics to which they expected the experts to testify as a courtesy to Defendants because Plaintiffs

10

understood Defendants' frustration at Plaintiffs' failure to meet their prior expert report deadline and hoped that providing some information about the potential topics for the expert reports would help mitigate any prejudice to Defendants. ECF No. 244. At no time were Plaintiffs obligated to provide Defendants any information about the contents of Plaintiffs' expert reports – again, Plaintiffs voluntarily chose to disclose this additional information to try to assist Defendants in preparing their case with minimal disruption. Defendants' assertion that Plaintiffs were obligated provide any notice at all regarding the contents of the expert reports prior to production of the actual reports is not accurate. Defendants never had any basis to expect that they would know anything about the contents Plaintiffs' expert reports until they received the reports themselves.

Finally, Defendants argue: "Due to the vast number of plaintiffs in this case and the vastness of their expert reports, Defendants will not be able to finalize their expert reports by the current deadline of February 8, 2023." ECF No. 293-1 at 5. Again, this argument makes no sense. The Complaint filed on April 26, 2021, listed seven plaintiffs and "other unidentified Does." ECF No. 1. The Amended Complaint filed on June 25, 2021, listed three additional plaintiffs, for a total of ten. ECF No. 22. The Second Amended Complaint filed on January 17, 2022, did not add any additional plaintiffs. ECF No. 182. No plaintiffs have been added or joined since June 2021.

There has always been a "vast number of plaintiffs." There was always going to be a "vastness" to expert reports for ten plaintiffs. And again, if the number of plaintiffs and the length of the complaints did not make the "vastness" of the case clear to Defendants, then Plaintiffs' multiple requests for extensions due to the time and resources needed to complete their own expert reports should have.

For the reasons outlined above, Defendants have failed to provide any reasonable explanation for their failure to meet their expert report deadline and have failed to provide this Court with a sufficient basis for granting them any extension at this point in the litigation.

### 2. *Defendants have not addressed the importance of the requested relief and the available facts indicate that the requested relief is not important*

Defendants' Motion does not address this factor. Plaintiffs have the following information that is relevant to an assessment of this question. Defendants did nothing to schedule expert assessments of Plaintiffs until January 12, 2023, even after being provided with Plaintiffs' expert witness list on July 20, 2022. Defendants only decided that they needed to schedule expert evaluations of Plaintiffs after receiving Plaintiffs' expert reports, less than one month before their own expert reports were due. The available facts do not support a conclusion that extending the deadline to submit expert reports is important to Defendants' case. The remaining deadlines appear to simply be modified to align with the requested extension to the expert report deadlines, which likewise does not support a conclusion that extending those deadlines is important to Defendants' case either.

Defendants have failed to provide any information that would support a conclusion that the relief they seek is important; further, the information available supports a conclusion that the relief sought by Defendants is not important.

### 3. *The potential prejudice in granting the relief sought*

Plaintiffs will be significantly prejudiced if this Court grants Defendants' extension request. It is impossible to grant the extension requests the Defendants are making without negatively impacting the trial timeline. Defendants' proposed timeline would set the submission date for summary judgment motions and motions *in limine* regarding the admissibility of expert

12

testimony on May 9, 2023, less than two months before trial is set to begin, which gives this Court significantly less time to consider pretrial motions

When Counsel for Plaintiffs agreed to most of the proposed timeline on December 12, 2022,[3] the full scope of the prejudice that such an extension would cause to Plaintiffs was not yet clear. Since December 12, 2022, several of the plaintiffs have suffered health consequences due to the stress and anxiety of the litigation. One plaintiff has attempted to take her own life. Another plaintiff has had to take several months of leave from work and is now at risk of being terminated. A third plaintiff has had to delay her graduation from her graduate degree program by at least a year because she is unable to work, focus on school, and give the time and attention necessary to this litigation. All the plaintiffs have suffered negative effects of the ongoing stress, and with the recent suicide attempt, Plaintiffs and their counsel fear that any further extensions in this case could kill at least one of the Plaintiffs.

For these reasons, Plaintiffs would be significantly prejudiced if Defendants' requested relief is granted.

### 4. *Availability of a continuance to cure such prejudice*

For the reasons outlined above, a continuance would not cure such prejudice; it would create it.

### III. Conclusion

For the reasons stated above, Plaintiffs respectfully request that Defendants' Motion be denied; or, alternately, that this Court grant Defendants a brief extension to submit their expert reports two weeks to February 22, 2023, and Plaintiffs' rebuttal expert reports one week to March 1, 2023, but not extend any other deadlines in this matter.

---

[3] As previously noted, the first time Plaintiffs were notified that Defendants were seeking a two-month extension to some of their expert report deadlines was on January 19, 2023.

13

Respectfully submitted,

**Catherine E. Lasky (La. Bar 28652)**
**Endya L. Hash (La. Bar 38260)**
KATIE LASKY LAW LLC
900 Camp St. Suite 439
New Orleans, LA 70130
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

**Karen Truszkowski**
*Pro Hac Vice*
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

<u>s/ Elizabeth K. Abdnour</u>
Elizabeth K. Abdnour
*Pro Hac Vice*
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 709-7700
Email: elizabeth@abdnour.com

*Attorneys for Plaintiffs*