## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXTEND CERTAIN UNEXPIRED DEADLINES

Defendant the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College submits this short Reply Memorandum, in part, to provide the Court with new information occurring subsequent to the pending motion.

Since Defendants filed the Motion to Extend Certain Unexpired Deadlines, **Plaintiffs submitted an additional expert report** to Defendants. Just last week, on January 26, 2023, Plaintiffs provided Defendants with a Supplement to Elisabeth Andries' Vocational Report. (Exh. 1, attached) Thus, subsequent to their deadline, Plaintiffs are still adjusting their own expert reports.

In Plaintiffs' Opposition, Plaintiffs allude to their need to amend Andries' report and also forecast other changes in the current medical information. Specifically, Plaintiffs state "Since December 12, 2022, several of the plaintiffs have suffered health consequences due to the stress and anxiety of the litigation. One plaintiff has attempted to take her own life. Another plaintiff has had to take several months of leave from work and is now at risk of being terminated [Andries]. A third plaintiff has had to delay her graduation from her graduate degree program by at least a year because she is unable to work, focus on school, and give the time and attention necessary to this litigation." R. Doc. 299, p. 13. Such information is entirely relevant to the expert reports

currently being prepared by Defendants' experts, yet Defendants first learned of these other two Plaintiffs' situations today in the context of Plaintiffs' opposition (and only learned of Andries' situation last week). Defendants have not had the opportunity to obtain such supplemental medical information for evaluation by their experts. Defendants should not be expected to submit expert reports while Plaintiffs are still updating their own expert reports and alleging new health information in their current pleadings.[1]

Plaintiffs' opposition cites to successive scheduling orders in which Plaintiffs argue that Defendants were on notice that their expert reports would be due 60 days after Plaintiffs' deadline. Notably, the current deadlines do not afford Defendants even 60 days in which to provide their expert reports. Rather, the current deadlines afford Defendants a mere 32 days between Plaintiffs' deadline of January 7, 2023 and Defendants' current deadline of February 8, 2023. Nowhere in their opposition do Plaintiffs suggest that 32 days would be sufficient to respond to Plaintiffs' lengthy expert reports. Instead, Plaintiffs state repeatedly, "and if there was any doubt that completing expert reports for ten plaintiffs was a significant undertaking, Plaintiffs' multiple requests for extensions, both formal and informal, should have made this clear." R. Doc. 299, p. 9 (*see* similar quote at p. 11). Somehow Plaintiffs acknowledge how much difficulty they experienced in assembling their expert reports for all of their Plaintiffs, yet they believe that 32 days (less than the 60 days usually allowed in a single plaintiff case) is adequate for Defendants to receive Plaintiffs' numerous reports, have Defendants' experts analyze those reports and findings, and submit reports in response to the ten Plaintiffs' "significant" expert reports.

---

[1] Plaintiffs allege they previously produced Calise Richardson's expert report on December 13, 2022, possibly amid their production of documents in their Goldfynch platform. However, Plaintiffs also produced a vocational rehabilitation report for Calise Richardson dated January 3, 2023. Plaintiffs produced a series of vocational evaluation and earning capacity assessments by Doherty on January 6, 2023, including the assessment of Richardson that was dated January 3, 2023.

Plaintiffs state that they provided Defendants with a description of their experts' anticipated testimony to "help mitigate any prejudice to Defendants" based on "Plaintiffs' failure to meet their prior expert report deadline." R. Doc. 299, p. 11. However, as shown in Defendants' original motion, Plaintiffs' inaccurate representations about the scope of their experts' testimony misled Defendants about the expected scope of Plaintiffs' experts.[2]

Finally, Plaintiffs' opposition, Sections B(1)-(4), cites to a standard of proof for parties who have missed their deadlines.[3] Defendants have not missed any deadlines, and Plaintiffs' discussion of factors on pages 7-13 of their Opposition is inapplicable to the pending motion. Defendants' motion should be granted.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY: /s/ *Susan W. Furr*
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Shelton Dennis Blunt Bar Roll No. 21230
Michael B. Victorian Bar Roll No. 36065
Molly C. McDiarmid Bar Roll No. 36426
*Special Assistant Attorneys General*
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

---

[2] Plaintiffs' opposition falsely states that undersigned counsel requested that Plaintiffs "agree to adjourn the trial." R. Doc. 299, p. 4. This is a misrepresentation of the conversation. Undersigned counsel did not ask to continue the trial.
[3] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (factors have been applied in context of allowing untimely submissions); *Elvir v. Trinity Marine Products*, 327 F.R.D. 532, 544 (M.D.La. 2018) (same); *Patriot Contracting, LLC v. Star Insurance Co.*, 2018 WL 10797880, *2 (E.D.La. 2018) ("To determine if good cause exists as to *untimely* motions to amend pleadings, the Court should consider [the four factors]").

*Counsel for the Board of Supervisors of Louisiana State University & Agricultural and Mechanical College*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on January 30, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/  *Susan W. Furr*
Susan W. Furr