UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | Case No.: 3:21-cv-00242- WBV-SDJ |
| v. | JUDGE WENDY VITTER |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL.** | MAGISTRATE JUDGE SCOTT JOHNSON<br><br>JURY DEMANDED |

**PLAINTIFFS' REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANT BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

**TO:** Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board")
*Through its attorneys of record,*
Shelton Dennis Blunt (dennis.blunt@phelps.com)
Susan W. Furr (susie.furr@phelps.com)
Karleen J. Green (karleen.green@phelps.com)
Molly McDiarmid (molly.mcdiarmid@phelps.com)
Michael B. Victorian (michael.victorian@phelps.com)
II City Plaza I 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch, through undersigned counsel, request that Defendant Board answer the following requests within thirty (30) days of service at the offices of Katie Lasky Law, 619 Homedale Street, New Orleans, Louisiana 70124.

**INSTRUCTIONS**

1. With respect to any discovery request to which you object under a claim of privilege or other doctrine, please state: (1) the nature of the privilege asserted, (2) format of the communication (e.g., oral, memorandum, or email), (3) if the communication is in written format

identify the author and all recipients, (4) if the communication is oral, identify all persons present when the communication was made, (5) the subject matter of the communication, and (6) date of the communication.

2. The requests herein are continuing in nature. Please supplement your responses as necessary following any initial response.

3. If you cannot respond to any request fully, after exercising due diligence to secure the full information or knowledge you have concerning the request, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

4. In answering these requests, furnish all information, including hearsay, however obtained, which you have in your possession or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody, or control.

5. If any portion of any document is responsive to any request, please produce the entire document. Documents produced pursuant to this request should be produced in the order in which they are kept in your files and shall not be shuffled or otherwise rearranged. Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form. Please advise in writing, as to each document produced, the particular document request herein to which the document is responsive.

6. Identify the source of each of the documents you produced.

7. If you have any questions regarding the scope, meaning, or intent of these requests, please promptly contact undersigned counsel in writing.

8. If any and all documents identified herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every such document: (i) describe the nature of the document (e.g., letter or memorandum); (ii) state the date of the document; (iii) identify the persons who sent and received the original and a copy of the document; (iv) state in as much detail as possible the content of the document; and (v) state the manner and date of disposition of the document.

9. All requests for production are requests for all electronically stored information responsive to these requests in addition to any physical documents in accordance with the Agreed ESI Order in this matter (Doc. 207). If there are any questions about the specific format required for certain types of electronically stored information, please contact undersigned counsel as soon as possible to discuss and clarify the format in which such information is to be produced.

10. All information provided in response to these requests are protected by the Protective Order entered in this matter (Doc. 206).

11. All requests for documents, are limited to those documents within your possession, custody, or control, including but not limited to documents in the control or custody of your agents and attorneys.

12. If you object to any of these discovery requests, please state the grounds for your objection and respond to the request.

## **DEFINITIONS**

1. The terms "you" or "your" shall mean the Defendant, Board, in this action and its agents, representatives, employees, attorneys, consultants, or any person acting or purporting to act on its behalf for any purpose or reason whatsoever.

2. The term "**Report**" shall mean the report drafted by the law firm of Husch Blackwell and made public on or around March 3, 2021, regarding Louisiana State University's retaining of Husch Blackwell to conduct an independent review of various Title IX-related incidents. A copy of this Report was attached to the initial complaint in this matter, and has been previously produced with bates labels PLAINTIFFS_000074 through PLAINTIFFS_000335.

3. The term "person" shall mean natural persons, and juridical persons, including but not limited to corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof and governmental agencies.

4. The terms "**document**" and "**statement**" shall be broadly construed and shall mean the original and any written, printed, typed record, or graphic materials of any kind, character, now or formerly in your actual or constructive possession, custody, or control, including without limitation, notes, drafts, letters, correspondence, telegrams, memoranda, messages, records, minutes, calendar or diary entries, maps, plaques, contracts, agreements, photographs, statements, handwritten notes notations, notations of conversations or conferences, bulletins, pamphlets, notices, studies, summaries, reports, teletypes, faxes, worksheets, invoices, ledgers, financial statements, check registers, checks, photostats, microfilm, computer entries, e-mail messages, computer printouts, social media communications, tape recordings, video tapes, audio tapes, data in an electric or computerized format, and all documents and information necessary to complete understanding or interpretation of the foregoing.

5. The terms "relate to" or "relating to," including any variations thereof, shall be construed broadly and shall mean to involve, to bear upon, to concern, to reflect, to support, to

4

refer to, to contain a discussion, description, notation, identification, or statement about, a reference to, or in any way a mention of, in whole or in part.

6. The terms "and" or "or," as used herein, are terms of inclusion and not of exclusion, and they should be construed either disjunctively or conjunctively as necessary, to bring within the scope of this demand any documents or information that otherwise might be construed to be outside of its scope.

7. The term "communication" shall mean any contact, transmission, or exchange of information between two or more persons, orally or in writing (including, but not limited to, any conversation or discussion, formal or informal, face-to-face or by telephone, telegraph, telex, telecopier, electronic, or other media).

8. The singular form of any noun or pronoun shall be construed to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neutral gendered form of the noun or pronoun so used, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 29:**

[REDACTED]

**REQUEST FOR PRODUCTION NO. 30:**

[REDACTED]

- ██████████████████████████████████████████
  - ███████████████████████████████████████████
  - ████████████████████████████
  - ███████████████████████████████████████████ ███████████████
  - ███████████████████████████████████████████ █████████████████████████████████████
  - ███████████████████████████████████████████ ██████████████████████
  - ███████████████████████████████████████████
  - ███████████████████████████████████████████
  - ███████████████████████████████████████████ ████

**<u>REQUEST FOR PRODUCTION NO. 31:</u>**

████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████
  - ████████
  - ██████████████████
  - ██████████████████
  - ████████████
  - ████████████████████████████████
  - ██████████████████████████
  - ████████████

6

- ████████████████

- ██████████████
- ████████
- ██████████
- ██████████
- ██████████████████████████████
- ████████████
- ██████████████████████
- ████████████████████

**REQUEST FOR PRODUCTION NO. 32:**

████████████████████████████████████████

████████████████

- ████████  ████  █  ████  █  ██  ████
  ██████████
- ████████████████████████████████
- ██████████████████████████
- ████████████████████████████
  ██████████████
- ██████████████████████████████
  ██████████████
- ██████████████████████████████
  ████  ██████  █  █  ████  █  █
  ██████████████











**REQUEST FOR PRODUCTION NO. 33:**

Please produced copies of all records regarding to the cell phones issued to Michael Sell and Julia Sell as previously discussed between counsel.

## INTERROGATORIES

**INTERROGATORY NO. 6:**

Please identify all custodians of the cell phones issued to Michael Sell and Julia Sell from April 26, 2021 to the present, including the transferor, transferee, and date of transfer.

Respectfully Submitted,

*/s/Endya L. Hash*

| | |
|---|---|
| Catherine E. Lasky (La. Bar 28652) | Elizabeth K. Abdnour |
| Endya L. Hash (La. Bar 38260) | *Pro Hac Vice* |
| Katie Lasky Law | Elizabeth Abdnour Law, PLLC |
| 619 Homedale Street | 1100 W. Saginaw Street |
| New Orleans, Louisiana 70124 | Suite 4A-2 |
| P: (504) 584-7336 | Lansing, Michigan 48915 |
| F: (504) 375-2221 | P: (517) 292-0067 |
| katie@katielaskylaw.com | F: (517) 709-7700 |
| endya@katielaskylaw.com | elizabeth@abdnour.com |

Karen Truszkowski
*Pro Hac Vice*
Temperance Legal Group, PLLC
503 Mall Court #131
Lansing, Michigan 48912
P: (844) 534-2560
F: (800) 531-6527
karen@temperancelegalgroup.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all parties via counsel of record by electronic mail this 24th day of October 2022.

>  /s/Endya L. Hash
> ENDYA L. HASH