UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**THE BOARD OF SUPERVISORS FOR LOUISIANA STATE UNIVERSITY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board" or "LSU"), and submits this memorandum in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiffs' claims for emotional distress damages under Title IX.[1] Plaintiffs' claims for emotional distress damages under Title IX should be dismissed for the reasons below.

**I.    BACKGROUND**

Plaintiffs filed suit against the Board seeking damages under Title IX of the Education Amendments of 1972. (R. Doc. 182) All Plaintiffs allege they experienced severe emotional distress and related damages as a result of LSU's alleged acts and omissions. (R. Doc. 182, ¶¶ 241, 288, 326, 361, 451, 555, 595, 650, 698, 741)

However, in 2022, while this case was pending, the U.S. Supreme Court held in *Cummings v. Premier Rehab Keller, P.L.L.C.*,[2] that damages for emotional distress are not recoverable for violations of anti-discrimination statutes such as Title IX.[3] *Cummings* precludes Plaintiffs'

---

[1] 20 U.S.C. § 1681, *et seq.*
[2] 142 S. Ct. 1562 (2022).
[3] *Id.* at 1571-1572, 1576.

recovery for emotional distress damages as a matter of law, and thus, the Board moves for partial judgment on the pleadings as to all such claims.

In each of the Plaintiffs' "Individual Factual Allegations" in the Complaint, Plaintiffs set forth a list of damages which they claim they have suffered as "a direct and indirect result of the actions and inactions of Defendants." The Complaint also alleges specific instances of mental distress, anguish, and emotional harm. The following summarizes each Plaintiffs' claims:

**Calise Richardson**

Richardson claims she suffered "severe emotional and physical distress and economic loss." She alleges that she goes to therapy once a week and has developed anxiety because of her experiences which causes several physical symptoms and incurred related health care expenses. She claims she is scared to do things on her own, so she avoids many events; is afraid of being alone with men, so has turned down "multiple jobs;" was afraid to go to class so she did not attend and her grades suffered; her substance use drastically increased; and her relationships with others have been negatively impacted. (R. Doc. 182, ¶ 241)

**Ashlyn Robertson**

Robertson claims she has suffered "severe emotional and physical distress and economic loss." She claims she lost four semesters' worth of tuition, paid out of pocket for two rehabilitation centers and sober houses, lost her TOPS scholarship and is being forced to pay money she owes as a result, and is unable to complete her degree at another school because she has not repaid the owed TOPS money. She claims she is "still recovering" from the alcohol and substance abuse she developed at LSU and is currently taking medication for depression and anxiety she allegedly developed as a result of the trauma. (R. Doc. 182, ¶ 288)

**Samantha Brennan**

Brennan claims she suffers severe emotional and physical distress, including headaches, difficulty focusing, an inability to be alone with her thoughts, depression, anxiety, lack of self-worth, and related health care expenses. She claims she lost income from her job on the recruiting team and future income because she was not able to obtain a college degree without delay. She also claims she incurred moving expenses after leaving and returning to LSU. She finally claims that her relationships and "health" have been negatively impacted. (R. Doc. 182, ¶ 326)

**Abby Owens**

Owens claims she suffered damages including heavy substance abuse, depression, eating disorder tendencies, PTSD, and self-harm. She also states she had to attend multiple rehab programs focused on substance abuse, trauma therapy, and co-occurring disorders. She cites her transfer to the University of Georgia as a "result" of the Defendants' actions. She claims she was "18 credit hours away from graduation" after her first rehabilitation program but she was "forced to move back home" and transfer. She seeks additional damages such as the loss of her LSU scholarship, expenses incurred due to the extended time it took her to complete her degree as a result of her transfer, expenses she paid at the University of Georgia because she did not receive a scholarship, loss of income attributed to the delay in receiving her degree, health care expenses, moving expenses, and the cost of multiple rehab programs. (R. Doc. 182, ¶ 361)

**Elisabeth Andries**

Andries claims that she has "suffered severe emotional and physical distress, including anxiety and depression." She claims she missed class because of John Roe, withdrew from campus activities out of fear, developed anxiety and panic attacks, and incurred related health care expenses. (R. Doc. 182, ¶ 451)

**Jade Lewis**

Lewis cites several emotional issues that she "has suffered and continues to suffer" as a result of the allegations, including PTSD, personal relationship damage due to "severe emotional and psychological distress," loss of her opportunity to play professional tennis, related opportunities for sponsorships, moving expenses, and health care costs. (R. Doc. 182, ¶ 555)

**Kennan Johnson**

Johnson cites her damages as "severe anxiety and depression" she suffered during her time on the tennis team, the mental distress she suffered – which she claims caused her to "bec[o]me suicidal" and forced her to admit herself to a hospital – and related damages from that hospital stay and need for other health care. (R. Doc. 182, ¶ 596)

**Jane Doe**

Doe claims she has suffered "severe emotional and physical distress" because the harassment caused her to suffer from anxiety, depression, OCD, and binge eating disorder. She claims that her mental state was so severe that she could not attend class, so she was eventually expelled, dropped out of LSU, and had to enroll in community college. She also claims she has incurred healthcare and moving-related expenses. (R. Doc. 182, ¶ 650)

**Corinn Hovis**

Hovis claims she has suffered "severe emotional" distress, and failed to attend a class and had to pay to retake the class. She also claims that her grades suffered, which causes a "barrier[ ] to her hopes of going to graduate school" and that she had to pay out of pocket for accommodations because her requests for disability accommodations were denied. (R. Doc. 182, ¶ 698)

**Sarah Beth Kitch**

Kitch cites a litany of damages which she attributes to Defendants, including "loss of income attributed to the complete loss of her ability to attain tenure," health care expenses, "loss of a sense of professional credibility," "intense shame," and her eventual suffering from depression, PTSD, and having to attend trauma therapy. (R. Doc. 182, ¶ 741)

Aside from the particularized inventory of alleged damages stated by each Plaintiff, the Complaint also lists as "Damages" the following categories:

a. Pain, suffering, and emotional distress;

b. Physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life;

c. Medical expenses;

d. Pharmaceutical expenses;

e. Loss of education and educational opportunities;

f. Additional education expenses;

g. Loss of employment and earning capacity;

h. Travel and travel-related expenses;

i. Prevention from performing daily activities and obtaining the full enjoyment of life;

j. Expenses from psychological treatment, therapy, and counseling;

k. Loss of the ability to perform as athletes on their chosen teams;

l. Fractured family and personal relationships;

m. A loss of consortium society and companionship; and

n. All other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

(R. Doc. 182, ¶ 1120)

As shown in this memorandum, any category of damages based on "emotional distress" is unavailable and should be dismissed.

## II. LAW & ANALYSIS

### A. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[4] This means Plaintiffs must plead "facts that allow the court to 'draw a reasonable inference that the defendant is liable for the misconduct alleged.'"[5] Though the court is to accept all well-pleaded facts as true, the Court need not "accept as true a legal conclusion couched as a factual allegation."[6] Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7] Dismissal is proper if a plaintiff fails to allege a necessary element of her claim.[8]

### B. Plaintiffs' Claims for Emotional Distress Damages Under Title IX are Unavailable.

Plaintiffs seek recovery for damages associated with emotional distress, but they have no legal relief to these damages and these claims should be dismissed. As mentioned, in *Cummings*, the Supreme Court barred recovery of emotional distress damages in Title IX claims.[9] The *Cummings* plaintiff sought damages for "humiliation, frustration, and emotional distress."[10] The

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[5] *Spector v. USAA Cas. Ins. Co.*, 2019 WL 1493467, at *3 (E.D. La. April 3, 2019) (quoting *Twombly*, 550 U.S. at 570).
[6] *K&F Restaurant Holdings, Ltd. v. Rouse*, 2017 WL 465470, at *2 (M.D. La. Feb. 2, 2017) (quoting *Twombly*, 550 U.S. at 556).
[7] *Twombly*, 550 U.S. at 555 (citations omitted).
[8] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).
[9] *Cummings,* 142 S. Ct. at 1576. Although decided after this suit was filed, *Cummings* clearly applies retroactively. *See Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 97 (1993) (noting that, where the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule"); *Doe v. Moravian College,* 2023 WL 144436, at *9 (E.D. Pa. Jan. 10, 2023) (rejecting plaintiff's argument that *Cummings* should not apply retroactively to her claims and holding that her damages for emotional distress were barred).
[10] *Cummings*, 142 S. Ct at 1569.

Court explained that in claims involving statutes passed pursuant to the Spending Clause powers, a plaintiff may pursue particular relief only if the funding recipient is on notice that it exposes itself to liability of that nature.[11] A recipient of funding is considered on notice to remedies explicitly provided by the relevant legislation, or to those remedies traditionally available in suits for breach of contract.[12] Because emotional distress damages are not generally recoverable in suits for breach of contract, the funding recipient would not be on notice that it would face such a remedy and thus emotional distress damages are unavailable in statutes adopted under the Spending Clause.[13] Title IX is a "Spending Clause" statute, and the *Cummings* decision clearly bars emotional distress damages in Title IX actions.[14] Fifth Circuit courts interpreting *Cummings* have unanimously applied the holding to damages under Title IX.[15]

As shown above, Plaintiffs seek a broad range of damages under Title IX relating to emotional distress, mental pain, emotional trauma, mental suffering, and related harms. (R. Doc. 182, ¶¶ 241, 288, 326, 361, 451, 555, 595, 650, 698, 741) *Cummings* makes clear that all claims

---

[11] *Id*. at 1570.
[12] *Id*. at 1570-1571.
[13] *Id*. at 1571-1572, 1577.
[14] *Id.* at 1569-70; *Party v. Arizona Bd. of Regents*, 2022 WL 17459745, at *4 (D. Ariz. Dec. 6, 2022) ("[T]he [*Cummings*] opinion makes clear that the Court's logic would apply in all 'actions brought to enforce Spending Clause statutes' and specifically identifies Title IX as one such statute. Thus, *Cummings* applies with full force here." (citation omitted)).
[15] *Bonnewitz v. Baylor Univ.*, 2022 WL 2688399, at *4 (W.D. Tex. July 12, 2022) ("Damages for emotional distress are not recoverable for violations of anti-discrimination statutes, including Title IX."); *T.F. v. Greenwood ISD*, 2022 WL 17477597, at *9 (W.D. Tex. Dec. 5, 2022) (holding that "Plaintiffs cannot claim emotional damages under Title IX"); *Doe v. Texas Christian Univ.*, 2022 WL 17631668, at *4 (N.D. Tex. Dec. 13, 2022) (holding plaintiff had no viable claim for mental anguish damages). Other courts outside the Fifth Circuit have held the same. *See, e.g., Doe v. Purdue Univ.*, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022) ("The Supreme Court's decision [in *Cummings*] forecloses [plaintiff's] claim for 'emotional and psychological damages'"); *Doe v. Bd. of Regents of Univ. of Neb.*, 2022 WL 3566990, at *4 (D. Neb. Aug. 18, 2022) ("Doe concedes that the holding in *Cummings* generally precludes emotional-distress damages in Title IX cases like hers."); *Doe next friend of Doe v. City of Pawtucket*, 2022 WL 4551953, at *2-3 (D.R.I. Sept. 29, 2022) ("While the Supreme Court's holding in *Cummings* was limited to the ACA and RA, the opinion's underlying reasoning forces the same conclusion for Title IX." "The Supreme Court's opinion in *Cummings* therefore dictates that emotional distress damages are unavailable in private suits to enforce Title IX."); *Party*, 2022 WL 17459745, at *3; *Doe v. Moravian College*, 2023 WL 144436, at *6 (E.D. Pa. Jan. 10, 2023) (recognizing that the "Supreme Court's recent decision in *Cummings* . . . precludes the [emotional distress damages] that Plaintiff seeks").

for non-contractual damages are precluded under Title IX.[16] The relevant inquiry is whether specific damages are "traditionally available in suits for breach of contract."[17] Because emotional distress damages are not traditionally available in suits for breach of contract, a claim based on emotional distress or harm is precluded.[18]

Courts have also found the following damages claims to be precluded: past, present, and future medical expenses based on mental injuries or psychological services; loss of enjoyment; pain and suffering related to mental injuries; psychological damage; mental health conditions; emotional pain and suffering; alcohol and drug addiction; and lost wages and earning capacity due to emotional distress.[19] "Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.'"[20] "The labels are all variations of the same principle that the defendant's actions caused the plaintiff a 'highly unpleasant mental reaction'- *i.e.,* emotional distress."[21]

Claims for damages based on "reputational harm," such as Plaintiffs' "general assertions of difficulty in obtaining employment," are also not recoverable in contract law.[22] General assertions of difficulty in obtaining employment following a Title IX violation are essentially claims of reputational harm and not recoverable.[23] Unless a plaintiff has pled future identifiable professional opportunities that would have been available to them absent a breach and that such

---

[16] *Cummings,* 142 S. Ct. 1562.
[17] *Cummings*, 142 S. Ct. at 1571 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)).
[18] *Doe next friend of Doe,* 2022 WL 4551953, at *3-4.
[19] *Id.,* at *3-4*; A.T. v. Oley Valley Sch. Dist.*, 2023 WL 1453143, at *4 (E.D. Pa. Feb. 1, 2023).
[20] RESTATEMENT (SECOND) OF TORTS § 46 cmt. j.
[21] *Pennington v. Flora Community Unit Sch. Dist. No. 35,* 2023 WL 348320, at *3 (S.D. Ill. Jan. 20, 2023) (citations omitted).
[22] *Party*, 2022 WL 17459745, at *3; *Doe v. Fairfax Cnty. Sch. Bd.*, 2023 WL 424265, at *6 (E.D. Va. Jan. 25, 2023).
[23] *Fairfax*, 2023 WL 424265, at *6.

opportunities were in contemplation of the parties at the time of their contract, consequential damages for lost earning capacity are unavailable.[24] "[S]uch consequential damages are simply too speculative and the contracting parties cannot reasonably be presumed to have anticipated such damages at the time they entered into a contract." [25]

In a substantively similar case, a district court within this Circuit recently dismissed all claims for Title IX emotional distress damages.[26] Based on the reasoning in *Cummings,* the court held that "Plaintiffs cannot recover emotional distress damages under Title IX."[27]

Because emotional distress damages are not recoverable as a matter of law, Plaintiffs' claims for such relief should be dismissed. This includes, at the very minimum, the following categories:

a. Pain, suffering, and emotional distress;

b. Physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life;

c. Medical expenses based on emotional distress;

d. Pharmaceutical expenses attributable to emotional distress;

e. Additional educational expenses (to the extent incurred as a result of emotional damages);

f. Loss of employment and earning capacity (to the extent incurred as a result of emotional damages);

g. Travel and travel-related expenses (to the extent incurred as a result of emotional damages);

h. Prevention from performing daily activities and obtaining the full enjoyment of life;

---

[24] *Id*.
[25] *Id*. (quoting *Rice v. Community Health Assoc.*, 203 F.3d 283, 289 (4th Cir. 2000)).
[26] *Doe 1 v. Baylor Univ.*, 6:16-cv-00173-RP, R. Doc. 1093 (Mar. 21, 2023). The court's March 21, 2023 Order in *Doe I* is attached hereto as Exhibit A for the Court's reference.
[27] *Id.,* R. Doc. 1093, p. 3. The court reserved the right for plaintiffs to recover emotional distress damages under other non-Title IX theories, but no other avenues exists in the instant case.

i. Expenses from psychological treatment, therapy, and counseling;

j. Loss of the ability to perform as athletes on their chosen teams;

k. Fractured family and personal relationships;

l. A loss of consortium society and companionship; and

m. All other ordinary, incidental, or consequential damages that would or could be attributable to emotional distress.

### III.   CONCLUSION

For these reasons, the Board requests that all claims for damages relating to emotional distress be dismissed as a matter of law.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on June 30, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/ *Susan W. Furr*
Susan W. Furr

- 11 -