IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § | |
| | § | 6:16-CV-173-RP |
| Plaintiffs, | § | |
| | § | *Consolidated with* |
| v. | § | 6:17-CV-228-RP |
| | § | 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Baylor's Motion for Partial Judgment on the Pleadings as to Plaintiffs' Claims for Emotional Distress Damages, (Dkt. 1047), and responsive briefing, (Dkts. 1050, 1052). Having reviewed the briefing, the relevant case law, and the record, the Court will grant in part Baylor's motion.

**I. BACKGROUND**

In their complaints, Plaintiffs seek actual damages, compensatory damages, and nominal damages for Baylor's alleged violation of Title IX.[1] (*See* Compls., Dkt. 58 (Does 1-10); Dkt. 1 (Doe 11); Dkt. 14 (Does 12-15)). For example, as a result of Baylor's "deliberate indifference to their rights under Title IX," Does 1-10 claim to have suffered "emotional distress and psychological damage." (Compl., Dkt. 58, at 40). In its motion, Baylor argues that Plaintiffs' claims for emotional distress damages are precluded by *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), in which the Supreme Court decided that emotional distress damages may not be recovered under certain theories of liability.

---

[1] This Court previously dismissed Plaintiffs' claims under Title IX for punitive damages and injunctive relief. (Order, Dkt. 818).

1

EXHIBIT
A

## II. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) disposes of claims for which the material facts are not in dispute, and judgment can be rendered by the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2022). The standard for deciding a Rule 12(c) motion is the same standard that applies under Rule 12(b)(6). *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021). The complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (citation and quotation omitted).

## III. DISCUSSION

### A. Plaintiffs Cannot Recover Title IX Emotional Distress Damages under *Cummings*

In *Cummings*, the Supreme Court held that a plaintiff bringing claims of discrimination under the Rehabilitation Act and the Patient Protection and Affordable Care Act may not recover damages for emotional distress. 142 S. Ct. at 1576. Congress enacted four statutes prohibiting recipients of federal financial assistance, like universities, from discriminating: Title VI, Title IX, Rehabilitation Act, and Affordable Care Act. *Id.* at 1569. While acknowledging a clear right to a private action to enforce those statutes, it was "less clear" what remedies are available given that the statutes are silent as to available remedies. *Id.* at 1569, 1571. Finding that Spending Clause antidiscrimination statutes must be viewed through the lens of contract law, i.e., the recipient agrees not to discriminate in exchange for funding, the Court held that plaintiffs bringing private causes of action under those statutes may seek damages "'traditionally available in suits for breach of contract.'" *Id.* at 1571 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)). Specifically, a funding recipient is aware that breaching its "Spending Clause 'contract' with the Federal Government" may subject it to "the usual

2

contract remedies in private suits." *Id.* Because emotional distress damages are generally not available for a breach of contract claim, a funding recipient has not "consented to be subject to damages for emotional distress." *Id.* at 1572. "It follows that such damages are not recoverable under the Spending Clause statutes we consider here." *Id.* The question then is whether the Supreme Court's holding applies to claims for emotional distress damages under Title IX, which is one of the four Spending Clause statutes identified by the Supreme Court.

Most district courts that have considered that question have held that *Cummings* precludes a plaintiff from recovering emotional distress damages under Title IX. *See Doe v. Fairfax Cnty. Sch. Bd.*, No. 118-cv-00614, 2023 WL 424265, at *3 (E.D. Va. Jan. 25, 2023) (collecting cases). Courts in the Western District of Texas likewise have reached the same conclusion. *T. F. v. Greenwood ISD*, No. 7:20-CV-215-ADA, 2022 WL 17477597, at *9 (W.D. Tex. Dec. 5, 2022); *Bonnewitz v. Baylor Univ.*, No. 6:21-CV-491-ADA-DTG, 2022 WL 2688399, at *3–4 (W.D. Tex. July 12, 2022). This Court joins the vast majority of courts in this country that have applied the reasoning of *Cummings* to Title IX cases and concludes that Plaintiffs cannot recover emotional distress damages under Title IX. Since *Cummings* held that damages are not available under two of the Spending Clause statutes, the same logic applies to private actions brought under Title IX, one of the four Spending Clause statutes. Just like the statutes in *Cummings*, Title IX contains no express private remedy within its statutory text, leaving individuals bringing a private cause of action under Title IX only with traditional contract remedies which do not allow for emotional distress damages. Plaintiffs' emotional distress damages under Title IX are thus barred.

Plaintiffs' arguments to the contrary are not persuasive. First, Plaintiffs contend that Baylor was on notice that it could be liable for emotional distress damages for its violations of Title IX. (Resp., Dkt. 1050, at 3–4). The *Cummings* Court foresaw that argument and explained that a funding recipient is on notice "only [as] to those remedies explicitly provided in the relevant legislation [and]

3

those remedies traditionally available in suits for breach of contract." 142 S. Ct. at 1571 (citation and quotation omitted). Plaintiffs rely on pre-*Cummings* cases to show that Baylor had notice that it could be subject to emotional distress damages, but the Supreme Court subsequently made plain that notice derives only from the statute and damages available in breach of contract cases. Because Baylor was not on notice under Title IX or contract law remedies, Baylor cannot be shown to have had actual notice even if it is a "large, long standing educational institution." (Resp., Dkt. 1050, at 3). Similarly, Plaintiffs urge this Court to follow an earlier ruling in *Hernandez v. Baylor University*, 274 F. Supp. 3d 602 (W.D. Tex. 2017), that Plaintiffs' claim establishes precedent for Title IX claims against Baylor to encompass emotional distress damages claims. (Resp., Dkt. 1050, at 5). Once again, that case predates *Cummings* and that part of the *Hernandez* ruling, however it is interpreted, is no longer instructive. Having applied the reasoning under *Cummings* to Title IX and rejecting Plaintiffs' attempts to preserve their claim for emotional distress damages after *Cummings*, the Court will grant Baylor's motion insofar as it seeks to preclude Plaintiffs from recovering emotional distress damages under Title IX.

### B. Plaintiffs' Claims for Emotional Distress Damages Outside of Title IX Remain

Baylor's request for relief appears to be too broad in scope. Baylor asks that this Court grant judgment on the pleadings as to Plaintiffs' claims for damages relating to emotional distress, emotional disturbance, mental pain, emotional trauma, mental suffering, psychological impairment, and related harms. (Mot., Dkt. 1047, at 9). *Cummings* addressed only whether emotional distress damages are available under two Spending Clause statutes, and this Court adopts that logic here as to emotional distress damages under Title IX. Baylor, however, seems to request that all of Plaintiffs' claims for damages related to emotional distress be granted in its favor, including claims for emotional distress damages outside of Title IX. The Court has no basis to do so and will not grant judgment on the pleadings as to all of Plaintiffs' claims for emotional distress damages. For example,

4

Plaintiffs make a claim for emotional distress damages under their negligence theory of liability. (Compl., Dkt. 58, at 42–43).

To the extent Plaintiffs request emotional distress damages under other non-Title IX theories, those claims for damages remain intact. *See, e.g., Doe v. Sch. Bd. of Palm Beach Cnty.*, No. 21-81560-CIV, 2023 WL 2388693, at *1 (S.D. Fla. Jan. 3, 2023) (adopting *Cummings* as to plaintiff's Title IX theory and preserving plaintiff's ability to recover "all reasonably foreseeable damages under her negligence claim for Defendant's post-assault conduct" including emotional distress damages); *B.R. v. F.C.S.B., et al.*, No. 1:19-CV-917-RDA-WEF, 2023 WL 2464975, at *11 (E.D. Va. Mar. 10, 2023) (maintaining emotional distress damages post-*Cummings* for plaintiff's non-Title IX claims); *Doe v. Sch. Bd. of Palm Beach Cnty.*, No. 21-81560-CIV, 2022 WL 17988203, at *6 (S.D. Fla. Nov. 22, 2022) (finding plaintiff "cannot recover emotional distress damages under her Title IX claims" but "because Plaintiff can recover emotional distress damages under her negligence claims, this finding is functionally moot"). The Court therefore limits its ruling under *Cummings* to only the emotional distress damages requested under Title IX and denies Baylor's request to eliminate emotional distress damages across all of Plaintiffs' theories of liability.[2]

### C.   Plaintiffs' Request to Amend Their Pleadings

In the alternative, Plaintiffs ask for leave to amend their pleadings based on the *Cummings* decision should this Court apply the reasoning set forth in *Cummings* to Title IX. (Resp., Dkt. 1050, at 5–6). This Court agrees with Baylor that in this context Plaintiffs would need to separately file a motion for leave to amend. If Plaintiffs seek to amend their pleadings in response to *Cummings* and this Court's decision pursuant to *Cummings*, Plaintiffs should limit their proposed amendments accordingly. The Court encourages Baylor to reconsider its stance that such an amendment "five and

---

[2] Likewise, the Court does not preclude other claims for damages sought under Title IX, and those potential damages survive Baylor's partial motion for judgment on the pleadings.

six years into the litigation . . . would be futile and prejudicial" given that Plaintiffs seek to amend their complaint in response to an intervening change in law and not due to any delay on Plaintiffs' part. Additionally, Baylor cannot claim prejudice in good faith. Although this litigation has been pending far too long, the delays are largely due to Baylor's discovery conduct, and yet the cases are still not on the eve of trial. Given this context, the Court encourages the parties to reach an agreement about Plaintiffs' amendment, if any, to their pleadings.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Baylor's Motion for Partial Judgment on the Pleadings as to Plaintiffs' Claims for Emotional Distress Damages, (Dkt. 1047), is **GRANTED IN PART**. Plaintiffs cannot recover emotional distress damages under Title IX. To the extent Baylor attempts to limit Plaintiffs' ability to recover other damages under Title IX or recover emotional distress damages outside of Title IX, Baylor's motion is **DENIED IN PART**.

**IT IS FURTHER ORDERED** that if Plaintiffs wish to file a motion for leave to amend their pleadings in accordance with this Order, the parties must meaningfully meet and confer and attempt to reach an agreement regarding Plaintiffs' proposed amendments.

**IT IS FINALLY ORDERED** that Plaintiffs' motion for leave to amend, if any, shall be filed **on or before April 7, 2023**, noting whether the motion is opposed or unopposed.

**SIGNED** on March 21, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE