UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY** | **MAGISTRATE JUDGE JOHNSON** |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 1:
ASHLYN MIZE ROBERTSON**

NOW INTO COURT, through undersigned counsel, comes defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment, dismissing each and every claim of Plaintiff, Ashlyn Mize Robertson ("Plaintiff").[1] As grounds for this motion, the Board states as follows:

1.

Plaintiff's **only** remaining claim in this lawsuit is that LSU created a heightened risk of sexual misconduct on campus for which she suffered harm, purportedly in violation of Title IX of the Education Amendments of 1972 ("Title IX") (her claim is hereafter referred to as the "heightened risk claim"). Plaintiff's claim fails as a matter of law for the reasons set forth in the accompanying memorandum.

2.

Plaintiff failed to plead a heightened risk "pre-assault" claim.

---

[1] Relevant portions of the deposition transcripts and exhibits of Plaintiff, Miriam Segar, Jennie Stewart, and 30(b)(6) of the Board are attached hereto as Exhibits A, B, C and D, respectively. The declarations of Segar and Jonathan Sanders are also attached hereto as Exhibits E and F, respectively.

PD.42172105.1

3.

To the extent this Court determines that Plaintiff properly asserted a "pre-assault" claim, the undisputed evidence, consisting primarily of Plaintiff's testimony, shows that the heightened risk claim is prescribed as a matter of law.

4.

The undisputed evidence, consisting primarily of Plaintiff's testimony, shows that Plaintiff cannot meet the necessary elements of a heightened risk claim as a matter of law.

5.

To the extent Plaintiff attempts to assert a heightened risk claim based on an "official policy," which is unclear, such claim is unavailable as a matter of law. Moreover, Plaintiff cannot establish the necessary elements of such a claim.

WHEREFORE, the Board prays that this Court grant summary judgment in its favor, dismissing the remaining claims of Plaintiff Ashlyn Mize Robertson in their entirety, with prejudice.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

By:    */s/ Susan W. Furr*
      Susan W. Furr, Bar Roll No. 19582
      Karleen J. Green, Bar Roll No. 25119
      Shelton Dennis Blunt, Bar Roll No. 21230
      Gregory T. Stevens, Bar Roll No. 29436
      Jessica C. Huffman, Bar Roll No. 30445
      Michael B. Victorian, Bar Roll No. 36065
      Molly McDiarmid, Bar Roll No. 36426
      II City Plaza | 400 Convention Street, Suite 1100
      Baton Rouge, Louisiana 70802
      P.O. Box 4412
      Baton Rouge, Louisiana 70821-4412
      Telephone: 225 346 0285

    Facsimile: 225 381 9197
    Email: susie.furr@phelps.com
          karleen.green@phelps.com
          dennis.blunt@phelps.com
          greg.stevens@phelps.com
          jess.huffman@phelps.com
          michael.victorian@phelps.com
          molly.mcdiarmid@phelps.com

**ATTORNEYS FOR DEFENDANT, THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on June 30, 2023, with the Court's CM/ECF system. Undersigned counsel will send an electronic copy of the same to Plaintiffs' counsel.

          */s/ Susan W. Furr*
          Susan W. Furr

3