**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ABBY OWENS, ET AL. ) | |
| ) | Case No. 3:21-cv-00242-WBV-SDJ |
| Plaintiffs, ) | |
| v. ) | Judge Wendy B. Vitter |
| ) | Magistrate Judge Scott D. Johnson |
| LOUISIANA STATE UNIVERSITY, ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**LEAVE TO FILE AMICUS BRIEF**

Public Justice respectfully requests leave to file the proposed *amicus curiae* brief submitted herewith in opposition to Defendants' motions for summary judgment. Plaintiffs, through their counsel, have consented to the filing. Defendants, through their counsel, declined to consent.

"No federal rule exists governing the procedural or substantive requirements for district court amicus briefs." *United States v. City of New Orleans,* No. 12-1924, 2022 WL 4465534, at *1 (E.D. La. Sept. 26, 2022) (quoting *Sierra Club v. Fed. Emergency Mgmt. Agency,* No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007)). "Whether to permit a nonparty to submit a brief, as amicus curiae, is . . . a matter of judicial grace . . . solely within the broad discretion of the district court." *United States v. Hamdan,* No. 19-60, 2021 WL 809376, at *5 (E.D. La. Mar. 3, 2021) (citations omitted) (Vitter, J.). In exercising this discretion, district courts consider whether the participation of a given amicus would be "timely and useful," whether the "organization seeking to file the amicus brief is an advocate for one of the parties, which is generally viewed with disfavor," whether "the amicus has a special interest" in the case, and whether the proposed amicus brief focuses on "a broader legal interest," as opposed to the factual

issues of a given case. *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, No. 1:21-CV-01129, 2023 WL 379277, at *1-2 (W.D. Tex. Jan. 20, 2023) (citations omitted). Each of these factors counsels toward acceptance of the proposed amicus brief at issue here.

First, Public Justice believes that its proposed brief would be helpful to the Court here because the brief explains important legal principles on which Public Justice has developed significant expertise. This case implicates important questions about the rights of student-survivors of sex-based harassment under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. As explained in the proposed brief, Public Justice is a national public interest organization that works to advance the rights of students who experience discrimination, including sexual harassment. As a part of this work, Public Justice litigates numerous Title IX cases on behalf of survivors of sex-based violence across the country.

Public Justice has brought that expertise to bear on its brief, which discusses, among other topics, the availability of pre-assault heightened risk Title IX claims, Amicus Br. at 2-5; the meaning of Title IX's substantial control requirement, *id.* at 5-10; and the standard to establish an educational deprivation under Title IX, *id.* at 10-12. Public Justice's attorneys have previously briefed all three of these issues on behalf of parties, *amici*, or both. In the last year alone, Public Justice has briefed and argued two pending appeals—one of which is en banc—concerning the scope of Title IX's control requirement. *See Brown v. Arizona,* 20-15569 (9th. Cir. argued en banc Mar. 21, 2023); *Doe v. Bd. of Regents of the Univ. of Wis. Sys.,* No. 22-2454 (7th Cir. argued Feb. 14, 2023). In one of those appeals, *Doe v. University of Wisconsin,* Public Justice also briefed the issue of what a plaintiff must demonstrate to establish an educational deprivation. And these are only two of the many cases concerning Title IX that Public Justice's Students' Civil Rights Projects has briefed or argued around the country, including in the U.S. Supreme Court, the Third, Fourth,

Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits, and numerous district courts.

Second, amicus curiae is unaffiliated with the parties and its brief focuses on the correct interpretation of Title IX, not the strengths of the claims at issue or the correct disposition of the case. Because Public Justice is a legal advocacy organization that seeks to advance the rights of student victims of sexual harassment and shape the development of the law in this area, it has a "special interest" in the case. *See, e.g., City of South Miami v. DeSantis,* No. 19-cv-22927, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019) (permitting human rights groups to file an amicus brief in case concerning state's obligations to migrants due to groups' special interest); *Chavez v. Credit Nation Auto Sales, Inc.,* No. 1:13-CV-312, 2014 WL 12780146, at *3-4 (N.D. Ga. June 5, 2014) (granting motion to file amicus brief where amicus provided "ideas, arguments, and citations to authority that [were] helpful to the court," including describing "how various Circuits" have addressed a developing area of law).

Third, and relatedly, the proposed brief seeks to vindicate "a broader legal interest" by advocating for appropriate judicial enforcement of Title IX. It does not seek to "re-argue the facts . . . of the case," but instead aims to assist the Court in understanding this developing area of law by providing analysis of how courts across the country have addressed these difficult questions. *Evanston Ins. Co.*, 2023 WL 379277 at *2.

For the foregoing reasons, Public Justice respectfully requests that this Court grant its motion to file the proposed amicus brief submitted herewith.

This 3rd day of August, 2023.

                                      Respectfully submitted,

                                      */s/ Stephen J. Herman*
                                      Stephen J. Herman, La. Bar No. 23129
                                      HERMAN, HERMAN, & KATZ

820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
E-Mail: sherman@hhklawfirm.com

Alexandra Z. Brodsky*
Mollie Berkowitz*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
E-Mail: abrodsky@publicjustice.net
E-Mail: mberkowitz@publicjustice.net

**Attorneys for Proposed Amicus Curiae, Public Justice.**

*Pro hac vice* applications forthcoming

3