UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

The Board submits this memorandum in opposition to the Motion for Leave to File Amicus Brief by Public Justice.

### I.   LAW AND ARGUMENT.

"No federal rule exists governing the procedural or substantive requirements for district court amicus curiae briefs," and the "Local Rules of the U.S. District Court for the Eastern District of Louisiana are equally silent." *United States v. City of New Orleans*, No. CV 12-1924, 2022 WL 4465534, at *1 (E.D. La. Sept. 26, 2022). Courts in this district typically consider the following when determining whether to permit an amicus: "whether the proposed amicus sufficiently 'ma[d]e a showing that his participation [wa]s useful to or otherwise desirable by the court,' the neutrality of the proposed amicus, whether the parties were represented by competent counsel, and whether the parties opposed the participation as amicus." *Id.* (internal citations omitted). "[A]cceptance of an [ ] amicus curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *U.S. v. Hamdan*, No. 19-60-WBV-KWR, 2021 WL 809376 (E.D. La. Mar. 3, 2021) (ellipses omitted).

These factors weigh against granting Public Justice leave to file an amicus brief. As to the first factor, the parties have submitted hundreds of pages of briefing to the Court on the legal issues

contained in Public Justice's brief, and additional commentary by Public Justice is unnecessary and redundant. *See AWT Be Good LLC v. Chesapeake La., L.P.*, No. 16-1412, 2019 WL 2385199, at *1 (W.D. La. Jun. 4, 2019) (denying leave where proposed brief only repeated the same arguments asserted by party and failed to offer any "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide"); *see also Okechuku v. U.S.*, No. 3:19-CV-1005-B-BT, 2019 WL 6497876, at *2 (N.D. Tex. Dec. 3, 2019) (denying leave where amicus brief had no unique information and it was not shown that the parties to the case were incapable of raising those same issues). For the second factor, the Board is supportive of Public Justice's work to improve the learning environment for students. However, the representative cases listed on Public Justice's website demonstrate its practice of filing cases/acting as an amicus on behalf of plaintiff-students only, calling into question its neutrality. Indeed, Public Justice states in its memorandum in support of its motion for leave that its proposed amicus brief is being filed "in opposition to Defendants' [sic] motions for summary judgment." (R. Doc. 398-1, p. 1); *see Club v. Fed. Emergency Mgmt. Agency*, No. CV H-07-0608, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007) (noting that an amicus who argues fact issues should not be permitted to participate and further denying leave due to the partisanship and closely aligned interests of the amicus to the plaintiff). As to the final two factors, all parties are represented by competent counsel, and the Board has opposed Public Justice's motion.

Other factors weigh against Public Justice's request. First, Public Justice's amicus brief was not filed by the July 31, 2023, deadline for filing opposition memoranda to the Board's summary judgment motions. Second, should this Court grant Public Justice's motion, the Board requests an opportunity to respond substantively. Because the Board is in the process of drafting reply memoranda in support of its motions for summary judgment, the Board respectfully requests

that its response deadline (if a response is required) be set after the August 22, 2023 reply deadline. Finally, much of the evidence in this case, including the plaintiff's deposition transcripts, and the Board's memoranda in support of summary judgment are subject to the protective order (necessitating the Board filing its summary judgment pleadings under seal). Despite the protective order and sealed pleadings, Public Justice's brief demonstrates that it has been provided the Board's summary judgment memoranda (the Board's does not know the extent to which Public Justice has been provided other evidence in the case). Thus, to the extent Public Justice makes factual statements or mixed statements of fact and law without the full benefit of the confidential record, such statements should be disregarded.

IV.   **CONCLUSION.**

For these reasons, the Court should deny the Motion for Leave to File Amicus Brief.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt, Bar No. 21230
Susan W. Furr, Bar No. 19582
Karleen J. Green, Bar No. 25119
Greg Stevens, Bar Roll No. 29436
Jessica Coco Huffman, Bar No.30445
Michael B. Victorian, Bar No. 36065
Molly McDiarmid, Bar No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com

Email: molly.mcdiarmid@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on August 14, 2023, with the Court's CM/ECF system. Undersigned counsel will send an electronic copy of the same to Plaintiffs' counsel.

/s/ *Susan W. Furr*
Susan W. Furr