# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, ET AL.    )
           ) Case No. 3:21-cv-00242-WBV-SDJ
      Plaintiffs, )
  v.        ) Judge Wendy B. Vitter
           )
LOUISIANA STATE UNIVERSITY, ) Magistrate Judge Scott D. Johnson
  ET AL.      )
           )
      Defendants. )

## <u>REPLY BRIEF</u><br><u>IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS BRIEF</u>

Proposed amicus curiae Public Justice moved for leave to file an amicus brief. As it explained, Public Justice draws on its considerable relevant experience to offer a broader view of the legal questions in this case. Mem. in Supp. of Mot. for Leave to File Amicus Br., ECF 398-1 at 1. Defendant Louisiana State University opposes the motion because it believes Public Justice's commentary "is unnecessary and redundant," that Public Justice is not sufficiently "neutral," that the proposed brief was not timely, and that all parties are represented by competent counsel. Mem. in Opp. to Mot. for Leave to File Amicus Br., ECF 415 at 1-2. The first three of these arguments are wrong, and the last is insufficient to exclude proposed amicus curiae. The Court should grant Public Justice's motion.

1. Public Justice's proposed brief is additive, not redundant. The brief focuses on the "broader legal interest[s]" at issue here rather than focusing on "the result of this particular . . . dispute." *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys,* No. 1:21-CV-01129, 2023 WL 379277, at *1-2 (W.D. Tex. Jan. 20, 2023) (citations omitted). Public Justice places the legal questions in this

case in a larger context and provides important legal authorities and perspective otherwise absent from the briefing. For example, the proposed amicus brief provides (at pages 2-4) a taxonomy of the different kinds of Title IX claims available to plaintiffs. Proposed Br., ECF 398-2. Public Justice believes this explanation will help clarify what claims are, and are not, present in this case, and the important differences between two distinct "pre-assault" or "heightened risk" theories of liability.

In this analysis, Public Justice pulls on its "unique information or perspective." *In re Halo Wireless, Inc.,* 684 F.3d 581, 596 (5th Cir. 2012) (citation omitted); *see also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue,* 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J., in chambers) (noting "[s]ome friends of the court are entities with particular expertise" (quoting Luther T. Munford, *When Does the Curiae Need an Amicus?*, 1 J. App. Prac. & Process 279, 281 (1999)). Accordingly, the proposed brief is likely to prove "useful" to the Court in its evaluation of the legal issues at the heart of this case. *Evanston Ins. Co.*, 2023 WL 379277, at *1 (citation omitted). In such a circumstance, amicus "may provide important assistance to the court" "[e]ven when a party is very well represented," as here. *Neonatology Associates*, 293 F.3d at 132.

Of course, amicus briefs generally will—indeed must—address subjects also discussed in the party briefing. If amici only spoke to matters outside the scope of the parties' arguments, this Court would be right to deny their motion on that ground. *See Evanston Ins. Co.*, 2023 WL 379277, at *2 (denying motion for leave to file amicus brief because amici "introduce[d] new factual and legal issues not previously addressed by the parties"); *cf.* Fed. R. App. P. 29(a)(3)(B) (requiring proposed amici to explain "why the matters asserted are relevant to the disposition of the case"). The fact that the proposed brief addresses major legal questions in the case does not render the brief "redundant," ECF 415 at 2, but instead ensures that it is relevant.

2. LSU is wrong that the proposed brief should not be accepted because, in its view, Public Justice is not "neutral[]." ECF 415 at 2. The only opinion LSU cites for this point, *Sierra Club*, explained that a proposed amicus curiae may be unfit for the role if its interests would be "directly affected by any court ruling on a substantive matter" in this case. *Sierra Club v. Fed. Emergency Mgmt. Agency,* No. H-07-0608, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007). *But see Neonatology Assocs.*, 293 F.3d at 131-32 (noting that a "quick look at Supreme Court opinions discloses that corporations, unions, trade and professional associations, and other parties with . . . interests appear regularly as amici"). In *Sierra Club*, the proposed amicus had "filed an administrative appeal raising the same objections as th[e] lawsuit" in which it sought to file a brief. *Sierra Club*, 2007 WL 3472851, at *3. LSU does not and could not contend that Public Justice has an analogous personal interest in this case.

To be sure, Public Justice has a *perspective* on the legal issues at hand. If it did not, Public Justice would be an unhelpful friend to the court, and it would have no reason to file a brief. For these reasons, amici are "not normally impartial" in the manner LSU demands, and "[t]here is no rule . . . that amici must be totally disinterested." *Id.* (citations omitted); *see also Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, No. 02-80309, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) (similar). Indeed, other courts have recognized that an amicus's "special interest"—and thus special outlook—may render its participation particularly valuable. *See, e.g.*, *City of S. Miami v. DeSantis*, No. 19-CV-22927, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019). And Rule 29 of the Federal Rules of Appellate Procedure "*requires* that an amicus have an 'interest' in the case," *Neonatology Associates*, 293 F.3d at 131 (emphasis added) (citing Fed. R. App. P. 29(a)(3) and (4)(D)); *see also United States v. Olis*, No. CIV.A. H-07-3295, 2008 WL 620520, at *7 (S.D. Tex. Mar. 3, 2008) (noting that "district courts commonly refer to Rule 29 for guidance" in

assessing motions to file amicus briefs). After all, "'the fundamental assumption of our adversary system' is that 'strong (but fair) advocacy on behalf of opposing views promotes sound decision making.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 674 (5th Cir. 2021) (quoting *Neonatology Associates*, 293 F.3d at 131). Accordingly, "[a]n amicus who makes a strong but responsible presentation in support of a party"—and certainly, as here, in support of a given perspective on the law, rather than an assessment of a party's claims—"can truly serve as the court's friend." *Id.* (*Neonatology Associates*, 293 F.3d at 131).

3. The proposed amicus brief is timely. Public Justice filed its proposed brief just three days after Plaintiffs moved to file their opposition briefs, ensuring that LSU would have ample time to review the amicus brief and respond to Public Justice's view of the law if it so chooses. LSU argues that the Court should nonetheless reject the brief because it was not filed by the deadline for the Plaintiffs' opposition memoranda. ECF 415 at 2. But that is not the measure of timeliness. As LSU noted in its opposition, "'[n]o federal rule exists governing the procedural . . . requirements for district court amicus curiae briefs." ECF 415 at 1 (quoting *United States v. City of New Orleans,* No. CV 12-1924, 2022 WL 4465534, at *1 (E.D. La. Sept. 26, 2022)). Consequently, there is no rule requiring an amicus to file its brief at the same time as a party. Nor is there any reason to think that a party deadline would be the correct way for a court to judge an amicus's timeliness. In federal appeals courts, for example, amicus briefs are due a week after a party's brief, Fed. R. App. P. 29(a)(6)—a rule that, if applied here, would have given Public Justice four additional days to file its brief. *See Pegasus Equine Guardian Ass'n v. U.S. Army*, No. 2:17-CV-0980, 2019 WL 362598, at *2 (W.D. La. Jan. 28, 2019) (looking to Federal Rule of Appellate Procedure 29 to assess timeliness of proposed amicus brief); *Cox v. Morris*, No. 3:18-CV-30, 2019 WL 1601367, at *5 & n.9 (N.D. Miss. Apr. 15, 2019) (same); *Olis*, 2008 WL 620520, at *8 (same).

For the foregoing reasons, Public Justice respectfully requests the Court grant its Motion for Leave to File an Amicus Brief.

This 17<u>th</u> day of <u>August</u>, <u>2023</u>.

Respectfully submitted,

<u>/s/ Stephen J. Herman</u>
Stephen J. Herman, La. Bar No. 23129
HERMAN, HERMAN, & KATZ
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
E-Mail: sherman@hhklawfirm.com

Alexandra Z. Brodsky*
Mollie Berkowitz*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
E-Mail: abrodsky@publicjustice.net
E-Mail: mberkowitz@publicjustice.net

**Attorneys for Proposed Amicus Curiae, Public Justice.**

*Pro hac vice* applications pending

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Reply Brief will be filed electronically using the Court's ECF system, thereby effecting service on all counsel of record, and will further be served upon counsel for the Board of Supervisors *via* E-Mail, this 17<u>th</u> day of <u>August</u>, <u>2023</u>.

<u>/s/ Stephen J. Herman</u>