UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS DAMAGES**

The Board submits this memorandum in support of its Motion to Dismiss Plaintiffs' Claims for Emotional Distress Damages. (R. Doc. 352) For the reasons set forth below and in the Board's original memorandum, Plaintiffs' claims for emotional distress damages under Title IX should be dismissed as a matter of law.

**I.    *CUMMINGS* BARS EMOTIONAL DISTRESS DAMAGES UNDER TITLE IX.**

Since its issuance, courts have overwhelmingly interpreted *Cummings* to apply to Title IX, a Spending Clause statute, and preclude recovery of emotional distress damages in Title IX cases.[1] Plaintiffs acknowledge this in their opposition, stating that "the majority of courts applying the new law [*Cummings*] have done so" in Title IX cases. (R. Doc. 386, p. 6) Plaintiffs urge this

---

[1] *Bonnewitz v. Baylor Univ.*, 2022 WL 2688399, at *4 (W.D. Tex. July 12, 2022) ("Damages for emotional distress are not recoverable for violations of anti-discrimination statutes, including Title IX."); *T.F. v. Greenwood ISD*, 2022 WL 17477597, at *9 (W.D. Tex. Dec. 5, 2022) (holding that "Plaintiffs cannot claim emotional damages under Title IX"); *Doe v. Texas Christian Univ.*, 2022 WL 17631668, at *4 (N.D. Tex. Dec. 13, 2022) (holding plaintiff had no viable claim for mental anguish damages). Other courts outside the Fifth Circuit have held the same. *See, e.g., Doe v. Purdue Univ.*, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022) ("The Supreme Court's decision [in *Cummings*] forecloses [plaintiff's] claim for 'emotional and psychological damages'"); *Doe v. Bd. of Regents of Univ. of Neb.*, 2022 WL 3566990, at *4 (D. Neb. Aug. 18, 2022) ("Doe concedes that the holding in *Cummings* generally precludes emotional-distress damages in Title IX cases like hers."); *Doe v. City of Pawtucket*, 633 F. Supp.3d 583, 588-89 (D.R.I. 2022) ("While the Supreme Court's holding in *Cummings* was limited to the ACA and RA, the opinion's underlying reasoning forces the same conclusion for Title IX." "The Supreme Court's opinion in *Cummings* therefore dictates that emotional distress damages are unavailable in private suits to enforce Title IX."); *Party v. Arizona Bd. of Regents*, 2022 WL 17459745, at *3 (D. Ariz. Dec. 6, 2022); *Doe v. Moravian College*, 2023 WL 144436, at *6 (E.D. Pa. Jan. 10, 2023) (recognizing that the "Supreme Court's recent decision in *Cummings* . . . precludes the [emotional distress damages] that Plaintiff seeks").

1

Court to disregard the majority view, but they offer no sound reasoning or arguments for doing so. The few cases they cite in support of their position are inapposite.

First, in *Luke v. Texas,* 46 F.4th 301 (5th Cir. 2022), which involved claims under Title II of the Americans with Disabilities Act, a **non-Spending Clause statute**, the Fifth Circuit did not have the opportunity to rule on the applicability of *Cummings* since the *Cummings* decision was issued after briefing and oral argument was completed in the case.[2] The court's election not to rule on the issue at that juncture is insignificant. Notably, on remand, the magistrate judge issued a Report and Recommendation holding that *Cummings* precluded emotional distress damages under Title II, and thus, recommended dismissal of plaintiff's claims for emotional distress damages.[3] The court's willingness to apply *Cummings* to a non-Spending Clause statute like Title II only further supports the application of *Cummings* to Title IX, which is a Spending Clause statute.

The other cases cited by Plaintiffs are equally inapposite. *Coleman v. Cedar Hill Independent School District*, 2022 WL 1470957 (N.D. Tex. May 10, 2022), involved many claims, only one of which was a claim involving a Spending Clause statute, the Rehabilitation Act.[4] The other claims, including claims under the Family and Medical Leave Act and Texas state law, did not implicate Spending Clause statutes and allowed for recovery of emotional distress damages.[5] Consistent with *Cummings,* the court noted that, while emotional distress damages were not recoverable under the Rehabilitation Act, since the plaintiff was also asserting other claims for which such damages were recoverable, defendant's request for certain documents and information pertinent to plaintiff's alleged mental anguish remained relevant.[6] *Coleman* confirms that

---

[2] *Luke,* 46 F.4th at 306 n.4.
[3] *Luke v. Lee County,* 2023 WL 4980943, at *8-9 (W.D. Tex. Aug. 3, 2023).
[4] *Coleman,* 2022 WL 1470957, at *1.
[5] *Id.*
[6] *Id.*, at *3 n.2.

*Cummings* forecloses the recovery of emotional distress damages in connection with claims under Spending Clause statutes.

The other cited decision, *Doe v. Purdue University,* 2022 WL 2828238 (N.D. Ind. July 20, 2022), should be easily disregarded. While *Doe* concluded, in the context of a motion in limine, that plaintiff could offer evidence of consequential damages in connection with her Title IX claim on the ground that "*Cummings* does not hold that it limits Title IX damages," it provided no reasoning to support its conclusion in this regard.[7] Many other courts have disagreed with *Doe,* criticizing it for, *inter alia*, making "a conclusory statement that is against the thrust . . . of the Supreme Court's opinion in *Cummings*."[8] Significantly, less than one month later, another court within the same district dismissed plaintiff's claim for emotional and psychological harm under Title IX based on *Cummings*.[9] The same result should inure in this case.

## II.     THE DAMAGES AT ISSUE ARISE OUT OF EMOTIONAL DISTRESS.

As an initial matter, throughout their opposition, Plaintiffs erroneously suggest that the Board seeks dismissal of the entirety of Plaintiffs' claims for damages. (*See, e.g.,* R. Doc. 386, p. 5) They then spend a significant portion of their opposition arguing why *Cummings* does not foreclose recovery of contract damages in Title IX cases. (*Id.,* pp. 7-8) The Board agrees, and its original memorandum was clear that it was seeking dismissal of only those claimed damages that related to emotional distress.

---

[7] *Doe,* 2022 WL 2828238, at *4.

[8] *See e.g., Doe*, 633 F. Supp.3d at 589 (noting "to the extent that this opinion [*Doe*] provides persuasive value, there is little to be found"); *Doe v. Town of North Andover*, 2023 WL 3481494, at *11 (D. Mass. May 16, 2023) (likewise concluding that *Doe* "is not persuasive where the court provided no reasoning to support the conclusion"); *Abdulsalam v. Board of Regents of University of Nebraska*, 2023 WL 4266378, at *5 (D. Neb. June 29, 2023) (same).

[9] *Doe v. Purdue Univ*., 2022 WL 3279234 at *13 (N.D. Ind. Aug. 11, 2022), on reconsideration granted, in part, and denied, in part, 2023 WL 1991698 (N.D. Ind. Feb. 14, 2023) (recognizing that *Cummings* "held that emotional distress damages are not available under antidiscrimination statutes enacted under the Spending Clause of the Constitution, such as Title IX").

3

In any event, in their opposition, Plaintiffs only put forth arguments regarding the following three categories of damages:

a. Tuition and school-related expenses, including relocation expenses and loss of educational opportunities and benefits;

b. Costs for medical treatment related to physical and psychological injuries; and

c. Lost earning capacity and employment opportunities.

They otherwise fail to specifically discuss any other enumerated category of damages, conceding the propriety of dismissal of those claims. As to the remaining categories of damages, in most cases, Plaintiffs' requested damages are effectively the quantifiable result of their alleged emotional injuries. Because certain damages arise from or relate to emotional distress, *Cummings* precludes recovery.

    a.    ***Cummings* Precludes Recovery of Tuition, Relocation Expenses, Educational Expenses, and Lost Educational Opportunities and Benefits Arising From Emotional Distress.**

Plaintiffs allege generally that they are entitled to damages for lost tuition, lost scholarships, expenses associated with transferring to different schools or moving generally, additional tuition costs associated with prolonged degree completion time, fees associated with retaking classes, and lost educational opportunities and benefits. As indicated in the Board's original memorandum, the Board agrees that these items are recoverable to the extent they are not incurred as a result of emotional distress. However, to the extent they arise from emotional distress, *Cummings* bars recovery.

As an example, if a student-plaintiff were to resign from a university out of fear of encountering her alleged harasser, those tuition expenses would be recoverable under Title IX, as they are reasonably expected damages and are not tied to emotional distress. On the other hand, if a student-plaintiff were to resign from school as a result of a substance abuse problem she

4

incurred after experiencing sexual harassment, those tuition or other educational expenses would not be recoverable, as that is not expected liability and arises from emotional distress. Plaintiffs make no attempt to show how any lost tuition, relocation expenses and other items of damages are unrelated to emotional distress, instead they simply state that these damages "were incurred as a result of LSU's wrongful conduct," which is not informative in this regard. (R. Doc. 386, p. 9) The Court should dismiss these items of damages to the extent they arise from or relate to emotional distress.

      b.      *Cummings* **Precludes Recovery of Medical Expenses for Emotional Injuries.**

Plaintiffs next argue that *Cummings* does not bar recovery of damages for physical injuries caused by the alleged assaults. The Board does not dispute that Plaintiffs may pursue damages for such physical injuries, including damages for the broken rib purportedly suffered by Plaintiff Jade Lewis as a result of her alleged assault. However, Plaintiffs fail to recognize the distinction between recoverable damages for such physical **injuries** and unrecoverable damages for physical **symptoms** stemming from emotional distress, which are barred by *Cummings*.

Plaintiffs contend they can recover for alleged injuries such as "substance abuse, eating disorders, post-traumatic stress disorder ('PTSD'), and self-harm" simply because these injuries may result in physical symptoms. (R. Doc. 386, pp. 12-13) These are quintessential examples of items that arise from emotional distress within the meaning of *Cummings*. Indeed, Plaintiffs acknowledge in their opposition that these items "suggest a component of mental distress." (R. Doc. 386, p. 14) Despite this admission, Plaintiffs argue that they are entitled to all medical expenses incurred, whether for physical or mental injuries. This is not supported by case law, including the very cases cited by Plaintiffs.

For example, in *Pennington v. Flora Cmty. Unit. Sch. Dist. No. 35,* 2023 WL 348320 (S.D. Ill. Jan. 20, 2023), discussed at length in Plaintiffs' opposition, the court held that plaintiffs' claim

5

for medical expenses attributed to treatment for physical injuries suffered as a result of bullying, such as expenses for the surgical removal of a pencil after one plaintiff was stabbed in the arm with a pencil, were recoverable.[10] However, in light of *Cummings,* the court rejected plaintiffs' claims for damages for "mental, emotional, psychological injuries" and "pain and suffering" as merely attempts by plaintiffs to "rebrand" their damages as something other than emotional distress.[11] As aptly stated by the court:

> Plaintiffs did not provide citations to any legal authority to support their suggestion that damages for severe emotional responses and **diagnosable psychiatric conditions**, as opposed to simple "humiliation" or "frustration," are recoverable, and the Court has no reason to believe that is true when the Supreme Court in *Cummings* did not distinguish between degrees of emotional distress.[12]

As can be seen, despite Plaintiffs' suggestions to the contrary, *Pennington* indicates that claims for damages related to emotional distress, whatever the label, including claims for damages for PTSD, are barred by *Cummings*.[13]

As shown in its original memorandum, in addition to the Plaintiffs' own cases, there is ample other authority supporting the inability to recover medical expenses for emotional distress injuries under Title IX in light of *Cummings*.[14]

---

[10] *Pennington,* 2023 WL 348320, at *3-4.
[11] *Id.*, at *3-4. The court subsequently struck these items of damages from the complaint. *Id.*, at *7.
[12] *Id.*, at *3 (emphasis added).
[13] The other case cited by Plaintiffs, *Doe,* 633 F. Supp.3d 583, also supports the Board's position. In *Doe,* consistent with *Cummings,* the court held that the plaintiff was not barred from seeking recovery for medical expenses "for **physical** harm that the minor Plaintiff might have sustained during her sexual assault" because such damages "result from non-emotional distress harm." *Doe,* 633 F. Supp.3d at 590 (emphasis added). Notably, the court specifically rejected plaintiffs' claims for "non-medical expense, non-emotional distress damages requested in the complaint – psychological damage, post traumatic syndrome, and loss of enjoyment." *Id.,* at 591.
[14] *A.T. v. Oley Valley Sch. Dist.*, 2023 WL 1453143, at *4 (E.D. Pa. Feb. 1, 2023) (precluding recovery of medical expenses based on emotional distress such as bipolar disorder, anxiety, humiliation, embarrassment, frustration and alcohol and drug addiction); *Doe v. Fairfax Cnty. Sch. Bd.*, 2023 WL 424265, at *6 (E.D. Va. January 25, 2023) (precluding recovery of medical expenses arising from emotional distress harm, including counseling and physical illness from emotional distress); *J.C. v. Board of Regents of University System of Georgia*, 2023 WL 4938054 (N.D. Ga. Aug. 1, 2023) (dismissing claim from damages for counseling and psychiatric treatment because they "relate directly to the emotional harms suffered"); *M.R. v. Burlington Area School District*, 2023 WL 4826471, at *5 (E.D. Wis. July 27, 2023) (concluding that mental health treatment costs sought to be recovered were mere proxies for emotional distress damages and therefore unrecoverable); *K.G. v. Woodford Cnty. Bd. of Educ.*, 2022 WL 17993127,

6

c.  ***Cummings* Preludes Recovery for Lost Earning Capacity and Employment Opportunities Arising From Emotional Distress.**

Plaintiffs' allegations reveal that their requests for damages for lost earning capacity and employment opportunities are just quantifiable results of their alleged emotional injuries and unrecoverable under *Cummings*. For example, Richardson claims she turned down "multiple jobs" because she is afraid of being alone with men. (R. Doc. 182, ¶ 241) Brennan claims she lost past income because she quit her football recruiting job due to "intense feelings of humiliation and shame" and claims loss of future income because she was not able to obtain a college degree without delay, as she left LSU due to "depression and lack of self-worth," and did not return to college until 2021. (R. Doc. 182, ¶¶ 316, 317, 324, 326) Doe claims that her professional success and career prospects were diminished when she was expelled from LSU because of behavior she attributes to "mental distress." (R. Doc. 182, ¶ 650) Owens claims loss of income attributed to the delay in receiving her degree, which delay was due to her withdrawal from school to attend rehab for her substance abuse problem. (R. Doc. 182, ¶ 361) Lewis claims she lost the opportunity to play professional tennis, which although she argues was due to a single physical injury, her Complaint evidences its relation to being "traumatized," worrying all the time, and other mental distress. (R. Doc. 182, ¶ 555) Kitch claims damages for "loss of income attributed to the complete loss of her ability to attain tenure," which she attributes to "daily fear" and "triggering flashbacks" of trauma. (R. Doc. 182, ¶¶ 727, 729, 741)

Moreover, even if these items of damages did not arise from emotional distress, general assertions of lost earning capacity and lost employment opportunities are still not recoverable in breach of contract cases, as they are "too speculative" and could not have been reasonably

---

at *3 (E.D. Ky. Dec. 29, 2022) ("[C]ompensatory damages are inappropriate in this case because the only injuries that the plaintiffs have arguably alleged, if at all, are emotional in nature.").

7

anticipated.[15] Plaintiffs have not alleged any future identifiable professional opportunities that would have been available to them absent a breach or that such opportunities were in contemplation of the parties at the time of their contract.[16] Their allegations are mere general assertions, devoid of any specific employment opportunities necessary to support these damages.

## IV.  CONCLUSION

For the reasons stated in the Board's memorandum in support of its motion to dismiss and herein, all claims for damages relating to emotional distress should be dismissed as a matter of law.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt, Bar No. 21230
Susan W. Furr, Bar No. 19582
Karleen J. Green, Bar No. 25119
Greg Stevens, Bar Roll No. 29436
Jessica Coco Huffman, Bar No.30445
Michael B. Victorian, Bar No. 36065
Molly McDiarmid, Bar No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: michael.victorian@phelps.com

---

[15] *See Fairfax,* 2023 WL 424265, at *6.
[16] *See id*.

ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on August 22, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/ *Susan W. Furr*
Susan W. Furr