**MINUTE ENTRY**
**VITTER, J.**
**SEPTEMBER 13, 2023**
**JS10, 0:45**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ABBY OWENS, ET AL.**                    **CIVIL ACTION**

**VERSUS**                               **NO. 21-242-WBV-SDJ**

**LOUISIANA STATE UNIVERSITY, ET AL.**

### TELEPHONE STATUS CONFERENCE REPORT and ORDER

On September 13, 2023, at the Court's request, the Court held a Telephone

Status Conference in this matter.

**PRESENT:**

> **Catherine E. Lasky, Elizabeth K. Abdnour, Karen Truszkowski**
> Counsel for Plaintiffs, Abby Owens, Kennan Johnson, Samantha
> Brennan, Elisabeth Andries, Jade Lewis, Calise Richardson, Ashlyn
> Robertson, Corinn Hovis, Sarah Beth Kitch, and Jane Doe

> **Susan W. Furr, Molly C. McDiarmid**
> Counsel for Defendant, Board Of Supervisors for Louisiana State
> University and Agricultural and Mechanical College (the "Board")

The Court held a conference in this matter to discuss, among other things, the

Board's Ex Parte Motion for Leave to File Reply Memoranda Under Seal,[1] as well as

several pleadings that were previously filed into the record under seal pursuant to

the Court's Orders issued on July 10, 2023, July 18, 2023, and August 4, 2023.[2]

---

[1] R. Doc. 342.
[2] R. Docs. 363, 385, & 403; *See,* R. Docs. 364-383 & 405-414.

As discussed during the conference, "Courts have recognized that the public has a common law right to access judicial records and proceedings, although the right is not absolute."[3] "Public access serves important interests, such as 'to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness.'"[4] "To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure."[5] The Fifth Circuit has repeatedly instructed courts to exercise their discretion to seal "charily."[6] As such, "A court must construe any doubt in favor of disclosure."[7] Several courts have recognized that the public's interest in access to court records "is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official."[8] Moreover, at least one other court in this Circuit has held that the public interest in access to court records "is especially strong" in a case like this one, "where Plaintiff alleges that

---

[3] *Bahwell v. Stanley-Bostitch, Inc.*, Civ. A. No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002) (Vance, J.) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

[4] *Bahwell*, Civ. A. No. 00-0541, 2002 WL 1298777 at *1 (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

[5] *Bahwell,* Civ. A. No. 00-0541, 2002 WL 1298777 at *1 (citation omitted).

[6] *United States v. Ahsani*, 76 F.4th 441, 451 (5th Cir. 2023) (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)) (internal quotation marks omitted).

[7] *Marcus v. St. Tammany Parish School Bd.*, Civ. A. No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997) (Clement, J.) (quoting *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (superseded by Rule on other grounds as stated in *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009)).

[8] *Marcus*, Civ. A. No. 95-3140, 1997 WL 313418 at *5 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3rd Cir. 1994)) (internal quotation marks omitted). *See*, *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 404 (D. Maine 2001) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)) (stating that the common law presumption of public access to judicial records "is 'no mere paper tiger' and accumulates even more weight when the government (or, as in this case, individuals acting under the color of governmental authority) is accused of wrongdoing.").

a public-school district ignored reports of sexual assault and sexual harassment on a high school campus."[9]

The same is true in this case. Specifically, public interest in access to this Court's records is particularly strong, as it is alleged that employees of the flagship university covered up or ignored reports of sexual assault and sexual harassment on its campus. The Court explained that, "When courts find that a privacy interest justifies restricting the public's access, they restrict access in a way that will minimize the burden on the public's right, such as by sealing or redacting only those records that contain sensitive information."[10] The Court then directed the parties to the Fifth Circuit's recent decision in *United States v. Ahsani*, wherein the court addressed a motion to unseal documents in the context of a criminal proceeding.[11] The Fifth Circuit in *Ahsani* recognized that, "courts must make detailed, clear, and specific findings when sealing a record to which there is a presumptive right of access," and that a district court "must generally articulate its reasons to support sealing the [documents] with a level of detail that will allow for this Court's review.'"[12] The Fifth Circuit instructed that, "The court's analysis must be 'document-by-document' and 'line-by-line,'"[13] and that, "the court must carefully balance the right

---

[9] *Doe I on Behalf of Doe II v. Huntington Indep. School District*, Civ. A. No. 9:19-CV-00133-ZJH, 2021 WL 2794695, at *1 (E.D. Tex. Jan. 15, 2021) (Hawthorn, M.J.).
[10] *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517-18 (E.D. La. 2005) (citing authority).
[11] *United States v. Ahsani*, 76 F.4th 441 (5th Cir. 2023).
[12] *Id.* at 452 (citing and quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017)) (internal quotation marks omitted).
 and internal quotation marks omitted)
[13] *Ahsani*, 76 F.4th at 452 (quoting *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022)).

of access against countervailing interests."[14]  The Fifth Circuit then clarified that, "If identifying those interests would divulge the very information that should remain sealed, district courts may file their statements of reasons under seal."[15]

While the Court previously allowed the sealing of certain documents in this matter, it has now determined that such wholesale sealing of what has become large portions of the record is contrary to the foregoing policies.  The Court pointed out that much of the information now being requested to be sealed has previously been filed into the record.  Specifically, the Court pointed to the Complaint, the Amended Complaint, and the Second Amended Complaint, in which most of the Plaintiffs consented to proceed by their real names, as well as numerous motions to dismiss, all of which were fully briefed.[16]  Accordingly, and after discussion with the parties, the Court issued an **oral Order** requiring the parties to conduct a review of each filing previously filed under seal (including documents that were produced during discovery subject to the Protective Order in place),[17] and to confer regarding redacting only the truly sensitive information.  The Court then issued an **oral Order** giving the parties until **Friday, October 13, 2023** to file the redacted documents into the record, and giving the parties until **Monday, October 9, 2023** to contact the Court and request a telephone status conference to discuss any disagreements regarding the information to be redacted.[18]  The unredacted version of these documents will remain

---

[14] *Ahsani*, 76 F.4th at 452 (citing *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 227-28 (5th Cir. 2020)).
[15] *Ahsani*, 76 F.4th at 452-53 (citing *Sealed Search Warrants*, 868 F.3d at 397 n.5).
[16] *See, generally*, R. Docs. 1, 22, 182, 107, 110, 113, 127, 128, 140-145, 148, 149, 172-174, 199-203, 209-213, 224-227, 231, 260, 285, and 352.
[17] R. Doc. 206.
[18] Nothing in  this Order is meant to allow for any substantive changes to the pleadings other than to redact the sensitive information.

sealed.  The Court also issued an **oral Order DENYING without prejudice** the Motion for Leave to File Reply Memoranda Under Seal, and gave the Board until **Friday, October 13, 2023** to seek leave to file redacted versions of the proposed reply briefs and to seek leave to file the unredacted reply briefs into the record under seal.

Accordingly,

**IT IS HEREBY ORDERED** that the Ex Parte Motion for Leave to File Reply Memoranda Under Seal[19] is **DENIED** without prejudice.  The Board shall have until **Friday, October 13, 2023** to seek leave to file redacted versions of its proposed reply briefs into the record and to seek leave to file the unredacted versions into the record under seal.  Counsel shall have until **Monday, October 9, 2023** to contact the Court and request a telephone status conference to discuss any disagreements regarding the information to be redacted.

**IT IS FURTHER ORDERED** that the parties shall have until **Friday, October 13, 2023** to file into the record redacted versions of the motions and opposition briefs that were previously filed into the record under seal.[20]

New Orleans, Louisiana, September 13, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[19] R. Doc. 420.
[20] *See*, R. Docs. 364-383 & 405-414.