## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, et al.** *Plaintiffs* | **Case No.: 3:21-cv-00242** |
| | **Division WBV-SDJ** |
| **v.** | |
| | **JUDGE WENDY B. VITTER** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE** *Defendant* | **MAGISTRATE JUDGE JOHNSON** |
| | **JURY DEMANDED** |

### PLAINTIFFS' MOTION TO STRIKE AND LIMIT EXPERT REPORT AND TESTIMONY OF BRETT SOKOLOW

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), through undersigned counsel, respectfully move this Court to order that certain portions of the March 2, 2023 report (the "Report") of Brett Sokolow, the expert retained by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board"), be struck, and that Mr. Sokolow's testimony by limited such that he be precluded from offering improper and irrelevant opinion testimony at trial.

Specifically, Plaintiffs ask the Court to strike all portions of Mr. Sokolow's Report not pertaining to the claims of Corinn Hovis, because all but the single section addressing Ms. Hovis' claims relate to claims this Court has dismissed—namely the claims of deliberate indifference asserted by the other nine Plaintiffs. That being the case, Mr. Sokolow's opinions as to the other Plaintiffs will not "help the trier of fact to understand the evidence or to determine a fact in issue," as required by Federal Rule of Evidence 702. Further, offering such opinions through a witness cloaked with the imprimatur of an "expert" would be more prejudicial than probative, and thus should not be admitted under Federal Rule of Evidence 403.

In addition, because Mr. Sokolow has failed to update his report as required by Federal Rule of Evidence 26(e), he should not be permitted to offer opinions as to Plaintiffs' remaining "heightened risk" claims at this late date.

Finally, Mr. Sokolow's opinions that contain legal interpretations and conclusions, including but not limited to those that reach the ultimate conclusion of whether the Board's actions were "reasonable," are improper and should not be presented to the jury pursuant to Federal Rule of Evidence 704.

Considering the foregoing, and for the reasons set forth more fully in the Memorandum in Support filed herewith, Plaintiffs respectfully request that the Court order that Mr. Sokolow's Report be stricken as to the other Plaintiffs and further redacted to exclude any reference to legal conclusions or interpretations of the law, and that Mr. Sokolow's testimony be limited accordingly.

Respectfully Submitted

*/s/ Endya L. Hash*

Karen Truszkowski
*Pro Hac Vice*
Temperance Legal Group
503 Mall Court #131
Lansing, Michigan 48912
P: (844) 534-2560
F: (800) 531-6527
karen@temperancelegalgroup.com

Catherine E. Lasky (La. Bar 28652)
Endya L. Hash (La. Bar 38260)
Katie Lasky Law
619 Homedale Street
New Orleans, Louisiana 70124
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

Elizabeth K. Adnour
*Pro Hac Vice*
Abdnour Weiker, LLP
500 East Michigan Ave Suite 130
Lansing, Michigan 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

*Attorneys for Plaintiffs*

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing pleading has been served on all parties via counsel of record by the Court's CM/ECF system this 18th day of September 2023.

*/s/Endya L. Hash*
ENDYA L. HASH