UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**DEFENDANT'S MOTION IN LIMINE NO. 1:
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISMISED CLAIMS**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board"), and respectfully moves this Court to preclude the introduction of any evidence and argument regarding claims that have been previously dismissed by this Court. As grounds for this motion, the Board states as follows:

1.

Plaintiffs filed suit against the Board seeking damages under Title IX of the Education Amendments of 1972 alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 182) On March 31, 2023, this Court dismissed Plaintiffs' hostile environment and retaliation claims, as well as the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis. (R. Doc. 340) Thus, the only remaining claims in this case are for pre-assault heightened risk by all Plaintiffs and Plaintiff Hovis's post-reporting deliberate indifference claim.

2.

The Board anticipates that Plaintiffs will attempt to offer evidence and argument at trial regarding their dismissed retaliation and hostile environment claims, as well as the post-reporting deliberate indifference claims of Plaintiffs other than Plaintiff Hovis.

3.

As set forth more fully in the attached memorandum in support, evidence and argument regarding dismissed claims are not relevant to Plaintiffs' remaining claims of pre-assault heightened risk or Plaintiff Hovis's post-reporting deliberate indifference claim. Even if some probative value exists, which the Board disputes, any probative value is substantially outweighed by the danger of unfair prejudice to the Board, confusion of the remaining claims at issue, and potential for misleading the jury. Therefore, any evidence and argument are inadmissible under Rules 402 and 403 of the Federal Rules of Evidence.

WHEREFORE, the Board respectfully requests that this motion be granted and that this Court issue an order precluding Plaintiffs from arguing or offering any evidence regarding any claims that have been dismissed, namely their claims of hostile environment and retaliation, and the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426

    Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/ *Susan W. Furr*
Susan W. Furr

PD.43125135.1