UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1:
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISMISSED CLAIMS**

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), respectfully submits this memorandum in support of its Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Dismissed Claims. The Board's motion should be granted for the reasons stated below.

**I.    BACKGROUND**

Plaintiffs brought this action against the Board under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. 1681, *et seq.*, alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 182) On March 31, 2023, this Court dismissed Plaintiffs' hostile environment and retaliation claims, as well as the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis. (R. Doc. 340) Thus, the only remaining claims in this case are for pre-assault heightened risk by all Plaintiffs and Plaintiff Hovis's post-reporting deliberate indifference claim.

On June 30, 2023, the Board filed Motions for Summary Judgment, seeking summary dismissal of each Plaintiff's remaining claims. (R. Docs. 353-362) While the summary judgment pleadings reveal that all of Plaintiffs' remaining claims should be dismissed, with

prejudice, the Court has not yet ruled on the summary judgment motions. As a result, the Board files this motion out of an abundance of caution in the event any claims remain for trial.

The Board anticipates that Plaintiffs will attempt to offer evidence and argument at trial regarding their dismissed retaliation and hostile environment claims, as well as the post-reporting deliberate indifference claims of Plaintiffs other than Plaintiff Hovis. For example, the Board anticipates that Plaintiffs will attempt to specifically reference via evidence and/or argument "retaliation" and "hostile environment", as well as the conduct underlying those claims. Plaintiffs have demonstrated this in their summary judgment briefings in which they continued to make statements such as Plaintiff was subjected to "retaliation by LSU employees;" Plaintiff was being "retaliated against" by coaches; the Board failed to provide Plaintiff with sufficient resources to remedy "the hostile environment;" and the Board "permitted a hostile environment;" as well as the alleged conduct giving rise to these allegations.[1] Statements such as these and other evidence and argument regarding Plaintiffs' dismissed claims, including but not limited to the conduct underlying these claims, are irrelevant and prejudicial to the Board. Thus, such evidence and argument should be excluded.

## II.    LAW AND ARGUMENT

Relevant evidence is "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"[2] "Evidence which is not relevant is not admissible."[3] A court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

---

[1] *See, e.g.,* Richardson Opp. p. 16; Lewis Opp. pp. 12-13; Doe Opp. p. 9; Brennan Opp. p. 13.
[2] *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 355 (5th Cir. 2010) (quoting Fed. R. Evid. 401).
[3] Fed. R. Evid. 402.

jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[4] As aptly stated by the Supreme Court, district courts have:

> wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403. . . . This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant.[5]

### A. Evidence and Argument Regarding Dismissed Claims Are Not Relevant.

Plaintiffs should be precluded from offering any evidence or argument regarding their dismissed retaliation and hostile environment claims, and the post-reporting deliberate indifference claims of Plaintiffs other than Plaintiff Hovis. Evidence and argument regarding such dismissed claims have no bearing on the existence of Plaintiffs' remaining claims of pre-assault heightened risk or Plaintiff Hovis's post-reporting deliberate indifference claim.

Courts, including the Fifth Circuit, have routinely held that evidence and argument regarding dismissed claims that are irrelevant to remaining claims should be excluded at trial.[6] For example, in *Martino v. Kiewit New Mexico Corp.,* 2015 U.S. App. LEXIS 1457 (5th Cir. Jan. 29, 2015), the Fifth Circuit affirmed the district court's granting of a motion in limine to exclude evidence concerning dismissed claims, explaining that evidence of dismissed claims "bore no

---

[4] Fed. R. Evid. 403.
[5] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (internal quotations and citations omitted).
[6] *See, e.g., Bosley v. Allain,* 2011 U.S. Dist. LEXIS 45726, at *3-4 (M.D. La. Apr. 27, 2011) (granting motion in limine to exclude evidence related to dismissed claims and stating that "[b]ecause those claims are no longer before the Court, evidence bearing on those claims is not relevant and may not be presented to prove or disprove those claims"); *Johnson v. Watkins*, 2010 U.S. Dist. LEXIS 77863, at *14 (S.D. Miss. June 30, 2010) (holding that any evidence related to specifics of dismissed claims was not relevant to the case and precluding plaintiff from asserting "that she was sexually harassed"); *Washington v. Orleans Parish Sch. Bd.,* 2002 U.S. Dist. LEXIS 10085, at *4 (E.D. La. May 24, 2002) (granting motion in limine to preclude plaintiff from offering any testimony relating solely to claims previously dismissed because such evidence was irrelevant to her remaining claims).

relevance" to the remaining claims at issue.[7]  Likewise, in this case, any evidence and argument regarding Plaintiffs' dismissed claims are irrelevant to their remaining claims and should be excluded at trial.  This includes, but is not limited to, any evidence or argument regarding an alleged "hostile environment" or "retaliation," or any alleged conduct by LSU relevant to deliberate indifference outside the claim of Plaintiff Hovis, which is limited to Plaintiff Hovis's alleged assailant's violation of a no-contact directive. (R. Doc. 340, p. 44)

### B. Evidence and Argument Regarding Dismissed Claims Are Prejudicial, Confusing and Misleading.

Even if the Court believes that evidence and argument regarding Plaintiffs' dismissed claims have some probative value, which the Board disputes, any probative value is substantially outweighed by the danger of unfair prejudice to the Board, confusion of the remaining claims at issue in this case, and potential misleading the jury.  Such evidence and argument can only serve to unfairly and improperly bolster Plaintiffs' case and unfairly prejudice the Board.  If not excluded, the jury may improperly consider the allegations arising from the previously dismissed claims as a basis for finding for Plaintiffs on their remaining claims.  Moreover, as the Court is aware, Plaintiffs' remaining claims are complex, factually and legally.  Evidence and argument regarding claims that are no longer at issue will only further confuse the issues and mislead the jury about the actual issues involved.  Accordingly, any argument and evidence concerning an alleged hostile environment, retaliation and post-reporting deliberate indifference (with the exception of Plaintiff Hovis) are not only irrelevant, they are subject to exclusion under Rule 403.[8]

---

[7] *Martin,* 2015 U.S. App. LEXIS 1457, at *913.
[8] *See, e.g., id.,* at *913 (holding that it was not an abuse of discretion for district court to exclude evidence of dismissed claims under Rules 401 or 403); *Johnson,* 2010 U.S. Dist. LEXIS 77863, at *14 (holding that evidence related to specifics of dismissed claims would "invite unfair prejudice, delay, and confusion").

III.   **CONCLUSION**

For the foregoing reasons, the Board respectfully requests that this Court grant its motion, thereby precluding Plaintiffs from arguing or offering any evidence regarding any claims that have been dismissed, namely their claims of hostile environment and retaliation, and the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis.[9]

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

---

[9] To the extent some, but not all, of the Plaintiffs' claims are subsequently dismissed by the Court on summary judgment, any evidence and argument regarding such dismissed claims should likewise be excluded.

        ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on September 18, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

        /s/ *Susan W. Furr*

- 6 -

PD.43070439.1