UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

<u>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 2:
TO EXCLUDE EVIDENCE AND ARGUMENT OF AN ALLEGED SEXUAL CULTURE
IN LSU'S FOOTBALL RECRUITING PROGRAM**</u>

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), respectfully submits this memorandum in support of its Motion in Limine No. 2 to Exclude Evidence and Argument of an Alleged Sexual Culture in LSU's Football recruiting program. Any such evidence or argument is hearsay, irrelevant, inflammatory, prejudicial and must be excluded.

**I.      BACKGROUND.**

In Plaintiff's Second Amended Complaint ("Complaint"), Richardson asserted a number of sweeping factual allegations relating to her time as a student worker in LSU Football recruiting. (R. Doc. 182, ¶¶ 124-146) For example, in the Complaint, Richardson made a number of inflammatory and overly generalized allegations such as: "female recruiters were expected by LSU staff to do "anything" to bring potential recruits to LSU" and "female recruiters were expected to please the recruits in any way they could, which included engaging in sexual acts with the recruits." (R. Doc. 182, ¶ 125)  Similarly, Plaintiff Richardson testified to sweeping hearsay statements related to the role of "girls in recruiting:"

> I absolutely think there's a culture at LSU, and it's something I've been told by current – or like football players – current football players at the time.  It's something I've been told by recruits when they were recruits, things that the general public has a stigma on.

> The recruitment girls or the ops girls, its that we are literally there to serve the players. We are nice little appetizers for them. And so, yeah, I do think there's a culture that when you are associated with football operations as a girl, that you are easily accessible.

(Richardson 347) Richardson also testified:

> . . . I do know there was, you know, definitely groups of us girls where we would talk about these things, and a lot of the reactions or the conversations were kind of like laughing because it was so normalized, like it was just something we're like, yeah, oh, my gosh they do that. Like we – being in that system, we also were part of that culture where it was very normalized to us, so a lot of us in the moment didn't process it as, Oh, this is inappropriate or this isn't a good work environment. I think at least the ones that I've talked to after, you know, we graduated and left, now looking back, were able to recognize, yeah, that's very inappropriate.

(Richardson II 68-69) Similarly, Plaintiffs' Title IX expert, Lin Chi Wang, relying only on Plaintiffs' allegations, included in her report that "Plaintiff Richardson did not report the rape to the school because she believed felt [sic] she would not be supported given how she was treated as a recruiter and what she experienced was expected of recruiters, which was please and service recruits and to show them a 'good time.'" (Report of Lin Chi Wang, Title IX Expert and Attorney, p. 19)

Despite these statements, neither Richardson nor any other Plaintiff has claims of sexual assault by recruits or related to their recruiting roles arising out of such alleged culture. These sweeping, overly generalized hearsay statements are extremely prejudicial and must be excluded.

## II.    LEGAL STANDARD.

Relevant evidence is "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"[1] "Evidence which is not relevant is not admissible."[2] The

---

[1] *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 355 (5th Cir. 2010) (quoting Fed. R. Evid. 401).
[2] Fed. R. Evid. 402.

Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3] Where evidence "may lead to confusing and time-consuming disputes with respect to collateral issues, the trial judge may properly reject or limit it under Rule 403."[4] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[5]

Hearsay consists of an out of court statement made by a declarant offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. Hearsay is inadmissible unless permitted by a federal statute, the Federal Rules of Civil Procedure, or other rules established by the Supreme Court. Fed. R. Evid. 802.

District courts have "'wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403. . . . This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."[6]

### III. ARGUMENT.

The Board anticipates Plaintiffs will attempt to introduce argument and purported evidence at trial regarding or otherwise referencing a purported "sexual culture" in the LSU football recruiting program. Such evidence should be precluded for several reasons.

---

[3] Fed. R. Evid. 403.
[4] *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n. 11 (5th Cir. 1983) (citation omitted).
[5] *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee Notes to Rule 403).
[6] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citation omitted).

First, Plaintiffs' actual claims, which are unrelated to football recruiting, are not based on personal knowledge. For example, in Richardson's deposition, she testified that she had been told about an alleged sexual culture relating to recruiting girls by football players. (Richardson 347) These statements are hearsay, not supported by admissible record evidence, and are speculative.

Second, **none** of Plaintiffs' alleged assaults arose out of this purported recruiting culture. Only Calise Richardson and Samantha Brennan were employed as student workers in Football recruiting. Calise Richardson alleges two alleged assaults—both of which arose out of friendships/dating relationships. Richardson testified that she met both Doe and Coe through the same non-football mutual friend. (Richardson 87, 163) Richardson started dating Coe in the summer of 2016 and did not commence a friendship with Doe until her junior year. (Richardson 87) Similarly, Brennan only worked for the recruiting department for approximately two months, and testified that she met Doe at a bar, not through her employment as a student worker. (Brennan 19, 109) The remaining eight Plaintiffs had no connections whatsoever to the football recruiting program.

Third, the evidence should be excluded because it is being used for an improper purpose. Because none of Plaintiffs' alleged assaults arose from the treatment of football recruiting student workers, Plaintiff only purpose in introducing such "evidence" is to improperly suggest to the jury that because a sexual culture might have existed somewhere (*i.e*, with how recruits treated student workers), it must have existed everywhere. Such an argument is akin to inadmissible character evidence, which is generally excluded by Federal Rule of Evidence 404. Rule 404 is clear that evidence of any other crime, wrong, or act is not admissible to prove a

party's propensity to act in the same way.[7]  Nevertheless, Plaintiffs attempt to do just that.  Such evidence must be excluded.

Finally, because none of the alleged assaults arose out of alleged sexual culture described by Plaintiffs, such statements are irrelevant to their heightened risk claim.  Even if this Court found that the evidence may have some small probative value to one Plaintiff's claim, it should be excluded because "the probative value of the testimony is 'substantially outweighed' by the danger of unfair prejudice to Defendant and the likelihood of confusing the jury with a separate 'mini-trial or trials.'"[8]

### IV.   CONCLUSION.

For the reasons asserted herein, the Court should grant the Board's Motion in Limine to Exclude Evidence and Arguments of an alleged sexual culture in the LSU football recruiting program.

> Respectfully submitted,
>
> **JEFF LANDRY**
> **ATTORNEY GENERAL**
>
> BY:  /s/ *Susan W. Furr*
> Shelton Dennis Blunt Bar Roll No. 21230
> Susan W. Furr Bar Roll No. 19582
> Karleen J. Green Bar Roll No. 25119
> Gregory T. Stevens Bar Roll No. 29436
> Jessica Coco Huffman LA Bar No.: 30445
> Michael B. Victorian Bar Roll No.: 36065
> Molly McDiarmid Bar Roll No. 36426
> II City Plaza | 400 Convention Street, Suite 1100
> Baton Rouge, Louisiana 70802
> Telephone: 225 346 0285

---

[7] *Bowman v. R.L. Young, Inc.*, No. CV 21-1071, 2022 WL 4000598, at *3 (E.D. La. Sept. 1, 2022).
[8] *Id.* at *5, (citing *Marine Power Holding, L.L.C. v. Malibu Boats, LLC*, No. CV 14-912, 2016 WL 4039167, at *2 (E.D. La. July 27, 2016)).

        Facsimile: 225 381 9197
        Email: dennis.blunt@phelps.com
        Email: susie.furr@phelps.com
        Email: karleen.green@phelps.com
        Email: jessica.huffman@phelps.com
        Email: molly.mcdiarmid@phelps.com
        Email: greg.stevens@phelps.com
        Email: michael.victorian@phelps.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023 with the Court's CM/ECF system which will send electronic notice to all counsel of record.

    */s/   Susan W. Furr*