UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO.  3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**DEFENDANT'S MOTION IN LIMINE NO. 3:
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PUNITIVE,
EMOTIONAL DISTRESS, AND SPECULATIVE DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board"), and respectfully moves this Court to preclude the introduction of any evidence and argument regarding punitive, emotional distress, and speculative damages.[1]  As grounds for this motion, the Board states as follows:

1.

Plaintiffs filed suit against the Board seeking damages under Title IX of the Education Amendments of 1972. In connection with their claims, Plaintiffs seek a wide range of remedies, including punitive damages, damages for alleged emotional distress and various categories of damages stemming from such alleged emotional distress, and damages for loss of past and future wages in connection with indeterminate professional opportunities.  (R. Doc. 182, ¶¶ 241, 288, 326, 361, 451, 555, 595, 650, 698, 741, 1120)

---

[1] Relevant portions of the deposition transcript of Apryl Pooley are attached hereto as Exhibit A.  Citations to Pooley's deposition will be by her last name and the page or exhibit number.

2.

On March 31, 2023, this Court dismissed Plaintiffs' claims for punitive damages. (R. Doc. 340)  Since all claims for punitive damages have been dismissed, any evidence and argument regarding punitive damages are irrelevant and should be excluded at trial under Rule 402 of the Federal Rules of Evidence.

3.

In addition, as more fully set forth in the Board's Motion to Dismiss Plaintiffs' Claims for Emotional Distress Damages filed on June 30, 2023 (R. Doc. 352), recovery of emotional distress and related damages are no longer available under Title IX following the Supreme Court's holding in *Cummings v. Premier Rehab Keller*, *P.L.L.C.*, 142 S.Ct. 1562 (2022).  Since Plaintiffs have no basis to recover emotional distress damages or any other damages related to alleged emotional harm, any evidence and argument regarding such damages are irrelevant and should be excluded at trial under Rule 402 of the Federal Rules of Evidence.  Even if relevant, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the remaining claims at issue, and potential for misleading the jury, and thus, any argument and evidence concerning alleged emotional distress and related damages are also subject to exclusion under Rule 403 of the Federal Rules of Evidence.

4.

Plaintiffs' alleged damages for lost earning capacity and employment opportunities should be excluded because they arise from emotional harm, and thus, are unavailable based on *Cummings*. However, to the extent the Court finds that Plaintiffs' alleged damages for lost earning capacity and employment opportunities did not arise from emotional harm, such purported damages should be excluded because they are too speculative.  Plaintiffs have only put

forth general assertions of lost earning capacity and lost employment opportunities, which are insufficient to support a damages award.

5.

Finally, Plaintiffs seek to offer opinions of Dr. Apryl Pooley regarding trauma-based damages attributable to "institutional betrayal." Not only are all testimony and opinions by Pooley subject to exclusion based on *Cummings*, her testimony and opinions regarding trauma "likely" experienced by a Plaintiff are also subject to exclusion because they are too speculative to support an award of damages.

WHEREFORE, the Board respectfully requests that this motion be granted and that this Court issue an order precluding Plaintiffs from arguing or offering any evidence regarding punitive damages, emotional distress and related damages, damages for lost earning capacity and employment opportunities and damages in connection with alleged institutional betrayal.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197

Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/ *Susan W. Furr*
Susan W. Furr