UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 3:
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PUNITIVE,
EMOTIONAL DISTRESS, AND SPECULATIVE DAMAGES**

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), respectfully submits this memorandum in support of its Motion in Limine No. 3 to Exclude Evidence and Argument Regarding Punitive, Emotional Distress, and Speculative Damages.[1] The Board's motion should be granted for the reasons stated below.

**I.    BACKGROUND**

Plaintiffs brought this action against the Board under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. 1681, *et seq.*, alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 1) In connection with their claims, Plaintiffs seek a wide range of remedies, including punitive damages, damages for alleged emotional distress and various categories of damages stemming from such alleged emotional distress, and damages for loss of past and future

---

[1] On June 30, 2023, the Board also filed Motions for Summary Judgment, seeking summary dismissal of each Plaintiff's remaining claims. (R. Docs. 353-362) While the summary judgment pleadings reveal that all of Plaintiffs' remaining claims should be dismissed, with prejudice, the Court has not yet ruled on the summary judgment motions. As a result, the Board files this motion out of an abundance of caution in the event any claims remain for trial.

wages in connection with indeterminate professional opportunities.  (R. Doc. 182, ¶¶ 241, 288, 326, 361, 451, 555, 595, 650, 698, 741, 1120)

On March 31, 2023, this Court dismissed Plaintiffs' claims for punitive damages.  (R. Doc. 340)  In addition, on June 30, 2023, the Board filed a Motion to Dismiss Plaintiffs' Claims for Emotional Distress Damages based on the decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*,[2] in which the U.S. Supreme Court held that damages for emotional distress are not recoverable for violations of anti-discrimination statutes such as Title IX.[3]  (R. Doc. 352)  The Court has not yet ruled on the Board's motion to dismiss, and thus, out of an abundance of caution, the Board addresses emotional distress and related damages in this motion.

The Board anticipates that Plaintiffs will attempt to offer evidence and argument at trial regarding punitive damages, emotional distress and related damages, and damages that are highly speculative in nature.  Any evidence and argument regarding such damages are irrelevant and/or prejudicial to the Board, and thus, should be excluded.

## II.    LAW AND ARGUMENT

Relevant evidence is "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"[4]  "Evidence which is not relevant is not admissible."[5]  A court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

---

[2] 142 S. Ct. 1562 (2022).
[3] *Id.* at 1571-1572, 1576.
[4] *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 355 (5th Cir. 2010) (quoting Fed. R. Evid. 401).
[5] Fed. R. Evid. 402.

jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6] As aptly stated by the Supreme Court, district courts have:

> wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403. . . . This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant.[7]

### A. Evidence and Argument Regarding Punitive Damages Are Not Relevant.

Plaintiffs should be precluded from offering any evidence or argument regarding punitive damages. All claims for punitive damages were dismissed by this Court. (R. Doc. 340) Therefore, any evidence and argument regarding punitive damages are irrelevant and should be excluded at trial.[8]

### B. Evidence and Argument Regarding Emotional Distress and Related Damages Are Not Relevant.

Plaintiffs should also be precluded from offering any evidence or argument regarding emotional distress and related damages. For the reasons set forth more fully in the briefing submitted by the Board in connection with its pending motion to dismiss (R. Doc. 352), Plaintiffs' claims for emotional distress damages, including damages arising from or otherwise related to alleged emotional distress, are unavailable under Title IX.[9] This includes, but is not limited to, the following categories of damages sought by Plaintiffs:

---

[6] Fed. R. Evid. 403.
[7] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (internal quotations and citations omitted).
[8] *See, e.g., Frey v. Bd. of Supvs. of La. State Univ.,* 2018 U.S. Dist. LEXIS 145579, at *10 (M.D. La. Aug. 27, 2018) (granting motion in limine to exclude evidence relating to punitive damages because "the court dismissed Plaintiff's punitive damages claim"); *Cameron v. Werner Enters.,* 2016 U.S. Dist. LEXIS 68711, at *14 (S.D. Miss. May 25, 2016) (granting motion in limine to exclude any reference to punitive damages, as court had previously dismissed claims for punitive damages, and thus, any reference would be "improper").
[9] *Cummings,* 142 S. Ct. 1562; *Doe next friend of Doe v. City of Pawtucket*, 2022 WL 4551953, at *2-4 (D.R.I. Sept. 29, 2022).

a. Pain, suffering, and emotional distress;

b. Physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life;

c. Medical expenses based on emotional distress;

d. Pharmaceutical expenses attributable to emotional distress;

e. Additional educational expenses (to the extent incurred as a result of emotional damages);

f. Loss of employment and earning capacity (to the extent incurred as a result of emotional damages);

g. Travel and travel-related expenses (to the extent incurred as a result of emotional damages);

h. Prevention from performing daily activities and obtaining the full enjoyment of life;

i. Expenses from psychological treatment, therapy, and counseling;

j. Loss of the ability to perform as athletes on their chosen teams;

k. Fractured family and personal relationships;

l. A loss of consortium society and companionship; and

m. All other ordinary, incidental, or consequential damages that would or could be attributable to emotional distress.

Since Plaintiffs have no basis to recover these or any other damages related to alleged emotional harm, any evidence and argument regarding such damages are irrelevant and should be excluded at trial.[10] This includes, but is not limited to, any testimony or opinions on the part of Plaintiffs'

---

[10] *See Harper v. Hospital Serv. Dist. No. 1,* 1999 U.S. Dist. LEXIS 1017, at *3-4 (E.D. La. Feb. 1, 1999) (granting motion in limine to exclude all evidence of emotional distress and/or mental pain and anguish, as such damages were unavailable under statutes upon which plaintiff based her claims).

trauma expert, Apryl Pooley, regarding the relationship between the concept of "institutional betrayal" and trauma symptoms "likely" experienced by Plaintiffs.[11]

Even if the Court believes that evidence and argument regarding Plaintiffs' alleged emotional distress and other purported damages stemming from such emotional harm have some probative value, which the Board disputes, any probative value is substantially outweighed by the danger of unfair prejudice to the Board, confusion of the remaining claims at issue in this case, and potential misleading of the jury. Any evidence and argument regarding these unrecoverable damages would only serve to unfairly prejudice the Board and confuse and appeal to the jury about irrelevant issues and unavailable damages. Thus, any argument and evidence concerning alleged emotional distress and related damages are not only irrelevant, they are subject to exclusion under Rule 403.[12]

### C. Evidence and Argument Regarding Speculative Damages Should be Excluded.

#### i. Damages for lost earning capacity and employment opportunities are too speculative.

Even if the Court were to find that Plaintiffs' alleged damages for lost earning capacity and employment opportunities did not arise from any emotional harm Plaintiffs may have suffered, which the Board disputes, any evidence and testimony regarding such damages should still be excluded because they are too speculative. "General assertions of difficulty in obtaining employment following a breach of contract . . . are essentially claims of reputational harm and are

---

[11] The Board has also filed a Motion in Limine and Daubert Motion to Exclude or Limit Testimony of Plaintiffs' Expert Witness Dr. Apryl Pooley ("Pooley Motion"). The Board incorporates by reference as if fully set forth herein the arguments and authorities set forth in the Pooley Motion and supporting memorandum to the extent pertinent to the instant motion.

[12] *See Faulstick v. Southern Tire Mart, LLC,* 2014 U.S. Dist. LEXIS 112822, at *3-4 (S.D. Miss. Aug. 14, 2014) (granting motion in limine to exclude evidence of alleged emotional distress, pain and suffering, humiliation, or embarrassment that were unavailable under ADEA, as evidence regarding such damages would unfairly prejudice defendant and cause jury confusion).

not recoverable in contract law."[13]  Consequential damages for lost earning capacity may only "be awarded in breach of contract cases where a plaintiff alleges the loss of identifiable professional opportunities, and where a plaintiff alleges and proves with specificity that the defendant's breach actually adversely influenced or affected job opportunities."[14]  In addition, any lost employment or other professional opportunities must have been in contemplation of the parties at the time of their contract.[15]

In the instant case, Plaintiffs have only put forth general assertions of lost earning capacity and lost employment opportunities.  They have not alleged any future identifiable professional opportunities that would have been available to them absent a breach or that such opportunities were in contemplation of the parties at the time of their contract.  For example, Plaintiff Lewis generally alleges damages for loss of her opportunity to play professional tennis and related opportunities for sponsorships (R. Doc. 182, ¶ 555), and Plaintiff Kitch merely alleges damages for "loss of income attributed to the complete loss of her ability to attain tenure" (R. Doc. 182, ¶ 741).  These and other allegations by Plaintiffs are mere general assertions, devoid of any evidence of specific employment opportunities necessary to support these damages.  As a result, all evidence and argument regarding lost earning capacity and employment opportunities should be excluded.[16]

> ii. **Damages stemming from "institutional betrayal" are too speculative.**

As mentioned, Plaintiffs seek to offer the testimony of Pooley regarding the concept of trauma symptoms and "institutional betrayal."  As to each Plaintiff, Pooley opines in her report in the form of an affidavit that any trauma experienced by a Plaintiff was "likely" exacerbated and/or

---

[13] *Doe v. Fairfax Cnty. Sch. Bd.,* 2023 U.S. Dist. LEXIS 13886, at *17 (E.D. Va. Jan. 25, 2023).
[14] *Id.*, at *16-17 (citing 24 Williston on Contracts § 66.4 (4th ed. 2022) (internal quotations omitted).
[15] *Id.*, at *17 (citing *Rice v. Community Health Association,* 203 F.3d 283, 289 (4th Cir. 2000)).
[16] *See id.,* at *17 (granting motion in limine to exclude any evidence or argument regarding lost earning capacity and lost employment opportunities because plaintiff failed to allege a specific opportunity that was foreclosed by defendant's alleged violations and plaintiff cannot recover such damages based on general assertions that plaintiff suffered lost future earning and earning capacity).

- 6 -

prolonged by institutional betrayal. (*See* Pooley 33; Pooley Exh. A)[17] Not only are all testimony and opinions by Pooley subject to exclusion based on *Cummings,* her testimony and opinions regarding trauma "likely" experienced by a Plaintiff are also subject to exclusion because they are too speculative to support an award of damages.

In arriving at her conclusions regarding the impact of institutional betrayal on any particular Plaintiff, Pooley merely reviewed the allegations in the Second Amended Complaint, the Husch Blackwell report, portions of the Plaintiffs' deposition transcripts selected by counsel for Plaintiffs, and the testimony of former President Thomas Galligan before the Louisiana State Senate Select Committee on Women and Children. (Pooley 17, 22-23) Although Pooley admitted in her deposition that the determination of whether any particular Plaintiff was impacted by institutional betrayal involves an individual assessment of the Plaintiff, Pooley testified that she did not speak to any Plaintiff, review any medical records, or speak to any of the Plaintiffs' health care providers in arriving at her conclusions. (Pooley 25-26, 34-35, 37-38, 65) Significantly, she admitted in her deposition that she is not able to say that any Plaintiff, more likely than not, experienced any exacerbation or prolongation of symptoms due to institutional betrayal. Her testimony in this regard is quite clear:

> Q. So, when you say "likely exacerbated and prolonged each plaintiff's trauma-related symptoms," you haven't really evaluated what each plaintiff's trauma-related symptoms were on an individual basis; right?
>
> A. Correct.
>
> Q. So, when you say "likely exacerbated and prolonged," what you're really saying is that there's some research out there that indicates that, in certain circumstances, institutional betrayal can exacerbate or prolong certain symptoms; is it fair?
>
> A. Yes.

---

[17] Relevant portions of the deposition transcript of Apryl Pooley are attached to the Board's motion as Exhibit A. Citations to Pooley's deposition will be by her last name and the page or exhibit number.

> Q. And as to any one of these individual plaintiffs, you're not really in a position to say, more likely than not, that they did experience any exacerbation of any symptoms; right?
>
> A. Right.

(Pooley 38-39; *see also* Pooley 90-91)  Instead, her testimony is only that, based on "what the research on institutional betrayal indicates," alleged trauma experienced by Plaintiffs "**could be** related to this concept of institutional betrayal." (Pooley 90-91, 97 (emphasis added))  Any testimony or opinions by Pooley regarding any exacerbated or prolonged damages Plaintiffs may have experienced because of institutional betrayal are highly speculative, and thus, should be excluded.

### III. CONCLUSION

For the foregoing reasons, the Board respectfully requests that this Court grant its motion, thereby precluding Plaintiffs from arguing or offering any evidence regarding (1) punitive damages; (2) emotional distress and related damages; (4) damages for lost earning capacity and employment opportunities; and (4) damages in connection with alleged institutional betrayal.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street,

Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on September 18, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

    /s/ *Susan W. Furr*