## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, ET AL.                          CIVIL ACTION NO. 3:21-CV-00242

VERSUS                                      JUDGE WENDY B. VITTER

LOUISIANA STATE UNIVERSITY,                 MAGISTRATE JUDGE JOHNSON
ET AL.

### MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4: TO EXCLUDE EVIDENCE OR ARGUMENTS CONCERNING EVENTS UNKNOWN TO THE BOARD

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), submits this memorandum in support of its Motion in Limine No. 4 to Exclude Evidence and Arguments Concerning Events Unknown to the Board.

### I.    BACKGROUND.

Plaintiffs brought this action against the Board under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. 1681, *et seq*., alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 1)  On March 31, 2023, this Court dismissed Plaintiffs' hostile environment and retaliation claims, as well as the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis. (R. Doc. 340)  Thus, the only remaining claims in this case are for pre-assault heightened risk by all Plaintiffs and Plaintiff Hovis's post-reporting deliberate indifference claim.

On June 30, 2023, the Board filed Motions for Summary Judgment, seeking summary dismissal of each Plaintiff's remaining claims. (R. Docs. 353-362)  While the Board submits that the summary judgment pleadings reveal that all of Plaintiffs' remaining claims should be dismissed, with prejudice, the Court has not yet ruled on the summary judgment motions.  As a

result, the Board files this motion out of an abundance of caution in the event the claim(s) of one or more Plaintiffs remain following the Court's summary judgment ruling.

In the Second Amended Complaint ("Complaint") and in their deposition testimony, Plaintiffs make numerous allegations about events that they admit were never reported to the Board.  For example, Richardson outlined two alleged rapes she acknowledges she never reported. (R. Doc. 182, ¶ 130, Richardson Opp. pp. 2-3, Richardson 84, 86)[1]  Mize, who did not even report Doe's alleged assault to LSU, alleged that after the event with Doe, Doe threw a milkshake at her car and made disparaging statements to her at a party.  (R. Doc. 182, ¶¶ 262, 265, 266, 268)  Mize acknowledges that she never reported these events to LSU. (Mize 116, 124, 133-134)  These are just two non-exhaustive examples of unknown and unreported events about which Plaintiffs testified at their deposition or included in their Complaint.  Because unreported events are irrelevant to the remaining heightened risk claim, any evidence, argument, or testimony advancing unreported events should be excluded.

## II.    LEGAL STANDARD.

Relevant evidence is "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"[2] "Evidence which is not relevant is not admissible."[3]  The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[4]  Where evidence "may lead

---

[1] Relevant excerpts of the deposition transcripts of Calise Richardson and Ashlyn Mize are attached to the Board's motion as Exhibits A and B, respectively. Reference to the relevant testimony will be by last name of the deponent and page number.
[2] *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 355 (5th Cir. 2010) (quoting Fed. R. Evid. 401).
[3] Fed. R. Evid. 402.
[4] Fed. R. Evid. 403.

to confusing and time-consuming disputes with respect to collateral issues, the trial judge may properly reject or limit it under Rule 403."[5] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[6]

District courts have "'wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403. . . . This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."[7]

### III.    LAW AND ARGUMENT.

As mentioned, with the exception of Plaintiff Hovis' deliberate indifference claim, the only claim remaining is Plaintiffs' heightened risk claim.  A heightened risk claim, or "pre-assault" claim, is based on a defendant's alleged **acts** of indifference before a plaintiff's assault.  Indeed, the relevant elements for establishing a heightened risk claim are: (1) the defendant had **actual knowledge** of a substantial risk that sexual abuse would occur; (2) the harasser was under the defendant's control; (3) the harassment was based on the victim's sex; (4) the harassment was so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an educational opportunity or benefit; and (5) the defendant was deliberately indifferent to the harassment.[8] (R. Doc. 340, p. 39) (emphasis added)

---

[5] *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n. 11 (5th Cir. 1983) (citation omitted).
[6] *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee Notes to Rule 403).
[7] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citation omitted).
[8] *Id.* at 341 (internal citations omitted).

PD.43027383.1

It is clear that "plaintiffs seeking to prove actual knowledge must clear a high bar."[9] Specifically, in a case like this, where "pre-assault" behavior is at issue, a school must have knowledge "that there is a substantial risk that sexual abuse would occur."[10] A school can escape liability if it can show (1) "that it did not know of the underlying facts indicating a sufficiently substantial danger and that it was therefore unaware of a danger," or (2) "that it knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent."[11]

Because unknown events do not satisfy Title IX's requirement of actual knowledge, Plaintiffs' references to unreported events should be excluded. However, it is not just the unknown nature of these events that renders them irrelevant and prejudicial. Rather these alleged acts were carried out by students and non-students—not LSU personnel. This is significant for two reasons—first only actions and inactions of the Board can be considered for a Title IX claim.[12] In *Davis*, the Supreme Court expressly rejected the notion of holding a school board liable for an alleged perpetrator's actions, as well as "the use of agency principles to impute liability" or "a negligence standard . . . for failure to react to . . . harassment of which it knew or *should have* known."[13] This is encompassed by the "actual knowledge" element above. Otherwise, all universities would be liable for bad acts of their students or non-students. The Board cannot be deliberately indifferent to events of which it had no actual knowledge. Thus, such events should be excluded.

---

[9] *Kelly v. Allen Indep. Sch. Dist.*, 602 F. App'x 949, 953 n.3 (5th Cir. 2015).
[10] *Roe*, 53 F.4th at 341 (quoting *M.E. v. Alvin Indep. Sch. Dist.*, 840 F. App'x 773, 775 (5th Cir. 2020)) (internal quotations omitted).
[11] *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 659 (5th Cir. 1997) (citation and internal brackets omitted); *Kelly*, 602 F. App'x at 953 n.3 (applying standard to student-on-student harassment).
[12] *See Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. Of Educ.*, 526 U.S.C 629, 640 (1999) ("We agree with respondents that a recipient of federal funds may be liable in damages under Title IX only for its own misconduct.").
[13] *Id.* at 641-644. The Supreme Court reiterated that a funding recipient must "have notice of their potential liability."

PD.43027383.1

The Board also anticipates that Plaintiffs will attempt to introduce testimony and evidence regarding unreported events as an effort to show a "policy" of the Board.  However, actions undertaken by students and non-students that the Board is learning of for the **first time** in this litigation cannot form a "policy" that is attributable to the Board.[14]  Even in out-of-circuit cases which address official policy liability, courts evaluate whether universities were put **on notice** of a particularized risk of sexual misconduct.[15]  Here, with no reports of these alleged events, they cannot form the basis of a policy of deliberate indifference. Instead, introduction of such irrelevant evidence related to events that were not reported to the Board creates a substantial risk of jury confusion about what events are appropriately within the scope of a Plaintiff's Title IX claim.

The prejudice to the Board from introduction of these unreported events, as well as the risk of jury confusion, substantially outweighs any probative value, if any exists.[16]

## IV.    CONCLUSION.

For the reasons asserted herein, the Court should grant the Board's Motion in Limine to Exclude Evidence and Arguments Concerning Events Unknown to the Board.

Respectfully submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

BY:    _/s/ Susan W. Furr_

---

[14] Mize's milkshake and party incidents occurred after her encounter with Doe, rendering them wholly irrelevant to her heightened risk claim.

[15] *See e.g.*, *C.T. v. Liberal Sch. Dist.*, 562 F.Supp. 2d 1324, 1340 (D. Kan. 2008) (finding that weight training program at volunteer coach's home did not "bear the element of encouragement of misconduct" nor did it "create [] a risk of abuse that would have been obvious to school officials"); *Tackett*, 234 F.Supp. 3d at 1108 (rejecting argument for institutional liability based on the school's authority over its athletes and that it "should have known" of the heightened risk of assault at popular off-campus apartment complex for football players "based on the stereotypical assumption that football players are more prone to commit sexual assault" because such argument is based on theories of respondent-superior and constructive notice, both of which the Supreme Court rejected in *Gebser*, 524 U.S. at 282).

[16] Fed. R. Evid. 403.

Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023 with the Court's CM/ECF system which will send electronic notice to all counsel of record.

*/s/ Susan W. Furr*

- 6 -