UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

<u>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 5<br>TO EXCLUDE IMPERMISSIBLE OPINION TESTIMONY BY LAY WITNESSES**</u>

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), respectfully submits this memorandum in support of its Motion in Limine No. 5 to Exclude Impermissible Opinion Testimony by Lay Witnesses. The Board filed Motions for Summary Judgment seeking dismissal of Plaintiffs' claims. (R. Docs. R. Docs. 353-362) However, in the event some portion of Plaintiffs' claims survive summary judgment, the Board files this motion.

**I.     BACKGROUND.**

Plaintiffs brought this action against the Board under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. 1681, *et seq.*, alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 1) On March 31, 2023, this Court dismissed Plaintiffs' hostile environment and retaliation claims, as well as the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis. (R. Doc. 340) Thus, the only remaining claims in this case are for pre-assault heightened risk by all Plaintiffs and Plaintiff Hovis's post-reporting deliberate indifference claim.

In some of the Plaintiffs' depositions, they offered evidence, argument, and opinion testimony on their responses to the alleged events and the causal role alleged events played in

their current health conditions. For example, Richardson, who described her education in the area of counseling psychology, made numerous statements and opinions regarding medical or clinical issues and causation as though she is an expert in the area trauma-based psychology. For example, Richardson characterized her relationship with Coe "as a very traumatic, entangled relationship where that's something that was a trauma response."[1] (Richardson II 18) Richardson also described her laughing at the drink throwing incident as a "a very typical trauma response" (Richardson II 30)  When asked why Richardson did not report the incident with Doe to the Title IX office, she said "I think at that time I was still in kind of like a victimhood mindset. And so I definitely had a lot of like internalized gaslighting that stems from kind of like how society treats women and survivors and victims." (Richardson II 102-103)  Similarly, in her deposition, Mize opined that "[m]y incarceration stemmed from my time at LSU and from my trauma." (Mize 183)

Andries offered similar opinions in her opposition memorandum, stating "[t]he assault by Roe caused several lumps to form in Andries' breasts . . ." and "[t]he assault also caused severe depressive episodes that hindered Andries' executive functioning." (Andries Opp., p. 2)  Andries cites to her own deposition testimony in support of this statement. (Andries 60, 159)

These are only a few examples of such statements in Plaintiffs' deposition testimony and opposition memoranda.  Richardson's, Mize's, and Andries' statements (as well as impermissible lay opinion testimony from the other Plaintiffs), are not appropriate lay testimony and must be excluded at trial.

    II.    **LAW AND ARGUMENT.**

---

[1] Relevant portions of the deposition transcripts of Calise Richardson, Ashlyn Mize, and Elisabeth Andries are attached to the Board's motion as Exhibits A, B, and C, respectively. Reference to the relevant testimony will be by last name of the deponent and page number.

Rule 701 of the Federal Rules of Evidence expressly prohibits a lay witness from offering testimony that is based upon specialized knowledge:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and **(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.**

(emphasis added). Rule 702 of the Federal Rules of Evidence follows Rule 701's prohibition of such lay expert opinions by providing that only qualified expert witnesses may offer testimony that relies on specialized knowledge. Rule 702 further provides that an expert witness must be qualified as an expert based on specialized knowledge:

> A witness who is qualified as an expert **by knowledge, skill, experience, training or education** may testify in the form of an opinion or otherwise if: (a) the **expert's scientific, technical or other specialized knowledge** will help the trier of fact to understand the evidence or to determine a fact in issue . . .

(emphasis added). Testimony regarding causation is expert opinion testimony under Federal Rule of Evidence 702. *See Logan v. Westfield Ins. Co*, 2020 WL 412216 at *6, (W.D. La. Jan. 24, 2020) (noting that "testimony as to causation or as to future medical treatment has been considered the province of expert testimony" (quotations and citation omitted)).

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(A), a party is required to identify any witness it may use at trial to present expert testimony under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). While a treating physician (not specifically retained to provide expert testimony) is not required to provide an expert report under Rule 26(a)(2)(B), the party seeking to present a non-retained expert's testimony must provide a summary disclosure that states:

>   (i)   the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
>   (ii)  a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be made in accordance with the deadlines set in the court's order . . . . Fed. R. Civ. P. 26(a)(2)(D). While a treating physician may be called as a non-retained expert, any expert opinion by that treating physician is subject to the disclosure requirements of Rule 26(a)(2)(C). Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

Here, Plaintiffs did not designate themselves as expert witnesses. Therefore, testimony regarding what causal role the alleged incidents played in their medical conditions and whether their life experiences were causally linked to their experiences at LSU amounts to inadmissible opinion testimony under Rule 701. Testimony regarding causation and effects on a medical condition must be based upon specialized knowledge and may be introduced only through a qualified expert witness, not through a lay witness or attorney. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996) ("[A] person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person."); *Spencer-Martin v. Exxon Mobil Corp.*, 2018 U.S. Dist. LEXIS 100667 (M.D. La June 15, 2018) (prohibiting testimony concerning the cause or extent of plaintiff's medical condition which required specialized medical knowledge).[2]

---

[2] Lay witnesses may not testify regarding any opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. A leading treatise illustrates the distinction between a physician's lay and expert opinions as follows:
> When the physician testifies that the plaintiff was coughing and running a fever, this is lay witness testimony governed by Rule 701. However, if the physician also testifies that he diagnosed the patient as having Reactive Airways Dysfunction Syndrome caused by exposure to a toxic chemical, then this is testimony based on scientific, technical, or other specialized knowledge and must be qualified under Rule 702.04.

- 4 -

### III. CONCLUSION.

For these reasons, Plaintiffs should be precluded from offering impermissible opinion testimony by lay witnesses.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  /s/ *Susan W. Furr Logan*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

---

S. Saltzburg, M. Martin, D. Capra, Federal Rules of Evidence Manual § 701.02 [7], at 701-17 (9th ed. 2006).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023, with the Court's CM/ECF system which will send electronic notice to all counsel of record.

/s/   Susan W. Furr

PD.43100067.1