UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### DEFENDANT'S MOTION IN LIMINE NO. 6: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CERTAIN POST REPORTING CONDUCT

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board"), and respectfully moves this Court to preclude the introduction of any evidence and argument regarding conduct occurring after certain Plaintiffs' alleged sexual harassment. As grounds for this motion, the Board states as follows:

1.

Plaintiffs filed suit against the Board seeking damages under Title IX of the Education Amendments of 1972 alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 182) On March 31, 2023, this Court dismissed Plaintiffs' hostile environment and retaliation claims, as well as the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis. (R. Doc. 340) Thus, the only remaining claims in this case are for pre-assault heightened risk by all Plaintiffs and Plaintiff Hovis's post-reporting deliberate indifference claim.

2.

As set forth more fully in the Board's supporting memorandum and the Board's Motions for Summary Judgment, a claim for pre-assault heightened risk is based on a theory that a

school's conduct **before** a student's sexual harassment was deliberately indifferent and therefore caused the harassment of which the student complains.

3.

Plaintiffs have demonstrated through their briefing on the Motions for Summary Judgment that they intend to present evidence and arguments concerning **post-reporting** conduct, which is irrelevant to their pre-assault heightened risk claims. To the extent Plaintiffs seek to offer evidence and argument regarding the Board's subsequent conduct in an effort to show that an "official policy" of the Board placed Plaintiffs at a heightened risk of harm, evidence of the Board's actions **after** Plaintiffs' alleged harms does not tend to show whether an official policy of the Board's existed **before** Plaintiffs' alleged harm. Further, because Plaintiffs' deliberate indifference claims have been dismissed (except for Plaintiff Hovis), introducing deliberate indifference evidence would pose a substantial risk of jury confusion. Under well-established legal principles, post-reporting conduct are inadmissible pursuant to Federal Rule of Evidence 402 because they are irrelevant, and they should be excluded under Rule 403 because any probative value they might have (which is denied) is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time.

WHEREFORE, the Board respectfully requests that this motion be granted and that this Court issue an order precluding Plaintiffs from arguing or offering any evidence regarding certain post-reporting conduct as outlined in the Board's supporting memorandum.

    Respectfully submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**


    BY:  /s/ *Susan W. Furr*
          Shelton Dennis Blunt Bar Roll No.

21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/ *Susan W. Furr*
Susan W. Furr

- 3 -