UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 6: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CERTAIN POST REPORTING CONDUCT**

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), respectfully submits this memorandum in support of its Motion in Limine to exclude evidence and argument regarding conduct occurring after certain Plaintiffs' alleged sexual harassment. Because this evidence bears no relation to Plaintiffs' pre-assault heightened risk claims, these allegations are irrelevant and prejudicial.

I.      BACKGROUND.

Plaintiffs brought this action against the Board under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. 1681, *et seq.*, alleging claims for (1) post-reporting deliberate indifference; (2) hostile environment; (3) retaliation; and (4) pre-assault heightened risk. (R. Doc. 1) On March 31, 2023, this Court dismissed Plaintiffs' hostile environment and retaliation claims, as well as the post-reporting deliberate indifference claims of all Plaintiffs except for Plaintiff Hovis. (R. Doc. 340) Thus, the only remaining claims in this case are for pre-assault heightened risk by all Plaintiffs and Plaintiff Hovis's post-reporting deliberate indifference claim relating only to John Loe's alleged no-contact order violatio.

On June 30, 2023, the Board filed Motions for Summary Judgment, seeking summary dismissal of each Plaintiff's remaining claims. (R. Docs. 353-362) While the summary

judgment pleadings reveal that all of Plaintiffs' remaining claims should be dismissed, with prejudice, the Court has not yet ruled on the summary judgment motions. As a result, the Board files this motion out of an abundance of caution in the event the claim(s) of one or more Plaintiffs remain following the Court's summary judgment ruling.

As set forth fully in the Board's Motions for Summary Judgment, with the exception of Plaintiff Hovis, the only claim remaining for Plaintiffs is for "heightened risk," which is based on a theory that a school's conduct **before** a student's sexual harassment was deliberately indifferent and therefore caused the harassment of which the student complains.

Plaintiffs have demonstrated through their briefing on the Motions for Summary Judgment that they intend to present evidence and arguments concerning post-reporting conduct, which is irrelevant to their pre-assault claims. For example, in Plaintiff Owens' Opposition to Defendant's Motion for Summary Judgment No. 4, Owens argued that "[d]espite having actual knowledge of Doe's assault, and at least one other assault committed by Doe, LSU failed to initiate any Title IX investigation into his assault of Owens," "failed to create a Title IX report," made "zero effort" to follow up with Owens, and did not offer supportive services. (Owens Opp. pp. 15) Similar post-reporting, post-incident arguments are pervasive throughout Plaintiffs' opposition memoranda. (*See, e.g.*, Mize Opp. pp. 4; Brennan Opp. pp. 2-7; Richardson Opp. pp. 5-7, 8-12; Lewis Opp. pp. 11-13, 16; Doe Opp. p. 5-8; Andries Opp. pp. 3-7; Kitch Opp. p. 3) The Board, therefore, moves to exclude Plaintiffs from referring to the following irrelevant and prejudicial subjects at trial:

- Evidence of any alleged conduct by LSU in response to Richardson's alleged sexual assault by John Doe in December 2016;
- Evidence of any alleged conduct by LSU in response to Owens' alleged report of sexual assault by John Doe in April 2017;
- Evidence of alleged conduct by LSU relating to Coe, occurring after Coe was suspended and then expelled from LSU;

PD.43073080.1

- Evidence of any alleged conduct by LSU in response to Jane Doe's alleged report to LSU;
- Evidence of any alleged conduct by LSU in response to Andries' alleged report to LSU;
- Evidence of any alleged conduct by LSU in response to Kitch's alleged report to LSU;
- Evidence of any alleged conduct by LSU in response to any purported disclosures by Johnson of alleged harassment;
- Evidence of any alleged conduct by LSU occurring after Hovis' alleged report other than as it relates to Loe's alleged violations of the no-contact order.

Under well-established legal principles, these matters are inadmissible pursuant to Federal Rule of Evidence 402 because they are irrelevant, and they should be excluded under Rule 403 because any probative value they might have (which is denied) is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time and resources. Accordingly, the Board respectfully requests that the Court enter an order excluding these matters from being raised before the jury at trial.

## II. LAW AND ARGUMENT

Relevant evidence is "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"[1] "Evidence which is not relevant is not admissible."[2] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3] Where evidence "may lead to confusing and time-consuming disputes with respect to collateral issues, the trial judge may properly reject or limit it under Rule 403."[4] "'Unfair prejudice' . . . means an

---

[1] *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 355 (5th Cir. 2010) (quoting Fed. R. Evid. 401).
[2] Fed. R. Evid. 402.
[3] Fed. R. Evid. 403.
[4] *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n. 11 (5th Cir. 1983) (citation omitted).

undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[5]

District courts have "'wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403. . . . This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."[6]

### A. Post-Reporting Conduct is Not Relevant to Plaintiffs' Pre-Assault Deliberate Indifference Claim.

This Court dismissed Plaintiffs' post-reporting deliberate indifference claim, leaving only Plaintiffs' pre-assault deliberate indifference claim (or "heightened risk"), which focuses on conduct occurring pre-assault. For the reasons set forth in the Board's Motions for Summary Judgment, evidence of post-reporting conduct is irrelevant to Plaintiffs' pre-assault heightened risk claims.[7] The above post-assault "facts" relate only to Plaintiffs' dismissed deliberate indifference claims and should be excluded.

This Court's own ruling on the Board's Motion to Dismiss indicates the irrelevance of the post-reporting conduct. In discussing prescription for deliberate indifference and heightened risk, the Court only focused on Plaintiffs' allegations of post-reporting conduct for its deliberate indifference conclusion. (R. Doc. 340, pp. 14-16) Indeed, when analyzing heightened risk, the Court did not cite any of the post-reporting conduct it previously discussed in the context of deliberate indifference. (R. Doc. 340, p. 20 n. 107) Moreover, in Plaintiffs' Motion to Strike and

---

[5] *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee Notes to Rule 403).
[6] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citation omitted).
[7] Plaintiffs have referred to this claim as a "perpetrator" heightened risk claim.

Limit Expert Report and Testimony of Brett Sokolow, (R. Doc. 429-1), Plaintiffs argue that the Board's Title IX expert should not be permitted to testify about post-assault deliberate indifference facts. (R. Doc. 429-1, pp. 2, 5-7) The same is true for Plaintiffs.

### B. Post-Reporting Conduct is Not Relevant to Plaintiffs' "Official Policy" Claim, to the Extent One Has Been Asserted.

The Board anticipates that Plaintiffs will attempt to offer evidence and argument regarding the Board's subsequent conduct in an effort to show that an "official policy" of the Board placed Plaintiffs at a heightened risk of harm. As set forth more fully in the Board's summary judgment motions, the Board disputes that such claim is available. However, to the extent such claim exists, evidence of the Board's actions **after** Plaintiffs' alleged harms does not tend to show whether an official policy of the Board's existed **before** Plaintiffs' alleged harm. Accordingly, any such evidence and argument should be excluded from trial.

As mentioned, a pre-assault claim alleging a general policy of deliberate indifference to reports of sexual misconduct relies on events that occurred **before** an assault.[8] "The focus of the [official policy] claim is on the University's pre-assault conduct, not its post-assault response as in earlier phases of litigation."[9] Thus, only **pre-assault** conduct can amount to an official policy of deliberate indifference.[10]

---

[8] *Karasek v. Regents of Univ. of Calif.*, 956 F. 3d 1093, 1099 (9th Cir. 2020).

[9] *Karasek v. Regents of Univ. of California*, 534 F. Supp. 3d 1136, 1144 (N.D. Cal. 2021); *See id*. at n. 1 (further noting that plaintiff's official policy theory of liability does not turn on university's specific actions with respect to her assailant).

[10] *Karasek,* 956 F. 3d 1093 at 1112 n. 5; *See Doe 1 v. Baylor Univ.*, 240 F. Supp. 3d 646, 658 (W.D. Tex. 2017) (focusing on alleged "discriminatory practices" in handling reports occurring before plaintiffs' reports of sexual assault); *Doe I on Behalf of Doe II v. Huntington Indep. Sch. Dist.*, No. 9:19-CV-00133-ZJH, 2020 WL 10317505, *5 (E.D. Tex. Oct. 5, 2020) (relevant consideration was conduct of and receipt of information by the school *before* sexual incident); *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. CV 22-00338-BAJ-SDJ, 2023 WL 143171, *9, 12, 14-15 (M.D. La. Jan. 10, 2023) (same); *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, No. CV H-18-2850, 2020 WL 7043944, *10-11 (S.D. Tex. Dec. 1, 2020), aff'd in part, rev'd in part, 53 F.4th 334 (5th Cir. 2022) (in official policy case, court analyzed purported policies prior to plaintiff's assault and did not consider specific post-reporting conduct); *Doe v. Texas A&M Univ.*, 634 F. Supp. 3d 365, *378 (S.D. Tex. 2022) (emphasizing need for facts regarding policy, custom, or other improper conduct *before* alleged assault).

Recipients are liable under Title IX "only where their own deliberate indifference effectively caused the discrimination."[11] As stated by the lower court in *Simpson v. University of Colorado* (a case involving an official policy claim):

> I note that the plaintiffs cite various actions by University officials after [the date of the alleged assaults], as probative of the University's deliberate indifference. I conclude that, in the context of this case, these actions are not relevant to the deliberate indifference analysis. Again, the University is liable in damages under Title IX only when its deliberate indifference effectively caused the discrimination. *Davis*, 526 U.S. at 646–47, 119 S.Ct. 1661. Absent sufficient evidence that the University had sufficient notice of the relevant risk, or that the University acted with deliberate indifference with regard to that risk, a reasonable fact finder could not conclude that the University's deliberate indifference caused the plaintiffs to suffer the severe sexual harassment they suffered. Accordingly, evidence that the University exhibited deliberate indifference after the key discriminatory event at issue does not tend to show that the University's deliberate indifference caused the severe sexual harassment suffered by the plaintiffs.

*Simpson v. Univ. of Colorado*, 372 F. Supp. 2d 1229, 1244–45 (D. Colo. 2005), rev'd and remanded sub nom, *Simpson v. Univ. of Colorado Boulder*, 500 F.3d 1170 (10th Cir. 2007).[12]

For these reasons, post-reporting conduct should be excluded.

**C. Evidence and Argument Regarding Post-Reporting Conduct are Prejudicial and Would Result in Jury Confusion.**

Because Plaintiffs' deliberate indifference claims have been dismissed (except for Plaintiff Hovis), introducing deliberate indifference evidence would pose a substantial risk of jury confusion. For the remaining heightened risk claim, the jury's focus should not be on the sufficiency of the Board's response to Plaintiffs' reports—rather, the jury's attention should be onthe school's actions occurring before a Plaintiff is assaulted and whether those actions created

---

[11] *Davis Next Friend Lashonda v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 642-43 (1999).
[12] Courts have acknowledged the parallels between Title IX official policy claims and *Monell* claims under 42 U.S.C.A. § 1983. In the context of *Monell* claims, subsequent conduct cannot be used to establish municipal liability based on an official policy. *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994).

a heightened risk leading to the alleged assault. Permitting introduction of post-reporting conduct allows Plaintiffs to merely repackage their dismissed deliberate indifference claims and would create substantial confusion regarding what claims remain and what evidence is relevant to those claims.[13]

### III. CONCLUSION

For the reasons asserted herein, the Court should exclude evidence and argument regarding certain post-reporting conduct.

    Respectfully submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**


BY:   /s/ Susan W. Furr
    Shelton Dennis Blunt Bar Roll No. 21230
    Susan W. Furr Bar Roll No. 19582
    Karleen J. Green Bar Roll No. 25119
    Jessica Coco Huffman LA Bar No.: 30445
    Molly McDiarmid Bar Roll No. 36426
    Gregory T. Stevens Bar Roll No. 29436
    Michael B. Victorian Bar Roll No.: 36065
    II City Plaza | 400 Convention Street, Suite 1100
    Baton Rouge, Louisiana 70802
    Telephone: 225 346 0285
    Facsimile: 225 381 9197
    Email: dennis.blunt@phelps.com
    Email: susie.furr@phelps.com
    Email: karleen.green@phelps.com
    Email: jessica.huffman@phelps.com
    Email: molly.mcdiarmid@phelps.com

---

[13] The Board acknowledges that some post-reporting conduct is relevant for those Plaintiffs who allegedly were Doe or Coe's second or subsequent "victim" (*i.e.*, Brennan, Richardson, Lewis, and Owens). However, because Mize, Doe, Andries, Kitch, Johnson, and Hovis were either the first or the only alleged victim of their perpetrator, no post-reporting conduct is relevant to their heightened risk claims.

Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023, with the Court's CM/ECF system. Undersigned counsel will send an electronic copy of the same to Plaintiffs' counsel.

/s/    Susan W. Furr

- 8 -

PD.43073080.1