UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**DEFENDANT'S MOTION IN LIMINE NO. 7:
TO EXCLUDE CERTAIN TESTIMONY FROM LIN CHI WANG**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board" or "LSU"), and respectfully moves this Court to preclude the introduction of any evidence or arguments related to certain testimony from Plaintiffs' expert Lin Chi Wang.[1]  As grounds for this motion, the Board states as follows:

1.

Plaintiffs filed suit against the Board seeking damages under Title IX of the Education Amendments of 1972.  (R. Doc. 182) After this Court's ruling on the Board's Motion to Dismiss, Plaintiffs' only remaining claim is for heightened risk, with the exception of Plaintiff Hovis who has a limited deliberate indifference claim arising out of an alleged violation of a no-contact order. (R. Doc. 340)

2.

Plaintiffs identified Lin Chi Wang ("Wang") as an expert on Title IX.  However, Wang is unqualified to offer expert opinions in this case because she lacks the training or experience to serve as an expert witness, particularly in the Title IX heightened risk context.  As a result, she

---

[1] Excerpts of the report of Lin Chi Wang are attached hereto as Exhibit A.

should not be given the opportunity to advise the jury on such matters, pursuant to Federal Rule of Evidence 702(a).

3.

Additionally, even if qualified, Wang's report fails to causally connect her opinions to the Plaintiffs and her opinions relate entirely to Plaintiffs' deliberate indifference claims, all of which have been dismissed with the exception of Plaintiff Hovis. Because her opinions relate, in large measure, to dismissed claims, such opinions are irrelevant, risk confusing the jury, and should be excluded.

4.

Further, Wang's report improperly contains a number of legal conclusions, which she is prohibited from presenting to the jury. She also makes a number of factual conclusions that are based on an incomplete review of the record, and thus, should be excluded as unsupported and irrelevant.

WHEREFORE, the Board respectfully requests that this motion be granted and that this Court issue an order excluding the testimony of Lin Chi Wang because she is not qualified. Alternatively, Wang's testimony should be substantially limited to exclude her from offering opinions which are not connected to Plaintiffs' claims, are unrelated to heightened risk, that relate to Plaintiffs' dismissed deliberate indifference (or other) claims, and that make improper factual and/or legal conclusions.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Gregory T. Stevens Bar Roll No. 29436
Jessica Coco Huffman LA Bar No.: 30445
Michael B. Victorian Bar Roll No.: 36065
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on September 18, 2023, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

/s/ *Susan W. Furr*
Susan W. Furr

- 3 -