**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ABBY OWENS, et al.** | **Case No.: 3:21-cv-00242** |
| *Plaintiffs* | |
| | **Division WBV-SDJ** |
| **v.** | |
| | **JUDGE WENDY B. VITTER** |
| **BOARD OF SUPERVISORS OF** | |
| **LOUISIANA STATE UNIVERSITY** | **MAGISTRATE JUDGE JOHNSON** |
| **AND AGRICULTURAL AND** | |
| **MECHANICAL COLLEGE** | **JURY DEMANDED** |
| *Defendant* | |

PLAINTIFFS' OPPOSITION TO BOARD'S MOTION IN LIMINE NO. 1: TO
EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISMISSED CLAIMS

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan

Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch

("Plaintiffs"), through undersigned counsel, respectfully submit this Memorandum in Opposition

to the Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Dismissed Claims

("Motion No. 1")[1] filed by Defendant Board of Supervisors of Louisiana State University and

Agricultural and Mechanical College ("Board"). Motion No. 1 is vague; based upon conjecture

about what *might* be introduced; does not sufficiently identify the exact testimony or evidence

sought to be excluded; is based upon a flawed interpretation of the law applicable Plaintiffs'

remaining claims. Motion No. 1 should be denied.

I.     STANDARD OF REVIEW

"It is well settled that motions in limine are disfavored."[2] "Motions in limine are frequently

made in the abstract and in anticipation of some hypothetical circumstance that may not develop

---

[1] ECF No. 430.

[2] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083, at \*4
(M.D. La. Feb. 17, 2023) (quoting *Auenson v. Lewis*, 1996 WL 457258, at \*1 (E.D. La. 8/12/1996)
(citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993))).

at trial."[3] "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[4] "Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence 'may be resolved in the proper context.'"[5] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[6] Motion No. 1 seeks to exclude "hypothetical" evidence that is not "clearly inadmissible" and should be denied.

## II.    The Board misstates Plaintiffs' claims.

Title IX reads, in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[7] *Davis v. Monroe County Board of Education*, the seminal U.S. Supreme Court case interpreting the elements plaintiffs must prove to succeed with Title IX claims against educational institutions, defined the term "subjected" to encompass making a student "vulnerable to" further harassment.[8] While the specific nature of a Title IX claim can take different forms, including deliberate indifference, hostile environment, or heightened risk, the essential question of any Title IX claim is whether

---

[3] *Washington*, 2023 WL 2072083 at *4 (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds)).

[4] *Washington*, 2023 WL 2072083 at *1 (quoting *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)) (emphasis in original).

[5] *Washington*, 2023 WL 2072083 at *1 (quoting *Auenson*, 1996 WL 457258, at *1).

[6] FED. R. EVID. 401.

[7] 20 U.S.C. § 1681(a).

[8] *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999).

LSU subjected Plaintiffs to discrimination based on sex and all of the issues identified by the Board

in Motion No. 1 are directly relevant to that question.[9]

The *Davis* Court explained that a "heightened risk" based Title IX claim is based upon an

educational institution's own deliberate indifference that "cause[s] students to undergo harassment

or make[s] them liable or vulnerable to it."[10] In using the disjunctive, *Davis* "clearly indicates that

Plaintiffs can state a viable Title IX claim by alleging alternatively *either* that [the defendant]'s

deliberate indifference to their reports of rape caused Plaintiffs 'to undergo' [additional]

harassment *or* 'made them liable or vulnerable' to it."[11] Vulnerability requires only a potential for

harassment.[12] As in its Motions for Summary Judgment and supporting Memoranda,[13] the Board

is again wrongly collapsing the second prong of the *Davis* analysis and ignoring the required

elements of a Title IX heightened risk analysis as defined by *Karasek v. Regents of the University*

*of California*:

> (1) a school maintained a policy of deliberate indifference to reports of sexual
> misconduct, (2) which created a heightened risk of sexual harassment that was
> known or obvious (3) in a context subject to the school's control, and (4) as a result,
> the plaintiff suffered harassment that was so severe, pervasive, and objectively
> offensive that it can be said to have deprived the plaintiff of access to the
> educational opportunities or benefits provided by the school.[14]

It is impossible to separate the evidence required to prove a deliberate indifference claim from a

heightened risk claim because, as *Karasek* explains, a **policy of deliberate indifference** to sexual

misconduct is an **element** of a heightened risk claim; evidence of the Board's deliberate

---

[9] To be clear, Plaintiffs do not intend to introduce the terms "hostile environment" or "retaliation" to describe their legal claims during trial.

[10] *Davis*, 526 U.S. at 645.

[11] *Farmer v. Kan. St. Univ.*, 918 F.3d 1094, 1103 (10th Cir. 2019) (quoting *Davis*, 526 U.S. at 645).

[12] *E.g.*, *Vulnerable*, Webster's Third New International Dictionary 2566-67 (1993) (defining "vulnerable" to mean "capable of being wounded" or "open to attack or damage").

[13] ECF Nos. 353-383.

[14] *Karasek v. Regents of Univ. of California*, 956 F.3d 1093, 1112 (9th Cir. 2020).

indifference to sex discrimination is also relevant to analysis of whether a heightened risk of sex discrimination existed at LSU. Lastly, Plaintiff Corinn Hovis has a surviving deliberate indifference claim.

### III.    The Board has not identified the facts at issue.

The Board does not identify what "Evidence and Argument Regarding Dismissed Claims" it believes Plaintiffs plan to introduce at trial.

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach Sons, Inc*., 864 F. Supp. 67, 69 (N.D.Ill. 1994). The court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.' *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).[15]

The Board has failed to meet its burden of specificity. The Board vaguely references "hostile environment" or "retaliation," or "any alleged conduct by LSU relevant to deliberate indifference[.]"[16] The Board's broad descriptions of the concepts at issue in this case are too generalized to allow this Court to determine whether such evidence has the tendency to make any facts of consequence to the eleven pending claims of the ten Plaintiffs more or less probable. As discovery is complete, the Board has all the evidence and information Plaintiffs may present at trial and should be able to specifically identify the information to which the Board objects. Without identifying what improper arguments and/or evidence about dismissed claims the Board believes Plaintiffs plan to introduce, this Court lacks the necessary evidence to rule favorably on the Board's Motion. Motion No. 1 perfectly demonstrates the disfavored motions "made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."[17] Therefore, this Court should deny the Motion.

---

[15] *First Savings Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000).

[16] ECF No. 340, at 44.

[17] *Washington*, 2023 WL 2072083, at *4 (quoting *Collins*, 621 F.2d 777, 784 (superseded on other grounds)).

## IV.     Facts are not *per se* irrelevant.

Because a fact is relevant to a claim that is not before the jury does not, by itself, make that

fact irrelevant to the claims that are before the jury. Many facts may be relevant to both Plaintiffs'

surviving claims and Plaintiffs' dismissed claims and are admissible evidence. In fact, as set forth

above, Plaintiffs' heightened risk claims necessarily require Plaintiffs to prove that the Board

"maintained a policy of deliberate indifference to reports of sexual misconduct[.]"[18] Further,

evidence of retaliation against a Plaintiff or evidence that a particular environment was hostile to

a Plaintiff, tends to make the fact that the heightened risk of sexual misconduct was "known or

obvious" more probable. For the Board to simply contend that all evidence of "retaliation" or a

"hostile environment" must be excluded without further specificity is inappropriate for a motion

in limine, and Motion No. 1 should be denied.

## V.      Facts are not sufficiently prejudicial to deny admission.

Lastly, as this Court has previously recognized in *Babin v. Plaquemines Parish*, "the

purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of,

alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely

motion to strike or an instruction by the court to the jury to disregard the offending matter cannot

overcome its prejudicial influence on the jurors' minds.'"[19] Nothing cited by the Board in support

of Motion No. 1 rises to this level of potential prejudice and in fact is evidence that is specifically

contemplated to be evaluated for admissibility in the context of trial. "[R]ather than exclude an

entire portion of evidence without context, the Court [should] defer ruling on this issue until

trial."[20]

---

[18] *Metro. Gov't of Nashville & Davidson Cnty.*, 35 F.4th at 464-65.
[19] *Babin*, 421 F. Supp. 3d 391, 395 (E.D. La. 2019) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted)).
[20] *Washington*, 2023 WL 2072083, at *5.

To the extent any discrete fact related to Plaintiffs' dismissed or surviving claims should be excluded, this Honorable Court is competent to make such a ruling in a context at trial.[21] Therefore, this Court should deny the Board's Motion No. 1.

### CONCLUSION

For the foregoing reasons, Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch respectfully request that the Court deny the Board's Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Dismissed Claims.

Respectfully Submitted,

/s/ Endya L. Hash

| | |
|---|---|
| Karen Truszkowski | Catherine E. Lasky (La. Bar 28652) |
| *Pro Hac Vice* | Endya L. Hash (La. Bar 38260) |
| Temperance Legal Group | Katie Lasky Law |
| 503 Mall Court #131 | 619 Homedale Street |
| Lansing, Michigan 48912 | New Orleans, Louisiana 70124 |
| P: (844) 534-2560 | P: (504) 584-7336 |
| F: (800) 531-6527 | F: (504) 375-2221 |
| karen@temperancelegalgroup.com | katie@katielaskylaw.com |
| | endya@katielaskylaw.com |

Elizabeth K. Abdnour
*Pro Hac Vice*
Abdnour Weiker, LLP
500 East Michigan Ave Suite 130
Lansing, Michigan 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

*Attorneys for Plaintiffs*

---

[21] *See Washington*, 2023 WL 2072083, at *1 (quoting *Rivera*, 464 F. Supp. 3d at 853 (quoting *Auenson*, 1996 WL 457258, at *1)).