### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**ABBY OWENS, et al.**
*Plaintiffs*

**v.**

**BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE**
*Defendant*

**Case No.: 3:21-cv-00242**

**Division WBV-SDJ**

**JUDGE WENDY B. VITTER**

**MAGISTRATE JUDGE JOHNSON**

**JURY DEMANDED**

---

### PLAINTIFFS' OPPOSITION TO BOARD'S MOTION IN LIMINE NO. 2:
### TO EXCLUDE EVIDENCE AND ARGUMENT OF AN ALLEGED SEXUAL CULTURE
### IN LSU'S FOOTBALL RECRUITING PROGRAM

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), through undersigned counsel, respectfully submit this Memorandum in Opposition to the Motion in Limine No. 2: To Exclude Evidence and Argument of an Alleged Sexual Culture in LSU's Football Recruiting Program ("Motion No. 2") (ECF No. 431) filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board"). Motion No. 6 fails to specify the evidence it seeks to exclude; fails to acknowledge that Plaintiffs may testify as to their own personal knowledge of LSU's culture; ignores several instances of sexual misconduct occurring in the football recruiting department; and fails to explain how this evidence is unduly prejudicial and/or character evidence. For these reasons, this Court should deny Motion No. 2.

I. __The Board fails to identify the evidence it seeks to exclude.__

Aside from two brief excerpts from Plaintiff Richardson's deposition, which spanned two days, the Board does not identify what "Evidence and Argument of an Alleged Sexual Culture in LSU's Football Recruiting Program" it believes Plaintiffs plan to introduce at trial.

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach Sons, Inc.*, 864 F. Supp. 67, 69 (N.D.Ill. 1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).[1]

The Board has failed to meet its burden of specificity. The Board vaguely argues that it is attempting to limit Plaintiffs from introducing evidence about "unknown events" and "unreported events."[2]  As discovery has closed, the Board has now received all the evidence and information Plaintiffs may present at trial and should be able to specifically identify such. Without naming what improper arguments and/or evidence about these "unknown" or "unreported events" it believes Plaintiffs plan to introduce, this Court lacks the necessary evidence to rule favorably on the Board's Motion. Therefore, this Court must deny Motion No. 2.

II. __Plaintiffs' may testify as to either personal knowledge__

The title given by the Board to Motion No. 2 implies that Plaintiffs will be presenting sweeping and hyperbolic argument about the culture within the Louisiana State University ("LSU") football program or within LSU as a whole. However, the deposition testimony cited in support of Motion No. 2 reveals that the Board is asking this Court to impermissibly exclude testimony from Plaintiffs about their own lived experiences and perceptions of their experiences while at LSU—all of which is permitted under the Federal Rules of Evidence.

---

[1] *First Savings Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078 (D. Kan. 2000).
[2] Mem. in Supp. of Mot. in Limine No. 4 4-5, ECF No. 433-3.

Rule 602 explicitly allows testimony that is based on a witness's own first-hand account of events: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."[3] The Board takes issue with Plaintiff Richardson's deposition testimony and fails to acknowledge that Plaintiff Richardson personally worked in the LSU football recruiting office for several hours each week for over two years, and she personally observed and experienced several instances of sexual misconduct within that context. Thus, Plaintiff Richardson, and any other witness, should be allowed to testify as to their personal experiences, including the circumstances in which they obtained knowledge on which they base their testimony.

Motion No. 2 also reads as a veiled attempted to exclude lay opinion testimony. Rule 701 permits opinion testimony from a non-expert witness, like a party, if it is limited to an opinion that is "rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[4]

The testimony given by Plaintiff Richardson falls within both the scope of both Rules 602 and 701. The following excerpts in which Plaintiff Richardson summarizes her experiences at LSU based on her personal perceptions and beliefs, are only a *few* examples of legitimate evidence that LSU is seeking to exclude through this sweeping Motion No. 2:

> I absolutely think there's a culture at LSU, . . . The recruitment girls or the ops girls, it's that we are literally there to appetizers for them. And so, yeah, I do think there's a culture that when you are associated with football operations as a girl, that you are easily accessible.[5]

---

[3] Fed. R. Evid. 602.
[4] Fed. R. Evid. 701.
[5] Richardson Volume 1 at 346:10-347:4.

I felt like [LSU recruiting department] was punishing the victim.[6]

I just know how I felt working that job.[7]

I do remember like things [Richardson's direct supervisor] had said in the office that made me really uncomfortable, . . . there was kind of a scandal at LSU at some point where one of my roommates there had, I guess, participated in kind of a porn video and it circulated around. And [Richardson's direct supervisor] was talking about it with the coworkers in the office one day and everyone was kind of making fun of the girl, and [Richardson's direct superior] had body shamed her by kind of saying, you know, that she was tiny and had no boobs and had no butt and that she looks like a child and that's not attractive. And at the time, I was also very thin with no boobs and no ass, and so I remember just feeling really uncomfortable about like, oh, shit, what does my boss think and say about me if this is how she's talking about this girl?[8]

Every so often [Richardson's direct supervisors] would sometimes ask about those relationships or check in on those relationships, and that always made me feel uncomfortable.[9]

The Board cannot reasonably dispute that Richardson is recounting her own observations of what happened to her while in the recruiting department. Although her testimony may contain out of court statements, such statements are not entered for the truth of the matter asserted, but for the fact that they were stated and had an effect on the witness herself.

---

[6] *Id*. at 127:6.

[7] *Id*. at 131:2-3.

[8] *Id*. at 131:14-142:18. Furthermore, to the extent that any testimony to be given at trial is an admission of the Board or its agents, "it is well settled that the opinion rule does not apply to a party's admissions" and a predicate need not be laid for the admission of such testimony. *See Owens v. Atchison, T. & S. F. Ry. Co.*, 393 F.2d 77, 79 (5th Cir. 1968)(citing 4 Wigmore, Evidence § 1053 at 15 (3d ed. 1940) and quoting *Cox v. Esso Shipping Co.*, 5th Cir. 1957, 247 F.2d 629)("An admission, rightly understood but so often confused, in its classic prototype is merely— but significantly— a position taken by the adversary * * * which is contrary to and inconsistent with the contention now being made in the litigation. It is that simple. It need not have been, as is so often said, an admission against interest, nor is there a need to lay a predicate for its use. All that is needed is an authoritative statement by the adversary inconsistent with the contemporary litigation position.")

[9] Richardson Volume I at 133:18-134:1.

4

Further, in Motion No. 2, the Board attempts to exclude hearsay testimony based upon the Board's anticipation as to what certain witnesses may testify to at trial. Numerous courts, including those in the Middle District of Louisiana, recognize that it is inappropriate to grant a motion in limine "premised on what the defendants anticipate that certain witnesses may testify to at trial. In these circumstances it is not appropriate to make a pretrial ruling based on speculation that this testimony may be brought up at the trial."[10] This Honorable Court is certainly competent to rule at trial on whether testimony about Plaintiff Richardson's perceptions of her treatment while working in the recruiting office for LSU football is permissible, non-hearsay testimony based upon her personal knowledge in the context of her (and similarly, any other Plaintiff's) testimony. Further, to the extent Plaintiff Richardson or any other witness attempts to offer opinion testimony, the propriety of the same is to be determined by the trial judge "depending on the circumstances" and after the "proponent of the lay opinion" establishes a "sufficient foundation for the trial judge" to make a determination.[11] All of this is accomplished by the trial court in the real time context of the trial and not on a motion in limine.

This Court should disregard the Board's unsubstantiated hearsay argument as inappropriate for determination on a motion in limine, and Motion No. 2 should be denied for this reason.

### III.   Plaintiffs experienced sexual misconduct in the football recruiting department.

Motion No. 2 erroneously states that "**none** of Plaintiffs' alleged assaults arise out of this purported recruiting culture."[12] Firstly, all sexual misconduct is prohibited by Title IX, not only

---

[10] *Cook v. Perkins*, 2014 WL 51165, at *1 (M.D. La. Jan. 7, 2014)(denying motion in limine to exclude hearsay testimony without prejudice to defendants' right to raise their hearsay objections at trial).

[11] *Veals v. Edison Chouest Offshore, LLC*, 2009 WL 10710266, at *4 (E.D. La. Mar. 6, 2009).

[12] Doc 431-3 at 4 (emphasis in original).

sexual assaults.[13] Second, Plaintiff Richardson and others experienced sexual misconduct (including sexual assault) arising from LSU football recruiting's culture. The following excerpts from Plaintiff Richardson's deposition reveal merely a few instances of sexual misconduct experienced by Plaintiff Richardson in the context of the LSU football recruiting office:

> Q. Who is the person who raped you your second year?
> A. ██████████ .
> Q. And is he the football recruit that --as you mentioned?
> A. Yes[14]
>
> Q. When did you first meet ████████ ?
> A. I -- I don't recall.
> Q. Do you recall where you were?
> A. I think my first interaction was something with a football event while he was a recruit.[15]
>
> A. I was told that I would no longer be working [football recruiting] events that ████ was at, and so I was punished for what happened between him and I. So I got taken off of certain work events.[16]

Because the Board has plainly misrepresented the context of the football recruiting program in relation to the sexual misconduct experienced by certain Plaintiffs, Motion No. 2 should be denied.

## IV.    <u>Testimony is not unduly prejudicial.</u>

Testimony regarding the events and culture of LSU's football recruiting office is not unduly prejudicial in the context of this case. Whether events of sexual misconduct occurred in LSU's football recruiting office certainly has a tendency to make the key fact of whether a

---

[13] For clarity, according to LSU's own policies, "Sexual misconduct includes, but is not limited to, unwanted sexual contact with an object without consent and/or by force, video voyeurism, violence of a sexual nature, sexual abuse, non-consensual sexual intercourse, sexual exploitation, sexual assault, and obtaining, posting, or disclosure of intimate descriptions, photos or videos without express consent of the other person(s)." LSU's Title IX and Sexual Misconduct Policy at 4 (PLAINTIFFS_000228).

[14] Richardson Volume I at 84:12-17.

[15] *Id.* at 83:18-23.

[16] *Id.* at 126:11-15.

heightened risk of sexual misconduct was known or obvious at LSU more or less probable than it would be without such information.[17] Thus, there is no legitimate dispute that this evidence is relevant. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[18]

To succeed at trial, Plaintiffs must prove, *inter alia*, that they experienced a heightened risk of sexual misconduct that was known or obvious.[19] Thus, whether certain Plaintiffs experienced sexual misconduct in LSU's football recruiting program and whether that sexual misconduct was so known or obvious that the students regularly discussed the same amongst themselves and with their direct supervisors, are certainly probative facts, and Plaintiffs would be improperly prejudiced if testimony regarding their first-hand experiences in LSU's football recruiting department were to be excluded.

In addition, this Honorable Court is competent to determine in the context of trial whether such statements are prejudicial, and as this Court previously recognized in *Babin v. Plaquemines Parish*, "the purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[20] Thus, even if it were

---

[17] Fed. R. Evid. 401.
[18] Fed. R. Evid. 403.
[19] *See Doe ex rel. Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty.*, 35 F.4th 459, 464-65 (6th Cir. 2022).
[20] 421 F. Supp. 3d 391, 395 (E.D. La. 2019) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted)).

possible that this evidence is potentially prejudicial, nothing cited by the Board in support of Motion No. 2 rises to this level of potential prejudice and in fact is testimony that is specifically contemplated to be evaluated for admissibility by the trial judge.

This Court should disregard the Board's unsubstantiated claims of prejudice as inappropriate for determination on a motion in limine, and Motion No. 2 should be denied for this reason.

## V.    **Testimony is not "character evidence."**

Plaintiffs' purpose in introducing evidence of the known and obvious culture of sexual exploitation in LSU's recruiting department is to specifically prove that there was a heightened risk of sexual misconduct that was known and obvious to LSU. Motion No. 2 attempts to argue that sexual exploitation of students in one department of LSU may improperly suggest to the jury that a sexually exploitative culture existed elsewhere at LSU as well. As discussed throughout this Opposition, this testimony is directly relevant to Plaintiffs' claims and is not the obscure, unassociated, irrelevant testimony that the Board would have this Court believe. Such testimony is not for purposes of proving a juridical person's 'character' (to the extent this is even possible)[21] but to prove what happened to these witnesses. Although Plaintiffs' claims vary, at least two Plaintiffs directly experienced the sexually exploitative culture in LSU football's recruiting department, making this testimony virtually essential to their claims. Because this testimony is for the proper purpose of proving the facts relevant to this case, Motion No. 2 should be denied.

---

[21] *See e.g., Pearson v. Wal-Mart Stores, Inc.*, 2019 WL 13202190, at *2 (S.D. Miss. July 26, 2019)(declining to extend Rule 404 to entities because, as in the instant case, the party seeking the application of Rule 404 to a corporation "has not cited any law applying Rule 404 to a corporate entity. It is questionable whether Rule 404 even applies to corporations.") (citing *Dykes v. Cleveland Nursing & Rehab. Ctr.*, 2018 WL 2703134, at *4 n. 2 (N.D. Miss. June 5, 2018); 22B Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. EVID. § 5234 (2d ed. 2018)).

## CONCLUSION

For the foregoing reasons, Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch respectfully request that the Court deny the Board's Motion in Limine No. 2 because the admissibility of testimony related to Plaintiffs' experiences in the football program at LSU can be determined by this Court at trial.


Respectfully Submitted,

/s/ Endya L. Hash

Karen Truszkowski                  Catherine E. Lasky (La. Bar 28652)
*Pro Hac Vice*                     Endya L. Hash (La. Bar 38260)
Temperance Legal Group             Katie Lasky Law
503 Mall Court #131                619 Homedale Street
Lansing, Michigan 48912            New Orleans, Louisiana 70124
P: (844) 534-2560                  P: (504) 584-7336
F: (800) 531-6527                  F: (504) 375-2221
karen@temperancelegalgroup.com     katie@katielaskylaw.com
                                   endya@katielaskylaw.com


                                   Elizabeth K. Abdnour
                                   *Pro Hac Vice*
                                   Abdnour Weiker, LLP
                                   500 East Michigan Ave Suite 130
                                   Lansing, Michigan 48912
                                   P: (517) 994-1776
                                   F: (614) 417-5081
                                   liz@education-rights.com

                                   *Attorneys for Plaintiffs*