UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, et al.**<br>*Plaintiffs*<br><br>v.<br><br>**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**<br>*Defendant* | Case No.: 3:21-cv-00242<br><br>Division WBV-SDJ<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE JUDGE JOHNSON<br><br>JURY DEMANDED |

### PLAINTIFFS' OPPOSITION TO BOARD'S MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PUNITIVE, EMOTIONAL DISTRESS, AND SPECULATIVE DAMAGES

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), through undersigned counsel, respectfully submit this Memorandum in Opposition to the Motion in Limine No. 3 to Exclude Evidence and Argument Regarding Punitive, Emotional Distress, and Speculative Damages ("Motion") (ECF No. 432) filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board"). This Court should deny the Motion with respect to damages related to lost earning capacity and employment opportunities, deny the Motion as premature with respect to emotional distress damages, and find the Motion moot with respect to punitive damages and the testimony of Dr. Apryl Pooley.

**I.    BACKGROUND**

On June 30, 2023, the Board filed a Motion to Dismiss Plaintiffs' Claims for Emotional Distress Damages.[1] Plaintiffs filed an opposition,[2] and determination on that motion is pending.

---
[1] ECF No. 352.
[2] ECF No. 386.

On August 29, 2023, counsel for the Board contacted counsel for Plaintiffs with a list of topics for which the Board was considering filing a motion in limine.[3] Plaintiffs responded to the proposed topics in writing, and all counsel participated in a good faith telephone conference to discuss various pre-trial and evidentiary disputes in greater depth.[4] During these ongoing communications, the Board never expressed an intention to file a motion in limine regarding punitive damages, what it terms "speculative damages," or to limit or exclude the testimony of Dr. Apryl Pooley.[5] Thus, these matters were not discussed among the parties. On September 18, 2023, the Board filed the present Motion regarding damages.

## II.    STANDARD OF REVIEW

"It is well settled that motions in limine are disfavored."[6] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."[7] When parties agree to voluntarily withhold the information the movant seeks to be excluded in a motion in limine, such motion should be denied as moot.[8]

As this Court has previously recognized in *Babin v. Plaquemines Parish*, "the purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'"[9] Other than punitive damages—which Plaintiffs do not

---

[3] Correspondence between Counsel, attached hereto as Exhibit 1 at 5.
[4] *See* Exh. 1 at 1-2.
[5] *See* Exh. 1.
[6] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083, at *4 (M.D. La. Feb. 17, 2023) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993))).
[7] *Washington*, 2023 WL 2072083, at *4 (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds)).
[8] *See e.g., Washington*, 2023 WL 2072083, at *1.
[9] *Babin v. Plaquemines Parish*, 421 F. Supp. 3d 391, 395 (E.D. La. Oct. 25, 2019) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted)).

plan to argue they are owed—nothing cited by the Board in support of this Motion rises to this level of potential prejudice and, in fact, is testimony that is specifically contemplated to be evaluated and weighed by the trier of fact.

### III. Punitive damages

As in *Washington*, Plaintiffs agree that punitive damages are not available for their remaining claims; thus, the Board's Motion should be denied as moot with respect to punitive damages.[10]

### IV. Emotional distress damages

The Court has not yet ruled on the Board's Motion to Dismiss Plaintiffs' Claims for Emotional Distress Damages; Plaintiffs' opposition to that motion contains full briefing on whether *Cummings* prohibits Plaintiffs from obtaining damages for emotional distress.[11] Plaintiffs' presentation of evidence on this issue will comport with whatever judgment the Court ultimately renders. Until such time as that Motion is ruled upon, any motion with respect to what evidence Plaintiffs may present regarding emotional distress damages is premature.[12] This Court should deny the Board's Motion in Limine on this basis.

### V. "Speculative" damages

#### A. Earning capacity and employment opportunities

The Board cites exclusively to *Doe v. Fairfax County School Board*, a case from the Eastern District of Virginia that relies on U.S. Fourth Circuit caselaw in finding that:

> The only allegations in Plaintiff's amended complaint regarding the loss of identifiable professional opportunities are general assertions that Plaintiff suffered "lost future earnings and earning capacity." The amended complaint is otherwise devoid of any specific allegations supporting these damages. The Court finds the amended complaint inadequately pleads any loss of identifiable professional opportunities, and Plaintiff cannot cure this now by presenting evidence or expert testimony that Plaintiff has since

---

[10] *See e.g., Washington*, 2023 WL 2072083, at *1.
[11] ECF No. 352.
[12] *See, e.g.*, *Rivera v. Robinson*, 464 F. Supp. 3d 847, 851 (E.D. La. 2020) (denying several motions in limine as premature).

3

experienced general difficulty obtaining employment or has generally earned less than she would have absent Defendant's alleged Title IX violations. Absent allegations of a specific employment opportunity that was foreclosed by Defendant's alleged violations, Plaintiff cannot recover for diminished earning capacity or lost future earnings.[13]

This Court is not bound by a holding issued by the U.S. District Court for the Eastern District of Virginia. Regardless, the Board completely misstates the evidence and testimony provided by Plaintiffs in the discovery process in this matter regarding their lost earning capacity and employment opportunities. Unlike the plaintiff in *Doe v. Fairfax County*, Plaintiffs in the present case included significant specific information about both their lost earning capacity and employment opportunities in the Second Amended Complaint, including, but not limited to:

- [Plaintiff Richardson] has turned down multiple jobs with male supervisors and refrained from meeting with male professors one-on-one because she is afraid of being alone with men.[14]

- Plaintiff Lewis also suffered significant economic damages including her opportunity to play professional tennis….[15]

- After leaving her tenure-track position, Kitch was underemployed as an adjunct professor during the 2020-2021 academic year.[16]

- These part-time adjunct positions pay considerably less than [Kitch's] actual and projected income as a tenure-track professor and offer no benefits.[17]

---

[13] *Doe v. Fairfax Cnty. Sch. Bd.*, No. 118CV00614MSNIDD, 2023 WL 424265, at *12 (E.D. Va. Jan. 25, 2023) (citing to *Rice v. Community Health Association*, 203 F.3d 283, 289 (4th Cir. 2000)) (internal citations omitted).
[14] *See* Second Amended Complaint, ECF No. 182 at ¶ 241.
[15] *Id.* at ¶ 555.
[16] *Id.* at ¶ 737.
[17] *Id.* at ¶ 738.

- Even though she has a PhD from LSU and did postdoctoral research at Princeton University, Kitch has been teaching at a high school level since August 2021.[18]

- As a direct and indirect result of the actions and inactions of Defendants, Kitch has suffered significant emotional and mental distress, as well as economic damages including loss of income attributed to the complete loss of her ability to attain tenure and proceed with her expected academic career as well as significant health care expenses.[19]

Moreover, the law does not require a complaint to contain every detail about allegations a plaintiff may be making, including allegations concerning damages.[20] The purpose of the discovery process is to unveil all details of plaintiff's allegations, and this particular topic was covered exhaustively in Plaintiffs' initial disclosures,[21] several of Plaintiffs' depositions, depositions of Plaintiffs' experts, and expert reports, including, but not limited to:

- Plaintiff Kitch testified at length at her deposition that she was unable to attain tenure after being hired for a tenure track assistant professor position at the University of Missouri, was unable to complete her Ph.D. dissertation or earn tenure, and ended up becoming a high school teacher rather than a university professor which provides her with a significantly more limited salary and benefits, due to the negative effects of Title IX violations she experienced at LSU.[22]

---

[18] *Id*. at ¶ 739.
[19] *Id*. at ¶ 741.
[20] "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[21] *See* Exh. 2.
[22] *See* Exh. 3.

- Plaintiff Lewis testified that she was on track to return to her professional tennis career but had to abandon that path due to the negative effects of Title IX violations she experienced at LSU.[23]

- Darren Cahill, a renowned professional tennis coach, provided specific testimony about Plaintiff Lewis' professional losses due to losing her ability to play professional tennis.[24]

- Vocational rehabilitation expert Josephine Doherty provided vocational evaluation and earning capacity assessments for each of the ten Plaintiffs.

- Economist Andrew Verzilli provided expert reports detailing loss of earning capacity for each of the ten Plaintiffs.[25]

The evidence and information from Plaintiffs regarding lost earning capacity and employment opportunities could not be more different from the extremely limited allegations made by the plaintiff in *Doe v. Fairfax County*.[26] Such a comparison is inapposite and should not be entertained by this Court.

Regarding the availability of such damages in contract cases, caselaw within the Fifth Circuit and the State of Louisiana, not the Federal Fourth Circuit, is applicable; notably, the Board fails to cite a single Louisiana case regarding the standard for lost earning capacity, which in this jurisdiction does not require "actual loss." The Eastern District of Louisiana, applying Louisiana law to a claim of lost earning capacity, quoted the Louisiana Supreme Court's holding in *Folse v. Fakouri*:

> Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. The theory

---

[23] *See* Exh. 4.
[24] *See* Exh. 5.
[25] The expert reports of Josephine Doherty and Andrew Verzilli were the subject of a separate Motion in Limine filed by the Board (ECF No. 439). Plaintiffs are filing a separate opposition to that motion outlining why the testimony of both of those experts is admissible and not speculative.
[26] *See Doe v. Fairfax Cnty. Sch. Bd.*, 2023 WL 424265, at *12.

is that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily.[27]

The Board, in relying exclusively on a Federal Fourth Circuit case, attempts to insert a level of certainty for an award of lost earning capacity that is not required under Louisiana law. This argument should be rejected. Plaintiffs' claims for lost earning capacity are substantiated by their own testimony (which under Louisiana law is sufficient[28]), as well as the reports of two different experts, and those claims should be permitted to proceed to the jury.

### B. Institutional betrayal

As Plaintiffs note in their response to the Board's Motion in Limine and Daubert Motion to Exclude or Limit Testimony of Plaintiffs' Expert Witness Dr. Apryl Pooley,[29] the testimony and expert report of Dr. Pooley will not be offered at trial; thus, the Board's Motion with respect to damages related to institutional betrayal should be denied as moot.

### CONCLUSION

For the foregoing reasons, Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch respectfully request that the Court deny the Board's Motion in Limine No. 3 to Exclude Evidence and Argument Regarding Punitive, Emotional Distress, and Speculative Damages.

---

[27] *Becnel v. Lamorak Ins. Co.*, 2022 WL 2182527, *3 (E.D. La. June 16, 2022) (quoting *Folse v. Fakouri*, 371 So. 2d 1120, 1123-24 (La. 1979)). *See also Dempster v. Lamorak Ins. Co.*, 2020 WL 3490431, at *6 (E.D. La. June 26, 2020).

[28] *See, e.g.*, *Becnel*, 2022 WL 2182527 at *3 ("loss of earning capacity can be established by a plaintiff's testimony alone, and an expert is not required to establish loss of income and earnings capacity") (citing *Green v. Superior Oil Company*, 441 So. 2d 54, 56 (La. App. 3 Cir. 1983); *Dempster*, 2020 WL 3490431 (citing *Finnie v. Vallee*, 620 So. 2d 897, 901 (La. App. 4 Cir.), *writ denied*, 625 So. 2d 1040 (La. 1993) ("While the plaintiff at all time has the burden of persuasion by the preponderance of the evidence regarding his earning capacity before and after the accident, proof need only be that which would reasonably establish the claim. Expert testimony of an economist might best prove this type of loss. However, the plaintiff's own testimony, if credible and truthful, may suffice in proving his claim.")).

[29] ECF No. 438.

|  | Respectfully Submitted, |
|---|---|
|  | /s/ *Endya L. Hash* |
| Karen Truszkowski | Catherine E. Lasky (La. Bar 28652) |
| *Pro Hac Vice* | Endya L. Hash (La. Bar 38260) |
| Temperance Legal Group | Katie Lasky Law |
| 503 Mall Court #131 | 619 Homedale Street |
| Lansing, Michigan 48912 | New Orleans, Louisiana 70124 |
| P: (844) 534-2560 | P: (504) 584-7336 |
| F: (800) 531-6527 | F: (504) 375-2221 |
| karen@temperancelegalgroup.com | katie@katielaskylaw.com |
|  | endya@katielaskylaw.com |
|  |  |
|  | Elizabeth K. Abdnour |
|  | *Pro Hac Vice* |
|  | Abdnour Weiker, LLP |
|  | 500 East Michigan Ave Suite 130 |
|  | Lansing, Michigan 48912 |
|  | P: (517) 994-1776 |
|  | F: (614) 417-5081 |
|  | liz@education-rights.com |
|  | *Attorneys for Plaintiffs* |