Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**Elisabeth Andries**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

All witness information has been previously provided.

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

- Emails with LSU (included)

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**



- I went to live with my now husband in France for the summer of 2019 since I wanted to avoid seeing and speaking to everyone since I was very alone. I stopped working and just lived there for 87 days with him and some money I saved up. ███████████████████████████████████████
  Approx loss of income: $90,000/4 = Approx. $22,500
- I worked at the National Center for Disaster Fraud in 2017 (an on campus job at LSU) and I quit in January of 2018 (the semester I failed out of college) to deal

2

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

> with trauma: Approx. loss of income: $15/hour x 15 hours/week x 15 weeks = Approx. $3375
> - I quit my job at the coffee shop (French Truck Coffee) shortly after coming back to Baton Rouge for school in august 2019 since I saw ▮▮▮ was there and one of my coworkers got mad that I "couldn't do my job correctly" when he was there: Approx. loss of income: $15/hour x 15 hours/week x 15 weeks = Approx. $3375



3

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

### Samantha Brennan

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**



Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021



**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

- LSUPD records
- LSUPD report (included)

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**



15

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

- ○ Loss of job opportunities–my plans to go finish my education and become a sports agent have been derailed.  I have a loss of income estimated to be at least 50-100k per year: $75,000 x 40 years: Approx. $3,000,000



Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**<u>Corinn Hovis</u>**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**



17

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

- Police report (included)

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**



- Lost wages (I was working for a restaurant company at the time making $11 per hour plus tips. I was not able to work as much because of how many appointments I had, having to take classes on my breaks when I was supposed to be working, fear of just being in public, bad mental health days, etc.): ≈ $5000

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**Sarah Beth Kitch**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

All witness information has been previously provided.

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

All documentation has been previously provided.

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**

I form people for thoughtful action that benefits their communities. An award-winning teacher, I left a hard-won tenure-track position when Title IX harm undermined my tenure case at the University of Missouri. LSU's irresponsible Title IX practices inflicted on me a massive crisis of confidence, constant torment, grief, and PTSD. I love university work more than any other professional work, and it provides flexibility to make earning a living more humane for motherhood. Because of LSU's irresponsible Title IX practices, I can no longer do that work. The Title IX harm undermined my tenure case. I couldn't overcome the trauma of returning to the dissertation-to-book project. When I was a student, I couldn't tell the truth about the harm I suffered because LSU's Title IX failures protected people with power against people without power. I had to complete the work I completed in fear. I suffered a huge crisis of confidence in a field that demands incredible solo effort, with extra barriers for women.

In consequence, I suffer—and suffered for years—the torment of loss of career. I had to leave the work I love more than any other professional work. I lost the investment I put in to be able to do that work. I've put in years of therapy to secure my sense of self. And I still struggle with what I've lost because of LSU's irresponsible Title IX practices.

I invested more than 10 years as well as thousands of dollars to work in a high-skill profession—and, specifically, to learn the craft of university pedagogy. For more than ten years, I invested long hours: I researched, networked at conferences, gave hundreds of lectures, graded thousands of essays; I took out loans to fund unpaid moves and fill in expansive gaps in academic pay. I made the investment to do work that develops reverence for others and a sense of personal responsibility.

30

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

"Academia is such an expensive profession," says Kate Bowler, an associate professor at Duke Divinity School, when journalist David Brooks asks her about her cancer diagnosis. "[Y]ou get on a train. And then about 10 years later and about $200,000 dollars later, you can get off that train. And you would've met me right then. And I would've imagined that I would have the rest of my life to make that investment feel really beautiful."

When I was 18, two clear reasons compelled me to make the investment university work demands: I could develop my teaching skills at an exceptional level, and I could find a kind of work that would enable me to make earning a living more humane for raising children. I laid the foundations of a compelling career. While I earned recognition as a teacher, I also became one of the only female political theorists to land a single-author publication in a top-three political science journal. At the moment I imagined that I would've had the rest of my life to make that investment feel worthwhile, I realized that Title IX harm at LSU had irreparably damaged my tenure-case.

I currently work in an elite high school that mandates an entirely standardized curriculum taught directly from department PowerPoint slides and textbooks. Despite the fact that my contract at my current work recognizes over a decade of teaching experience, I am treated as a first-year teacher with strict instructions to follow the lead of others who have less expertise or skilled training. Below I outline some of my losses.

[redacted]

- Lost Wages: *While I suffered under the Title IX harm that eventually undermined my tenure case, I lost work and wages*
    - I thought my project was valueless because of the harassment—and so I struggled to apply to jobs at the start of my time on the job market. From January 2015 to May 2016, I adjuncted at LSU (annual income = $12,000). I could've had a postdoctoral teaching and research appointment (annual income = $56,000): $56,000-$12,000 = $44,000 x 1.5 years = $66,000
    - When I left the tenure-track, I went back to adjuncting and took up editing. In 2020, I earned $42,000 adjuncting and editing, which is a loss of $38,000 compared to my Mizzou income: $38,000
    - I pulled data points from the faculty at the University of Missouri and ran those with my expected length of career. Total career loss, ages 30-75: Approx. $2,420,000
- Career Losses: *When I left the tenure-track because the Title IX harm had undermined my tenure case, I lost much of what I'd invested to build my university career:*
    - Losses of investment:

31

Case 3:21-cv-00242-WBV-SDJ    Document 443-2    10/02/23    Page 10 of 19

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

- I applied to over 200 jobs to get the tenure-track job I held at the University of Missouri. In order to do so I took out loans to pay for moves from Baton Rouge, LA, to Princeton, NJ (2016--$4,000) and then from Princeton, NJ, to DeKalb, IL (2017--$3,000): Approx. $7000
- I paid a professional academic job market consultant $2,500 to edit my applications in my early years on the job market—a service which helped me land my tenure-track job: $2500
- I took out loans to cover the academic pay gap from May to August (2016--$11,000): $11,000
- I lost the time I spent crafting my dissertation (August 2012-December 2014) as work toward my future tenure-case
- In my university work, I developed and taught *more than 20 university courses*. This work was the investment I planned to build on in my award-winning teaching. I work in a high school department that mandates an entirely standardized curriculum taught directly from department PowerPoint slides and textbooks
- Loss of maternity benefits: After giving birth to my daughter during my Princeton postdoctoral research appointment (and going back to work when she was less than four weeks old), I'd finally secured a tenure-track university job that came with 15 weeks of paid maternity leave. Now I work in a high school where I have to pay (either out of my check or with my 10 annual sick + personal days) and still only have, *at most*, a partly-subsidized 6 week maternity leave: Approx. $20,000.



- Loss of professional world:
  - The constraints of my high school teaching job mean I can't research to present at conferences
  - Without conferences, I lose old professional connections as well as opportunities for new professional connections
- Loss of professional references: Because the faculty member who committed Title IX violations against me was a towering figure in the political theory community, I knew that naming the harm I suffered at LSU meant I would likely lose outside senior reviewers for my tenure case
- Loss of college teaching: An award-winning university teacher, I trained over 10 years to work in a high-skill profession. I invested more than a decade to learn the craft of university pedagogy. Now I work in a high school department where teachers copy notes out of textbooks, pull exams from test banks, and read to students off one another's PowerPoint slides

32

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

- Loss of enjoyment of work:
    - University work is demanding work. And I loved teaching and research. I now work in a high school department that depends entirely on textbook notes, where I am not allowed to use my highly-trained skills of teaching or researching
    - My high school work doesn't allow me to research things I care about or to develop curriculum
- Loss of professional respect: While university is tough work, I had respect from colleagues for my work. Despite the fact that my contract at my current work recognizes over a decade of teaching experience, I am treated as a first-year teacher with strict instructions to follow the lead of others who have less expertise and highly-skilled training than I do
- Loss of opportunity to apply or interview credibly: In the past year, I've seen ads that fit my training and skills. But because I can't use the key tenurable project I'd been working on and so left the tenure-track, I'm not a credible applicant
- High school job search: In spring 2021, I applied to seven high school jobs
- Loss of work flexibility: Since I was 18, one of my main goals in investing what I invested in university work was to make work more humane for my family. Mentors advised that if I put in the first 10 years, I'd get to a point with a more flexible schedule that would work with kids' school days. I put in the first ten years of countless long days, and had just arrived at the flexible days. My current high school work is inflexible.
- Lost Opportunities: *When I left the tenure-track because the Title IX harm had undermined my tenure case, I lost key opportunities:*
    - Lost opportunities to publish: I began my career as one of the only female political theorists to land a single-author publication in one of the top three political science journals. My high school work does not allow for research. Because I'm no longer in the university professional world, I no longer have time for research or writing.
    - Lost opportunities for future offers at higher-paying institutions: Despite the pay cut compared to my university work, my high school work is at one of the very highest paying institutions in my part of the country and I no longer have opportunities for higher paying offers.
- Significant trauma and emotional distress due to having to accept that I cannot have the professional career I dreamed of and spent many years working towards, the emotional distress of having to go through years of sexual harassment and retaliation and knowing that my abuser is still out there, not held accountable, and the loss of my professional reputation and self-worth as a result of everything I have been through
- [redacted]
    - [redacted]

33

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**<u>Jade Lewis</u>**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**



34

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

- 

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**



- ○ Professional tennis career in top 100: $500,000-$3,000,000 per year: Avg. $1,750,000/yr x 10 years = Approx. $17,500,000
    - ■ This year on the 2021 prize money list:
        - ● 50th Petra Martic earned US$684,143
        - ● 75th Nao Hibino US$523,130
        - ● 100th Ana Konjur US$421,877
    - ■ Let's say a player has a 10 year tennis career, makes US$700,000 prize money each year, that would be $7 million. Add some endorsements, exhibitions, etc. annually, say $50,000 x 10 years = $500,000.  There's $7.5 million for a player having a 10 year career and who is finishing around 75th consistently on the year-end prize money list.  That player is making money from playing singles and doubles on the pro tour and ranked top 100 in the world rankings.  Jade certainly had the ability to do that. She was beating players before being sexually abused who are now ranked top 100 in the world.
    - ■ Had Jade managed to climb the rankings to become at minimum a top 100 ranked pro player I think we can definitely assume she could have made 50k in endorsements, exhibitions,playing team (Federation Cup) events for New Zealand etc.  When confidence gains,players start believing more and more in themselves, become more professional then top 50 is possible,top 20.

48

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**Abby Owens**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**



50

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

- 

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**



  - Lost wages – after college my job paid $50,000 per year for year one, and I got a promotion right before year one was over and now make $62,500. Therefore: Lost wages for the 2 years spent at UGA are $112,500

52

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**Calise Richardson**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**



53

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021



- Not being able to practice while in North Carolina due to not attending a CACREP accredited Master's program: $201,600 total for 3 years

- Loss of wages for graduating late: $50,000

58

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021

**Ashlyn Robertson**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**



60

Owens et al. v. LSU et al.
Additional supplemental disclosures of Plaintiffs
December 28, 2021



- ○ Loss of income due to inability to complete degree and obtain gainful employment: Approx. $50,000/year x 30 years: $1,500,000

**Plaintiffs' Exh 2 page 19 of 19**