## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, et al.**<br>*Plaintiffs* | **Case No.: 3:21-cv-00242** |
| | **Division WBV-SDJ** |
| **v.** | |
| | **JUDGE WENDY B. VITTER** |
| **BOARD OF SUPERVISORS OF**<br>**LOUISIANA STATE UNIVERSITY**<br>**AND AGRICULTURAL AND**<br>**MECHANICAL COLLEGE**<br>*Defendant* | **MAGISTRATE JUDGE JOHNSON** |
| | **JURY DEMANDED** |

### PLAINTIFFS' OPPOSITION TO BOARD'S MOTION IN LIMINE NO. 4: TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING EVENTS UNKNOWN TO THE BOARD

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), through undersigned counsel, respectfully submit this Memorandum in Opposition to the Motion in Limine No. 4 to Exclude Evidence and Argument Concerning Events Unknown to the Board ("Motion No. 4") (ECF No. 433) filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board"). Board has failed to sufficiently identify the information it seeks to exclude, and the examples provided are relevant to Plaintiffs' claims.

### I.    STANDARD

"It is well settled that motions in limine are disfavored."[1] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop

---

[1] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083, at *4 (M.D. La. Feb. 17, 2023) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993))).

at trial."[2] As this Court has previously recognized in *Babin v. Plaquemines Parish*, "the purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'"[3] Nothing cited by the Board in support of Motion No. 4 rises to this level of potential prejudice and in fact is evidence that is specifically contemplated to be evaluated for admissibility by the trial judge.

## II.  ARGUMENT

Title IX reads, in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[4] *Davis v. Monroe County Board of Education*, the seminal U.S. Supreme Court case interpreting the elements plaintiffs must prove to succeed with Title IX claims against educational institutions, defined the term "subjected" to encompass making a student "vulnerable to" further harassment.[5]

### A.  The Board's Motion lacks specificity and must be denied.

The Board does not identify what "evidence or arguments concerning events unknown to the Board" it believes Plaintiffs plan to introduce at trial.[6]

---

[2] *Washington*, 2023 WL 2072083, at *4 (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds)).

[3] *Babin v. Plaquemines Parish*, 421 F.Supp.3d 391, 395 (E.D. La. 2019) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted)).

[4] 20 U.S.C. § 1681(a).

[5] *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645, 119 S. Ct. 1661, 143 L.Ed.2d 839 (1999).

[6] In a footnote, the Board refers to "Mize's milkshake and party incidents" but does not argue that these incidents were unknown to the Board; rather, it argues that these "incidents occurred after her encounter with Doe, making them wholly irrelevant to her heightened risk claim," which is the subject of a separate motion filed by the Board. Memorandum in Support of Motion No. 4, ECF No. 433-3, at 5 n. 14. Further, any incidents of sex discrimination that Plaintiff Mize-Robertson experienced after her first assault would still be relevant to an analysis of heightened risk with respect to the other eight Plaintiffs, whose abuse occurred after Mize-Robertson's abuse. For a more in-

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach Sons, Inc.*, 864 F. Supp. 67, 69 (N.D.Ill. 1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).[7]

The Board has failed to meet its burden of specificity. The Board vaguely argues that it is attempting to limit Plaintiffs from introducing evidence about "unknown events" and "unreported events."[8] As discovery is complete, the Board has received all the evidence and information Plaintiffs may present at trial and should be able to specifically identify such information. Actions of students that the Board only learned about during discovery may be relevant as they tend to make the fact of Plaintiffs' deprivation of educational benefits more probable, regardless of whether the Board had knowledge of these unidentified events. Without naming what improper arguments and/or evidence about these "unknown" or "unreported events" it believes Plaintiffs plan to introduce, this Court lacks the necessary evidence to rule favorably on the Board's Motion. Therefore, this Court must deny the Motion.

### B. Evidence and/or argument the Board purports not to have known are relevant to an analysis of heightened risk under Title IX.

The *Davis* Court explained that a school can be liable for its own deliberate indifference that "cause[s] students to undergo harassment or make[s] them liable or vulnerable to it."[9] In using the disjunctive, *Davis* "clearly indicates that Plaintiffs can state a viable Title IX claim by alleging alternatively *either* that [the defendant]'s deliberate indifference to their reports of rape caused

---

depth discussion of the relevance of post-reporting conduct, see Plaintiffs' Opposition to the Board's Motion in Limine No. 6: To Exclude Evidence and Argument Regarding Certain Post-Reporting Conduct (ECF No. 435).

[7] *First Savings Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078 (D. Kan. 2000).

[8] Memorandum in Support of Motion No. 4 at 4-5 (ECF No. 433-3).

[9] *Davis*, 526 U.S. at 645 (cleaned up).

Plaintiffs 'to undergo' [additional] harassment *or* 'made them liable or vulnerable' to it."[10] Vulnerability requires only a potential for harassment.[11] The *Davis* Court further held:

> We recognized that the scope of liability in private damages actions under Title IX is circumscribed by *Pennhurst*'s requirement that funding recipients have notice of their potential liability. . . . *We also recognized, however, that this limitation on private damages actions is not a bar to liability where a funding recipient intentionally violates the statute. In particular, we concluded that* Pennhurst *does not bar a private damages action under Title IX where the funding recipient engages in intentional conduct that violates the clear terms of the statute.*[12]

In other words, actual knowledge is not required to prove a heightened risk claim, as the claim is premised on a defendant engaging in intentional conduct that violates Title IX. As in its Motions for Summary Judgment and supporting memoranda (ECF Nos. 353-383), the Board is again wrongly collapsing the second prong of the *Davis* analysis, and ignoring the required elements of a Title IX heightened risk analysis as defined by *Karasek v. Regents of the University of California*:

> (1) a school maintained a policy of deliberate indifference to reports of sexual misconduct, (2) which created a heightened risk of sexual harassment that was known or obvious (3) in a context subject to the school's control, and (4) as a result, the plaintiff suffered harassment that was so severe, pervasive, and objectively offensive that it can be said to have deprived the plaintiff of access to the educational opportunities or benefits provided by the school.[13]

Under this analysis, the Board may be liable regardless of its knowledge of the specific consequences to its intentional actions: that any specific student suffered additional harassment. To support its arguments, the Board relies on a series of cases analyzing Title IX deliberate indifference claims.[14] Notice is a required element of a deliberate indifference claim, not a

---

[10] *Farmer v. Kan. St. Univ.*, 918 F.3d 1094, 1103 (10th Cir. 2019) (cleaned up) (quoting *Davis*, 526 U.S. at 645).

[11] *E.g.*, *Vulnerable*, Webster's Third New International Dictionary 2566-67 (1993) (defining "vulnerable" to mean "capable of being wounded" or "open to attack or damage").

[12] *Davis*, 526 U.S. at 642 (citations omitted) (emphasis added).

[13] *Karasek v. Regents of Univ. of California* , 956 F.3d 1093, 1112 (9th Cir. 2020).

[14] "Roe sued the school district under Title IX, arguing that it was deliberately indifferent both to the risk of her sexual assault and in response to her abusive relationship, sexual assault, and subsequent related harassment and bullying on school property," *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 337 (5th Cir. 2022); "This is a Title IX action brought by the parents of C.K., a minor claiming he was sexually harassed by another student, against the Allen Independent School District (Allen ISD), where C.K. attended middle school. The district court granted

4

heightened risk claim. Thus, these arguments are inapplicable to the Court's consideration of the admissibility of the evidence in question, as again, the holdings are not relevant to an analysis of whether the Board engaged in intentional conduct that violated Title IX.

Without specifying any examples, the Board seeks to exclude actions of students that the Board only learned about during this litigation. Regardless of whether the Board had knowledge of these unspecified events, they may be relevant in that they tend to make the fact of Plaintiffs' deprivation of educational benefits more probable. Without specific examples, no analysis may be performed by this Court. All of this is accomplished by the trial court in the real time context of the trial and not on a motion in limine. If any discrete fact unknown to the Board should be excluded, this Honorable Court is competent to make such a ruling at trial.[15] For these reasons, this Court should deny the Board's Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch respectfully request that the Court deny the Board's Motion in Limine No. 4 to Exclude Evidence and Argument Concerning Events Unknown to the Board.

---

summary judgment for Allen ISD, concluding that Allen ISD did not have actual knowledge of C.K.'s harassment; that any harassment C.K. experienced was not based on his sex; and that Allen ISD was not deliberately indifferent to C.K.'s harassment." *Kelly ex rel. C.K. v. Allen Indep. Sch. Dist.*, No. 14-40239 at *1-2 (5th Cir. Feb 19, 2015); "Having rejected the pure agency and constructive-notice theories, we are left with the rule that a school district is not liable under Title IX for a teacher's sexual harassment unless it has actual notice of the harassment. In order to flesh out the notion of actual notice, we borrow from recent discussions of the concept of deliberate indifference," *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 658 (5th Cir. 1997).

[15] *See Washington*, 2023 WL 2072083, at *1 (quoting *Rivera*, 464 F. Supp. 3d 847, 853 (quoting *Auenson*, 1996 WL 457258, at *1)))

Respectfully Submitted,

_/s/ Endya L. Hash_

Karen Truszkowski
_Pro Hac Vice_
Temperance Legal Group
503 Mall Court #131
Lansing, Michigan 48912
P: (844) 534-2560
F: (800) 531-6527
karen@temperancelegalgroup.com

Catherine E. Lasky (La. Bar 28652)
Endya L. Hash (La. Bar 38260)
Katie Lasky Law
619 Homedale Street
New Orleans, Louisiana 70124
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

Elizabeth K. Abdnour
_Pro Hac Vice_
Abdnour Weiker, LLP
500 East Michigan Ave Suite 130
Lansing, Michigan 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

_Attorneys for Plaintiffs_

6