UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, et al.**<br>*Plaintiffs*<br><br>v.<br><br>**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**<br>*Defendant* | Case No.: 3:21-cv-00242<br><br>Division WBV-SDJ<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE JUDGE JOHNSON<br><br>JURY DEMANDED |

### PLAINTIFFS' OPPOSITION TO BOARD'S MOTION IN LIMINE NO. 5: TO EXCLUDE IMPERMISSIBLE OPINION TESTIMONY BY LAY WITNESSES

Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), through undersigned counsel, respectfully submit this Memorandum in Opposition to Motion in Limine No. 5: To Exclude Impermissible Opinion Testimony ("Motion No. 5") (ECF No. 434) filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board").

In Motion No. 5, the Board seeks to exclude testimony from Plaintiffs about their own "responses to the alleged events and the causal role alleged events played in their current health condition."[1] Although Plaintiffs do not intend to offer specialized medical or psychological testimony, they do intend and should be permitted to testify about the effects that the incidents in question have had on their bodies, minds, and lives.

---

[1] Memorandum in Support of Motion No. 5 at 1-2 (ECF No. 434-4).

First, testimony from Plaintiffs about their own reactions is permitted under Rule 602 because it is based on their personal knowledge and experience.[2] Second, to the extent that any testimony is based upon observations about how Plaintiffs acted before and after the incidents in question, that is permissible under Rule 701.[3] Finally, the issues raised in Motion No. 5 are inappropriate for a motion in limine as they are based upon the Board's anticipation of what testimony that may be elicited at trial which can be appropriately monitored by this Court in the course of the trial itself.

### I. Purpose of Motions in Limine

"It is well settled that motions in limine are disfavored."[4] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."[5] "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[6] "Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence 'may be resolved in the proper context.'"[7]

---

[2] *See* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

[3] *See* FED. R. EVID. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

[4] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083, at *4 (M.D. La. Feb. 17, 2023) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993))).

[5] *Washington*, 2023 WL 2072083, at *4 (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds)).

[6] *Washington*, 2023 WL 2072083, at *1 (quoting *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)) (emphasis in original).

[7] *Washington*, 2023 WL 2072083, at *1 (quoting *Auenson*, 1996 WL 457258, at *1).

As this Court previously recognized in *Babin v. Plaquemines Parish*, "the purpose of a motion in limine is to prohibit opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[8] Nothing cited by the Board in support of Motion No. 5 rises to this level of potential prejudice and in fact is testimony that is specifically contemplated to be evaluated for admissibility by the trial judge.

## II. Rule 701 Permits Plaintiffs to Testify About Their Own Conditions and Experiences.

Importantly, Plaintiffs' own accounts of their experiences are permitted under Rule 701. Rule 701 permits opinion testimony from a non-expert witness, such as a party, if it is an opinion that is "rationally based on the witness's perception;" "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[9]

The Fifth Circuit has held that even if lay "testimony requires some specialized knowledge, it is admissible so long as the lay witness offers straightforward conclusions from observations informed by his or her experience."[10] In *Sanjar*, the Fifth Circuit held that testimony from plaintiffs regarding their own mental health conditions satisfied the requirements of Rule 701 "even if the statements implicate specialized knowledge, they were informed by the patient's experience—they are the ones living with the mental illnesses."[11] Similarly, the deposition testimony from Plaintiffs

---

[8] 421 F. Supp. 3d 391, 395 (E.D. La. 2019) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted)).

[9] FED. R. EVID. 701.

[10] *United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017) (citing *United States v. Riddle*, 103 F.3d 423, 429 (5th Cir. 1997)).

[11] *Id*. at 738.

3

cited by the Board in support of Motion No. 5 is informed by their own experiences, even if it implicates specialized knowledge about their conditions and responses. None of the Plaintiffs' deposition testimony cited by the Board in Motion No. 5 is inadmissible expert testimony.

Similarly, as Judge Vance recognized in denying a motion in limine to exclude "any lay opinions on the effect of the accident or injury on the plaintiff," testimony based on a witness' perceptions of a plaintiff before and after an injury is permitted.[12] Just as in the *Broadus* case, Plaintiffs themselves will not offer testimony of medical causation. However, as Judge Vance recognized, certain lay witnesses in close contact with plaintiffs may offer evidence regarding changes in a plaintiff's behavior before and after the incidents in question based on their perception of plaintiffs.[13]

> Such testimony may be helpful to the jury in deciding whether an accident occurred and how any accident affected the plaintiff. Testimony in this regard is not based on scientific, technical, or specialized knowledge. Rather, it is based on the witness's experience with the plaintiff and ability to compare the plaintiff's pre-accident behavior with his post-accident behavior.[14]

Plaintiffs in this case should be permitted to testify about the changes in their behavior before and after the incidents in question. For example, it is permissible for Plaintiff Mize to testify that she was never incarcerated or exhibit the behaviors leading to her incarceration until after her experience as a student at LSU.

### III. Admissibility should be determined at trial.

It is inappropriate to grant a motion in limine "premised on what the defendants anticipate that certain witnesses may testify to at trial. In these circumstances it is not appropriate to make a

---

[12] *Broadus v. CSX Transp., Inc.*, No. CIV.A. 08-1201, 2009 WL 2030344, at *1 (E.D. La. July 10, 2009).
[13] *Broadus,* 2009 WL 2030344, at *1.
[14] *Id*.

4

pretrial ruling based on speculation that this testimony may be brought up at the trial."[15] In Motion No. 5, the Board cites a few examples of deposition testimony that it believes to be impermissible lay testimony, then seeks a blanket prohibition on Plaintiffs "offering impermissible opinion testimony by lay witnesses."[16] Again, because Plaintiffs and their counsel understand the Federal Rules of Evidence and do not intend to offer "impermissible opinion testimony by lay witnesses," it is not necessary for this Court to grant Motion No. 5.

Whether testimony ultimately offered by Plaintiffs or other witnesses is permissible, non-hearsay testimony based upon personal knowledge should be decided by this Honorable Court in the context of that particular testimony. As Judge Barbier recognized, whether a lay witness can offer opinion testimony is to be determined by the trial judge "depending on the circumstances" and after the "proponent of the lay opinion" establishes a "sufficient foundation for the trial judge" to make a determination:

> There are two general requirements for admission of lay opinion testimony: (1) 'some logical connection between the subject of the opinion and the matters perceived'; and (2) 'the quality and quantity of the perception must be sufficient to logically permit the witness to base an opinion thereon.' As for the first requirement, a lay witness's opinion is valid if the 'conclusion was rationally supported and would have been apparent to a normal person in his position.' Under the second requirement, the quantity and quality required to validate the lay witness' opinion varies greatly depending on the circumstances.[17]

Ultimately, "the question is whether the witness' perception was sufficient under all the circumstances to warrant the conclusion his opinion will be helpful. At trial, the proponent of lay opinion establishes a sufficient foundation for the trial judge to analyze the 'quality and quantity'

---

[15] *Cook v. Perkins*, No. CIV.A. 12-258-SCR, 2014 WL 51165, at *1 (M.D. La. Jan. 7, 2014) (denying motion in limine to exclude hearsay testimony without prejudice to defendants' right to raise their hearsay objections at trial).

[16] ECF No. 434-4 at 4-5.

[17] *Veals v. Edison Chouest Offshore, LLC*, 2009 WL 10710266, at *4 (E.D. La. Mar. 6, 2009) (internal *citations* omitted).

of the opinion and determine whether the opinion is rationally based on the witness's perception of the events at issue."[18] All of this is accomplished by the trial court in the real time context of the trial and not on a motion in limine.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch respectfully request that the Court deny the Board's Motion in Limine No. 5.

Respectfully Submitted,

/s/ *Endya L. Hash*

| | |
|---|---|
| Karen Truszkowski | Catherine E. Lasky (La. Bar 28652) |
| *Pro Hac Vice* | Endya L. Hash (La. Bar 38260) |
| Temperance Legal Group | Katie Lasky Law |
| 503 Mall Court #131 | 619 Homedale Street |
| Lansing, Michigan 48912 | New Orleans, Louisiana 70124 |
| P: (844) 534-2560 | P: (504) 584-7336 |
| F: (800) 531-6527 | F: (504) 375-2221 |
| karen@temperancelegalgroup.com | katie@katielaskylaw.com |
| | endya@katielaskylaw.com |

Elizabeth K. Abdnour
*Pro Hac Vice*
Abdnour Weiker, LLP
500 East Michigan Ave Suite 130
Lansing, Michigan 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

*Attorneys for Plaintiffs*

---

[18] *Veals*, 2009 WL 10710266, at *4 (internal citations and quotations omitted).