UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, SAMANTHA BRENNAN,
CALISE RICHARDSON, JADE LEWIS,
KENNAN JOHNSON, ELISABETH              CASE NO.
ANDRIES, JANE DOE, ASHLYN              3:21-CV-00242
ROBERTSON, CORINN HOVIS, AND
SARAH BETH KITCH

VS.

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, AND VERGE AUSBERRY,
MIRIAM SEGAR, JENNIE STEWART,
AND JONATHAN SANDERS, IN THEIR
INDIVIDUAL CAPACITIES

* * * * * * * * * * * * * * * * * * * * * * * * *

\*\*\* CONFIDENTIAL TRANSCRIPT \*\*\*

\*\*\* SUBJECT TO PROTECTIVE ORDER \*\*\*

The deposition of SARAH BETH KITCH, taken in connection with the captioned cause, pursuant to the following stipulations before RITA A. DEROUEN, Certified Court Reporter, at Phelps Dunbar, 400 Convention Street, Suite 1100, Baton Rouge, Louisiana 70802 on October 12, 2022, beginning at 8:58 am.

COURT REPORTERS OF LOUISIANA, L.L.C.
9522 Brookline Avenue, Suite 217
Baton Rouge, Louisiana  70809
PHONE (225) 201-9650 * FAX (225) 201-9651
E-mail:  depos@courtreportersla.com

1    A.   So in the fall of 2019, I had recently had
2    my first annual review with my chair in Truman
3    School and the director of the institute that I
4    worked for.
5         And one of the things that they wanted was
6    documentation, some kind of paper trail.  And I
7    didn't have a lot of documentation because my top
8    goal had been to handle the cost of the situation
9    myself, the emotional toll myself.  So I asked
10   ▓▓▓▓▓▓▓    for a letter.
11        And then once I got that far into it, I
12   thought that I may have been irresponsible by not
13   reporting, because I had cousins and friends who
14   were still at LSU.  I had great affection for my
15   students at LSU and the students who had come
16   after them.
17        And so then I thought I should try to
18   report this.  Now that it's all in the open what's
19   happened to my project, I don't have anything to
20   lose on that front.  So I decided to call the
21   Title IX office.  I felt like I had already lost
22   whatever was at stake in terms of people -- me
23   handling the situation without others finding out
24   and without it impacting my career, since it was
25   already impacting my career.

```
 1          As I prepared this, asking ████ for a
 2   letter and thinking about how to pitch my tenure
 3   extension, I thought, Now I can report, everything
 4   is in the open, and if it's going to hurt my
 5   career, that's already out there and so now I can
 6   just report.
 7          So I called LSU's Title IX office and I
 8   told them I had a case to report.  I don't
 9   remember if I reported it like on the first call
10   that I made or if I had to call back.  I remember
11   walking up and down on the pavers in our front
12   yard in Missouri and talking to the woman on the
13   phone.
14          She asked what happened.  I told her.  It
15   was difficult to tell her.  I had -- other than
16   letting -- thinking about how to tell my directors
17   at Mizzou, I hadn't talked with a stranger about
18   it.  And I felt weak for being affected by
19   Sandoz's action.  I felt dumb for not figuring out
20   how to overcome it by myself.  And I felt all of
21   those things as I answered this woman's questions.
22            I didn't take notes.  I assumed that she
23   was taking notes.  And it was as much as I could
24   do to get it out.  So then she was very
25   sympathetic.  She told me that she had suffered
```

```
 1  harassment and that she understood.  She told me
 2  that -- she was older, a little bit older at
 3  least.  She told me that she understood that
 4  harassment of this kind had been more accepted in
 5  another day.
 6          And she told me -- well, she asked me why
 7  I had called then, and I said I called in case
 8  there were other cases that might be linked to it
 9  and just to -- to register that this had happened
10  on the academic side of LSU and I wanted there to
11  be a record.
12          And she asked why I hadn't reported
13  earlier, and I told her that I -- what I told you,
14  I thought it would imperil my standing as a grad
15  student.  And then she said, It's good that you
16  didn't report then, no one would have done
17  anything and it would have only caused you
18  trouble.
19          And I thought that fit my assessment of
20  the university's lack of seriousness on these
21  issues.  And I felt some settledness that even the
22  Title IX lady thought I hadn't made a misstep in
23  not reporting it earlier, and if the Title IX lady
24  thought I had made a good decision, that was
25  probably the best decision I could have made.
```

1  reported?
2     A.  To my recollection, in the call, the woman
3  I spoke with told me there was no action to take,
4  that they might look into records, but that there
5  was nothing else to do because, by this point,
6  Sandoz was retired.
7     Q.  I think you mentioned earlier Dr. ▮
8  maybe asking you to chair a panel?
9     A.  That's right.  Good memory.
10    Q.  Based on -- when did Dr. -- he was retired
11 in the spring of 2015?
12    A.  Correct.
13    Q.  So he was gone at the time of your report?
14    A.  Yes.
15    Q.  All right.  Let's skip over -- let's go
16 back to Exhibit 6.  At the bottom, the last full
17 paragraph, there's a reference to post-traumatic
18 stress disorder.  I'm sorry, I'm on page 2.
19    A.  Yes.
20    Q.  Were you diagnosed with this condition?
21    A.  I had symptoms of it.  I was not given an
22 evaluation of it until a little later, but I
23 recognized the symptoms of it.
24    Q.  Who evaluated the symptoms?
25    A.  ▮ gave me an evaluation.  She

|   |   |
|---|---|
| 1 | REPORTER'S CERTIFICATE |
| 2 | |
| 3 | This certification is valid only for a |
| 4 | transcript accompanied by my original signature |
| 5 | and original required seal on this page. |
| 6 | I, RITA A. DEROUEN, Certified Court Reporter in |
| 7 | and for the State of Louisiana, (CCR #2014018), |
| 8 | Registered Professional Reporter (RPR #006908), as |
| 9 | the officer before whom this testimony was taken, |
| 10 | do hereby certify that SARAH BETH KITCH, having |
| 11 | been duly sworn by me upon authority of R.S. |
| 12 | 37:2554, did testify on October 12, 2022, as |
| 13 | hereinbefore set forth in the foregoing 193 pages; |
| 14 | that this testimony was reported by me in |
| 15 | stenographic shorthand, was prepared and |
| 16 | transcribed by me or under my personal direction |
| 17 | and supervision, and is a true and correct |
| 18 | transcript to the best of my ability and |
| 19 | understanding; that the transcript has been |
| 20 | prepared in compliance with the transcript format |
| 21 | guidelines required by statute and rules of the |
| 22 | Board; that I am informed about the complete |
| 23 | arrangement, financial or otherwise, with the |
| 24 | person or entity making arrangements for |
| 25 | deposition services; that I have acted in |

```
 1  compliance with the prohibition on contractual
 2  relationships, as defined by Louisiana Code of
 3  Civil Procedure Article 1434 and the Rules and
 4  Advisory Opinions of the Board; that I have no
 5  actual knowledge of any prohibited employment or
 6  contractual relationship, direct or indirect,
 7  between a court reporting firm and any party
 8  litigant in this matter, nor is there any such
 9  relationship between myself and a party litigant
10  in this matter; that I am not related to counsel
11  or to any of the parties hereto, I am in no manner
12  associated with counsel for any of the interested
13  parties to this litigation, and I am in no way
14  concerned with the outcome thereof.
15     Signed and stamped this 26th day of September,
16  2022, Baton Rouge, Louisiana.
17
18
19
20
21
22  _____
23       Rita DeRouen, RPR, CCR
24
25
```