UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL. | CIVIL ACTION NO. 3:21-CV-00242 |
| VERSUS | JUDGE WENDY B. VITTER |
| LOUISIANA STATE UNIVERSITY, ET AL. | MAGISTRATE JUDGE JOHNSON |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND LIMIT EXPERT REPORT AND TESTIMONY OF BRETT SOKOLOW**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), and submits this memorandum in opposition to the Motion to Strike and Limit the Expert Report and Testimony of Brett Sokolow (the "Motion") filed by Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch (the "Plaintiffs"). Plaintiffs argue that Sokolow's report: (a) purports to state the "legal standards" applicable to this case; (b) offers opinions on claims no longer at issue in this case; and, (c) contains legal conclusions as to the application of the law to the facts of this case. Plaintiffs do not contend that the subject of Sokolow's testimony is not appropriate expert testimony, nor do they argue that Sokolow is not qualified to offer such opinions. Their Motion should be denied for the reasons set forth herein.

**I.    LAW AND ARGUMENT**

Federal Rule of Evidence 702 provides the standard for determining the admissibility of expert testimony. It states:

> A witness who is qualified as an expert by knowledge, expertise, training, or education may testify in the form of an opinion if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d)

>the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals* instructs the trial court to act as a "gatekeeper" and make a "preliminary assessment of whether the reasoning and methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). In so doing, the court must consider whether the testimony is "relevant, not simply in the sense that all testimony must be relevant, Fed. R. Evid. 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F. 3d 581, 584 (5th Cir. 2003)(citing *Daubert*, 509 U.S. at 591-92). While an expert's opinions cannot usurp the function of the Court or the fact finder by offering legal opinions or making legal conclusions, an expert "opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704.

### A. Sokolow's Testimony Will Not Focus on Dismissed Claims.

Sokolow will not offer opinion testimony at trial regarding dismissed claims. Contrary to Plaintiffs' representation in their Motion, the Court did not issue a ruling on the Board's Motion to Dismiss until March 31, 2023—one month *after* Sokolow issued his report. (R. Doc. 429-1, p. 7, R. Doc. 340) Therefore, Plaintiffs' statement that "[t]he Board and Mr. Sokolow have been aware since February 17, 2023, that all Plaintiffs' claims based on the deliberate indifference theory of Title IX . . . were dismissed with prejudice by this Court" is inaccurate.[1]

The fundamental disagreement at the center of many of the parties' evidentiary disputes is instead regarding the scope of evidence that should be deemed relevant for purposes of each

---

[1] Similarly, Plaintiffs suggest Sokolow's statement in his report regarding the viability of a heightened risk claim is contrary to this Court's opinion, but Sokolow issued his opinion before the Court's ruling dismissing all but Plaintiffs' heightened risk claim (except for Plaintiff Hovis). (*See* R. Doc. 340, R. Doc. 429-1, p.7 n.2)

- 2 -

Plaintiff's heightened risk claim. In other words, the parties acknowledge that deliberate indifference is to some degree relevant, but disagree about the proper scope of any such relevant evidence as applied to each Plaintiff's individual claim.

For example, Plaintiffs contend that the full scope of the Board's alleged deliberate indifference both before and after any given Plaintiff's alleged assault or report is relevant for purposes of that Plaintiff's heightened risk claim. But that approach is simply an attempt to repackage claims already dismissed by the Court. Plaintiff Ashlyn Mize, for example, was the first alleged victim of John Doe. Only the Board's *prior* acts of alleged deliberate indifference (if any) could have put Mize at a heightened risk of that sexual misconduct she alleges she experienced. Only those prior acts then, if any, would be relevant to her specific claim.[2] (*See, e.g.*, R. Doc. 365)

The Court need not decide this issue in connection with this Motion, as the parties' respective positions are thoroughly set forth in the briefing associated with the Board's summary judgment motions. Nevertheless, the Court's ruling on the scope of Plaintiffs' heightened risk claims would substantially inform the permissible testimony of **both** parties' Title IX experts. For the reasons set forth more fully in the Board's summary judgment memoranda, the Board urges the Court to reject Plaintiffs' expansive view of allowable heightened risk evidence. (*See* R. Docs. 365, 367, 369, 371, 373, 375, 377, 379, 381, 383) If the Court is instead inclined to allow Plaintiffs to rely on post-reporting evidence to show a heightened risk of sexual misconduct as to a given Plaintiff, then the Board's expert, Brett Sokolow, should be permitted to offer testimony related to the same.

---

[2] As noted in R. Doc. 435-1, n. 13, the Board acknowledges that some post-reporting alleged deliberate indifference may be relevant for those Plaintiffs who allegedly were Doe or Coe's second or subsequent "victim."

**B. Sokolow's Report Provides Relevant Context to Title IX's Standard of Care, and the Board Does Not Intend to Offer Sokolow for Alleged Legal Conclusions.**

Courts in the Fifth Circuit have routinely allowed the use of expert testimony regarding Title IX standards. The district court in *Doe v. Wharton Independent School District* stated that "expert testimony regarding how schools effectively approach Title IX discrimination can be helpful to the jury." *Doe. V. Warton Ind. Sch. Dist.*, 2017 WL 932935 *4 (S.D. Tex. 2017). It further noted that:

> [The Fifth Circuit] discussed with approval the use of experts to establish **standards of care** in education that informed the decisions regarding (a) how much notice of a problem is actual knowledge triggering a duty to respond, and (b) what measure of response is deemed calculated to have an impact on the problem. Without testifying as to the ultimate facts or legal conclusions, educational experts can address the standard of care for remedying the problems that Title IX was formulated to address. This expertise can help the jury to determine whether a school's response is ineffective or inadequate under the circumstance.

*Id*. (referencing *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F. 3d 982, 998-1000 & n. 13 (5th Cir. 2014) (emphasis added).

Experts, then, may be used to establish the standard of care required under Title IX despite any related legal component. Further, such experts may rely on Title IX standards in reaching their conclusions. This is consistent with the fact that "*Daubert* does not bar a qualified expert from relying on law or legal definitions in reaching her opinion." *Ayon v. Austin Indep. Sch. Dist.*, 2023 U.S. Dist. LEXIS 39439, 2023 WL 2428281 (W.D. Tex. March 9, 2023).

Sokolow's report does not dictate what result the factfinder must reach regarding Title IX heightened risk liability in this case. His opinions instead provide relevant context to the standard of care and industry standards applicable under Title IX. Sokolow's report does not usurp the

- 4 -

PD.43149655.2

function of the Court or the factfinder, but is relevant and will *assist* the trier of fact in accordance with Federal Rule 702.[3]

Finally, Plaintiffs argue that Sokolow discusses the legal standards for deliberate indifference, including two statements regarding reasonable jurors' possible conclusions. The Board has previously indicated to Plaintiffs and reiterates here that Sokolow will not be offering testimony regarding any jury's "reasonable conclusions" at trial. Therefore, that issue is moot.

II.     CONCLUSION

For these reasons, Plaintiffs' Motion to Strike and Limit Expert Report and Testimony should be denied.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:     */s/ Susan W. Furr*
        Shelton Dennis Blunt Bar Roll No. 21230
        Susan W. Furr Bar Roll No. 19582
        Karleen J. Green Bar Roll No. 25119
        Gregory T. Stevens Bar Roll No. 29436
        Jessica Coco Huffman LA Bar No.: 30445
        Michael B. Victorian Bar Roll No.: 36065
        Molly McDiarmid Bar Roll No. 36426
        II City Plaza | 400 Convention Street, Suite 1100
        Baton Rouge, Louisiana 70802
        Telephone: 225 346 0285
        Facsimile: 225 381 9197

        Email: dennis.blunt@phelps.com
        Email: susie.furr@phelps.com

---

[3] Plaintiffs fault Sokolow for including statements in his report such as "LSU comported with Title IX industry standards and the standard of care" and "[t]he Board complied with the industry standards and the standard of care in their response." But Plaintiffs' Title IX expert, Lin Chi Wang, makes almost identical statements in support of Plaintiffs' position, *i.e.*, "LSU failed to meet industry standards and practice in connection with Title IX compliance." (See R. Doc. 436-1) If the Court concludes that Sokolow's statements relating to LSU's compliance with industry standards are not appropriate expert testimony, surely Ms. Wang's statements are likewise inappropriate.

Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically on October 2, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

     */s/ Susan W. Furr*

PD.43149655.2