## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISMISSED CLAIMS

The Board submits this reply memorandum in further support of its Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Dismissed Claims. (R. Doc. 430) For the reasons set forth below and in the Board's original memorandum, Plaintiffs should be precluded from arguing or offering any evidence regarding claims that have been dismissed in this case, namely claims of a hostile environment, retaliation and post-reporting deliberate indifference (with the exception of Plaintiff Hovis).

## I.    VULNERABILITY ALONE DOES NOT ESTABLISH A TITLE IX CLAIM.

Plaintiffs represent in their opposition that they do not intend to "introduce the terms 'hostile environment' or 'retaliation' to describe their legal claims during trial." (R. Doc. 441, p. 3 n.9) However, they maintain that other arguments and evidence concerning their dismissed claims are still relevant because their remaining pre-assault heightened risk claims can be based on a student's alleged "vulnerability" to further harassment even if no further harassment occurred, citing to the decision of the Supreme Court in *Davis ex rel. Lashonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999). Plaintiffs made this identical argument in their opposition to the Board's motions for summary judgment and the Board demonstrated in its reply memoranda submitted in further support of those motions why this argument is patently

wrong.  (*See, e.g.,* Reply Memorandum No. 1, pp. 3-4)  The Board will not waste the Court's time by belaboring this issue, and thus, adopts and incorporates by reference the arguments set forth in its previously-filed reply memoranda.

Briefly, *Davis'* language refers to "vulnerability" that actually results in further harassment.[1]  This was confirmed by the court in *Kollaritsch v. Michigan State University Board of Trustees,* 944 F.3d 613 (6th Cir. 2019), which concluded that a plaintiff must suffer further harassment after the school receives actual knowledge in order to subject the school to liability for post-reporting conduct, reasoning that:

> The *Davis* Court described wrongful conduct of both commission (directly causing further harassment) and omission (creating vulnerability that **leads to further harassment**). The definition presumes that post-notice harassment has taken place; vulnerability is simply an alternative pathway to liability for harassment, not a freestanding alternative ground for liability.[2]

Accordingly, Plaintiffs' assertion that argument and evidence regarding their dismissed claims are "directly relevant" to the question of "whether LSU subjected Plaintiffs to discrimination based on sex" by simply making them vulnerable to further harassment is without merit and does not render otherwise irrelevant argument and evidence relevant.

## II.    PLAINTIFFS ARE AWARE OF THE ARGUMENTS AND EVIDENCE THE BOARD SEEKS TO EXCLUDE.

Plaintiffs next argue that the Board failed to sufficiently identify the evidence and argument it seeks to exclude via its motion in limine.  Given the number of Plaintiffs in this case and varying circumstances, Plaintiffs' suggestion that the Board must delineate each and every argument and piece of evidence that should be excluded as irrelevant on the ground that it relates

---

[1]*Davis,* 526 U.S. at 644-45.

[2]*Kollaritsch,* 944 F.3d at 623 (emphasis added) (quotations and citation omitted); *see also Doe v. Metropolitan Government of Nashville and Davidson County, Tennessee,* 35 F.4th 459, 465-466 (6th Cir. 2022) (explaining that "'[b]efore' claims consequently keep a student's vulnerability to harassment or sexual misconduct, without more, from forming the basis of a Title IX claim, just as *Kollaritsch* did in the context of student-on-student, university-based harassment claims (citation omitted)).

only to Plaintiffs' dismissed claims is absurd. Plaintiffs are aware of the arguments and evidence that relate solely to their dismissed claims of hostile environment, retaliation, and post-reporting deliberate indifference (except for Plaintiff Hovis). There is also a plethora of examples set forth in the reply memoranda submitted in further support of the Board's motions for summary judgment, which addresses arguments and evidence of post-reporting conduct relied upon by Plaintiffs that relate only to Plaintiffs' dismissed claims.

In the event there is any doubt, the Board provides the following examples of matters that should be excluded at trial because they relate to Plaintiffs' dismissed claims:

**Plaintiff Mize:**

- Plaintiff Mize's argument that the Title IX office "concealed" Doe's name in the Maxient system to protect Doe, and her arguments regarding LSU's response to her alleged assault.

- Plaintiff Mize's allegations of alleged post-assault conduct, such as Doe allegedly saying he had a gun with her name on it, calling her a bitch, and someone with Doe's initials allegedly throwing a protein shake on her car.

**Plaintiff Doe:**

- Plaintiff Doe's allegations regarding the investigation of her complaint, the issuance of the No-Contact Order against Poe, and the lack of sufficient counseling sessions.

**Plaintiff Andries:**

- Plaintiff Andries' complaints about the investigation of her Title IX complaint, particularly the length of time it took to complete the investigation, the extension of response deadlines for Roe, and the appeal process.

PD.43302071.1

- Plaintiff Andries' issues with the discipline imposed on Roe in connection with her complaint as well as Roe's alleged conduct after her report (*i.e.,* seeing him in class, at a football game, and at the coffee shop where she worked).

**Plaintiff Owens:**

- Plaintiff Owens' complaints regarding LSU's alleged response to her purported assault, including that LSU failed to initiate any Title IX investigation into Doe's alleged assault of her; LSU failed to create a Title IX report documenting the alleged rape; LSU did not follow up with her after her report and did not offer supportive services after her assault; and LSU failed to address multiple sexual assaults perpetrated by Doe (two of the alleged assaults occurred **after** Plaintiff Owens' alleged assault and are irrelevant for heightened risk purposes).

**Plaintiff Richardson:**

- Plaintiff Richardson's issues with LSU's post-assault response to her purported complaint to Keava Soil-Cormier and Sharon Lewis, such as the response of Soil-Cormier to Plaintiff Richardson's statement that Doe tried to have sex with her, including hearsay allegations about Soil-Cormier spreading rumors; response of Soil-Cormier and Lewis to Plaintiff Richardson's statement about the JL's Incident with Coe; Doe's alleged anger at Plaintiff Richardson in the days after their one sexual incident; all allegations about Coe being released from jail and trying unsuccessfully to reach Plaintiff Richardson; and the Title IX office's PM73 investigation of Lewis in October 2018 (including whether it included Coe and whether Lewis received discipline).

- Plaintiff Richardson's arguments regarding her claim that she was terminated from her student worker position based on Title IX retaliation.

**Plaintiff Brennan:**

- Plaintiff Brennan's assertions regarding her post-photograph meetings with Sharon Lewis, Miriam Segar, and the police.

- Plaintiff Brennan's post-assault statements to the effect that numerous high-level Athletics officials were aware that Doe had sexually exploited Plaintiff Brennan but did not take appropriate action.

- Plaintiff Brennan's post-assault lawsuit to obtain public records.

**Plaintiff Hovis:**

- Plaintiff Hovis's claims of alleged acts of deliberate indifference other than Loe's alleged violation of a no-contact directive, such as Plaintiff Hovis' arguments about the discipline that Loe received following her alleged assault, Plaintiff Hovis' medical diagnoses following her alleged assault, Plaintiff Hovis' requests for accommodations from professors and staff, and Plaintiff Hovis' claim that counselors disregarded and minimized her trauma after her assault.

**Plaintiff Lewis:**

- Plaintiff Lewis' claims regarding retaliatory acts she believes occurred, such as being put on "probation" for having a candle (which did not happen); being isolated from her teammates (when she had not been on the team since 2017); and being told she was ruining Coe's career (a statement for which Plaintiff Lewis cites no evidence).

**Plaintiff Johnson:**

- Plaintiff Johnson's claims regarding retaliatory acts she believes occurred, such as alleged statements and acts by Julia Sell following Plaintiff Johnson's report to Sell regarding Plaintiff Lewis' purported abuse.

If Plaintiffs are still unsure of the arguments and evidence the Board seeks to preclude with respect to Plaintiffs' dismissed claims, the Board also refers Plaintiffs to their own allegations asserted in connection with Counts I (Deliberate Indifference, to the extent related to post-assault occurrences), II (Hostile Environment), and IV (Retaliation) in their Second Amended Complaint and Jury Demand. (R. Doc. 182)

The Board acknowledges the general proposition that facts related to dismissed claims **may** also be relevant to surviving claims. However, that is not the case here. Despite Plaintiffs' unsupported statement to the contrary, "evidence of retaliation against a Plaintiff or evidence that a particular environment was hostile to a Plaintiff" does nothing to show "that the heightened risk of sexual misconduct was 'known or obvious.'" (R. Doc. 441, p. 5) The same is true with respect to post-reporting occurrences. The examples set forth above leave no doubt that evidence and arguments concerning Plaintiffs' dismissed claims have no relevance to Plaintiffs' remaining claims for pre-assault heightened risk and Plaintiff Hovis's claim for post-reporting deliberate indifference (which is limited to Loe's alleged violation of a non-contact directive).

## III. THE EXAMPLES MAKE CLEAR THAT ANY EVIDENCE AND ARGUMENT REGARDING DISMISSED CLAIMS ARE PREJUDICIAL.

Finally, Plaintiffs contend that facts pertinent to their dismissed claims are not sufficiently prejudicial to warrant exclusion. The examples set forth above demonstrate the opposite. For instance, allowing Plaintiff Mize to testify about Doe allegedly saying he had a gun with her name on it, calling her a bitch, and someone with Doe's initials allegedly throwing

a protein shake on her car would be highly prejudicial (particularly given that Mize never reported these events to LSU).  Testimony by Plaintiff Richardson regarding her issues with LSU's post-assault response to her purported complaint to Keava Soil-Cormier and Sharon Lewis and her claim that she was terminated from her student worker position based on Title IX retaliation would be similarly prejudicial.  These topics and other evidence and argument regarding claims that are no longer at issue will only confuse the issues, mislead the jury about the actual issues involved, and prejudice the Board.

## IV.    CONCLUSION

For the reasons stated in the Board's memorandum in support of Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Dismissed Claims, Plaintiffs should be precluded from arguing or offering any evidence regarding facts relevant to a hostile environment, retaliation and post-reporting deliberate indifference (except for Plaintiff Hovis).

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**


BY:   /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197

Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically on October 9, 2023.

Notice of filing will be served on all counsel of record herein via the Court's electronic filing

system.

    /s/ *Susan W. Furr*