UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4:
TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING EVENTS UNKNOWN
TO THE BOARD**

The Board submits this reply memorandum in support of Motion in Limine No. 4 to Exclude Evidence and Argument Concerning Events Unknown to the Board. (R. Doc. 433)

**I.    ACTUAL KNOWLEDGE IS REQUIRED FOR PLAINTIFFS' HEIGHTENED RISK CLAIM.**

In their Opposition Memorandum, Plaintiffs repeatedly argued that actual knowledge is not required for a heightened risk claim. (*See* R. Doc. 444, pp. 4-5). Such argument ignores this Court's ruling on the Board's Motion to Dismiss in which the Court set forth the factors applicable to a heightened risk claim from *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 340 (5th Cir. 2022). (*See* R. Doc. 340, pp. 37-39)  Those factors, as this Court made clear, include that a plaintiff must prove: (1) "the defendant had **actual knowledge** of a substantial risk that sexual abuse would occur." *Id.* at 39.  Even under *Karasek*, an out-of-circuit case relied on by Plaintiffs, a risk of sexual misconduct must be "known or obvious" to the defendant. (R. Doc. 444, p. 4; *Karasek v. Regents of the Univ. of Calif.*, 956 F.3d 1093, 1112 (9th Cir. 2023)). Plaintiffs' conclusory statements to the contrary are unavailing.

## II. PLAINTIFFS CONCEDE THAT THE BOARD CAN ONLY BE LIABLE FOR ITS OWN INTENTIONAL ACTIONS.

The significant remainder of Plaintiffs' argument is devoted to a discussion about the propriety of holding the Board liable for its own intentional acts. (*See, e.g.,* R. Doc. 444 p. 4 (". . . [T]he claim is premised on a defendant engaging in intentional conduct that violates Title IX."). This argument is self-defeating because the Board is specifically moving this Court to exclude evidence of unknown acts carried out by students and non-students—not the Board.[1] For these reasons, testimony, argument, and evidence regarding unknown conduct should be excluded.

## III. VULNERABILITY ALONE DOES NOT ESTABLISH A TITLE IX CLAIM.

Finally, Plaintiff alleges that the Board does not need notice of events forming the underlying basis of Title IX liability because only vulnerability to the harassment is required. This argument is addressed in the Board's reply memorandum in support of Motion in Limine No. 1 and are incorporated herein by reference. (*See* R. Doc. 452-1)

## IV. CONCLUSION.

For the foregoing reasons, the Board respectfully requests that this Court grant its motion, precluding Plaintiffs from arguing or offering evidence concerning events unknown to the Board.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY:  /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Gregory T. Stevens Bar Roll No. 29436

---

[1] Contrary to Plaintiffs' assertion, the Board identified two examples of allegedly unknown conduct (not in a footnote) that should be excluded. (*Compare* R. Doc. 433, p. 2 *with* R. Doc. 444, n. 6).

>Jessica Coco Huffman LA Bar No.: 30445
>Michael B. Victorian Bar Roll No.: 36065
>Molly McDiarmid Bar Roll No. 36426
>II City Plaza | 400 Convention Street, Suite 1100
>Baton Rouge, Louisiana 70802
>Telephone: 225 346 0285
>Facsimile: 225 381 9197
>Email: dennis.blunt@phelps.com
>Email: susie.furr@phelps.com
>Email: karleen.green@phelps.com
>Email: greg.stevens@phelps.com
>Email: jessica.huffman@phelps.com
>Email: michael.victorian@phelps.com
>Email: molly.mcdiarmid@phelps.com
>
>ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically on October 9, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

>/s/ *Susan W. Furr*

PD.43302224.1