UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

<u>**REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 2:
TO EXCLUDE EVIDENCE AND ARGUMENT OF AN ALLEGED SEXUAL CULTURE
IN LSU'S FOOTBALL RECRUITING PROGRAM**</u>

The Board submits this reply memorandum in support of Motion in Limine No. 2 to Exclude Evidence and Argument of an Alleged Sexual Culture in LSU's Football Recruiting Program. (R. Doc. 431)

**I.   <u>PLAINTIFF'S ALLEGED TITLE IX SEXUAL MISCONDUCT CLAIMS DID NOT ARISE FROM LSU'S FOOTBALL RECRUITING PROGRAM.</u>**

In their opposition memorandum, Plaintiffs did not allege that Brennan's alleged assault was related to the LSU football program. Brennan, in particular, should be precluded from offering testimony or evidence related to her belief that the culture of the LSU football recruiting program played any role in her claims.

Turning to Richardson, the only other Plaintiff who was employed in the Athletic department, she similarly should be precluded from testifying regarding an alleged sexual culture. Richardson has not stated a claim for any alleged rape by a recruit, nor can she. In her deposition, Richardson admits that to the extent such rape occurred, she never reported it to LSU:

> Q: Who is the person who raped you your second year?
> A: [redacted]
> Q: And is he the football recruit that – as you mentioned?
> A: Yes.
> **Q: Did he got to LSU ultimately?**

>   A: No.
>   Q: Where did he go to school?
>   A: I don't know.
>   Q: And did you report that to anyone?
>   A: No.

(Richardson 84) (emphasis added). There is no mention of Richardson's alleged rape by a recruit in Plaintiffs' heightened risk section, and instead only mentioning her interactions with John Doe and John Coe. (R. Doc. 182, pp. 119-126)

Through her silence, Richardson concedes that her relationship with John Coe did not arise from her role as a football student worker. With respect to John Doe, Plaintiffs' opposition memorandum includes an incomplete excerpt from Richardson's deposition, including only the first four lines of the following:

>   Q: When did you first meet ▮▮▮▮▮
>   A: I—I don't recall.
>   Q: Do you recall where you were?
>   A: I think my first interaction was something with a football event while he was a recruit.
>   **Q: Was it just to meet him and speak to him friendly, or was there anything more to that interaction?**
>   **A: No. I don't even know if I said anything other than hello and welcome.**
>   **Q: Did you become friends with him at some point in time?**
>   **A: Yes. The –Yeah. Yes.**
>   **Q: How did that come about? Was that when he came to LSU?**
>   **A: No. It was the fall of my junior year.**
>   **Q: Okay. What was it that brought the two of you into a friendship?**
>   **A: We had a mutual friend.**

(Richardson 87) (emphasis added to demonstrate the omitted testimony). The undisputed evidence shows that the Richardson's claims are limited to her experiences with Doe and Coe, and those experiences were unrelated to her experience with LSU's football recruiting program.

## II. THE BOARD WILL BE UNDULY PREJUDICED BY INTRODUCTION OF IRRELEVANT CULTURE TESTIMONY.

Although Plaintiffs fault the Board for not identifying with specificity the evidence it seeks to exclude, the Board respectfully disagrees. During the Plaintiffs' depositions, the

Plaintiffs' testified regarding hearsay accounts of rumored sexual misconduct and made sweeping statements regarding their student worker environment. (*See, e.g.*, R. Doc. 431) The Board has no way to know what specific statements Plaintiffs may offer on this topic, but in any event, no generalized statements related to Plaintiffs' belief regarding a sex-based culture should be permissible. There is no reason for Brennan and Richardson, or anyone else to testify regarding an alleged sexual culture in football other than to impermissibly prejudice the Board by making the jury believe such culture somehow impacted Plaintiffs' claims.

Plaintiffs do not dispute that such argument creates the danger of jury confusion. Indeed, If the Court were to permit Plaintiffs to testify regarding their unsupported opinions and beliefs related to a sexual culture in football, the Board would be unduly prejudiced by the risk of possible jury confusion on these and other topics:

- Whether this alleged sexual culture contributed or caused Plaintiffs' harm,
- Whether the rumored conduct alleged by Plaintiffs was known to the Board, and when the Board obtained such knowledge;
- Whether Richardson's alleged, unreported rape by a non-student recruit is a claim in the case;
- Whether an athlete's mere status as an athlete makes the Board more or less likely to be liable;

Contrary to Plaintiffs' assertion, the Board does not dispute that some Plaintiffs have some personal knowledge of their experiences in Athletics. But the issue is whether that limited personal knowledge is connected in any way to Plaintiffs' claims and if so, whether the probative value is outweighed by the prejudice to the Board and risk of jury confusion. Given that no Plaintiff's claim arises from such culture, the Board respectfully asserts that there is no probative

value to be gained by such evidence. This is exactly the type of "highly prejudicial" testimony that should not be uttered in front of the jury. *See Babin v. Plaquemine Parish*, 421 F. Supp. 3d 391, 395 (E.D. La. 2019) (Vitter, J).

### III. CONCLUSION.

For the foregoing reasons, the Board respectfully requests that this Court grant its motion, precluding Plaintiffs from offering evidence, argument, or testimony of an alleged sexual culture in LSU's football recruiting program.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Gregory T. Stevens Bar Roll No. 29436
Jessica Coco Huffman LA Bar No.: 30445
Michael B. Victorian Bar Roll No.: 36065
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND

- 4 -

MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on October 9, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

                                                                                    /s/ *Susan W. Furr*