UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL. | CIVIL ACTION NO. 3:21-CV-00242 |
| VERSUS | JUDGE WENDY B. VITTER |
| LOUISIANA STATE UNIVERSITY, ET AL. | MAGISTRATE JUDGE JOHNSON |

**REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 6: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CERTAIN POST-REPORTING CONDUCT**

The Board submits this reply memorandum in support of its Motion in Limine No. 6 to Exclude Evidence and Argument Regarding Certain Post-Reporting Conduct. (R. Doc. 435).[1]

I. **PLAINTIFFS' OPPOSITION MEMORANDUM CONTAINS FACTUAL INACCURACIES.**

Plaintiffs' Memorandum in Opposition to Motion in Limine No. 6 contains significant misstatements. In their Opposition Memorandum, Plaintiffs stated that "within two months after LSU became aware of Plaintiff Owens' rape, Plaintiffs Lewis and Andries were then separately assaulted by John Doe." (R. Doc. 446, p. 6) From there, Plaintiffs argue that LSU's response to Ownes' disclosure tends to make the claims of Plaintiffs Lewis and Andries, at a minimum, more probable." *Id.* at p. 7. Neither Lewis nor Andries was ever assaulted by John Doe, nor did they allege such an assault. Lewis testified that she flew to Houston to have a consensual sexual encounter with John Doe in April 2018. (Lewis 47-54) As far as the Board knows, Andries never even met John Doe, nor has Andries ever suggested otherwise. Instead, Andries' claims are based on an interaction with John Roe (not John Doe) at a fraternity party around Halloween 2016. (R. Doc. 182, ¶¶ 364-367)[2]

---

[1] Excerpts from the deposition of Jade Lewis are attached hereto as Exhibit A. Excerpts from the deposition of Elisabeth Andries are attached hereto as Exhibit B.
[2] Plaintiffs also argue that Andries was assaulted in July 2017. Andries testified that in July 2017, after Andries invited Roe to her apartment, Roe "tried to reach over and grab me" but that she "immediately pushed him off the

As another example, Plaintiffs incorrectly state that Jane Doe was denied a no-contact directive after her complaint against Poe. The no-contact order provided to John Poe is a document in evidence, so this statement is also false. (*See* R. Doc. 375-11, pp. 4-5)

### II. INTRODUCING POST-REPORTING CONDUCT WOULD RENDER MEANINGLESS THE COURT'S DISMISSAL OF NINE OF TEN PLAINTIFFS' DELIBERATE INDIFFERENCE CLAIMS.

Plaintiffs argue that the Board's post-reporting conduct is evidence of whether a particular risk was known or obvious to the Board. (R. Doc. 446, p. 3)  As set forth in the Board's Memorandum in Support of Motion in Limine, the Board acknowledges that, for those Plaintiffs who were John Doe or John Coe's second or subsequent victims, post-reporting conduct relating to those two individuals could inform whether the Board had knowledge of a subsequent risk by the individuals that was known or obvious. (R. Doc. 435-1, p. 7, n.13) However, Plaintiffs' suggestion that all post-reporting conduct contributes to the Board's perception of whether a particular risk was known or obvious is unsupported, unpersuasive, overly broad, and any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Board. *See Babin v. Plaquemines Parish*, 421 F.Supp.3d 391, 395 (2019) (Vitter, J.)

For **John Doe**, Mize alleges that John Doe assaulted her first. (R. Doc. 182, ¶¶ 242-250) Before Mize, the Board had **no** notice of any open or obvious risk of sexual harassment as it relates to John Doe. (*See* R. Doc. 365, pp. 10-11) Subsequent to Mize, three other Plaintiffs, Owens, Brennan, and Richardson, allege misconduct by John Doe. (R. Doc. 367, pp. 1-2; R. Doc. 369, p. 5; R. Doc. 371, p. 1) Subsequent to Richardson, no other Plaintiff alleges misconduct by John Doe. Although the Board disputes that Mize's, Brennan's, or Owens'

---

bed." (Andries 49-50)  This is a far cry from claiming that Andries was "assaulted" in July 2017, and it certainly was not an "assault" by John Doe.

events put the Board on notice of any sort of open or obvious risk, the time period between when the Board learned third-hand of Mize's report and John Doe's alleged "attempted rape" of Richardson is the only time period that could possibly be relevant to the inquiry of whether the Board was aware of a potential risk as it relates to John Doe and Plaintiffs.

For **John Coe**, Plaintiffs conceded in their opposition memorandum that they do not intend to introduce argument or evidence related to John Coe after his expulsion. (R. Doc. 446, p. 8) This makes sense because after Coe's suspension from the football team, arrest, and expulsion, Coe was no longer under the Board's control, a necessary element, and he never caused any subsequent injury to Plaintiffs.[3] Plaintiffs vaguely assert that Coe's situation is somehow related to Corinn Hovis' alleged rape by a football played in January 2020. (R. Doc. 446, p. 9) This argument strains credibility. Coe withdrew from LSU in September 2018. (R. Doc. 182, ¶ 544) Plaintiff's Hovis' interaction with John Loe was at an off-campus bar in January 2020, so Plaintiffs' suggestion of close timing is false. (R. Doc. 182, ¶¶ 652-653, 660, 664) Once reported, Loe was suspended from the football team, was found "responsible" for the event with Hovis, was suspended from LSU, and he never returned. (R. Doc. 383, p. 3) Other than the fact that Loe and Coe were both student athletes, Plaintiffs can show no similarities between Loe and Coe's situations.

For **John Poe, John Roe, John Loe, John Moe and the Sells**, Plaintiffs Jane Doe, Elisabeth Andries, Corinn Hovis, Sarah Beth Kitch,[4] and Kennan Johnson respectively, were the first and only Plaintiffs to accuse these individuals of harassment. (*See* R. Docs. 375, 377, 379,

---

[3] *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. Of Educ.*, 526 U.S. 629, 645 (1999).
[4] Plaintiffs' argument about Kitch's 2019 phone call to Title IX being related to Hovis' January 2020 alleged rape is nonsensical. Plaintiffs argue that Kitch's alleged phone call to Title IX occurred only "a few months before Plaintiff Corinn Hovis was raped." (R. Doc. 446, p. 13) Unlike Kitch, Hovis promptly made a report to Title IX for which Loe was found responsible. No evidence exists of an alleged policy of deliberate indifference stemming from Kitch's alleged call and Hovis's timely report of Loe.

381, 383) Because no evidence exists of a known or obvious risk prior to their alleged events, Plaintiffs instead attempt to hold LSU responsible for the sufficiency of its response. But this claim has already been dismissed by the Court (with the exception of Loe's alleged violation of his no-contact order). Even if this Court accepts Plaintiffs' arguments that some post-reporting conduct is relevant to show control or deprivation of educational opportunities, Plaintiffs cannot use post-reporting events to rewind the clock and attribute after-the-fact evidence to the Board to show the Board's prior appreciation of any particularized risk. Plaintiffs Doe, Andries, Hovis and Kitch have failed to show any substantial risk of which LSU was aware and on which LSU should have acted before their alleged incidents. *See Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 4th 334, 341 (5th Cir. 2022).

Finally, with respect to Plaintiffs' arguments relating to the Board's post-2020 conduct, the Board's motion was intended to target the Board's post-reporting conduct related to Hovis excluding Loe's alleged violation of a no-contact order (*i.e.,* deliberate indifference-type conduct other than the limited conduct the Court did not dismiss). The additional actions that Plaintiffs identify on page 14 of their opposition memorandum should be excluded for the same reasons as set forth above. The post-assault and post-reporting events identified by Plaintiffs are irrelevant to their heightened risk claim.

Plaintiffs also argue that "circumstantial evidence and patterns of conduct are relevant." That might be true in some circumstances, but it does not change the chronology here—Plaintiffs must show actual knowledge of a substantial risk that harassment would occur **prior** to the alleged events. Holding the Board responsible for after-the-fact actions is simply a deliberate indifference claim repackaged. For example, Plaintiffs argue that LSU representatives responded to Richardson's "report" about John Doe by "asking Richardson why she would let

Doe into her apartment if she did not want to have sex with him." (R. Doc. 446, p. 4) Plaintiffs allege that this "general attitude" existed before Richardson's report. Even if that were true, under the out-of-circuit official policy framework, Plaintiffs then must prove that this "general attitude" constituted an "official policy" of the Board, and that "**as a result**, the plaintiff suffered harassment that was so severe, pervasive, and objectively offensive that can be said to have deprived the plaintiff of access to the educational opportunities or benefits provided by the school." *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020). Using the Board's post-reporting conduct to prove awareness of a pre-reporting risk improperly flips the causation analysis on its head. Plaintiffs are attempting to hold LSU responsible in advance of its response to something of which it had no notice. Notice is the hallmark of a Title IX case, whether it be a claim for deliberate indifference or heightened risk. *See Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 641 (1999) ("We recognized that the scope of liability in private damages actions under Title IX is circumscribed by *Pennhurst'*s requirement that funding recipients have notice of their potential liability.").

### III.    CONCLUSION.

For the foregoing reasons, the Board respectfully requests that this Court grant its motion, thereby precluding Plaintiffs from arguing or offering any evidence regarding certain post-reporting conduct.

    Respectfully submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**

    BY:    /s/ *Susan W. Furr*
    Shelton Dennis Blunt Bar Roll No. 21230
    Susan W. Furr Bar Roll No. 19582
    Karleen J. Green Bar Roll No. 25119

Gregory T. Stevens Bar Roll No. 29436
Jessica Coco Huffman LA Bar No.: 30445
Michael B. Victorian Bar Roll No.: 36065
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically on October 9, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

　　　　　　　　　　　　　　　/s/ *Susan W. Furr*

PD.43302408.1