## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ABBY OWENS, ET AL.                                    CIVIL ACTION NO. 3:21-CV-00242

VERSUS                                                        JUDGE WENDY B. VITTER

LOUISIANA STATE UNIVERSITY, ET                 MAGISTRATE JUDGE JOHNSON
AL.

### REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PUNITIVE, EMOTIONAL DISTRESS, AND SPECULATIVE DAMAGES

The Board submits this reply memorandum in further support of its Motion in Limine No. 3 to Exclude Evidence and Argument Regarding Punitive, Emotional Distress, and Speculative Damages.[1]  (R. Doc. 432)  For the reasons set forth below and in the Board's original memorandum, Plaintiffs should be precluded from arguing or offering any evidence regarding several categories of damages, namely punitive damages; emotional distress and related damages; damages for lost earning capacity and employment opportunities; and damages in connection with alleged institutional betrayal.

### I.    PLAINTIFFS ABANDON THEIR CLAIMS FOR PUNITIVE AND INSTITUTIONAL BETRAYAL DAMAGES.

In their opposition, Plaintiffs abandon two categories of damages.  They concede they have no basis for recovering punitive damages and represent that they "do not plan to argue they [punitive damages] are owed."  (R. Doc. 443, pp. 2-3)  Plaintiffs also indicate that they will not

---

[1] Relevant portions of the deposition transcripts of Darren Cahill and Joesphine Doherty are attached to the Board's reply memorandum as Exhibits A and B, respectively.  Citations to the depositions will be by the last name of the deponent and the page or exhibit number.

be offering at trial the testimony of Apryl Pooley on damages for institutional betrayal.[2]  (R.

Doc. 443, p. 7)

## II.    PLAINTIFFS AGREE THEY WILL NOT ARGUE OR OFFER EVIDENCE REGARDING ANY DISMISSED EMOTIONAL DISTRESS AND RELATED DAMAGES.

As to emotional distress and related damages, which are currently the subject of the

Board's pending Motion to Dismiss Plaintiffs' Claims for Emotional Distress Damages (R. Doc.

352), Plaintiffs state that their "presentation of evidence on this issue will comport with whatever

judgment the Court ultimately renders."[3]  (R. Doc. 443, p. 3)  The Board understands this to

mean that, in the event the Court dismisses all claims for damages relating to emotional distress,

Plaintiffs will not argue or offer any evidence at trial regarding emotional distress and related

damages.

## III.    PLAINTIFFS' CLAIMS FOR DAMAGES FOR LOST EARNING CAPACITY AND EMPLOYMENT OPPORTUNITIES LACK THE REQUISITE SPECIFICITY.

Finally, despite their efforts to convince this Court otherwise, Plaintiffs' alleged damages

for lost earning capacity and employment opportunities (to the extent any such damages remain

after the Court's ruling on the Board's motion to dismiss emotional distress damages) lack the

specificity required for breach of contract damages.  As recognized by the Supreme Court in

*Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), remedies available under

a "Spending Clause" statute, such as Title IX, are limited to remedies explicitly provided for by

---

[2] Plaintiffs purport to fault the Board for failing to specifically address punitive damages and damages for institutional betrayal during the parties' various correspondence and discussions concerning the anticipated motions in limine.  (R. Doc. 443, p. 2)  However, as Plaintiffs are aware, the Board had a litany of motions in limine that were the subject of the parties' discussions and the basis for a few of the motions were determined at a late juncture.

[3] Plaintiffs argue that the Board's motion in limine as to emotional distress damages is premature since the Court has not yet ruled on its motion to dismiss concerning this issue. (R. Doc. 443, p. 3)  However, as Plaintiffs are aware, the parties were required to file all motions in limine by September 18, 2023, even as to issues that were the subject of pending motions, such as the Board's motion to dismiss and motions for summary judgment. (R. Doc. 427)

PD.43293073.1

the relevant legislation, or remedies traditionally available in suits for breach of contract.[4]  While the Board recognizes that damages for lost earning capacity and lost employment opportunities **may** be awarded for breach of contract in **some** circumstances, those circumstances are not present here.  As aptly stated by the court in *Doe v. Fairfax Cnty. Sch. Bd.,* 2023 U.S. Dist. LEXIS 13886 (E.D. Va. Jan. 25, 2023), a Title IX case, the circumstances require "the loss of identifiable professional opportunities" and/or specific allegations and proof "that the defendant's breach actually adversely influenced or affected job opportunities."[5]  Anything less than that amounts to damages for reputational harm, which are not recoverable for breach of contract.[6]

Plaintiffs attempt to discount the significance of *Doe* on the ground that it originates from a district court outside the Fifth Circuit.  However, case law on Title IX is limited and it is even more limited on the proof needed to recover damages for lost earning capacity and employment opportunities under Title IX.  Indeed, Plaintiffs do not cite a single case from within the Fifth Circuit in the context of Title IX addressing the issue nor is the Board aware of any such case.  Despite their suggestion that *Doe* is meaningless, Plaintiffs contend that their allegations and evidence satisfy the level of specificity contemplated in *Doe.*  A cursory review of the cited evidence reveals that this is not accurate.

As to the allegations in the operative complaint, Plaintiffs point to, *inter alia,* Plaintiff Richardson's claim that she "turned down multiple jobs with male supervisors;" Plaintiff Lewis's claim that she "suffered significant economic damages including her opportunity to play professional tennis;" and Plaintiff Kitch's claim that she lost the "ability to attain tenure and proceed with her expected academic career."  (R. Doc. 443, pp. 4-5)  These and other general

---

[4] *Cummings,* 142 S. Ct. at 1570-1571.
[5] *Doe,* 2023 U.S. Dist. LEXIS 13886, at *16-17 (citation and quotations omitted).
[6] *Id.*

PD.43293073.1

assertions are a far cry from the specificity required to support recovery of damages for lost earning capacity and employment opportunities.

Plaintiffs further assert that their initial disclosures covered lost earning capacity and employment opportunities "exhaustively." (R. Doc. 443, p. 5) However, "exhaustive" does not equate to "specific" and Plaintiffs' initial disclosures bear this out. For example, in Plaintiffs' supplemental initial disclosures, Plaintiff Brennan seeks $3 million for alleged "[l]oss of job opportunities" and in support merely states that her "plans to go finish my education and become a sports agent have been derailed." (R. Doc. 443-2, p. 5) As an additional example, as to "lost opportunities for future offers at higher-paying institutions," Plaintiff Kitch generally states, *inter alia,* "I no longer have opportunities for higher paying offers," but she does not identify any such opportunities.[7] (R. Doc. 443-2, p. 11) As a final example, Plaintiff Robertson seeks $1.5 million for "[l]oss of income due to inability to complete degree and obtain gainful employment," but she does not identify any such "gainful employment." (R. Doc. 443-2, p. 19)

The cited deposition testimony, which is limited to that of Plaintiffs Kitch and Lewis and Plaintiffs' tennis "expert" Darren Cahill, is similarly lacking. For example, Plaintiff Kitch merely testified about the loss of her tenure-track position at the University of Missouri, but she does not identify the "opportunities for higher paying offers" serving the basis for her claim for almost $2.5 million in future lost wages and earning capacity.[8] (R. Doc. 443-2, p. 9; *see* R. Doc. 443-3) Likewise, Plaintiff Lewis's claim for $17.5 million for lost future wages is based on her subjective belief that she would have had a 10-year professional tennis career for which she consistently ranked in the top 100 players in the world and for which she received endorsements,

---

[7] This is all-the-more speculative in Plaintiff Kitch's case, as she testified that "[l]ess than one in eight humanities grad students secure a full-time position, much less a tenure track position." (R. Doc. 443-3, p. 5)

[8] Plaintiffs reference allegations and evidence to the effect that Plaintiff Kitch now works as a high school teacher. (R. Doc. 443, p. 5) However, Plaintiff Kitch is currently the Associate Director for the Civitas Institute at the University of Texas at Austin. *See* https://civitas.utexas.edu/people/.

but her deposition testimony is bare-bones as to any particulars regarding this hypothetical tennis career. (*See,* R. Doc. 443-4, p. 3) Plaintiffs attempt to augment Plaintiff Lewis's testimony in this regard via the testimony of Cahill. However, as set forth in the Board's *Daubert* Motion to Exclude Testimony of Plaintiffs' Expert Witness Darren Cahill (R. Doc. 437), Cahill's opinions on Plaintiff Lewis's earning potential are equally insufficient, as his opinions are based largely on his speculative opinion and subjective belief that Plaintiff Lewis would have been a top 50 player and his reliance on a "WTA Tour" document that purports to list the prize money earned by each current top 50 player. (Cahill 41-42) Significantly, Josephine Doherty, Plaintiffs' own expert on vocational rehabilitation, testified that the theory of achieving a professional sports career is too speculative to base a lost wage or lost earning capacity claim on.[9] (*See* Doherty 300-302)

In apparent recognition that their allegations and evidence regarding lost earning capacity and employment opportunities are vague, Plaintiffs argue that they do not have to prove such damages with specificity or even show "actual loss." (R. Doc. 443, p. 6) In support, Plaintiffs do not cite a single case involving either Title IX or, significantly, even breach of contract. Instead, the cases relied upon by Plaintiffs involve tort-based claims.[10] Cases from district courts within the Fifth Circuit and Louisiana state courts assessing damages for breach of contract are clear that such damages require heightened specificity and "actual damage." As recognized by a Louisiana state court:

> **Actual damages** arising from a breach of contract must be proven; they cannot be merely speculative or conjectural . . . . It must appear

---

[9] The Board has also filed a Motion in Limine and *Daubert* Motion to Exclude or Limit Testimony of Plaintiffs' Expert Witnesses Joesphine Doherty and Andrew Verzilli. (R. Doc. 439)

[10] *See, e.g., Becnel v. Lamorak Ins. Co.,* 2022 U.S. Dist. LEXIS 107309 (E.D. La. June 16, 2022) (involving various categories of damages in connection with claims associated with death of individual resulting from asbestos exposure); *Dempster v. Lamorak Ins. Co.,* 2020 U.S. Dist. LEXIS 112185 (E.D. La. June 26, 2020) (same).

PD.43293073.1

**reasonably certain** that the amount of damages rest upon a certain basis . . . .[11]

Consistent with this, in *Oracle Oil, LLC v. EPI Consultants,* 2019 U.S. Dist. LEXIS 94770 (E.D. La. June 6, 2019), which involved a claim for breach of contract, a court within the Eastern District of Louisiana recognized that, "[a]n obligee who seeks damages because it has sustained a loss as a result of a breach of contract must show **actual damage** . . . ."[12]  As can be seen, contrary to Plaintiffs' position, their claims for lost earning capacity and employment opportunities are not sufficiently substantiated under Louisiana standards applicable to breach of contract damages or standards applied by courts assessing such damages in the context of Title IX.

## IV.    CONCLUSION

For the reasons stated in the Board's memorandum in support of Motion in Limine No. 3 to Exclude Evidence and Argument Regarding Punitive, Emotional Distress and Speculative Damages and herein, Plaintiffs should be precluded from arguing or offering any evidence regarding emotional distress and related damages and damages for lost earning capacity and employment opportunities.  In light of Plaintiffs' concessions, the Board's requests for exclusion of argument and evidence regarding punitive damages and damages in connection with alleged institutional betrayal are moot.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

---

[11] *LeBlanc v. Gibbens Pools, Inc.,* 447 So.2d 1195, 1197 (La. App. 5 Cir. 1984) (emphasis added) (citation omitted).
[12] *Oracle Oil,* 2019 U.S. Dist. LEXIS 94770, at *9 (emphasis added) (citation omitted); *see also Kocurek v. Frank's Int'l, LLC,* 2017 U.S. Dist. LEXIS 169790 (W.D. La. Oct. 11, 2017) (involving claims for tortious interference of contract and granting defendants' motion for summary judgment with respect to plaintiffs' claim for damages to reputation, noting that, "[i]n the absence of **actual damage**, Plaintiffs cannot recover" (emphasis added) (citation omitted)).

PD.43293073.1

BY:   /s/ *Susan W. Furr*
      Shelton Dennis Blunt Bar Roll No.
      21230
      Susan W. Furr Bar Roll No. 19582
      Karleen J. Green Bar Roll No. 25119
      Jessica Coco Huffman LA Bar No.:
      30445
      Molly McDiarmid Bar Roll No. 36426
      Gregory T. Stevens Bar Roll No. 29436
      Michael B. Victorian Bar Roll No.:
      36065
      II City Plaza | 400 Convention Street,
      Suite 1100
      Baton Rouge, Louisiana 70802
      Telephone: 225 346 0285
      Facsimile: 225 381 9197
      Email: dennis.blunt@phelps.com
      Email: susie.furr@phelps.com
      Email: karleen.green@phelps.com
      Email: jessica.huffman@phelps.com
      Email: molly.mcdiarmid@phelps.com
      Email: greg.stevens@phelps.com
      Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on October 9, 2023.

Notice of filing will be served on all counsel of record herein via the Court's electronic filing

system.

      /s/ *Susan W. Furr*

PD.43293073.1