UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 7: TO EXCLUDE CERTAIN TESTIMONY FROM LIN CHI WANG**

The Board submits this reply memorandum in further support of its Motion in Limine No. 7 to Exclude Evidence and Argument Regarding Certain Testimony From Lin Chi Wang. (R. Doc. 436)[1]

### I. PORTIONS OF WANG'S REPORT SHOULD BE STRICKEN.

Plaintiffs have not shown that Wang's Overall Analysis and Opinion section relates to their claims. Instead, in response to this argument, Plaintiffs assert only that:

> "Wang's report outlines pervasive problems and issues within LSU's sexual misconduct response and reporting systems, and Title IX office, which in turn made Plaintiffs vulnerable to further harassment. Wang's opinions therefore relate directly to whether LSU subjected Plaintiffs to discrimination on the basis of sex."

(R. Doc. 447, pp. 8-9) Plaintiffs concede that the portions of Wang's report contained in Section VII, Overall Analysis and Basis of Opinion, do not relate to any specific claim; instead, they are offered for purposes of showing whether Plaintiffs were made vulnerable to further harassment, which alone is not sufficient. Plaintiffs also advance the same vulnerability argument for purposes of explaining away Wang's lack of opinions on heightened risk.[2] For the reasons set

---

[1] Exhibit A, attached hereto, was inadvertently not attached to the Board's motion. (R. Doc. 436)

[2] The parties dispute the scope of relevant evidence in the case, including the extent to which post-reporting and other conduct is relevant for Plaintiffs' heightened risk claim. If this Court is inclined to limit the scope of evidence that is relevant for purposes of a heightened risk claim in advance of trial, as the Board urges this Court to do, it should apply those limits to both the Plaintiffs' and the Board's experts. Contrary to Plaintiffs' assertions, the Board acknowledged twice in its Memorandum in Support of Motion in Limine No. 7 that Plaintiff Hovis has a limited


forth in R. Doc. 452-1 and incorporated herein, vulnerability alone (without subsequent injury) does not establish a Title IX claim.

Similarly, Plaintiffs claim that Wang's opinions on "best practices" and "material mistakes" will aid the jury, without citing to any authority and without acknowledging that the jury may be confused and mistakenly conclude that Title IX liability arises from mistakes or requires best practices. Wang's statements are not rooted in the law and do not aid the jury.

Finally, it is not Wang's "differing" opinions that the Board challenges; it is instead Wang's issuance of a report accepting as true allegations in Plaintiffs' complaint when the record evidence indicates otherwise. "When an expert applies his methodology to the facts of the case, a district court must ensure that the expert opinion is not 'based on facts that are indisputably wrong.'" *Wagoner v. Exxon Mobil Corp.*, 813 F.Supp.2d 771 (E.D. La. 2011), citing *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir.1996). "Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all. Both analyses result in pure speculation." *Id.* At the same time, however, it is axiomatic that if the record supports competing facts, an expert's decision to accept one set of facts over another does not constitute grounds for excluding the expert's testimony. Portions of Wang's report restate false allegations from Plaintiffs' Complaint. For example, on p. 46 of Wang's report, she states that "It's unclear why LSU did not implement a no-contact order after Plaintiff Doe requested one; they should have." But the evidence is undisputed that LSU did issue such a no-contact order. (*See* R. Doc. 375-11, pp.4-5) Thus, this is a matter of a false narrative, not a competing narrative.

---

deliberate indifference claim. (R. Doc. 436-1, pp. 1, 4) The Board acknowledges that both experts should be permitted to testify regarding Hovis' deliberate indifference claim.

## II. WANG IS NOT QUALIFIED.

Plaintiffs also argue that Wang's experience alone qualifies her to offer expert testimony in this matter, but they point to no specific experience that would qualify Wang to testify on Title IX heightened risk. (*See* R. Doc. 446-1, p. 51) Further, Plaintiffs' comparison of Wang's credentials to Sokolow's credentials is irrelevant. Plaintiffs did not argue that Sokolow was not qualified to serve as an expert, nor can Plaintiffs do so for the first time in their opposition to the Board's Motion in Limine.

## III. CONCLUSION.

For the foregoing reasons, the Board respectfully requests that this Court grant its motion, precluding Plaintiffs from arguing or offering certain testimony from Lin Chi Wang.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Gregory T. Stevens Bar Roll No. 29436
Jessica Coco Huffman LA Bar No.: 30445
Michael B. Victorian Bar Roll No.: 36065
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

- 4 -

ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically on October 9, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

/s/ *Susan W. Furr*

- 4 -

PD.43302493.1