UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

<u>**REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE AND DAUBERT MOTION TO EXCLUDE OR LIMIT TESTIMONY OF PLAINTIFFS' EXPERT WITNESSES JOSEPHINE DOHERTY AND ANDREW VERZILLI**</u>

The Board submits this reply memorandum in further support of its Motion in Limine and Daubert Motion to Exclude or Limit Testimony of Plaintiffs' Expert Witnesses Josephine Doherty and Andrew Verzilli. (R. Doc. 439) The Board has previously presented the Court with factual and legal authority demonstrating why testimony of Plaintiffs' experts Josephine Doherty and Andrew Verzilli should be limited or excluded. Plaintiffs' Memorandum in Opposition (R. Doc. 450) wholly ignores several of the Board's arguments and insufficiently refutes others such that the Motion should be granted.

**I.   Plaintiffs Do Not Oppose the Board's Contention that Doherty's Opinions Improperly Exceed the Bounds of the Expert Testimony for Which She Was Disclosed**

Plaintiffs write at length in their Opposition about Doherty's purported qualifications but fail to address the Board's argument that her opinions in this case exceed the role for which she was properly disclosed. It is undisputed that the portions of Doherty's opinions that set forth her own purported diagnoses or address medical or other causation issues are outside the scope of vocational rehabilitation and are thereby outside the scope of Plaintiffs' expert disclosures. Her statements regarding Title IX are

similarly improper. Plaintiffs do not challenge this argument, and therefore the Board's Motion should be granted limiting Doherty from offering any medical diagnoses, prognoses, causation opinions, or statements regarding Title IX whatsoever at trial.

Plaintiffs stipulate (albeit in a footnote):

> Ms. Doherty does not intent (sic) to opine on whether the Board's actions or inactions, either before or after the events at issue, were the cause of Plaintiffs' diminished career prospects, nor whether the actions of others caused or impacted same.[1]

Plaintiffs have conceded, then, that Doherty will not issue (and should be precluded from issuing) causation opinions at trial. The Board agrees. Doherty's reports suggest otherwise though, requiring intervention from the Court to ensure that the Board is not prejudiced by any such testimony being improperly presented by Doherty to the jury.

In her report offered as an Exhibit by Plaintiffs, for example, Doherty states:

> Based upon Ms. Andries' work disability *as associated with her ongoing trauma due to lack of support offered to her by LSU*, her work disability translates to a reduced earning capacity.[2]

She is indeed offering a specific opinion that: 1.) LSU offered Andries a "lack of support;" and, 2.) that LSU's actions or inactions in doing so caused "ongoing trauma" that "translates into" damages in this case. That opinion is not stated by any other expert or medical provider in any records referenced in Doherty's report. It is simply her own causation analysis superimposed over her own medical diagnosis. It is one thing for a vocational rehabilitation expert to rely on competent medical testimony and make reasonable conclusions therefrom. It is wholly another for an expert, under the moniker

---

[1] R. Doc. 450 at p. 5, fn. 19. (In relevant part).
[2] R. Doc. 450-3 at p. 3. (Emphasis added).

PD.43303256.1

of "vocational rehabilitation," to offer her own medical testimony and opinions on causation.

Doherty purports to have performed a "current mental health" analysis on all Plaintiffs, and in the Andries report (and most others) offers a current diagnosis of Post Traumatic Stress Disorder. Under a section curiously titled "Vocational Analysis," she opines:

> Ms. Andries' prolonged symptoms of post-traumatic stress disorder (PTSD) extend well beyond the assault, attempted assault, and …harassment on the part of her perpetrator. Specifically, while attempting to manage PTSD symptomatology, not only did LSU fail to fully assist her, but they also placed several barriers…. Of significance, …her Title IX rights were not fully offered and explained to her for a significant amount of time.[3]

Her report is replete with her own medical opinions about Andries' purported medical conditions, statements about Title IX issues, and the conclusory opinion that LSU is a cause of Andries' alleged damages. That is not, to borrow from Plaintiffs' memorandum, "what vocational rehabilitation experts do." Doherty should be precluded from offering any such opinions at trial regarding causation and Doherty's own purported medical diagnoses, which are voluminous throughout all of her reports on the various Plaintiffs and in large part improperly serve as the sole or majority bases for her damage calculations.[4]

---

[3] *See* Exhibit 1 hereto, Excerpt of Doherty Report as to Andries, p. 26. (Note this is simply an additional page of the report from which excerpts were submitted by Plaintiffs as their Exhibit 3).

[4] Plaintiffs also do not refute the Board's contention that Doherty is specifically *not* in a position to opine on causation or allocation of damages given the remaining causes of action in this case, because she testified that she did not evaluate any pre-assault action or inaction by LSU. Her opinions should be excluded on the basis of relevance and the threat of undue prejudice, as set forth in Section II(A) of the Board's original brief. (R. Doc. 439-1 at pp. 3-5). At a minimum, any such testimony should be limited to the one Plaintiff that has a remaining deliberate indifference claim pending.

## II. Plaintiffs' Argument Regarding the Gamboa-Gibson Tables Is Not Persuasive

Plaintiffs' argument and citations regarding the reliability of the Gamboa-Gibson model should not persuade this Court to accept Doherty's methodology as reliable.[5] None of the cited cases are binding on this Court, and none overcome the clear lack of reliability and resulting prejudice that would occur if the model were applied to the facts *in this specific case*. The burden is on Plaintiffs to establish the admissibility and reliability of the testimony at issue, yet Doherty herself admits that the data on which the model is based is wholly subjective, untested, and inherently static unlike a perceived psychological disability.[6] Again, the Eastern District has found the model unreliable, and Plaintiffs have not presented this Court with any basis to stray from that precedent in this case involving psychological alleged injuries.[7]

## III. Plaintiffs' Argument Regarding the Independent Admissibility of Verzilli's Opinions Is Neither Coherent Nor Correct

At Section III of their brief, Plaintiffs appear to argue that "Verzilli's opinions are independently admissible, regardless of the Court's finding on Doherty."[8] They quote *McCoy* in support of that proposition, yet even by their own summary of that case it is clear it involved an entirely different scenario. In *McCoy*, the defendant argued that an

---

[5] See R. Doc. 450, at n. 59-61, 64, and 66-80. Several of the purported quotes do not actually appear in the cases cited (*e.g.* n. 60 and 66), and the *Borne* case did not even involve a *Daubert* challenge nor does the opinion appear to involve the Gamboa-Gibson worklife tables at all. *Borne v. Celadon Trucking Servs., Inc.*, 2014 WL 3778743 (Tenn. Ct. App. 2014). Similarly, in *Peterson* the opinions of a medical expert on which Mr. Gamboa had relied were challenged and defendant sought to exclude Mr. Gamboa's opinions to the extent those opinions on which he had relied were deemed inadmissible. That opinion does not address the reliability of the Gamboa-Gibson worklife tables. *Peterson v. Union Pacific R. Co.*, 2008 WL 2704746 (C.D. Ill. 2008).

[6] R. Doc. 439-2 at pp. 4-9 (Doherty Day 1 pp. 132-135, 139-140).

[7] *Noel v. Inland Dredging Company, LLC, et al.*, No. 17-1989, 2018 WL 1911821, at *2, (E.D. La. April 23, 2018), citing *Lackey v. Robert Bosch Tool Corp.*, No. 16-29, 2017 WL 129891, at *10 (E.D. Ky. 2017). The Board acknowledges that due to the unique circumstances of this case we are proceeding with a Judge from the Eastern District while in the venue of the Middle District, which makes the term "precedent" difficult to use with precision here. Regardless, the *Noel* decision was well founded and should be followed in this case.

[8] R. Doc. 450 at p. 19.

economist's report should be excluded because it was based on a vocational rehabilitation report that, defendant argued, should also be excluded.[9] But the court there disagreed, finding that the vocational rehabilitation report was indeed admissible and, therefore, that the defendant's argument as to the economist failed. Here, if the Court deems Doherty's opinions *inadmissible* Plaintiffs should not be allowed to back-door those opinions by having another expert "rely" on them. *McCoy* does not stand for that proposition, nor does any other case.

## IV.   CONCLUSION

For the foregoing reasons and those set forth in its original memorandum, the Board respectfully requests that this Court grant its motion, thereby precluding Plaintiffs from offering expert testimony from Josephine Doherty and Andrew Verzilli at trial or, in the alternative, limiting the scope of their testimony as prayed for.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
Susan W. Furr, Bar Roll No. 19582
Shelton Dennis Blunt, Bar Roll No. 21230
Karleen J. Green, Bar Roll No. 25119
Gregory T. Stevens, Bar Roll No. 29436
Jessica Coco Huffman, LA Bar No. 30445
Michael B. Victorian, Bar Roll No. 36065
Molly McDiarmid, Bar Roll No. 36426
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197

---

[9] *McCoy v. Isidore Newman School*, No. 19-1810, 2022 WL 4533773 (E.D. La. September 22, 2022).

Email: susie.furr@phelps.com
Email: dennis.blunt@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on October 9, 2023, with the Court's CM/ECF system, which will provide an electronic copy to all counsel.

_____
Gregory T. Stevens