UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABBY OWENS, ET AL. | CIVIL ACTION NO. 21-CV-242 |
| VERSUS | JUDGE WENDY VITTER |
| LOUISIANA STATE UNIVERSITY, ET AL. | MAGISTRATE JUDGE SCOTT JOHNSON |

**DEFENDANT BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE'S MEMORANDUM IN SUPPPORT OF RULE 72 OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS**

The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") submits this memorandum in support of its objections to the Magistrate Judge's Order dated September 29, 2023 (R. Doc. 440), granting Plaintiffs' Motion for Sanctions (R. Doc. 325). The Board incorporates its previously filed Memorandum in Opposition and exhibits as if set forth verbatim herein. (R. Doc. 327)

I.      INTRODUCTION

Abby Owens, Elisabeth Andries, Samantha Brennan, Jane Doe, Corinn Hovis, Kennan Johnson, Sarah Beth Kitch, Jade Lewis, Calise Richardson, and Ashlyn Robertson ("Plaintiffs") filed this suit against various defendants, including Michael and Julia Sell (the "Sells"), former tennis coaches at Louisiana State University ("LSU"). (R. Docs. 1, 22) The Sells were dismissed from this suit on January 19, 2022. (R. Doc. 187)

On February 20, 2023, Plaintiffs filed a Motion for Sanctions (the "Motion") against the Board in connection with the suspected contents of the Sells' LSU-issued iPhones. On September 29, 2023, the Magistrate Judge issued an Order granting the Motion in part and denying the Motion in part. The Magistrate Judge found that Plaintiffs were prejudiced by the Board's failure to

1

preserve cell phone information and awarded Plaintiffs reasonable fees, costs, and expenses. The Magistrate Judge denied Plaintiffs' request for an order of adverse inference without prejudice, reserving further determination for the district judge. The Board submits its objections to highlight this Court's ruling on the Board's Motion to Dismiss, which was issued after Plaintiffs' Motion was filed, because the ruling impacts the Magistrate Judge's findings, particularly as to prejudice.

## II.  STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits a party to file objections to a nondispositive matter decided by a magistrate judge within 14 days of being served with the written order. According to Rule 72, "[a] party may not assign as error a defect in the order not timely objected to." For the reasons outlined below, the Board requests that this Court modify the Magistrate Judge's erroneous finding of prejudice given this Court's ruling on the Board's Motion to Dismiss.

### A.  The Magistrate Judge's Finding of Prejudice Should Be Reviewed Given This Court's Dismissal of Plaintiffs' Claims.

The only plaintiffs who allege claims involving the Sells are Abby Owens, Jade Lewis, and Kennan Johnson. (R. Docs. 1 and 182) At the time Plaintiffs' Motion was filed, the Board's Motion to Dismiss Plaintiffs' Second Amended Complaint was pending. (R. Doc. 201) On March 31, 2023, this Court issued an Order and Reasons on the Motion to Dismiss. With the exception of Hovis, this Court dismissed Plaintiffs' Title IX hostile environment and deliberate indifference claims finding that the claims were based on alleged conduct that occurred more than one year before Plaintiffs filed suit on April 26, 2021. (R. Doc. 340, pp. 11- 17) This Court found that: the claims of Jade Lewis were based on conduct that occurred between January 2017 and May 2018; the claims of Abby Owens were based on conduct that occurred on June 28, 2016 and around April 4, 2017; and the claims of Kennan Johnson were based on conduct that occurred between fall 2017

and spring 2019. (*Id.* at 14-15)  Moreover, the Court dismissed Plaintiffs' Title IX retaliation claims in their entirety.  Notably, the Order and Reasons specifically mentions Michael and/or Julia Sell in connection with the allegations of (1) Owens involving conduct in June 2016 and April 2017, (2) Lewis involving conduct in spring 2019, and (3) Johnson involving conduct that occurred before her graduation in spring 2019. (*Id.* at 23-24)  This Court found the claims to be untimely.

The sole remaining claim in this litigation for Owens, Lewis, and Johnson is Title IX heightened risk based on conduct that occurred ***before*** any alleged misconduct experienced by Plaintiffs.  The Sells' cell phone information is not relevant to a pre-assault claim.  Indeed, Plaintiffs' arguments in support of their Motion emphasize this point.  For example, Plaintiffs argued "[t]hese text messages [from the Sells] are relevant to establish whether the Board created or encouraged a **hostile environment** on the women's tennis team and/or whether the Board was **deliberately indifferent** toward disclosures or reports of sexual misconduct." (R. Doc. 325-1, p. 14) (Emphasis added) Plaintiffs also argued the following facts in dispute could be clarified by information from the Sells' cell phones:

- When Julia Sell became aware that John Doe raped Plaintiff Owens[1]

- Whether Julia Sell told Plaintiff Owens' father that she did not believe Owens had been raped by John Doe

- Whether Julia and/or Mike Sell encouraged other student athletes to retaliate against Plaintiffs Lewis and/or Johnson

- Whether and when Julia and/or Mike Sell became aware of John Coe's abuse of Plaintiff Jade Lewis

---

[1] The earliest Julia Sell could have learned of the alleged rape is April 2017. (R. Doc. 182 ¶340)  Plaintiffs do not allege text communications regarding this issue.

3

PD.43349464.3

- Whether Mike Sell told Plaintiff Lewis' father that John Coe's abuse of Plaintiff was not possible[2]

- Whether Julia Sell discussed Plaintiff Johnson's weight and/or sexual orientation with other individuals.

(R. Doc. 325-1, pp. 17-18) Each one of these issues is directed to claims that have since been dismissed with prejudice.

Given the Court's dismissal of Plaintiffs' Title IX deliberate indifference, hostile environment, and retaliation claims, and the sole remaining claim for heightened risk based on pre-assault conduct, Plaintiffs are not prejudiced by the alleged loss of any information on the Sells' cell phones. Accordingly, Plaintiffs' Motion is moot and should be denied. Even if this Court concludes the Motion is not moot, Plaintiffs are not entitled to sanctions because they cannot show prejudice.

### B. The Deposition Testimony Confirms the Magistrate Judge's Finding That the Board Did Not Have Intent to Deprive. [3]

In his Order, the Magistrate Judge wrote: "The Court cannot find on the existing record that Defendant wiped the phones' data with intent to deprive. Therefore, the Court finds that, absent any further showing of intent, adverse inference sanctions are inappropriate." (R. Doc. 440, p. 15) The Magistrate Judge acknowledged that the Motion and Board's response were filed before the close of discovery, so final determination of adverse inference sanctions would be reserved for the trial judge.[4]

---

[2] Plaintiffs do not allege text communications regarding this issue.

[3] Because the Magistrate Judge specifically indicated that discovery had not been completed at the time the Motion and response were filed, the Board supplements the record with discovery regarding the cell phones in an abundance of caution. However, the Board does not challenge the Magistrate Judge's findings or ruling on this issue.

[4] While deferring to the district judge, the Magistrate Judge recommends that the jury be informed of "Defendant's duty to preserve ESI and failure to do so." (R. Doc. 330, fn. 16, p. 15) For the reasons set forth in Section A above, there is no need to inform the jury of this issue.

4

Since the filing of the Motion, discovery in this matter has been completed. After the Motion was filed, Plaintiffs took a 30(b)(6) deposition of the Board. One of the topics of inquiry was "[k]nowledge of the chain of custody and actions taken with regard to the LSU-issued cell phones belonging to <u>Michael Sell and Julia Sell from January 2022 to February 2023</u>." (Emphasis in original) During the deposition, Jeffrey deVeer, Director of Information Technology for Athletics, testified that no one in the Information Technology Department wiped the phones, and the Board does not know who wiped them. (30(b)(6) 187)[5] The 30(b)(6) deposition testimony is further evidence that the Board did not act with intent to deprive. Accordingly, adverse inference sanctions should not be imposed.

### III.   CONCLUSION

For these reasons, the Board objects to the Magistrate Judge's Order dated September 29, 2023.

          Respectfully submitted,

          **JEFF LANDRY**
          **ATTORNEY GENERAL**

BY:   */s/ Karleen J. Green*
      Susan W. Furr Bar Roll No. 19582
      Shelton Dennis Blunt Bar Roll No. 21230
      Karleen J. Green Bar Roll No. 25119
      Gregory T. Stevens Bar Roll No. No. 29436
      Jessica C. Huffman Bar Roll No. No. 30445
      Michael B. Victorian Bar Roll No. 36065
      Molly C. McDiarmid Bar Roll No. 36426
      *Special Assistant Attorneys General*
      II City Plaza | 400 Convention Street, Suite 1100
      Baton Rouge, Louisiana 70802

---

[5] The excerpt of the 30(b)(6) deposition transcript is attached as Exhibit A.

PD.43349464.3

Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
Email: dennis.blunt@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                         /s/ Karleen J. Green