## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ABBY OWENS, ET AL.**                              **CIVIL ACTION NO. 3:21-CV-00242**

**VERSUS**                                          **JUDGE WENDY B. VITTER**

**BOARD OF SUPERVISORS OF**                         **MAGISTRATE JUDGE JOHNSON**
**LOUISIANA STATE UNIVERSITY**

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 3: CALISE RICHARDSON

NOW INTO COURT, through undersigned counsel, comes defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment, dismissing each and every claim of Plaintiff, Calise Richardson ("Plaintiff").[1] As grounds for this motion, the Board states as follows:

1.

Plaintiff's **only** remaining claim in this lawsuit is that LSU created a heightened risk of sexual misconduct on campus for which she suffered harm, purportedly in violation of Title IX of the Education Amendments of 1972 ("Title IX") (her claim is hereafter referred to as the "heightened risk claim"). Plaintiff's claim fails as a matter of law for the reasons set forth in the accompanying memorandum.

2.

The undisputed evidence, consisting primarily of Plaintiff's testimony, shows that Plaintiff cannot meet the necessary elements of her heightened risk claim as a matter of law.

---

[1] Relevant portions of the deposition transcripts and exhibits of Plaintiff, Sharon Lewis, Keava Soil-Cormier, Jeffrey Scott, Abby Owens, Ashlyn Mize, Samantha Brennan, 30(b)(6) of the Board, and Miriam Segar are attached hereto as Exhibits A through I, respectively. The declarations of Segar and Jonathan Sanders are also attached hereto as Exhibits J and K, respectively.

3.

To the extent Plaintiff seeks to assert a heightened risk claim based on an "official policy," which is unclear, such claim is unavailable as a matter of law. Moreover, Plaintiff cannot establish the necessary elements of such a claim.

4.

The undisputed evidence, consisting primarily of Plaintiff's testimony, shows that Plaintiff's heightened risk claim is prescribed as a matter of law.

WHEREFORE, the Board prays that this Court grant summary judgment in its favor, dismissing the remaining claims of Plaintiff Calise Richardson in their entirety, with prejudice.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

By:      */s/ Susan W. Furr*
Susan W. Furr, Bar Roll No. 19582
Karleen J. Green, Bar Roll No. 25119
Shelton Dennis Blunt, Bar Roll No. 21230
Gregory T. Stevens, Bar Roll No. 29436
Jessica C. Huffman, Bar Roll No. 30445
Michael B. Victorian, Bar Roll No. 36065
Molly McDiarmid, Bar Roll No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
P.O. Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
karleen.green@phelps.com
dennis.blunt@phelps.com
greg.stevens@phelps.com
jess.huffman@phelps.com
michael.victorian@phelps.com
molly.mcdiarmid@phelps.com

2

PD.42443844.1

**ATTORNEYS FOR DEFENDANT, THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

## CERTIFICATE OF SERVICE

I do hereby certify that on June 30, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Undersigned counsel will send an electronic copy of the same to Plaintiffs' counsel.

/s/  Susan W. Furr
Susan W. Furr

PD.42443844.1