CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 1 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 1 of 50

**EXHIBIT 6**

**Clery Rationale**

**Tags**

**Next Deadline Date**                                    **Reason**

**Incident Summary**
you harassed a fellow student during the 2018-2019 academic year

**Incident Description**
** If this is a discrimination or harassment complaint, please indicate the protected status(es) that is/are the basis of the alleged behavior.
Sex/Gender

** Describe the incident(s)/event(s) including date, times, locations, and any potential witness(es) to the behavior.
At approximately 11:45am, Resident ███████ contacted former Resident Assistant ███████ with information regarding a potential dating violence and stalking situation. Resident ███████ shared that a relationship with Resident [███████ had become an issue (violence, stalking, etc.). Student ███ shared this information with Graduate Resident Director ███ ███ via text. GRD ███ contacted Associate Director Christine Wesserling to follow up.

** Describe the impact the behavior has had on you.
N/A

** Have you taken any action to stop the behavior?
No

** If you have taken action to stop the behavior, what actions have you taken and what was the outcome?
N/A

** Please add any additional information that supports your complaint. You may upload screenshots, other pictures, or documents later in this form.
N/A

** What remedy are you seeking (no contact, restrictions or limitations, removal)?
N/A

## RESOLUTION INFORMATION

**Charges/Issues**                                         **Findings (if applicable)**
1) 10.2 Harassment                                          Responsible
2) 10.2 Offensive Behavior                                  Not Responsible
3) 10.2 Property Misuse                                     Responsible
4) 10.2 Stalking                                            Not Responsible

**Appt. Date**                    **Appt. Time**            **Appt. Location**
2019-05-31                        11:00 AM                  Suite 340, LSU Student Union

**Hearing/Resolution Date**       **Hearing/Resolution Type**   **Hearing Officer(s)**
2019-05-29                        Accountability Meeting    Asst. Dir. SAA (Daniel DeLuca)

**Parental Notification**         **Holds in Place**        **Appeal Status**
No                                Holds Removed             No appeal filed

**Rationale**
Based on the information provided in the report as well as during our meeting I have reached preponderance for Harassment and Property Misuse. Based off of the snapchat you provided you were aware or should have been aware that ███████ wanted no further contact with you. However, you persisted to continue communication after this notification. As such, I have assigned outcomes that are consistent with a first time violation of this nature.

**CC List**

## SANCTIONS / ACTIONS

✔ = completed, ✘ = incomplete, ➔ = referred to another case

✔      **Commitment to Community Essay**

████████████ Redacted ████████████          Page 15 of 17

# EXHIBIT I

BOS-004196

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 2 of 50    EXHIBIT 6
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 2 of 50

**TITLE:**
**DUE:**                                                        2019-07-07

✔ **Disciplinary Probation without Restriction**

**EFFECTIVE FROM:**                                    2019-06-07
**EFFECTIVE TO:**                                        2020-05-31

✔ **No Contact Directive**

**WITH:**                                    ███████████

---

## NOTES

**Individual Notes**

| | |
|---|---|
| *Jeffrey Scott* | CASE NOTE<br>Friday May 3, 2019 at 10:27am |

Discussed merits of case with Jennie Stewart, TIX Coordinator. It was agreed that actions do not rise to the level of a Title IX violation, however there appears to be student conduct issues. Case is being assigned to SAA for further action.

**Reschedule of Accountability meeting**                                    PHONE WITH STUDENT
*Daniel DeLuca*                                                                    Tuesday May 28, 2019 at 3:27pm

Student asked to have Accountability meeting via phone on 5/29

**Confirming Accountability Meeting**                                    EMAIL WITH STUDENT
*Daniel DeLuca*                                                                    Tuesday May 28, 2019 at 3:30pm

From: Daniel DeLuca
Sent: Tuesday, May 28, 2019 3:30 PM
To: ███████ ███
Subject: RE: LSU

HI ███,

Thank you for the email and the phone call. To confirm, I will call you tomorrow, May 29th at 11:00 am. If you can remember to send your Student Statement Form which was attached to that letter via email before the call that would be great.

Best,
Daniel DeLuca

From: ███████ ███
Sent: Tuesday, May 28, 2019 3:21 PM
To: Daniel DeLuca
Subject: LSU

hello
I am currently in Metairie and wish to reschedule my hearing to Wednesday May 29 at 11:00 a.m.



# EXHIBIT I

BOS-004197

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 3 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 3 of 50

# EXHIBIT 6

**Submission of additional information**
*Daniel DeLuca*

EMAIL WITH STUDENT
Friday May 31, 2019 at 8:38am

From: Daniel DeLuca
Sent: Friday, May 31, 2019 8:36 AM
To: 
Subject: RE: LSU

█.

I had no problems opening the video, and I appreciate you sending it along. Also, thank you for sending along the snapchat. If you could please remember to submit your student statement form that would be helpful.

Thanks again,
Daniel DeLuca

From: ████ ██ ██
Sent: Friday, May 31, 2019 12:22 AM
To: Daniel DeLuca
Subject: Re: LSU

Couldn't send the video from my laptop so i took a video of it from my phone, but it made me compress it. Do not know if there will be problems with you opening it.
Get Outlook for iOS

---

**Summary of Accountability Notes Added**
*Daniel DeLuca*

CASE NOTE
Friday May 31, 2019 at 8:57am

Please see summary of accountability meeting with ████ on 5/29 in EFC.

**Question about Hold**
*Daniel DeLuca*

EMAIL WITH STUDENT
Wednesday July 17, 2019 at 11:18am

Student received email about hold even though he sent his reflection essay. Told student it was by mistake and that no hold was currently on account. Please see email within EFC.

---

## ELECTRONIC FILE CABINET

| Doc ID | Filename | Date Modified | File Size | Associated with |
|---|---|---|---|---|
| 00157125 | img4088.jpg | March 21, 2019 2:59 pm | 313.97kb | All parties |
| 00157124 | IR | March 21, 2019 2:59 pm | 3.02kb | All parties |
| 00157126 | img4089.jpg | March 21, 2019 2:59 pm | 285.19kb | All parties |
| 00157127 | img4090.jpg | March 21, 2019 2:59 pm | 267.27kb | All parties |
| 00157128 | img4091.jpg | March 21, 2019 2:59 pm | 258.99kb | All parties |
| 00161371 | Case Creation Sheet | April 26, 2019 11:11 am | 9.84kb | This individual |
| 00163805 | SAAChargeLetterEndofSemester(Email) | May 28, 2019 2:58 pm | 258.27kb | This individual |
| 00163897 | IMG_7905.MP4 | May 31, 2019 8:38 am | 1.44MB | This individual |
| 00163898 | █Redacted█ | May 31, 2019 8:38 am | 1.29MB | This individual |
| 00163899 | Summary of potentially relevant information with ████ █Redacted█ | May 31, 2019 8:57 am | 15.44kb | This individual |
| 00164148 | CRF | June 7, 2019 3:13 pm | 5.30kb | This individual |
| 00164149 | SAAAdminOutcomeLtr(Email) | June 7, 2019 3:17 pm | 628.25kb | This individual |
| 00165575 | SAAOutcomeOutstanding(Email) | July 15, 2019 8:57 am | 689.58kb | This individual |
| 00165576 | SAAOutcomeOutstanding(Email) | July 15, 2019 8:57 am | 689.58kb | This individual |
| 00165582 | █Redacted█ | July 15, 2019 10:13 am | 18.79kb | This individual |
| 00165735 | Question about Hold_Email | July 17, 2019 11:16 am | 2.17kb | This individual |

█Redacted█

Page 17 of 17



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 4 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 4 of 50

**EXHIBIT 7**



June 7, 2019

Redacted

Sent electronically to 

                                                              **PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2018371704

Dear Mr. Redacted

On May 29, 2019, you met with Daniel DeLuca, who after a review of the information, has made the following determinations regarding your responsibility for the following charges from the LSU Code of Student Conduct:

10.2 Harassment -- Responsible
10.2 Offensive Behavior -- Not Responsible
10.2 Property Misuse -- Responsible
10.2 Stalking -- Not Responsible

Subsequently, you are assigned the following outcome:

Commitment to Community Essay
You are required to write a reflection essay related to the incident in which a violation of University policy occurred. Please follow the attached instructions to submit your essay no later than July 7, 2019. Email the completed essay to dossaa@lsu.edu as either a PDF file or Microsoft Word document.

Disciplinary Probation without Restriction
You have been placed on Disciplinary Probation without Restriction effective June 7, 2019 through May 31, 2020. This status will not prevent you from holding a leadership position in a registered Student Organization, participating in LSU Study Abroad and/or other representation of the University. The Disciplinary Probation will not be recorded on your transcript except in cases of Academic Misconduct.

No Contact Directive
There is a mutual "no contact" order between you and ▮▮▮▮▮▮▮▮▮ You are directed to avoid contact with each other until such time as this directive is lifted in writing. This mutual "no contact" order does not imply any judgment regarding the factual nature of the incident. Both you and ▮▮▮▮▮▮▮▮ are to refrain from: 1. approaching one another at any time; 2. calling one another at any time; 3. sending via email, campus or regular mail anything to one another; 4. contacting or communicating with one another, including through a third party, in any way at any time. Should you need to contact ▮▮▮▮▮▮▮▮ you must do so through this office.

The following rationale has been provided by the hearing officer / panel:Based on the information

*Louisiana State University • 340 LSU Student Union, Baton Rouge, LA • 70803 • O 225-578-4307 • E dossaa@lsu.edu*

# EXHIBIT I

BOS-004135

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 5 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 5 of 50

**EXHIBIT 7**

provided in the report as well as during our meeting I have reached preponderance for Harassment and Property Misuse. Based off of the snapchat you provided you were aware or should have been aware that ███ wanted no further contact with you. However, you persisted to continue communication after this notification. As such, I have assigned outcomes that are consistent with a first time violation of this nature.

Per Section 6.0 of the Code of Student Conduct, you have the right to **accept** or **decline** this outcome. By accepting the outcome, you agree to comply with the outcome and deadlines included in this letter, as well as accept responsibility for your actions in this case. To accept, you may simply work towards the deadlines for educational outcomes, there is no need to respond.

However, you may also decline the outcome in this letter and request that the case be reheard by a University Hearing Panel (UHP). In this instance, a UHP will issue a decision that will replace the outcome in this letter. Please refer to the UHP Guide for Students for more information on the hearing process. **You may request a UHP by completing following link** UHP Request form **within three (3) business days of the date of this letter.**

You will be required to complete any conditions or activities as directed in this letter. Please understand that should you fail to complete any portion of this outcome, a registration hold may be placed on your record and will remain until all outcome requirements are completed.

If you have any questions, please email dossaa@lsu.edu or call 225.578.4307.

Sincerely,

Daniel DeLuca
Assistant Director, Student Advocacy & Accountability

**EXHIBIT I**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 6 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 6 of 50

**EXHIBIT 7**



LSU Commitment to Community Reflection Essay

As a way to affirm our commitment to the LSU community, all members of the community agree to the Commitment as a guiding principle. Using the reflective questions, you will be able to consider your role in the LSU community and how the violation(s) of the Code of Student Conduct may have impacted the LSU community.

By completing this module, you will be able to:

- ✓ Describe ethics and decision-making in congruence with values and goals.
- ✓ Demonstrate reflective thinking utilizing ethical decision-making techniques to achieve positive change in behavior.

---

**THE LSU Commitment to Community**

- ✓ Use this link to view the Commitment to Community:
  https://www.lsu.edu/deanofstudents/about/commitment-to-community.php
- ✓ Adopted as a "Statement of University position" on behalf of the Louisiana State University and Agricultural & Mechanical College community on the fifth of May in the year 1995; this statement is the foundational expectation for LSU student conduct as outlined in section 1.0 of the Code of Student Conduct.

**COMPLETING THIS ASSIGNMENT**

1. Read over the LSU Commitment to Community and reflect on the questions below.
2. This reflective essay should be 3-5 pages in length, typed, double-spaced, 1" margins, Times New Roman or Calibri, 12 pt. font.
3. If using any thoughts, ideas, structure or words that are not your own, you must cite the source using APA or MLA format.
4. Do not simply type out the responses to the reflection questions; this should read as a coherent essay that addresses all reflection questions.  Do not use this opportunity to justify your actions, negate responsibility, and/or criticize people or processes.
5. Submit electronically via email only by the deadline in your outcome letter. Student Advocacy and Accountability, dossaa@lsu.edu or Residential Life Student Conduct Office, rlstudentconduct@lsu.edu.

*Questions to consider:*

1. Why do you think LSU students established the Commitment to Community?
2. Which of the tenets do you find most impactful and why?
3. Reflect on your situation, how did your actions violate these tenets?
4. Moving forward, what changes do you plan on incorporating in your daily life and decisions that will allow you to act more closely aligned with LSU's community values?

***PLEASE NOTE: If you have not completed this activity by the deadline specified in your outcome letter, a hold will be placed on your account.*** If you would like to request an extension on the deadline, please email the SAA Official/Hearing Officer who signed your outcome letter.

**EXHIBIT I**

BOS-004137

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 7 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 7 of 50

**EXHIBIT 8**



**2018333301**                                            Closed
Sexual Misconduct (PM-73 or Title IX)

# Elisabeth Ashley Andries (894203657)

## DEMOGRAPHICS

| | | |
|---|---|---|
| **DOB**<br>1998- | **Athletics**<br>Not Athlete | **Risk Level** |
| **Gender**<br>Female | **Greek**<br>Not Greek | **Department/Course** |
| **Ethnicity**<br>White | **Honors**<br>N/A | |
| **Classification**<br>ENGR 3 IE | **ROTC / Veteran**<br>N | |
| **Major**<br>Industrial Engineering | **Pronouns** | |
| **Academic Advisor** | **Honorific** | |

**GPA Last Term / GPA Cumulative**
2.680 / 2.220

## CONTACT INFORMATION

| | | |
|---|---|---|
| **Housing**<br>Off Campus | **Local** | **Permanent**<br>1 |
| **Username**<br>eandri2 | | 9856408275 |
| **Email Address**<br>eandri2@lsu.edu | | |

**Emergency Contact**

## INCIDENT AND CASE INFORMATION

| | | |
|---|---|---|
| **Report Number** | **Role**<br>Victim | |
| **Incident Date**<br>2016-10-28 | **Incident Time** | **Incident Location** |
| **Reported Date**<br>2019-03-20 | **Referral Source**<br>Student - Self | **Reported By** |
| **Case Created Date**<br>2019-02-21 | **Assigned To**<br>Jonathan Sanders, Ph.D.<br>(Assoc. DOS & Dir. - SAA) | **Home Office**<br>C.A.R.E. Team |
| **Access Restriction**<br>No group-based restriction | | |

# EXHIBIT I

BOS-001565

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 8 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 2 of 9

**EXHIBIT 8**

**Clery Reportability**

**Clery Rationale**

**Tags**
PM73
UHP

**Next Deadline Date**                    **Reason**
2019-06-28                                Unspecified at case creation

**Incident Description**
Louisiana State University
Request an Accountability Advisor
Submitted on February 21, 2019 at 9:33:09 am CST
Nature:
Urgency:
Incident Date and Time:
Incident Location:
Accountability Advisor Request
Non-emergency
2019-02-21
x
Reported by
Name:
Title:
Email:
Phone:
Address:
Elisabeth Andries
894203657
endri2@lsu.edu
9856408275
[UNAUTHENTICATED]
Questions
Charge/Alleged Violation:
Title IX and Sexual Misconduct
Availability to Meet with an Accountability Advisor
Monday (9am -11am), Tuesday (9am - 11am), Tuesday (1pm - 3pm), Wednesday (9am - 11am), Thursday (9am
- 11am)
Would you prefer to meet with a male or female advisor?
Female Advisor
Please provide a brief synopsis of your case:
I want to file a Title IX case against the student who sexually assaulted me
Is there any additional information that you believe would be helpful when matching you with an advisor?
No
If yes, please explain:
Date of Accountability Meeting
2/2018
Pending IR #00019074
Submitted from 167.96.12.91 and routed to Eddie St-Vil (Assistant Director for Student Advocacy & Accountability). Processed
by routing rule
#149.
Copies to: tblanch@lsu.edu,jsanders@lsu.edu,estvil@lsu.edu

---

**RESOLUTION INFORMATION**

**Charges/Issues**                                **Findings (if applicable)**
1) Victim/Survivor

**Appt. Date**              **Appt. Time**              **Appt. Location**
2019-08-22                  2:30 pm                     4th Floor, LSU Student Union

**EXHIBIT I**

BOS-001566

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 9 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 9 of 50

**EXHIBIT 8**

| | | |
|---|---|---|
| **Hearing/Resolution Date** | **Hearing/Resolution Type** | **Hearing Officer(s)** |

| | | |
|---|---|---|
| **Parental Notification** | **Holds in Place** | **Appeal Status** |
| No | | No appeal filed |

**Rationale**

**CC List**

---

**SANCTIONS / ACTIONS**

✔ = completed, ✘ = incomplete, ➜ = referred to another case

No sanctions/actions listed

---

**NOTES**

**Individual Notes**

| | |
|---|---|
| *Eddie St-Vil* | CASE NOTE |
| | Thursday February 21, 2019 at 4:00pm |

Case came in as an Accountability Advisor request but is a student inquiring about filing a TIX report.

| | |
|---|---|
| **meeting** | PHONE WITH STUDENT |
| *Tracy Blanchard* | Tuesday February 26, 2019 at 12:52pm |

talked to student and offered times to meet.

| | |
|---|---|
| **trying to meet** | EMAIL WITH STUDENT |
| *Tracy Blanchard* | Tuesday February 26, 2019 at 12:56pm |

I was out sick yesterday, so I wanted to follow up and make sure we can connect. Let me know when you are free to talk.

Tracy Blanchard


Tracy K. Blanchard, MHS-L.P.C.
Associate Director and Assistant Dean
Student Advocacy & Accountability
Louisiana State University
333 Student Union, Baton Rouge, LA 70803
office 225-578-5969 | fax 225-578-9441
tblanch@lsu.edu | lsu.edu | dossaa@lsu.edu.

**EXHIBIT I**

BOS-001567

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 10 of 50
Case 3:21-cv-00242-WBV-SDJ     Document 371-16 *SEALED* 07/10/23     Page 246 of 301

**EXHIBIT 8**

**email follow up**
*Tracy Blanchard*

EMAIL WITH STUDENT
Thursday February 28, 2019 at 1:55pm

I have openings today up until 3:30 if you can stop by.


Tracy K. Blanchard, MHS-L.P.C.
Associate Director and Assistant Dean
Student Advocacy & Accountability
Louisiana State University
333 Student Union, Baton Rouge, LA 70803
office 225-578-5969 | fax 225-578-9441
tblanch@lsu.edu | lsu.edu | dossaa@lsu.edu.


**Meeting**
*Tracy Blanchard*

IN PERSON WITH STUDENT
Thursday March 7, 2019 at 12:18pm

Met with student who reported a previous assault by another student (3 years prior). She wants to move forward with the Title IX process given that she is now in a class with him and she feels ready to participate in this process. I discussed resources and options for her to evaluate. She has recently connected to a counselor and to DS for accommodations. I also offered to reach out to her faculty or look at class alternatives if needed. She asked to have the Title IX investigator reach out to her so I will be doing so to begin this process.


*Jeffrey Scott*

CASE NOTE
Monday March 11, 2019 at 2:51pm
Last edited Monday March 11, 2019 at 2:53pm

Reached out to student. She sent email and said she could meet on Friday, March 15th. I will be out of the office that day and gave to Kimberly ████ to reach out to meet with her. Kimberly sent email to student with her availabilty for Friday.

From: Kimberly R ████
Sent: Monday, March 11, 2019 2:19 PM
To: Elisabeth A Andries
Subject: Re: Title IX Investigation


Elisabeth,

I'm available on Friday from 10:30-12:00 and from 3:00-5:00. I can meet you on campus (either in my office or somewhere more convenient for you) or near campus -- whatever is most convenient for you.

Thanks,

Kimberly ████
Graduate Assistant for Title IX
Louisiana State University
(225) 578-8227
_____
From: Jeffrey Scott
Sent: Monday, March 11, 2019 12:06 PM
To: Elisabeth A Andries
Cc: Kimberly R ████
Subject: RE: Title IX Investigation


Hi Elisabeth,

Thank for your prompt response. I will not be available on Friday, March 15th, however our Title IX Grad Assistant Kimberly ████ will be available to meet with you to obtain your information. I have included Kimberly on this email. If you would like to coordinate with her, she can meet with you.

Thanks,

**EXHIBIT I**

BOS-001568

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 11 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 11 of 50

**EXHIBIT 8**

Jeff Scott
Title IX Lead Investigator
Louisiana State University
3810 West Lakeshore Drive, Ste. 123
Baton Rouge, LA 70803
Office: 225-578-3328
jscott11@lsu.edu | lsu.edu


-----Original Message-----
From: Elisabeth A Andries
Sent: Monday, March 11, 2019 11:54 AM
To: Jeffrey Scott
Subject: Title IX Investigation

Hello,

My name is Elisabeth Andries and I received a letter from you on Friday March 8th. I work two jobs so I unfortunately cannot meet until this Friday, March 15th. I can meet anytime after 10:30. Thank you for reaching out to me so quickly.

Regards,
Elisabeth Andries

**EXHIBIT I**

BOS-001569

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 12 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 12 of 50

**EXHIBIT 8**

**Inquiry Meeting**
*Kimberly* ▮

IN PERSON WITH STUDENT
Friday March 15, 2019 at 10:30am
Last edited Tuesday April 2, 2019 at 3:16pm

I met with Elisabeth on March 15. She is a junior at LSU, and the assault she reported occurred following a Halloween party in New Orleans during her freshman year (2016-2017). At the time, she was a member of Delta Gamma, and she had a friend (she later disclosed that it was ▮ ▮) who was a member of Pi Kappa Phi, and he invited her to the party. Elisabeth shared that ▮ was aggressive or "handsy" when he was intoxicated, but she and another female friend (▮—I did not confirm spelling or get a last name) would push him away. Before the party, however, ▮ started talking to others about how he was going to "get it" with Elisabeth during the trip. Elisabeth said she was very clear that she was not interested in a physical or romantic relationship with ▮.

The night of the party, Elisabeth dressed up as Bernie Sanders, and ▮ dressed up as Donald Trump. Elisabeth said that she forgot to eat before the party and ended up being extremely drunk at the party. She recalled that she disappeared from the party and stayed in a bathroom for two hours; Elisabeth says she threw up "a lot" while she was in the bathroom.

Elisabeth made it back to the bus for the trip home and still felt sick. (She remembered focusing on a cup she was holding in case she had to throw up again because she didn't want to miss the cup.) Elisabeth took a seat, and ▮ came close to her and pushed her toward the window of the bus. Elisabeth told me that she said "no" repeatedly but was not sure how loud she was. She remembers saying "no" many times, but ▮ felt under her shirt anyway.

After the party, a group of male students brought her home in a car. When she woke up the next morning, she had bruises on her chest. Elisabeth did not tell her roommate what happened. She left and went home to Slidell.

▮ and Elisabeth continued to talk, and Elisabeth said she was "kind of friends" with him. One night in July 2017, he called her and asked her to pick him up from a bar. She brought him to her place, and she allowed him to lie in her bed. When ▮ tried to touch her, Elisabeth told him, "Don't you dare fucking touch me," and he stopped. After that night, she tried to cut things off with ▮.

Later, Elisabeth's friend ▮ told her that her friend Redacted had been approached by ▮ on the bus from New Orleans when Elisabeth was passed out. Elisabeth filed a Lighthouse report in spring 2018 (January or February) but did not give ▮ name at that time. Elisabeth gave his name this time because she realized that ▮ behaviors were occurring with other women. Elisabeth gave Redacted full name (Redacted Redacted) but said she was studying abroad this semester. I let her know that Redacted could give a statement without attending an in-person meeting. Elisabeth said she had spoken with Redacted, and Redacted was more than willing to share her story. Elisabeth said ▮ would know names of other students who had similar experiences with ▮. I gave Elisabeth a Tigers Are Committed booklet for herself and for ▮ to share with the other students if they had questions.

Recently, Elisabeth changed majors from industrial engineering to mechanical engineering. Following the drop date this semester, ▮ showed up in one of her classes. Elisabeth would prefer to not have classes with ▮, but most of the classes they need for their major are only offered one section per semester. We discussed what could be done to assist her, and Elisabeth expressed interest in having a no contact order. I spoke with her about retaliation and made sure she knew to let someone in Title IX know if any retaliation occurred.

**Investigative results**
*Jeffrey Scott*

PHONE WITH STUDENT
Wednesday June 5, 2019 at 11:15am
Last edited Thursday June 13, 2019 at 9:38am

Student is out of country, so I went through the report and explained the results and next steps with her via the telephone. Will follow-up with email.

**Appeal Notification**
*Jennie Stewart*

CASE NOTE
Friday June 21, 2019 at 9:42am

Respondent in case has indicated with to appeal. Has until Friday, June 28 to submit any documentation. Complainants can also submit any documentation during the same time frame. Pinged Susan for notification.

**Appeal Outcomes**
*Jennie Stewart*

EMAIL WITH STUDENT
Friday July 26, 2019 at 4:59pm

Appeal outcomes notification sent to student via email from Jennie today.

Export of File ID 2018333301 generated by Jeffrey Scott on November 24, 2020 at 11:17:06am CST          Page 6 of 9

**EXHIBIT I**



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 13 of 50    **EXHIBIT 8**
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 13 of 50

**meeting reminder**
*Chandler Rose Ramsak*

PHONE WITH STUDENT
Wednesday August 21, 2019 at 1:19pm

Left student a voicemail reminding her of her meeting with our office.

---

**Meeting with Student**
*Jonathan Sanders, Ph.D.*

CASE NOTE
Thursday August 22, 2019 at 2:30pm
Last edited Monday November 16, 2020 at 4:18pm

I met with Elisabeth and she shared that she had switched to an industrial engineering major. She shared that she was on the Tiger racing team, but had to let that go due to time commitments. Elisabeth shared she will graduate in May 202. She also shared that she has a boyfriend who lives in France and they met through an exchange student several years ago. Elisabeth and I spoke about her having one class with ████ this fall. Tracy then joined us for our meeting and discussed her options based on Tracy speaking with her College. Elisabeth shared that she had to complete a math class tomorrow that was a prerequisite for several classes and that she would then need to add two classes to her schedule. Tracy told her to connect with her tomorrow and that she could assist her with the class piece along with her College.
I then asked Elisabeth about information in her report. I asked what she meant by that she tried to cut things off, and she stated that ████ would text her and she would not respond. She didn't think it was at a harassing level, but didn't want to have any more contact with him. She said the last time she has spoken to ████ was when she saw him at Pluckers fall 2018 as they were there late night getting food. She said that her boyfriend almost got into a fight with him as ████ was trying to talk to her and she didn't want to speak with him. I asked if there was any additional information that she might have or someone else would have that would assist me in the process. She then thought she might have some text messages that could be related and she would look at her old phone to see if she could find those. She said they were not about the night in question, but might demonstrate Redacted wanting to continue to contact her. She said she could send me those messages by Wednesday. Elisabeth shared that a friend in Delta Zeta named Redacted that evening when they were hanging out before the bus trip that Elisabeth was going to at least make out with ████ and she said that she said no way and Redacted was standing next to her when she said this.

Elisabeth shared that she had concerns that ████ had an extra 10 days for his appeal to Title IX. I let her know I could not speak to that, but I would be happy to share her concerns. Elisabeth said she is wanting to never be in a class with him again and she would like a no contact directive. At the end of our conversation Elisabeth became upset and said it was not fair that she would have to switch classes since she was the victim. I told her that she didn't have to switch classes, but we were able to work out a solution with her department where she could switch to a different section.

---

**Additional info not found**
*Jonathan Sanders, Ph.D.*

EMAIL WITH STUDENT
Tuesday August 27, 2019 at 12:23pm

From: Elisabeth A Andries
Sent: Tuesday, August 27, 2019 9:06 AM
To: Jonathan B Sanders
Subject: Additional Information

Hello,
I just found my phone last night and went through it last night and realized that last year I had deleted all of our messages through text and snapchat. Thank you for being patient for the extra information.
Regards,
Elisabeth Andries

---

**Victim Outcome Memo has bee uploaded to EFC**
*Jonathan Sanders, Ph.D.*

CASE NOTE
Thursday September 5, 2019 at 4:43pm

Victim Outcome Memo has bee uploaded to EFC

---

**Scheduling of UHP**
*Daniel DeLuca*

EMAIL WITH OTHER
Wednesday September 11, 2019 at 2:30pm

Please see email in EFC.

---



BOS-001571

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 14 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 24 of 30

# EXHIBIT 8

**Confriming AUHP**
*Daniel DeLuca*

EMAIL WITH STUDENT
Friday September 13, 2019 at 9:32am

Sent student email to follow up confirmation of AUHP being scheduled and also attached that letter. (See email in EFC).

**Update to Material Observers**
*Daniel DeLuca*

EMAIL WITH STUDENT
Thursday September 19, 2019 at 8:39am

Sent student memo informing them that SAA will be also calling Kimberly ███ as a material observer. Memo is saved under Respondents EFC.

**Questions about UHP**
*Daniel DeLuca*

EMAIL WITH STUDENT
Friday September 20, 2019 at 8:44am

Student had reached out to Tracy about some questions in regards to the UHP process. Please see email with answers attached in EFC.

**Confirming AUHP Attendance & Advisor**
*Daniel DeLuca*

EMAIL WITH STUDENT
Monday September 23, 2019 at 3:12pm

See email within EFC.

**Call from Dad and Mom**
*Daniel DeLuca*

PHONE WITH OTHER
Monday October 14, 2019 at 11:08am

Students parents called asking questions about the appeal that was filed (their daughter was never provided notice from the Dean of Students). I explained that the appeal process is managed by the Dean of Students and provided them with the contact information. I further apoligzed that notice was not given to their daughter and that I would pass the message along to contact them ASAP.

**Call from Dad**
*Arlette Henderson*

UNCATEGORIZED
Monday October 14, 2019 at 2:00pm
Last edited Wednesday October 16, 2019 at 10:20am

Dad wanted to understand the appeals process and when the decision would be make. Contacted Emily Hester, who is reviewing the appeal, and she stated that she would have a decision on the case by Wednesday, October 16th. Dad states that is daughter saw the alleged at a game and was not notified that he was still on campus. Dad asked if all of the evidence would be reviewed. I informed dad that all evidence would be reviewed. Also informed dad that Elisabeth could come to our office if she needed to talk with someone. Dad thanked me and said he would tell Elisabeth to come to the office and talk with me.

---

## ELECTRONIC FILE CABINET

| Doc ID | Filename | Date Modified | File Size | Associated with |
|--------|----------|---------------|-----------|-----------------|
| 00153310 | Case Creation Sheet | February 21, 2019 4:00 pm | 9.96kb | This individual |
| 00153314 | Additional Report | February 21, 2019 4:05 pm | 4.14kb | This individual |
| 00155017 | PleaseContact(Email) | March 8, 2019 8:58 am | 709.31kb | All parties |
| 00162861 | IR | May 8, 2019 3:59 pm | 11.28kb | All parties |
| 00163977 | ViolationHasOccurredComplainant(Email) | June 4, 2019 1:36 pm | 36.04kb | This individual |
| 00164057 | Case 20183333 ███ Final Report.pdf | June 5, 2019 4:37 pm | 287.92kb | All parties |
| 00166238 | Appeal Outcome Notification.pdf | July 26, 2019 4:54 pm | 44.70kb | All parties |
| 00166511 | SAARequestToMeet(Email) | August 8, 2019 5:25 pm | 752.83kb | This individual |
| 00166704 | Email - Document #00166704 | August 14, 2019 3:53 pm | 7.65kb | All parties |
| 00166705 | Scanned from a Xerox Multifunction Printer.pdf | August 14, 2019 3:53 pm | 90.25kb | All parties |
| 00166706 | ███ Additional Doc SSF for SAA.docx | August 14, 2019 6:09 pm | 13.14kb | All parties |
| 00168856 | VictimOutcomeMemo(Memo) Elisabeth Andries.pdf | September 5, 2019 4:43 pm | 855.40kb | This individual |

# EXHIBIT I



BOS-001572

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 15 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 9 of 50

EXHIBIT 8

| 00170171 | UHP Scheduling_Email | September 11, 2019 2:29 pm | 5.39kb | This individual |
| 00170501 | Email - Document #00170501 | September 13, 2019 9:31 am | 5.35kb | This individual |
| 00170502 | VictimUHPAckno.pdf | September 13, 2019 9:31 am | 615.52kb | This individual |
| 00172043 | Questions about UHP_Email | September 20, 2019 8:44 am | 3.61kb | This individual |
| 00172493 | Email - Document #00172493 | September 23, 2019 3:06 pm | 9.02kb | This individual |
| 00172494 | image003.png | September 23, 2019 3:06 pm | 334.00B | This individual |
| 00172495 | image002.png | September 23, 2019 3:06 pm | 1.85kb | This individual |
| 00172948 | Additional Redacted Redacted UHP.pdf | September 24, 2019 4:48 pm | 1.00MB | All parties |

EXHIBIT I

BOS-001573

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 16 of 50    EXHIBIT 9
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 248 of 301



**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2018333303

MEMORANDUM FOR VICTIM

TO: Elisabeth Andries
FROM: Jonathan Sanders
DATE: September 5, 2019

Thank you for submitting the incident report regarding ▮Redacted▮ and incident(s) of behavioral misconduct reported on March 20, 2019. The Student Advocacy & Accountability (SAA) Official has met with the student and issued the following outcome:

Anger Management and/or Healthy Relationships

You are required to complete a meeting with the Student Health Center Office of Wellness & Health Promotion. Please see the attached instruction sheet for details. You must complete the assessment no later than October 11, 2019. Please see the attached instructions.

Commitment to Community Course
You are required to complete the Commitment to Community course on ethics and decision-making. Your course schedule has been consulted and you have been assigned to the course in full no later than October 31, 2019. You must attend the entire course to receive credit. You will need to sign up for a class in the Community Moodle. Please see the attached information sheet for details.

Deferred Suspension
You have been placed on Deferred Suspension effective September 5, 2019 through May 31, 2021. During which any further violation of the Code or University policy shall result in Suspension. Restrictions are including but not limited to, removal from residential facilities, inability to hold a position of leadership in a registered Student organization, participation in intramurals, LSU study abroad programs, and/or other representation of the University. Deferred Suspension will not be recorded on the student's academic transcript except in cases of Academic Misconduct.

No Contact Directive
There is a mutual "no contact" order between you, Elisabeth Andries, and ▮Redacted▮ ▮Redacted▮ . You are directed to avoid contact with each student until such time as this directive is lifted in writing. This mutual "no contact" order does not imply any judgment regarding the factual nature of the incident. Both you, Elisabeth Andries and ▮Redacted▮ ▮Redacted▮ are to refrain from: 1. approaching one another at any time; 2. calling one another at any time; 3. sending via email, campus or regular mail anything to one another; 4. contacting or communicating with one another, including through a third party, in any way at any time. Should you need to contact Elisabeth Andries or ▮Redacted▮ ▮Redacted▮ you must do so through this office.

The following rationale has been provided by the hearing officer / panel:

**EXHIBIT I**



BOS-002734

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 17 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 17 of 50
EXHIBIT 9

Based on the Title IX investigation report, my review of the information available, and my conversation with you and other parties associated with the case, I was able to reach preponderance that you violated the Code of Student Conduct. I have issued an outcome that is appropriate for the nature of this violation and mitigating factors that were involved in the case.

Per Section 6.0 of the Code of Student Conduct, you have the right to **accept** or **decline** this outcome.

You may decline the outcome in this letter and request that the case be reheard by a University Hearing Panel (UHP). In this instance, a UHP will issue a decision that will replace the outcome in this letter. Please refer to the UHP Guide for Students for more information on the hearing process. **You may request a UHP by completing following link** UHP Request form **within three (3) days of the date of this letter.**

Thank you for partnering with us in the accountability process. If you have any further questions, do not hesitate to contact us at 225-578-4307 or email me directly.

Jonathan Sanders, Ph.D.
Associate Dean of Students & Director of SAA

Distributed to:    Elisabeth Andries

# EXHIBIT I

BOS-002735

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 18 of 50    **EXHIBIT 9**
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 28 of 50



Commitment to Community Course

You will complete this 1.5 hour course in person as outlined in the accountability outcome letter. There are few available spaces in these courses so, it is imperative that you register for a time in Community Moodle immediately. You will be expected to complete two out of class assignments in addition to the class meeting in order to mark this outcome complete.

By attending this course, you will:

- ✓ Have an opportunity to reflect and evaluate past choices
- ✓ Have an opportunity to reflect on values and how those values align with choices and behavior
- ✓ Develop a values-based mission statement and essay that best tells others what you believe in
- ✓ Learn about the impact that student actions have on the LSU community

---

**ACCESSING THE MODULE**

1. Log into your myLSU account using your LSU PAWS ID (ex. MTiger1) and password.
2. *Look under the "Student Services" tab to find "Community Moodle" and click on "Community Moodle" to access this course. If this option is missing from your menu or you have other Moodle issues, please contact the LSU Help Desk at helpdesk@lsu.edu or 225-578-3375 for assistance.*
3. *You will be added to the course "LSU Commitment to Community Course (SAA)" and will see it on the dashboard of your Community Moodle.  Please allow at least 2 business days for this to be completed.*

*NOTE: this is the direct link to reach the course: http://community.moodle2.lsu.edu/course/view.php?id=571*

**COMPLETING THE MODULE**

1. Each "Section" in the module has a particular activity or assignment that needs to be completed before moving to the next section.
2. You must complete each section in turn before beginning the next.
3. *Once all of the activities have been complete, the module is complete and you will receive a certificate of completion. You will not need to submit this certificate to SAA or RL, as our staff checks for your completion by the deadline.*

***PLEASE NOTE: If you fail to complete this course by the deadline specified in your outcome letter, a hold will be placed on your account.*** If you would like to request an extension on the deadline, please email the SAA Official/ Hearing officer who signed your outcome letter.

# EXHIBIT I

BOS-002736

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 19 of 50
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 19 of 50
EXHIBIT 9



—— Office of the ——
**President**

**Permanent Memorandum No. 73 (Supersedes PM-73 dated June 18, 2014)**

**Effective December 15, 2015**

**F. King Alexander, President**

## TITLE IX AND SEXUAL MISCONDUCT POLICY

### POLICY STATEMENT

In accordance with Title IX and other applicable law, Louisiana State University ("LSU") is committed to providing a learning, working, and living environment that promotes integrity, civility, and mutual respect in an environment free of discrimination on the basis of sex and sexual misconduct which includes sexual assault, sexual harassment, dating violence, domestic violence, stalking and retaliation.

LSU prohibits sexual misconduct and sexual discrimination and has implemented this policy and procedure to prevent acts of sexual misconduct and sexual discrimination and to take prompt and appropriate action to investigate and effectively discipline those found to have engaged in such conduct, in a manner consistent with the law and due process.

LSU shall provide support and assistance to those who complain of sexual misconduct and shall report instances of sexual misconduct in accordance with law. This policy applies to all persons without regard to sexual orientation, gender identity and/or gender expression. Sexual misconduct violates an individual's fundamental rights and personal dignity. LSU considers sexual misconduct in all of its forms to be a serious offense. This policy has been developed to reaffirm these principles and to provide recourse for individuals whose rights have been violated. This policy establishes a mechanism for determining when rights have been violated in all LSU functions, including employment, student life, campus support services, LSU programs and/or an academic environment.

### NONDISCRIMINATION NOTICE

LSU does not discriminate on the basis of race, creed, color, marital status, sexual orientation, gender identity, gender expression, religion, sex, national origin, age, mental or physical disability, or veteran's status in its programs and activities and provides equal access to its programs and activities. Inquiries regarding the non-discrimination policy should be directed to the individual or individuals designated in each campus' applicable policy.

1

**EXHIBIT I**

BOS-002737

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 20 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 20 of 50
EXHIBIT 9

**FREEDOM OF SPEECH**

This policy is not intended to infringe on any form of speech that is protected by the First Amendment of the United States Constitution nor to regulate protected speech.

I.  **JURISDICTION**

   A.  This policy shall apply to conduct that occurs on an LSU campus, at LSU sponsored activities, and/or when the student or employee is representing LSU. LSU shall have discretion to extend jurisdiction over conduct that occurs off campus when the conduct adversely or significantly affects the learning environment or LSU community and would be a violation of this policy and/or any applicable campus policy or code of conduct, if the conduct had occurred on campus. In determining whether or not to extend jurisdiction, LSU may consider, among other factors, its ability to gather information and affect a resolution. LSU may extend jurisdiction (over off- campus conduct) if the alleged conduct by the student or employee:

      1.  Involved violence or produced a reasonable fear of physical harm; and/or
      2.  Involved any other members of the LSU community or any academic work, records, documents, or property of LSU.

   B.  Each student shall be responsible for his/her conduct from the time of acceptance for admission through the actual awarding of a degree or departure from the University.
   C.  Employees are responsible for their conduct during work hours, on campus, at LSU-sponsored activities, and/or when the employee is representing LSU or when their conduct would adversely affect LSU's image, regardless of whether such conduct occurs on-campus or off-campus.
   D.  This policy also applies to any person who is both a student and an employee at LSU, arising out of, or in connection with, conduct in either or both of those capacities. Any violation of this policy may subject such person to disciplinary action, as applicable, in either or both of those capacities.

II.  **DEFINITIONS**

**"Sexual Misconduct"**: A sexual act or contact of a sexual nature that occurs, regardless of personal relationship, without the consent of the other person(s), or that occurs when the person(s) is unable to give consent or whose consent is coerced or obtained in a fraudulent manner. For the purpose of this Policy, sexual misconduct includes, but is not limited to, sexual assault, sexual abuse, violence of a sexual nature, sexual harassment, non-consensual sexual intercourse, sexual exploitation, video voyeurism, contact of a sexual nature with an object, or the obtaining, posting or disclosure of intimate descriptions, photos, or videos without the express consent or the persons depicted therein, as well as dating violence, domestic violence and stalking, as well as crimes of a sexual nature as defined in Title 14 or the Louisiana Revised Statutes or at La. R.S. 44:51.

**"Advisor of Choice" or "Confidential Advisor"**: A student or employee has the right to have an "Advisor of Choice" or a "Confidential Advisor" present during any meeting conducted under this policy.

**"Advisor of Choice"**: This Advisor can be any person who the student or employee chooses but may not have personal involvement regarding any facts or circumstances of the alleged misconduct. This Advisor's only function shall be to assist and/or consult with the student or employee. This Advisor may not act

2


**EXHIBIT I**

BOS-002738

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 21 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 21 of 50
EXHIBIT 9

as a spokesperson. This Advisor may be an attorney but participation shall be limited as stated above.

"**Confidential Advisor**": A person trained in accordance with law and designated by the campus who the student or employee can choose to have support and advise them in accordance with law during the complaint process. This Confidential Advisor may be present during any meeting conducted under this policy to assist and/or consult with the student or employee. This Confidential Advisor may not act as a spokesperson.

"**Coercion**": The use of express or implied threats, intimidation, or physical force which places an individual in fear of immediate harm or physical injury or causes a person to engage in unwelcome sexual activity. Coercion also includes administering a drug, intoxicant, or similar substance with the intent to impair that person's ability to consent prior to engaging in sexual activity.

"**Complainant**": Any student or employee who alleges a violation under this policy.

"**Consent**": Consent to engage in sexual activity must exist from the beginning to the end of each instance of sexual activity. Consent is demonstrated through mutually understandable words or actions that clearly indicate a willingness to engage in a specific sexual activity. Silence alone, without actions evidencing permission, does not demonstrate consent. Consent must be knowing and voluntary. To give consent, a person must be of legal age. Assent does not constitute consent if obtained through coercion or from a person who the alleged offender knows or should reasonably know is incapacitated. The responsibility of obtaining consent, through mutually understandable words or actions, rests with the person initiating sexual activity. Use of alcohol or drugs does not diminish the responsibility to obtain consent. Consent to engage in sexual activity may be withdrawn by any person at any time. Once withdrawal of consent has been expressed, the sexual activity must cease. Consent is automatically withdrawn by a person who is no longer capable of giving consent. A current or previous consensual dating or sexual relationship between the Parties does not itself imply consent or preclude a finding of responsibility.

"**Dating Violence**" includes but is not limited to:

"**Dating Violence**" **as defined by the Clery Act:** Violence, including but not limited to sexual or physical abuse or the threat of such abuse, committed by a person who is or has been in a social relationship of a romantic or intimate nature with the alleged victim. The existence of such a relationship will be determined based on a consideration of the length and type of relationship and the frequency of interaction.

"**Dating Violence**" **as defined by Louisiana Law:** Includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one dating partner against the other (La. RS § 46.2151(C)) For purposes of this Section, "dating partner" means any person who is or has been in a social relationship of a romantic or intimate nature with the victim and where the existence of such a relationship shall be determined based on a consideration of the following factors:
(1) The length of the relationship,
(2) The type of relationship, and
(3) The frequency of interaction between the persons involved in the relationship.

"**Domestic Violence**" includes but is not limited to:

"**Domestic Violence**" **as defined by the Clery Act:** Violence, including but not limited to sexual or physical

3

**EXHIBIT I**

BOS-002739

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 22 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23      Page 22 of 50

**EXHIBIT 9**

abuse or the threat of such abuse, committed by a current or former spouse or intimate partner or any other person from whom the alleged victim is protected under federal or Louisiana law.  Felony or misdemeanor crime of violence committed:

- By a current or former spouse or intimate partner of the victim;
- By a person with whom the victim shares a child in common;
- By a person who is cohabitating with, or has cohabitated with, the victim as a spouse or intimate partner;
- By a person similarly situated to a spouse of the victim under the domestic or family violence laws of the jurisdiction in which the crime of violence occurred; or
- By any other person against an adult or youth victim who is protected from that person's acts under the domestic or family violence laws of the jurisdiction in which the crime of violence occurred.

**"Domestic Abuse" as defined by Louisiana Law**:  Abuse and violence including but not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another.  La. RS 46:2132(3).

**"Family violence" as defined by in Louisiana Law:** Any assault, battery, or other physical abuse which occurs between family or household members, who reside together or who formerly resided together. La. RS § 46.2121.1(2)

**"Hostile Environment":** Includes conduct of a sexual nature that is sufficiently severe, persistent, or pervasive to limit a student's or employee's ability to participate in or benefit from the education program or from one's employment, or to create a hostile or abusive educational or work environment.

**"Incapacitation":**   An individual is considered to be incapacitated if, by reason of mental or physical condition, the individual is manifestly unable to make a knowing and deliberate choice to engage in sexual activity. Being drunk or intoxicated can lead to incapacitation; however, someone who is drunk or intoxicated is not necessarily incapacitated, as incapacitation is a state beyond drunkenness or intoxication. Individuals who are asleep, unresponsive or unconscious are incapacitated. Other indicators that an individual may be incapacitated include, but are not limited to, inability to communicate coherently, inability to dress/undress without assistance, inability to walk without assistance, slurred speech, loss of coordination, vomiting, or inability to perform other physical or cognitive tasks without assistance.

**"Respondent":** Any student or employee against whom a complaint under this policy has been made.

**"Responsible Person":**  Any employee who has the authority to take action to redress sexual violence or who has been given the duty of reporting incidents of sexual violence or any other misconduct prohibited by this policy by students or employees to the Title IX coordinator or other appropriate school designee. Responsible Persons do not include victims' advocates, mental health counselors, or clergy.

**"Retaliation":** Title IX prohibits retaliation. Any acts or attempted acts for the purpose of interfering with any report, investigation, or proceeding under this Policy, or as retribution or revenge against anyone who has reported Sexual Misconduct or who has participated (or is expected to participate) in any manner in an investigation, or proceeding under this Policy. Prohibited retaliatory acts include, but are not limited to, intimidation, threats, coercion, or discrimination.

4

# EXHIBIT I

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 23 of 50
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 23 of 69
**EXHIBIT 9**

**"Sexual assault"**: Any type of sexual contact or behavior that occurs, or is attempted, without the explicit consent of the recipient. Sexual assault includes, but is not limited to, sexual acts, or attempted sexual acts, such as rape, fondling, incest or statutory rape, forced sexual intercourse, sodomy, child molestation, any sexual touching, and includes sexual acts against people who are unable to consent either due to age or incapacitation.

**"Sexual Assault" also includes but is not limited to:**

**"Sexual Assault" as defined by the Clery Act:** Any offense that meets the definition of rape, fondling, incest, or statutory rape as used in the FBI's UCR program.

**"Non-Consensual Sexual Intercourse":** Having or attempting to have sexual intercourse, cunnilingus, or fellatio without consent. Sexual intercourse is defined as anal or vaginal penetration by a penis, tongue, finger, or inanimate object.

**"Non-Consensual Sexual Contact":** Any intentional sexual touching, or attempted sexual touching, without consent.

**"Sexual Assault" also includes sexual battery as defined in La. R.S. 14:43.1.**

**"Sexual Discrimination":** Behaviors and actions that deny or limit a person's ability to benefit from, and/or fully participate in the educational programs, activities, and services because of a person's gender.

**"Sexual Exploitation":** Any act attempted or committed by a person for sexual gratification, financial gain, or other advancement through the abuse or exploitation of another person's sexuality. Examples of sexual exploitation include, but are not limited to, non-consensual observation of individuals who are undressed or engaging in sexual acts, non-consensual audio- or videotaping of sexual activity, prostituting another person, allowing others to observe a personal consensual sexual act without the knowledge or consent of all involved parties, and knowingly exposing an individual to a sexually transmitted infection without that individual's knowledge.

**"Sexual Harassment":** The unwelcome conduct of a sexual nature when i) submission to such conduct is made either explicitly or implicitly a term or condition of a person's employment or education; ii) submission to or rejection of such conduct by a person is used as the basis for a decision affecting that person's employment or education; or iii) such conduct has the purpose or effect of unreasonably interfering with a person's employment or education, or creating an intimidating, hostile, or offensive employment or educational environment, and has no legitimate relationship to the subject matter of a course or academic research. Sexual Harassment also includes non-sexual harassment or discrimination of a person because of the person's sex and/or gender, including harassment based on the person's nonconformity with gender stereotypes. For purposes of this Policy, the various forms of prohibited Sexual Harassment are referred to as "Sexual Misconduct."

**"Sexually-Oriented Criminal Offense":** any sexual assault offense as defined in La. R.S. 44:51, and any sexual abuse offense as defined in La. R. S. 14:403.

**"Stalking" includes but is not limited to:**

5

**EXHIBIT I**

BOS-002741

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 24 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 24 of 50
EXHIBIT 9

**"Stalking" as defined by the Clery Act:** (1) The intentional and repeated following or harassing that would cause a reasonable person to feel alarmed or that would cause a reasonable person to suffer emotional distress; or (2) the intentional and repeated uninvited presence at another person's: home, work place, school, or any other place which would cause a reasonable person to be alarmed or would cause a reasonable person to suffer emotional distress as a result of verbal or behaviorally implied threats of death, bodily injury, sexual assault, kidnapping or any other statutory criminal act to the victim or any member of the victim's family or any person with whom the victim is acquainted. 34 CFR 668.46(a)(ii).

**"Stalking" as defined by Louisiana Law:** The intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress. Stalking shall include but not be limited to the intentional and repeated uninvited presence of the perpetrator at another person's home, workplace, school, or any place which would cause a reasonable person to be alarmed, or to suffer emotional distress as a result of verbal or behaviorally implied threats of death, bodily injury, sexual assault, kidnaping, or any other statutory criminal act to himself or any member of his family or any person with whom he is acquainted. La. RS § 14:40.2(A)  "Harassing" means the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, sending messages via a third party, or sending letters or pictures. "Pattern of conduct" means a series of acts over a period of time, however short, evidencing an intent to inflict a continuity of emotional distress upon the person. Constitutionally protected activity is not included within the meaning of pattern of conduct. La. RS § 14:40.2(C)

## III. TITLE IX COORDINATORS

The President shall designate the LSU Title IX Coordinator who shall be responsible for the implementation, enforcement, and coordination of Title IX for all LSU campuses. The Chancellor of each Campus shall designate a Campus Title IX Coordinator with designated responsibilities to oversee on-campus Title IX compliance for their respective campus.  A Campus may appoint a Deputy Title IX Coordinator to assist the Campus Title IX Coordinator in their duties.

The President also shall designate a Deputy Title IX Coordinator for Athletics. In consultation with the Chancellors and Athletic Directors for each campus, this individual will monitor sports equity, including offerings, participation, and scholarships on all campuses for compliance with Title IX. Any investigations or complaints involving student athletes or Athletics personnel (other than those involving sports equity) shall be handled and/or investigated by the LSU Title IX Coordinator and/or the Campus Title IX Coordinator(s), or their designee, as appropriate under the circumstances and in accordance with this Policy.

## IV. INITIATION OF COMPLAINTS

### A. Application

This policy applies to all campuses and other administrative units.  These procedures may be supplemented by more specific campus procedures that are consistent with this Policy and PM-55.

Complaints of sexual discrimination which do not involve sexual misconduct or sexual assault shall be handled under any applicable campus specific policies.

**EXHIBIT I**

BOS-002742

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 25 of 50
**EXHIBIT 9**
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 25 of 50

Each campus shall place the protocol for filing complaints under this policy on their website.

### B.  Complaints

Any student or employee who believes that he or she has been subjected to sexual misconduct or any other violation of this policy has a right to report the conduct to the Campus Title IX Coordinator or to any other responsible person, which includes but is not limited to the campus administrator with responsibility for human resource management, student conduct or the department head of the relevant academic department. When the LSU Title IX Coordinator or the Campus Title IX Coordinator becomes aware of information that indicates that a violation of this policy may have occurred, he/she or their designee shall notify the parties involved of their rights under this policy. Persons who may have experienced criminal sexual misconduct are strongly encouraged to report the offense to campus police or local law enforcement, as well as to the Campus Title IX Coordinator or the persons named above. To the extent possible, the complainant and those who receive the complaint should preserve evidence and not disturb the potential crime scene. The complainant, however, has the legal right not to provide a statement to campus police or law enforcement.

### C.  Notification of Complaints

Any responsible person who receives actual notice of a complaint under this policy *shall* promptly notify the Campus Title IX Coordinator, who shall be responsible for notifying the LSU Title IX Coordinator and any campus administrators, who may be involved in the resolution process. Notice of a complaint may or may not come from a formal complaint. Any supervisor, or other responsible party who witnesses or receives a report or complaint, shall notify the Campus Title IX Coordinator. Only individuals employed as mental health counselors, victim's advocates, University chaplains or others designated by the University as provided by law can guarantee confidentiality.

### D.  Interim Measures

At any time after becoming aware of a complaint, the Campus Title IX Coordinator, a Deputy Title IX Coordinator(s), or other responsible party, may recommend that interim protections or remedies impacted parties involved be provided by appropriate LSU officials. These protections or remedies for the parties involved or witnesses will be provided by appropriate University officials. Remedies may include issuing a timely warning to the campus community, separating the parties, placing limitations on contact between the parties, interim suspension from campus, or making alternative workplace, classroom, course scheduling, dining, or student housing arrangements. Interim measures may vary depending on the nature of the complaint, status of respondent or other criteria. All parties shall be notified of the availability of these measures as well as the fact that such measures are put into effect.

### E.  Confidentiality

All parties involved in a complaint, any investigation, and/or resolution, including witnesses, are encouraged to keep information concerning the complaint private until a final decision is rendered in order to protect both the complainant and the respondent.

7

**EXHIBIT I**

BOS-002743

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 26 of 50
**EXHIBIT 9**
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 26 of 50

LSU may be required to divulge information on a need-to-know basis in order to properly address the complaint, when there is a threat to others, pursuant to subpoena, or other court or administrative order, or as may be required by applicable law. Violations of confidentiality by any other persons involved in the resolution, investigation or administration of the complaint, including any employee, faculty, staff, or student if identified and confirmed, may result in disciplinary or corrective action.

Only individuals employed as mental health counselors, victims' advocates, university chaplains or others designated by the University as provided by law can guarantee confidentiality.

## V.  PROCESSING OF COMPLAINTS

### A. Preliminary Inquiry

The Campus Title IX Coordinator or designee shall conduct or supervise the initial review of the complaint, with such assistance, as needed and/or appropriate under the circumstances, from other campus administrators with responsibilities relevant to the nature of the complaint. A complainant or respondent has the right to a confidential advisor or an advisor of choice at any stage of this process. The initial review of the complaint shall be concluded as quickly as possible, within a reasonable amount of time required to complete the review in a manner that is adequate, reliable and impartial and based on the nature and complexity of the complaint. Generally, the initial review should be ordinarily be completed within 15 business days of receipt of the complaint. The purpose of the initial inquiry is to determine whether there is reasonable cause to believe a specific policy/policies may have been violated. After completion of the preliminary inquiry, any initial determination that a policy has not been violated shall be made by the Campus Title IX Coordinator. A respondent or complainant can request a review of the initial determination to the LSU Title IX Coordinator, whose decision shall be final.

To ensure a prompt and thorough initial inquiry, the complainant should provide as much information as possible. A complaint may be submitted anonymously or by an individual who is not a party to the alleged violation. The following may, but is not required to be, provided in writing:

- The name of student(s) or employee(s) to include student organization, academic department, and position of the person(s) allegedly violating this Policy;
- A description of the incident(s), including the date(s), location(s), and the presence of any witness(es);
- If the complainant is an employee, the alleged effect of the incident(s) on the complainant's position, salary, benefits, promotional opportunities, work environment, or other terms or conditions of employment;
- The name(s) of other student(s) or employee(s) who might have been subject to the same or similar conduct; and/or

Any other information the complainant believes to be relevant to the alleged sexual misconduct, discrimination, harassment, or retaliation.

### B. Notice of Investigation

If, after the initial inquiry, the Campus Title IX Coordinator finds reasonable cause to believe a policy

8

**EXHIBIT I**

BOS-002744

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 27 of 50
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 2 of 10

**EXHIBIT 9**

or policies may have been violated, an investigation shall be conducted. At any time during the investigation the matter may be referred, if appropriate under this policy, to the informal resolution process. If an investigation is warranted, then at the recommendation of the Campus Title IX Coordinator, a trained investigator(s) will conduct a full investigation into the facts and circumstances of the complaint. The investigation may include in-person interviews with all parties involved, including witnesses and parties that the investigator(s) may deem appropriate. Both the respondent and complainant will be given the opportunity to identify witnesses to be interviewed. The investigator may also collect and review any documents or other relevant information to include but not limited to photographs, video recordings, and/or information from social media. Any such investigation shall be conducted by a trained person, authorized and assigned as an investigator by the Campus Title IX Coordinator, including, but not limited to, trained employees from human resource management department or the student services or student life department, or other qualified University employees. The Campus Title IX Coordinator will notify the appropriate Campus offices as necessary.

Both the respondent and complainant will be provided written notice that an investigation will be undertaken as well as the nature of the complaint. The notice should include the specific section(s) of policy that may have been violated. All parties will have an opportunity to identify pertinent evidence to be considered by the investigator(s). The investigator(s) will author a written investigative summary to include a timeline of events, facts, and circumstances surrounding the complaint. Upon completion of the investigative summary, the Campus Title IX Coordinator or designee, in consultation with the appropriate student services, student life department, or human resource management, will reach a finding based on a preponderance of the evidence or more likely than not that a policy was or was not violated. Prior to issuing a finding, the Campus Title IX Coordinator may request additional investigation, should he/she deem this to be appropriate.

Upon issuance of a notice of investigation, any and all effort should be made to conduct a thorough and prompt investigation based on the facts and circumstances of each complaint ordinarily within thirty (30) business days of the notice. Complicated or extensive investigations may take longer.

After a full investigation, a determination that a policy has or has not been violated, from a more likely than not or preponderance of the evidence standard, shall be made by the Campus Title IX Coordinator or his designee, by admission of responsibility by the respondent or by the complainant's admission of making false charges against the respondent. Both the complainant and the respondent will be given written notice of the results of the investigation

## VI. <u>RESOLUTION PROCEDURES</u>

In the event that a determination has been made that from a more likely than not or preponderance of the evidence standard that a policy has been violated, the University has both informal and formal resolution procedures to address alleged violations of this policy. Both procedures will be implemented by individuals who have received training on issues related to sexual misconduct. The complainant and respondent have the right to an advisor of choice or a confidential advisor at any stage of the Informal Resolution or Formal Resolution processes.

Both informal and formal resolution procedures will utilize a preponderance of the evidence standard throughout the process, with respect to determinations as to whether, or not, there has been a violation of this Policy.

9

**EXHIBIT I**

BOS-002745

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 28 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 28 of 50

**EXHIBIT 9**

As set forth below, an informal resolution procedure is available under certain circumstances. After a full investigation, or at the request of the parties as provided in Section V. B, or if the respondent accepts responsibility for violation(s) of policy and if the investigator finds that reasonable cause exists to believe that University policy has been violated, the Campus Title IX Coordinator or designee will determine whether the informal resolution procedure is appropriate. If an informal resolution is not appropriate, a formal hearing by a panel of trained hearing officers will be scheduled, for situations involving student matters only. In situations involving an employee as a respondent, the Campus Title IX Coordinator or designee will determine the appropriate procedure to follow in consultation with Human Resources Department and/or applicable campus administrator(s). .

If the Campus Title IX Coordinator or designee determines that informal resolution is appropriate, the complainant and respondent shall be advised of the option to pursue an informal resolution procedure. If both complainant and respondent agree in writing, the informal resolution procedure will be followed, without further investigation, unless and until informal resolution is unsuccessful.

**1. Informal Resolution:**

The use of the informal resolution procedure is optional and must be agreed upon by all parties involved. The informal resolution procedure will not be followed: if any of the persons involved in the complaint do not wish to engage in the informal procedure; if the Campus Title IX Coordinator deems the informal resolution procedure inappropriate for the alleged offense; if the respondent does not accept responsibility for the alleged policy violation(s); or, if an attempt to utilize the informal procedure has been unsuccessful. Informal procedures are not appropriate for, or applied in, cases involving violence resulting in significant harm to others. Additionally the parties may discontinue participation in the informal process at any time. Information obtained regarding the complaint and the investigative summary will be treated as private, with only those with a need to know being informed of the complaint.

An attempt to informally resolve the complaint shall be made by the Campus Title IX Coordinator or designee and should be ordinarily concluded within fifteen (15) calendar days of the decision to pursue informal resolution. Such informal resolution includes meeting with each party to the complaint; review of any initial findings; review or continuance of interim remedies; and any other actions deemed appropriate by the parties and LSU. Any further inquiry or review deemed necessary should be concluded in that same period. Once the informal resolution procedure is complete, written notification of the determination of whether or not this policy(s) was violated will be provided to the complainant and respondent. If a determination has been made that a policy was violated, any changes in status, restrictions, limitations, or other recommended outcomes shall be given to all parties. Any party not willing to accept the proposed informal resolution has the right to make a written request, within five (5) calendar days upon receipt of written notification of the proposed resolution, to the office of the Campus Title IX Coordinator, thereby requesting the opportunity to pursue the formal resolution procedure set forth below.

**2. Formal Resolution:**

If either the respondent or complainant is not in agreement with the outcome of the informal resolution process or if the University, the respondent, and/or the complainant have not consented

10

**EXHIBIT I**

BOS-002746

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 29 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 29 of 50    **EXHIBIT 9**

to and/or determined that informal resolution is inappropriate or insufficient, the formal procedure will be utilized.

Upon submission of written notification by either the respondent or complainant to the Campus Title IX Coordinator communicating an intent not to accept the proposed informal resolution outcome, formal consideration will be given for a formal resolution process. The complainant and the respondent will be notified in writing the specific section(s) of policy alleged to have been violated, and the date, time, and location of the formal resolution process. Information obtained regarding the complaint will be treated as privately as possible (as set forth herein) with only those with a legitimate educational interest being informed of the complaint and the outcome of the investigation.

The formal procedure will consist of a formal review of all allegations, the initial complaint, supporting documents, investigative summary and corresponding documentation. For complaints involving students as respondents, the formal procedure will consist of a panel of trained hearing officers as outlined in the code of student conduct and/or policy/policies governing student conduct. For complaints involving employees as respondents, the Title IX coordinator or designee and the Office of Human Resource Management and/or applicable campus administrator will direct the formal process of the investigation. Each Campus shall adopt or utilize existing procedures to address alleged violation(s) of this Policy that afford both the complainant and the respondent due process as well as appeal options and other procedural rights as outlined in University policy. The Campus procedures for resolution of such complaints may be subject to review by the LSU Title IX Coordinator.

## VII. RESOLUTION/DISCIPLINARY ACTION

LSU will take appropriate action against any person found to be in violation of this policy. (Note: violations of this policy may also be subject to individual civil or criminal liability under the state or federal law).

When an employee is deemed to have violated this policy, the Campus Title IX Coordinator and Human Resource Management and/or applicable campus administrator will jointly determine the appropriate disciplinary action, or recommendation for disciplinary action, up to and including dismissal, in accordance with applicable laws, rules, and/or LSU policies.

For violations involving students, except when acting in the capacity of an employee, the appropriate campus office or administrator responsible for student conduct, student services or student life will determine the appropriate action, pursuant to any applicable code of student conduct and/or policy/policies governing student conduct. In addition, to the extent possible, LSU will interact with appropriate law enforcement or third parties to address the actions of non-students or non-employees.

Violations of this Policy may result in outcomes such as residential life contract cancellation, deferred suspension, suspension, expulsion, class only restriction (student) and/or disciplinary action or separation of employment.

## VIII. APPEAL

11

**EXHIBIT I**

BOS-002747

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 30 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 30 of 50
EXHIBIT 9

Either party may appeal the findings of the formal resolution process in accordance with existing University policies detailing appeal procedures for students or for employees. Appeals must be submitted in writing to the Campus Title IX Coordinator or designee within ten (10) business days upon receipt, by the appealing complainant or the appealing respondent, of notification of the outcome of the formal resolution process.

## IX. COOPERATION WITH LAW ENFORCEMENT

LSU will comply with law enforcement requests for cooperation and such cooperation may require LSU to temporarily suspend the fact-finding aspect of a Title IX investigation while the law enforcement agency is in the process of gathering evidence. LSU will promptly resume its Title IX investigation as soon as notified by law enforcement that it has completed the evidence gathering process. LSU may provide up to 10 calendar days to allow for the law enforcement agency criminal process/investigation to unfold prior to resuming the fact-finding aspect of the  Title IX investigation.

The University will implement appropriate interim steps/remedies during the law enforcement agency's investigation to provide for the safety of the complainant, the respondent, the campus community, and to avoid any instance of retaliation.

Each campus will develop protocols to coordinate efforts with local law enforcement agencies and other organizations such as crisis centers. A Memorandum of Understanding (MOU) may be utilized to establish those protocols.

## X. RETALIATION

Retaliation against a person who has been subjected to sexual misconduct, or against one, who in good faith brings a complaint of or sexual misconduct or who, in good faith, participates in the investigation of a sexual misconduct complaint, is prohibited; and shall be a violation of this policy and shall constitute misconduct subject to disciplinary or other action, as described above. LSU will take steps to prevent recurrence and remedy the effects of any violation of this Policy.

## XI. RECORD KEEPING

Records will be kept in accordance with Louisiana law and federal law. For students, records will be maintained for seven (7) years by the Dean of Students or other office tasked with the maintenance of student records, except in cases of cases of suspension and expulsion, which records shall be permanent.  Employment actions in violation of this policy will be maintained in the employees' respective Employee Relations file.

## XII. OTHER ASSISTANCE

Campuses and the communities in which they are located can provide other assistance to persons impacted by a violation of this policy. Each campus will develop and maintain a list of departments, programs/services, or community-based agencies offering assistance to students and employees concerning issues related to this policy.

## XIII. CAMPUS CLIMATE SURVEY

12

# EXHIBIT I

BOS-002748

Each campus shall administer a Campus Climate Survey to assess the knowledge, perceptions and behaviors of its students, faculty and staff regarding sexual misconduct. The survey shall be developed by the four management boards of public higher education in the state of Louisiana, in coordination with the Board of Regents. Each campus is encouraged to supplement the statewide survey with any additional information specific to its unique characteristics and that may assist in preventing sexual misconduct and administering strategies dealing with sexual misconduct. The annual Campus Climate Survey shall be submitted to the LSU Title IX Coordinator by June 1 of each year.

## XIV. TRAINING, EDUCATIONAL, AND PREVENTION PROGRAMS

Each campus shall regularly offer training, educational and prevention programs designed to inform the campus or community about the law of title IX and LSU's Title IX Policy. Each campus will develop and maintain a list of educational programs, prevention programs, and other events designed to reduce the incidence of sexual violence on campus or within the community. Each campus should identify and include a bystander intervention program and programs addressing issue related to this policy.

## XV. RELATED POLICIES

To the extent other LSU or campus-based policies may conflict with this policy, the provisions of this policy shall supersede and govern.

## XVI. TASK FORCE

Each campus shall establish a task force to address sexual misconduct. Each task force shall invite student members to be represented through their respective student government body or other student organizations.

## XVII. AMNESTY POLICY

LSU encourages reporting of sexual misconduct and seeks to remove barriers to an individual or group reporting such conduct. An individual or group who, in good faith, reports sexual misconduct, either as a complainant or a third party witness, shall not be sanctioned for a nonviolent student conduct violation, such as underage drinking, at or near the time of the complained incident, provided that any such violation did not and does not place the health and safety of any other person at risk. Each campus policy shall include amnesty policies in accordance with ACT 172 and other applicable state laws.

## XVIII. MEMORANDUM OF UNDERSTANDING

Each campus shall make diligent efforts to enter into Memorandum of Understanding (MOU) with law enforcement and criminal justice agencies in the parish in accordance with ACT 172 or any other applicable state laws. Such MOUs should clearly delineate the responsibilities, protocols for investigation, as well as commitments to share information, in accordance with Act 172 and state and federal confidentiality laws. The MOUs should be updated every two years. The MOU should provide for joint or shared trauma-informed training specific to assisting sexual assault victims.

13

**EXHIBIT I**

BOS-002749

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23   Page 32 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 32 of 50
EXHIBIT 9

**XIX. <u>TRANSFER</u>**

In accordance with state and federal law, if a student accused of a sexually-oriented criminal offense as defined in La. R.S. 44:51 or any sexual abuse offense as defined in La. R.S. 14:403 seeks to transfer to another institution during an investigation, resolution procedure, and/or adjudication procedure, the institution shall withhold the student's transcript until such investigation or adjudication is complete and a final decision has been made. Each institution shall inform the respondent of the institution's obligation to withhold the transcript during the investigation.

If, upon the completion of an investigation, resolution procedure, and/or adjudication under this policy, the student is found responsible for sexually-oriented criminal offenses as defined in La. R.S. 44:51 or any sexual abuse offense as defined in La. R.S. 14:403,and seeks to transfer to another institution, institutions are required to communicate such a violation, when the institution becomes aware of the student's attempt to transfer, with the institution(s) to which the student seeks to transfer or has transferred.

14

**EXHIBIT I**

BOS-002750

**EXHIBIT 9**



**LSU Student Health Center for Anger Management and/or Healthy Relationships Meeting**

This is a meeting with a staff member in the LSU Student Health Center Office of Wellness & Health Promotion to discuss your anger management and/or healthy relationships. This will facilitate the reflection needed to impact future decision-making. This meeting is also a good opportunity to seek continued counseling, if needed.

By completing this meeting, you will be able to:

✓  Identify your behavior surrounding anger and/or engaging in healthy relationships and initiate change where needed.
✓  Reflect on how your violation impacted your ability to persist and achieve success at LSU.
✓  Describe how your decisions impact the LSU Community.
✓  Reflect on past actions and incidents that led to violations of University policy.

---

**MAKING THE APPOINTMENT**

1.  Contact the Student Health Center to make an appointment at 225-578-5718.
2.  Specify the reason for your appointment: *anger management or healthy relationships.*

**COMPLETING THE OUTCOME**
1.  What you discuss during the meeting is confidential.
2.  The SHC staff will notify SAA once your meeting is complete. You simply need to attend and participate openly in the meeting.

**EXHIBIT I**

BOS-002751

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 34 of 50    EXHIBIT 10
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 34 of 50



May 1, 2020

██ ██
Sent electronically to  Redacted

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2019324802

*Disregard the previous letter you just received as I had a typo in the letter. This letter will take it's place.

Dear ███,

On April 24, 2020, you met with Jonathan Sanders, who after a review of the information, has made the following determinations regarding your responsibility for the following charges from the LSU Code of Student Conduct:

10.2 Sexual Misconduct -- Responsible
10.2 Violating a Rule of the University -- Responsible

Subsequently, you are assigned the following outcome:

Suspension
You are suspended effective May 10, 2020 through May 31, 2021. Suspension is the physical separation from the University for Misconduct. During this time, you are not allowed on University property. If you need to be on campus during the business day for official University business, you must receive approval from the Dean of Students in advance. At the conclusion of the suspension, you may be readmitted if you meet all requirements of the University. Suspension from the University will be recorded on the Student's academic transcript.

No Contact Directive
There is a mutual "no contact" order between you and Corinn Hovis. You are directed to avoid contact with each other until such time as this directive is lifted in writing. This mutual "no contact" order does not imply any judgment regarding the factual nature of the incident. Both you and Corinn Hovis are to refrain from: 1. approaching one another at any time; 2. calling one another at any time; 3. sending via email, campus or regular mail anything to one another; 4. contacting or communicating with one another, including through a third party, social media, or in any way at any time. Should you need to contact Corinn Hovis you must do so through this office.

The following rationale has been provided by the hearing officer / panel:

After review of the Title IX report, my conversation with ███, and my conversation with the complainant for this case, I have reached preponderance that a Code of Student Conduct violation has occurred, sexual misconduct, in addition to the finding from the Title IX investigation. As a result of these violations, I have issued Suspension as the appropriate outcome given the serious nature of the

*Louisiana State University • 4th Floor, LSU Student Union • Baton Rouge, LA • 70803 • O 225-578-4307 • E dossaa@lsu.edu*

# EXHIBIT I

BOS-016648

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 35 of 50
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 35 of 50
**EXHIBIT 10**

violations. ███ will be allowed to finish the spring 2020 semester academically as his suspension will begin on May 10th, 2020 and will end on May 31, 2021. I have also issued a no contact directive for this case.

You have the right to **accept** or **decline** this outcome. By accepting the outcome, you agree to comply with the outcome and deadlines included in this letter, as well as accept responsibility for your actions in this case. To accept, please complete your assigned educational outcomes by the deadlines; there is no need to respond. See Section 6.1 of the Code of Student Conduct for more information.

However, you may also decline the outcome in this letter and request that the case be reheard by a University Hearing Panel (UHP). In this instance, a UHP will issue a decision that will replace the outcome in this letter. Please refer to the UHP website for more information on the hearing process. **You may request a UHP by completing following link** UHP Request form **within three (3) business days of the date of this letter.**

Please understand that should you fail to complete any portion of this outcome, a registration hold may be placed on your record and will remain until all outcome requirements are completed.

If you have any questions, please email dossaa@lsu.edu or call 225.578.4307.

Sincerely,

Jonathan Sanders, Ph.D.
Associate Dean of Students & Director of SAA

CC:    Miriam Segar, Sr. Associate Athletics Director/SWA
       Walt Holliday, Director of Academic Affairs, Athletics
       Andrea Jones, Executive Director, University College
       Suspension/Expulsion Notification

# EXHIBIT I

BOS-016649

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 36 of 50    EXHIBIT 10
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 36 of 50



—— Office of the ——
**President**

**Permanent Memorandum No. 73 (Supersedes PM-73 dated June 18, 2014)**

**Effective December 15, 2015**

**F. King Alexander, President** *J. King Alexander*

## TITLE IX AND SEXUAL MISCONDUCT POLICY

### POLICY STATEMENT

In accordance with Title IX and other applicable law, Louisiana State University ("LSU") is committed to providing a learning, working, and living environment that promotes integrity, civility, and mutual respect in an environment free of discrimination on the basis of sex and sexual misconduct which includes sexual assault, sexual harassment, dating violence, domestic violence, stalking and retaliation.

LSU prohibits sexual misconduct and sexual discrimination and has implemented this policy and procedure to prevent acts of sexual misconduct and sexual discrimination and to take prompt and appropriate action to investigate and effectively discipline those found to have engaged in such conduct, in a manner consistent with the law and due process.

LSU shall provide support and assistance to those who complain of sexual misconduct and shall report instances of sexual misconduct in accordance with law. This policy applies to all persons without regard to sexual orientation, gender identity and/or gender expression. Sexual misconduct violates an individual's fundamental rights and personal dignity. LSU considers sexual misconduct in all of its forms to be a serious offense. This policy has been developed to reaffirm these principles and to provide recourse for individuals whose rights have been violated. This policy establishes a mechanism for determining when rights have been violated in all LSU functions, including employment, student life, campus support services, LSU programs and/or an academic environment.

### NONDISCRIMINATION NOTICE

LSU does not discriminate on the basis of race, creed, color, marital status, sexual orientation, gender identity, gender expression, religion, sex, national origin, age, mental or physical disability, or veteran's status in its programs and activities and provides equal access to its programs and activities. Inquiries regarding the non-discrimination policy should be directed to the individual or individuals designated in each campus' applicable policy.

1

EXHIBIT I
BOS-016650

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 37 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 37 of 50    **EXHIBIT 10**

**FREEDOM OF SPEECH**

This policy is not intended to infringe on any form of speech that is protected by the First Amendment of the United States Constitution nor to regulate protected speech.

I.    **JURISDICTION**

 A. This policy shall apply to conduct that occurs on an LSU campus, at LSU sponsored activities, and/or when the student or employee is representing LSU. LSU shall have discretion to extend jurisdiction over conduct that occurs off campus when the conduct adversely or significantly affects the learning environment or LSU community and would be a violation of this policy and/or any applicable campus policy or code of conduct, if the conduct had occurred on campus. In determining whether or not to extend jurisdiction, LSU may consider, among other factors, its ability to gather information and affect a resolution. LSU may extend jurisdiction (over off- campus conduct) if the alleged conduct by the student or employee:

  1. Involved violence or produced a reasonable fear of physical harm; and/or
  2. Involved any other members of the LSU community or any academic work, records, documents, or property of LSU.

 B. Each student shall be responsible for his/her conduct from the time of acceptance for admission through the actual awarding of a degree or departure from the University.
 C. Employees are responsible for their conduct during work hours, on campus, at LSU-sponsored activities, and/or when the employee is representing LSU or when their conduct would adversely affect LSU's image, regardless of whether such conduct occurs on-campus or off-campus.
 D. This policy also applies to any person who is both a student and an employee at LSU, arising out of, or in connection with, conduct in either or both of those capacities. Any violation of this policy may subject such person to disciplinary action, as applicable, in either or both of those capacities.

II.    **DEFINITIONS**

**"Sexual Misconduct":** A sexual act or contact of a sexual nature that occurs, regardless of personal relationship, without the consent of the other person(s), or that occurs when the person(s) is unable to give consent or whose consent is coerced or obtained in a fraudulent manner. For the purpose of this Policy, sexual misconduct includes, but is not limited to, sexual assault, sexual abuse, violence of a sexual nature, sexual harassment, non-consensual sexual intercourse, sexual exploitation, video voyeurism, contact of a sexual nature with an object, or the obtaining, posting or disclosure of intimate descriptions, photos, or videos without the express consent or the persons depicted therein, as well as dating violence, domestic violence and stalking, as well as crimes of a sexual nature as defined in Title 14 or the Louisiana Revised Statutes or at La. R.S. 44:51.

**"Advisor of Choice" or "Confidential Advisor":** A student or employee has the right to have an **"Advisor of Choice"** or a "Confidential Advisor" present during any meeting conducted under this policy.

**"Advisor of Choice":** This Advisor can be any person who the student or employee chooses but may not have personal involvement regarding any facts or circumstances of the alleged misconduct. This Advisor's only function shall be to assist and/or consult with the student or employee. This Advisor may not act

2



**EXHIBIT I**

BOS-016651

as a spokesperson. This Advisor may be an attorney but participation shall be limited as stated above.

"**Confidential Advisor**": A person trained in accordance with law and designated by the campus who the student or employee can choose to have support and advise them in accordance with law during the complaint process. This Confidential Advisor may be present during any meeting conducted under this policy to assist and/or consult with the student or employee. This Confidential Advisor may not act as a spokesperson.

"**Coercion**": The use of express or implied threats, intimidation, or physical force which places an individual in fear of immediate harm or physical injury or causes a person to engage in unwelcome sexual activity. Coercion also includes administering a drug, intoxicant, or similar substance with the intent to impair that person's ability to consent prior to engaging in sexual activity.

"**Complainant**": Any student or employee who alleges a violation under this policy.

"**Consent**": Consent to engage in sexual activity must exist from the beginning to the end of each instance of sexual activity. Consent is demonstrated through mutually understandable words or actions that clearly indicate a willingness to engage in a specific sexual activity. Silence alone, without actions evidencing permission, does not demonstrate consent. Consent must be knowing and voluntary. To give consent, a person must be of legal age. Assent does not constitute consent if obtained through coercion or from a person who the alleged offender knows or should reasonably know is incapacitated. The responsibility of obtaining consent, through mutually understandable words or actions, rests with the person initiating sexual activity. Use of alcohol or drugs does not diminish the responsibility to obtain consent. Consent to engage in sexual activity may be withdrawn by any person at any time. Once withdrawal of consent has been expressed, the sexual activity must cease. Consent is automatically withdrawn by a person who is no longer capable of giving consent. A current or previous consensual dating or sexual relationship between the Parties does not itself imply consent or preclude a finding of responsibility.

"**Dating Violence**" includes but is not limited to:

"**Dating Violence**" **as defined by the Clery Act:** Violence, including but not limited to sexual or physical abuse or the threat of such abuse, committed by a person who is or has been in a social relationship of a romantic or intimate nature with the alleged victim. The existence of such a relationship will be determined based on a consideration of the length and type of relationship and the frequency of interaction.

"**Dating Violence**" **as defined by Louisiana Law:** Includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one dating partner against the other (La. RS § 46.2151(C)) For purposes of this Section, "dating partner" means any person who is or has been in a social relationship of a romantic or intimate nature with the victim and where the existence of such a relationship shall be determined based on a consideration of the following factors:
(1) The length of the relationship,
(2) The type of relationship, and
(3) The frequency of interaction between the persons involved in the relationship**.**

"**Domestic Violence**" includes but is not limited to:

"**Domestic Violence**" **as defined by the Clery Act:** Violence**,** including but not limited to sexual or physical

3

# EXHIBIT I

BOS-016652

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 39 of 50
**EXHIBIT 10**
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 39 of 50

abuse or the threat of such abuse, committed by a current or former spouse or intimate partner or any other person from whom the alleged victim is protected under federal or Louisiana law. Felony or misdemeanor crime of violence committed:

- By a current or former spouse or intimate partner of the victim;
- By a person with whom the victim shares a child in common;
- By a person who is cohabitating with, or has cohabitated with, the victim as a spouse or intimate partner;
- By a person similarly situated to a spouse of the victim under the domestic or family violence laws of the jurisdiction in which the crime of violence occurred; or
- By any other person against an adult or youth victim who is protected from that person's acts under the domestic or family violence laws of the jurisdiction in which the crime of violence occurred.

**"Domestic Abuse" as defined by Louisiana Law**:  Abuse and violence including but not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another. La. RS 46:2132(3).

**"Family violence" as defined by in Louisiana Law:** Any assault, battery, or other physical abuse which occurs between family or household members, who reside together or who formerly resided together. La. RS § 46.2121.1(2)

**"Hostile Environment":** Includes conduct of a sexual nature that is sufficiently severe, persistent, or pervasive to limit a student's or employee's ability to participate in or benefit from the education program or from one's employment, or to create a hostile or abusive educational or work environment.

**"Incapacitation":**   An individual is considered to be incapacitated if, by reason of mental or physical condition, the individual is manifestly unable to make a knowing and deliberate choice to engage in sexual activity. Being drunk or intoxicated can lead to incapacitation; however, someone who is drunk or intoxicated is not necessarily incapacitated, as incapacitation is a state beyond drunkenness or intoxication. Individuals who are asleep, unresponsive or unconscious are incapacitated. Other indicators that an individual may be incapacitated include, but are not limited to, inability to communicate coherently, inability to dress/undress without assistance, inability to walk without assistance, slurred speech, loss of coordination, vomiting, or inability to perform other physical or cognitive tasks without assistance.

**"Respondent":** Any student or employee against whom a complaint under this policy has been made.

**"Responsible Person":**  Any employee who has the authority to take action to redress sexual violence or who has been given the duty of reporting incidents of sexual violence or any other misconduct prohibited by this policy by students or employees to the Title IX coordinator or other appropriate school designee. Responsible Persons do not include victims' advocates, mental health counselors, or clergy.

**"Retaliation":** Title IX prohibits retaliation. Any acts or attempted acts for the purpose of interfering with any report, investigation, or proceeding under this Policy, or as retribution or revenge against anyone who has reported Sexual Misconduct or who has participated (or is expected to participate) in any manner in an investigation, or proceeding under this Policy. Prohibited retaliatory acts include, but are not limited to, intimidation, threats, coercion, or discrimination.

**EXHIBIT I**

BOS-016653

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 40 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 40 of 50
EXHIBIT 10

**"Sexual assault"**: Any type of sexual contact or behavior that occurs, or is attempted, without the explicit consent of the recipient. Sexual assault includes, but is not limited to, sexual acts, or attempted sexual acts, such as rape, fondling, incest or statutory rape, forced sexual intercourse, sodomy, child molestation, any sexual touching, and includes sexual acts against people who are unable to consent either due to age or incapacitation.

**"Sexual Assault" also includes but is not limited to:**

**"Sexual Assault" as defined by the Clery Act:** Any offense that meets the definition of rape, fondling, incest, or statutory rape as used in the FBI's UCR program.

**"Non-Consensual Sexual Intercourse":** Having or attempting to have sexual intercourse, cunnilingus, or fellatio without consent. Sexual intercourse is defined as anal or vaginal penetration by a penis, tongue, finger, or inanimate object.

**"Non-Consensual Sexual Contact":** Any intentional sexual touching, or attempted sexual touching, without consent.

**"Sexual Assault" also includes sexual battery as defined in La. R.S. 14:43.1.**

**"Sexual Discrimination":** Behaviors and actions that deny or limit a person's ability to benefit from, and/or fully participate in the educational programs, activities, and services because of a person's gender.

**"Sexual Exploitation":** Any act attempted or committed by a person for sexual gratification, financial gain, or other advancement through the abuse or exploitation of another person's sexuality. Examples of sexual exploitation include, but are not limited to, non-consensual observation of individuals who are undressed or engaging in sexual acts, non-consensual audio- or videotaping of sexual activity, prostituting another person, allowing others to observe a personal consensual sexual act without the knowledge or consent of all involved parties, and knowingly exposing an individual to a sexually transmitted infection without that individual's knowledge.

**"Sexual Harassment":** The unwelcome conduct of a sexual nature when i) submission to such conduct is made either explicitly or implicitly a term or condition of a person's employment or education; ii) submission to or rejection of such conduct by a person is used as the basis for a decision affecting that person's employment or education; or iii) such conduct has the purpose or effect of unreasonably interfering with a person's employment or education, or creating an intimidating, hostile, or offensive employment or educational environment, and has no legitimate relationship to the subject matter of a course or academic research. Sexual Harassment also includes non-sexual harassment or discrimination of a person because of the person's sex and/or gender, including harassment based on the person's nonconformity with gender stereotypes. For purposes of this Policy, the various forms of prohibited Sexual Harassment are referred to as "Sexual Misconduct."

**"Sexually-Oriented Criminal Offense":** any sexual assault offense as defined in La. R.S. 44:51, and any sexual abuse offense as defined in La. R. S. 14:403.

**"Stalking" includes but is not limited to:**

5

# EXHIBIT I

BOS-016654

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 41 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 41 of 50
EXHIBIT 10

**"Stalking" as defined by the Clery Act:** (1) The intentional and repeated following or harassing that would cause a reasonable person to feel alarmed or that would cause a reasonable person to suffer emotional distress; or (2) the intentional and repeated uninvited presence at another person's: home, work place, school, or any other place which would cause a reasonable person to be alarmed or would cause a reasonable person to suffer emotional distress as a result of verbal or behaviorally implied threats of death, bodily injury, sexual assault, kidnapping or any other statutory criminal act to the victim or any member of the victim's family or any person with whom the victim is acquainted. 34 CFR 668.46(a)(ii).

**"Stalking" as defined by Louisiana Law**: The intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress. Stalking shall include but not be limited to the intentional and repeated uninvited presence of the perpetrator at another person's home, workplace, school, or any place which would cause a reasonable person to be alarmed, or to suffer emotional distress as a result of verbal or behaviorally implied threats of death, bodily injury, sexual assault, kidnaping, or any other statutory criminal act to himself or any member of his family or any person with whom he is acquainted. La. RS § 14:40.2(A)  "Harassing" means the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, sending messages via a third party, or sending letters or pictures.  "Pattern of conduct" means a series of acts over a period of time, however short, evidencing an intent to inflict a continuity of emotional distress upon the person. Constitutionally protected activity is not included within the meaning of pattern of conduct. La. RS § 14:40.2(C)

## III. TITLE IX COORDINATORS

The President shall designate the LSU Title IX Coordinator who shall be responsible for the implementation, enforcement, and coordination of Title IX for all LSU campuses. The Chancellor of each Campus shall designate a Campus Title IX Coordinator with designated responsibilities to oversee on-campus Title IX compliance for their respective campus.  A Campus may appoint a Deputy Title IX Coordinator to assist the Campus Title IX Coordinator in their duties.

The President also shall designate a Deputy Title IX Coordinator for Athletics.  In consultation with  the Chancellors and Athletic Directors for each campus, this individual will monitor sports equity, including offerings, participation, and scholarships on all campuses for compliance with Title IX. Any investigations or complaints involving student athletes or Athletics personnel (other than those involving sports equity) shall be handled and/or investigated by the LSU Title IX Coordinator and/or the Campus Title IX Coordinator(s), or their designee, as appropriate under the circumstances and in accordance with this Policy.

## IV. INITIATION OF COMPLAINTS

### A. Application

This policy applies to all campuses and other administrative units.  These procedures may  be supplemented by more specific campus procedures that are consistent with this Policy and PM-55.

Complaints of sexual discrimination which do not involve sexual misconduct or sexual assault shall be handled under any applicable campus specific policies.

6

EXHIBIT I

BOS-016655

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 42 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 42 of 50    **EXHIBIT 10**

Each campus shall place the protocol for filing complaints under this policy on their website.

#### B.  Complaints

Any student or employee who believes that he or she has been subjected to sexual misconduct or any other violation of this policy has a right to report the conduct to the Campus Title IX Coordinator or to any other responsible person, which includes but is not limited to the campus administrator with responsibility for human resource management, student conduct or the department head of the relevant academic department.  When the LSU Title IX Coordinator or the Campus Title IX Coordinator becomes aware of information that indicates that a violation of this policy may have occurred, he/she or their designee shall notify the parties involved of their rights under this policy. Persons who may have experienced criminal sexual misconduct are strongly encouraged to report the offense to campus police or local law enforcement, as well as to the Campus Title IX Coordinator or the persons named above.  To the extent possible, the complainant and those who receive the complaint should preserve evidence and not disturb the potential crime scene.  The complainant, however, has the legal right not to provide a statement to campus police or law enforcement.

#### C.  Notification of Complaints

Any responsible person who receives actual notice of a complaint under this policy *shall* promptly notify the Campus Title IX Coordinator, who shall be responsible for notifying the LSU Title IX Coordinator and any campus administrators, who may be involved in the resolution process. Notice of a complaint may or may not come from a formal complaint.  Any supervisor, or other responsible party who witnesses or receives a report or complaint, shall notify the Campus Title IX Coordinator.  Only individuals employed as mental health counselors, victim's advocates, University chaplains or others designated by the University as provided by law can guarantee confidentiality.

#### D.  Interim Measures

At any time after becoming aware of a complaint, the Campus Title IX Coordinator, a Deputy Title IX Coordinator(s), or other responsible party, may recommend that interim protections or remedies impacted parties involved be provided by appropriate LSU officials. These protections or remedies for the parties involved or witnesses will be provided by appropriate University officials. Remedies may include issuing a timely warning to the campus community, separating the parties, placing limitations on contact between the parties, interim suspension from campus, or making alternative workplace, classroom, course scheduling, dining, or student housing arrangements.  Interim measures may vary depending on the nature of the complaint, status of respondent or other criteria.  All parties shall be notified of the availability of these measures as well as the fact that such measures are put into effect.

#### E.  Confidentiality

All parties involved in a complaint, any investigation, and/or resolution, including witnesses, are encouraged to keep information concerning the complaint private until a final decision is rendered in order to protect both the complainant and the respondent.

7

**EXHIBIT I**

BOS-016656

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 43 of 50
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 43 of 50   EXHIBIT 10

LSU may be required to divulge information on a need-to-know basis in order to properly address the complaint, when there is a threat to others, pursuant to subpoena, or other court or administrative order, or as may be required by applicable law. Violations of confidentiality by any other persons involved in the resolution, investigation or administration of the complaint, including any employee, faculty, staff, or student if identified and confirmed, may result in disciplinary or corrective action.

Only individuals employed as mental health counselors, victims' advocates, university chaplains or others designated by the University as provided by law can guarantee confidentiality.

## V.  PROCESSING OF COMPLAINTS

### A. Preliminary Inquiry

The Campus Title IX Coordinator or designee shall conduct or supervise the initial review of the complaint, with such assistance, as needed and/or appropriate under the circumstances, from other campus administrators with responsibilities relevant to the nature of the complaint. A complainant or respondent has the right to a confidential advisor or an advisor of choice at any stage of this process. The initial review of the complaint shall be concluded as quickly as possible, within a reasonable amount of time required to complete the review in a manner that is adequate, reliable and impartial and based on the nature and complexity of the complaint. Generally, the initial review should be ordinarily be completed within 15 business days of receipt of the complaint. The purpose of the initial inquiry is to determine whether there is reasonable cause to believe a specific policy/policies may have been violated. After completion of the preliminary inquiry, any initial determination that a policy has not been violated shall be made by the Campus Title IX Coordinator. A respondent or complainant can request a review of the initial determination to the LSU Title IX Coordinator, whose decision shall be final.

To ensure a prompt and thorough initial inquiry, the complainant should provide as much information as possible. A complaint may be submitted anonymously or by an individual who is not a party to the alleged violation. The following may, but is not required to be, provided in writing:

- The name of student(s) or employee(s) to include student organization, academic department, and position of the person(s) allegedly violating this Policy;
- A description of the incident(s), including the date(s), location(s), and the presence of any witness(es);
- If the complainant is an employee, the alleged effect of the incident(s) on the complainant's position, salary, benefits, promotional opportunities, work environment, or other terms or conditions of employment;
- The name(s) of other student(s) or employee(s) who might have been subject to the same or similar conduct; and/or

Any other information the complainant believes to be relevant to the alleged sexual misconduct, discrimination, harassment, or retaliation.

### B. Notice of Investigation

If, after the initial inquiry, the Campus Title IX Coordinator finds reasonable cause to believe a policy

8

# EXHIBIT I

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 44 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 44 of 50
EXHIBIT 10

or policies may have been violated, an investigation shall be conducted. At any time during the investigation the matter may be referred, if appropriate under this policy, to the informal resolution process. If an investigation is warranted, then at the recommendation of the Campus Title IX Coordinator, a trained investigator(s) will conduct a full investigation into the facts and circumstances of the complaint. The investigation may include in-person interviews with all parties involved, including witnesses and parties that the investigator(s) may deem appropriate. Both the respondent and complainant will be given the opportunity to identify witnesses to be interviewed. The investigator may also collect and review any documents or other relevant information to include but not limited to photographs, video recordings, and/or information from social media. Any such investigation shall be conducted by a trained person, authorized and assigned as an investigator by the Campus Title IX Coordinator, including, but not limited to, trained employees from human resource management department or the student services or student life department, or other qualified University employees. The Campus Title IX Coordinator will notify the appropriate Campus offices as necessary.

Both the respondent and complainant will be provided written notice that an investigation will be undertaken as well as the nature of the complaint. The notice should include the specific section(s) of policy that may have been violated. All parties will have an opportunity to identify pertinent evidence to be considered by the investigator(s). The investigator(s) will author a written investigative summary to include a timeline of events, facts, and circumstances surrounding the complaint. Upon completion of the investigative summary, the Campus Title IX Coordinator or designee, in consultation with the appropriate student services, student life department, or human resource management, will reach a finding based on a preponderance of the evidence or more likely than not that a policy was or was not violated. Prior to issuing a finding, the Campus Title IX Coordinator may request additional investigation, should he/she deem this to be appropriate.

Upon issuance of a notice of investigation, any and all effort should be made to conduct a thorough and prompt investigation based on the facts and circumstances of each complaint ordinarily within thirty (30) business days of the notice. Complicated or extensive investigations may take longer.

After a full investigation, a determination that a policy has or has not been violated, from a more likely than not or preponderance of the evidence standard, shall be made by the Campus Title IX Coordinator or his designee, by admission of responsibility by the respondent or by the complainant's admission of making false charges against the respondent. Both the complainant and the respondent will be given written notice of the results of the investigation

## VI. RESOLUTION PROCEDURES

In the event that a determination has been made that from a more likely than not or preponderance of the evidence standard that a policy has been violated, the University has both informal and formal resolution procedures to address alleged violations of this policy. Both procedures will be implemented by individuals who have received training on issues related to sexual misconduct. The complainant and respondent have the right to an advisor of choice or a confidential advisor at any stage of the Informal Resolution or Formal Resolution processes.

Both informal and formal resolution procedures will utilize a preponderance of the evidence standard throughout the process, with respect to determinations as to whether, or not, there has been a violation of this Policy.

9

EXHIBIT I

BOS-016658

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 45 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 45 of 50    EXHIBIT 10

As set forth below, an informal resolution procedure is available under certain circumstances. After a full investigation, or at the request of the parties as provided in Section V. B, or if the respondent accepts responsibility for violation(s) of policy and if the investigator finds that reasonable cause exists to believe that University policy has been violated, the Campus Title IX Coordinator or designee will determine whether the informal resolution procedure is appropriate. If an informal resolution is not appropriate, a formal hearing by a panel of trained hearing officers will be scheduled, for situations involving student matters only. In situations involving an employee as a respondent, the Campus Title IX Coordinator or designee will determine the appropriate procedure to follow in consultation with Human Resources Department and/or applicable campus administrator(s). .

If the Campus Title IX Coordinator or designee determines that informal resolution is appropriate, the complainant and respondent shall be advised of the option to pursue an informal resolution procedure. If both complainant and respondent agree in writing, the informal resolution procedure will be followed, without further investigation, unless and until informal resolution is unsuccessful.

**1. Informal Resolution:**

The use of the informal resolution procedure is optional and must be agreed upon by all parties involved. The informal resolution procedure will not be followed: if any of the persons involved in the complaint do not wish to engage in the informal procedure; if the Campus Title IX Coordinator deems the informal resolution procedure inappropriate for the alleged offense; if the respondent does not accept responsibility for the alleged policy violation(s); or, if an attempt to utilize the informal procedure has been unsuccessful. Informal procedures are not appropriate for, or applied in, cases involving violence resulting in significant harm to others. Additionally the parties may discontinue participation in the informal process at any time. Information obtained regarding the complaint and the investigative summary will be treated as private, with only those with a need to know being informed of the complaint.

An attempt to informally resolve the complaint shall be made by the Campus Title IX Coordinator or designee and should be ordinarily concluded within fifteen (15) calendar days of the decision to pursue informal resolution. Such informal resolution includes meeting with each party to the complaint; review of any initial findings; review or continuance of interim remedies; and any other actions deemed appropriate by the parties and LSU. Any further inquiry or review deemed necessary should be concluded in that same period. Once the informal resolution procedure is complete, written notification of the determination of whether or not this policy(s) was violated will be provided to the complainant and respondent. If a determination has been made that a policy was violated, any changes in status, restrictions, limitations, or other recommended outcomes shall be given to all parties. Any party not willing to accept the proposed informal resolution has the right to make a written request, within five (5) calendar days upon receipt of written notification of the proposed resolution, to the office of the Campus Title IX Coordinator, thereby requesting the opportunity to pursue the formal resolution procedure set forth below.

**2. Formal Resolution:**

If either the respondent or complainant is not in agreement with the outcome of the informal resolution process or if the University, the respondent, and/or the complainant have not consented

10

EXHIBIT I

BOS-016659

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 46 of 50    EXHIBIT 10
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 46 of 50

to and/or determined that informal resolution is inappropriate or insufficient, the formal procedure will be utilized.

Upon submission of written notification by either the respondent or complainant to the Campus Title IX Coordinator communicating an intent not to accept the proposed informal resolution outcome, formal consideration will be given for a formal resolution process. The complainant and the respondent will be notified in writing the specific section(s) of policy alleged to have been violated, and the date, time, and location of the formal resolution process. Information obtained regarding the complaint will be treated as privately as possible (as set forth herein) with only those with a legitimate educational interest being informed of the complaint and the outcome of the investigation.

The formal procedure will consist of a formal review of all allegations, the initial complaint, supporting documents, investigative summary and corresponding documentation. For complaints involving students as respondents, the formal procedure will consist of a panel of trained hearing officers as outlined in the code of student conduct and/or policy/policies governing student conduct. For complaints involving employees as respondents, the Title IX coordinator or designee and the Office of Human Resource Management and/or applicable campus administrator will direct the formal process of the investigation. Each Campus shall adopt or utilize existing procedures to address alleged violation(s) of this Policy that afford both the complainant and the respondent due process as well as appeal options and other procedural rights as outlined in University policy. The Campus procedures for resolution of such complaints may be subject to review by the LSU Title IX Coordinator.

## VII. RESOLUTION/DISCIPLINARY ACTION

LSU will take appropriate action against any person found to be in violation of this policy. (Note: violations of this policy may also be subject to individual civil or criminal liability under the state or federal law).

When an employee is deemed to have violated this policy, the Campus Title IX Coordinator and Human Resource Management and/or applicable campus administrator will jointly determine the appropriate disciplinary action, or recommendation for disciplinary action, up to and including dismissal, in accordance with applicable laws, rules, and/or LSU policies.

For violations involving students, except when acting in the capacity of an employee, the appropriate campus office or administrator responsible for student conduct, student services or student life will determine the appropriate action, pursuant to any applicable code of student conduct and/or policy/policies governing student conduct. In addition, to the extent possible, LSU will interact with appropriate law enforcement or third parties to address the actions of non-students or non-employees.

Violations of this Policy may result in outcomes such as residential life contract cancellation, deferred suspension, suspension, expulsion, class only restriction (student) and/or disciplinary action or separation of employment.

## VIII. APPEAL

11

EXHIBIT I

BOS-016660

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 47 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 47 of 50
EXHIBIT 10

Either party may appeal the findings of the formal resolution process in accordance with existing University policies detailing appeal procedures for students or for employees. Appeals must be submitted in writing to the Campus Title IX Coordinator or designee within ten (10) business days upon receipt, by the appealing complainant or the appealing respondent, of notification of the outcome of the formal resolution process.

## IX. COOPERATION WITH LAW ENFORCEMENT

LSU will comply with law enforcement requests for cooperation and such cooperation may require LSU to temporarily suspend the fact-finding aspect of a Title IX investigation while the law enforcement agency is in the process of gathering evidence. LSU will promptly resume its Title IX investigation as soon as notified by law enforcement that it has completed the evidence gathering process. LSU may provide up to 10 calendar days to allow for the law enforcement agency criminal process/investigation to unfold prior to resuming the fact-finding aspect of the Title IX investigation.

The University will implement appropriate interim steps/remedies during the law enforcement agency's investigation to provide for the safety of the complainant, the respondent, the campus community, and to avoid any instance of retaliation.

Each campus will develop protocols to coordinate efforts with local law enforcement agencies and other organizations such as crisis centers. A Memorandum of Understanding (MOU) may be utilized to establish those protocols.

## X. RETALIATION

Retaliation against a person who has been subjected to sexual misconduct, or against one, who in good faith brings a complaint of or sexual misconduct or who, in good faith, participates in the investigation of a sexual misconduct complaint, is prohibited; and shall be a violation of this policy and shall constitute misconduct subject to disciplinary or other action, as described above. LSU will take steps to prevent recurrence and remedy the effects of any violation of this Policy.

## XI. RECORD KEEPING

Records will be kept in accordance with Louisiana law and federal law. For students, records will be maintained for seven (7) years by the Dean of Students or other office tasked with the maintenance of student records, except in cases of cases of suspension and expulsion, which records shall be permanent. Employment actions in violation of this policy will be maintained in the employees' respective Employee Relations file.

## XII. OTHER ASSISTANCE

Campuses and the communities in which they are located can provide other assistance to persons impacted by a violation of this policy. Each campus will develop and maintain a list of departments, programs/services, or community-based agencies offering assistance to students and employees concerning issues related to this policy.

## XIII. CAMPUS CLIMATE SURVEY

12

EXHIBIT I
BOS-016661

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ   Document 472-15   10/13/23   Page 48 of 50
EXHIBIT 10
Case 3:21-cv-00242-WBV-SDJ   Document 371-16 *SEALED* 07/10/23   Page 48 of 50

Each campus shall administer a Campus Climate Survey to assess the knowledge, perceptions and behaviors of its students, faculty and staff regarding sexual misconduct. The survey shall be developed by the four management boards of public higher education in the state of Louisiana, in coordination with the Board of Regents. Each campus is encouraged to supplement the statewide survey with any additional information specific to its unique characteristics and that may assist in preventing sexual misconduct and administering strategies dealing with sexual misconduct. The annual Campus Climate Survey shall be submitted to the LSU Title IX Coordinator by June 1 of each year.

## XIV. TRAINING, EDUCATIONAL, AND PREVENTION PROGRAMS

Each campus shall regularly offer training, educational and prevention programs designed to inform the campus or community about the law of title IX and LSU's Title IX Policy. Each campus will develop and maintain a list of educational programs, prevention programs, and other events designed to reduce the incidence of sexual violence on campus or within the community. Each campus should identify and include a bystander intervention program and programs addressing issue related to this policy.

## XV. RELATED POLICIES

To the extent other LSU or campus-based policies may conflict with this policy, the provisions of this policy shall supersede and govern.

## XVI. TASK FORCE

Each campus shall establish a task force to address sexual misconduct. Each task force shall invite student members to be represented through their respective student government body or other student organizations.

## XVII. AMNESTY POLICY

LSU encourages reporting of sexual misconduct and seeks to remove barriers to an individual or group reporting such conduct. An individual or group who, in good faith, reports sexual misconduct, either as a complainant or a third party witness, shall not be sanctioned for a nonviolent student conduct violation, such as underage drinking, at or near the time of the complained incident, provided that any such violation did not and does not place the health and safety of any other person at risk. Each campus policy shall include amnesty policies in accordance with ACT 172 and other applicable state laws.

## XVIII. MEMORANDUM OF UNDERSTANDING

Each campus shall make diligent efforts to enter into Memorandum of Understanding (MOU) with law enforcement and criminal justice agencies in the parish in accordance with ACT 172 or any other applicable state laws. Such MOUs should clearly delineate the responsibilities, protocols for investigation, as well as commitments to share information, in accordance with Act 172 and state and federal confidentiality laws. The MOUs should be updated every two years. The MOU should provide for joint or shared trauma-informed training specific to assisting sexual assault victims.

13

EXHIBIT I

BOS-016662

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
Case 3:21-cv-00242-WBV-SDJ    Document 472-15    10/13/23    Page 49 of 50
Case 3:21-cv-00242-WBV-SDJ    Document 371-16 *SEALED* 07/10/23    Page 49 of 50
EXHIBIT 10

XIX. <u>TRANSFER</u>

In accordance with state and federal law, if a student accused of a sexually-oriented criminal offense as defined in La. R.S. 44:51 or any sexual abuse offense as defined in La. R.S. 14:403 seeks to transfer to another institution during an investigation, resolution procedure, and/or adjudication procedure, the institution shall withhold the student's transcript until such investigation or adjudication is complete and a final decision has been made. Each institution shall inform the respondent of the institution's obligation to withhold the transcript during the investigation.

If, upon the completion of an investigation, resolution procedure, and/or adjudication under this policy, the student is found responsible for sexually-oriented criminal offenses as defined in La. R.S. 44:51 or any sexual abuse offense as defined in La. R.S. 14:403, and seeks to transfer to another institution, institutions are required to communicate such a violation, when the institution becomes aware of the student's attempt to transfer, with the institution(s) to which the student seeks to transfer or has transferred.

# EXHIBIT I

BOS-016663

EXHIBIT 11



**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2019324802


MEMORANDUM FOR VICTIM

TO: Corinn Hovis
FROM: Jonathan Sanders
DATE: May 1, 2020

Thank you for submitting the incident report regarding ███████ and incident(s) of behavioral misconduct reported on January 24, 2020. The Student Advocacy & Accountability (SAA) Official has met with the student and issued the following outcome:

Suspension
You are suspended effective May 10, 2020 through May 31, 2021. Suspension is the physical separation from the University for Misconduct. During this time, you are not allowed on University property. If you need to be on campus during the business day for official University business, you must receive approval from the Dean of Students in advance. At the conclusion of the suspension, you may be readmitted if you meet all requirements of the University. Suspension from the University will be recorded on the Student's academic transcript.

No Contact Directive
There is a mutual "no contact" order between you and Corinn Hovis. You are directed to avoid contact with each other until such time as this directive is lifted in writing. This mutual "no contact" order does not imply any judgment regarding the factual nature of the incident. Both you and Corinn Hovis are to refrain from: 1. approaching one another at any time; 2. calling one another at any time; 3. sending via email, campus or regular mail anything to one another; 4. contacting or communicating with one another, including through a third party, social media, or in any way at any time. Should you need to contact Corinn Hovis you must do so through this office.

The following rationale has been provided by the hearing officer / panel:

After review of the Title IX report, my conversation with █████ and my conversation with the complainant for this case, I have reached preponderance that a Code of Student Conduct violation has occurred, sexual misconduct, in addition to the finding from the Title IX investigation. As a result of these violations, I have issued Suspension as the appropriate outcome given the serious nature of the violations. █████ will be allowed to finish the spring 2020 semester academically as his suspension will begin on May 10th, 2020 and will end on May 31, 2021. I have also issued a no contact directive for this case.

Per Section 6.0 of the Code of Student Conduct, you have the right to **accept** or **decline** this outcome.

You may decline the outcome in this letter and request that the case be reheard by a University Hearing Panel (UHP). In this instance, a UHP will issue a decision that will replace the outcome in this letter. Please refer to the UHP Guide for Students  for more information on the hearing process. **You may request a UHP by completing following link UHP Request form within three (3) days of the date of this letter.**

*Louisiana State University • 4ᵗʰ Floor, LSU Student Union • Baton Rouge, LA • 70803 • O 225-578-4307 • E dossaa@lsu.edu*


# EXHIBIT I