Case 3:21-cv-00242-WBV-SDJ   Document 474-3   10/13/23   Page 5 of 10
Case 3:21-cv-00242-WBV-SDJ   Document 375-3 *SEALED* 07/10/23   Page 5 of 10
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



LSU
——— Title IX ———

March 21, 2019

▇▇▇▇▇▇
Sent electronically to ▇▇▇▇@lsu.edu

PERSONAL AND CONFIDENTIAL

Regarding Case Number: 2018371701

Dear ▇▇▇▇,

My name is Kimberly ▇▇▇▇ and I work with the University on investigating cases that involve potential violations of LSU's Policies on sexual misconduct. (This policy includes sexual assault, sexual harassment, dating violence, domestic violence, stalking, and retaliation.) Information has been forwarded to my office that you might have knowledge of a situation that was a potential violation of these policies, and I would like to schedule a time to meet with you so I can gather additional information.

Based on your class schedule, it seems that we are both available at the following times, but I know you might have work or other commitments during the day. Please let me know of a time in these windows that would work for you, or let me know when you are available if none of the times below fit your schedule.

Tuesday 3/26 8:00 am - 5:00 pm
Thursday 3/28 8:00 am - 12:00 pm

My office is in the University Administration Building at 3810 W. Lakeshore Drive, but I am happy to come to meet you elsewhere on campus.

Your safety and well-being is our priority. Please feel free to contact me if you have any questions. I look forward to hearing from you to set up a meeting time. I can be reached at ▇▇▇▇@lsu.edu or ▇▇▇▇.

Kimberly ▇▇▇▇
Title IX Graduate Assistant

EXHIBIT 5
10-5-22

Louisiana State University | 3810 West Lakeshore Drive | Baton Rouge, LA 70808 | 225-578-3918

**EXHIBIT A**

JANE_DOE_000087

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



Office of the
**President**

Permanent Memorandum No. 73 (Supersedes PM-73 dated June 18, 2014)

Effective December 15, 2015

F. King Alexander, President

## TITLE IX AND SEXUAL MISCONDUCT POLICY

### POLICY STATEMENT

In accordance with Title IX and other applicable law, Louisiana State University ("LSU") is committed to providing a learning, working, and living environment that promotes integrity, civility, and mutual respect in an environment free of discrimination on the basis of sex and sexual misconduct which includes sexual assault, sexual harassment, dating violence, domestic violence, stalking and retaliation.

LSU prohibits sexual misconduct and sexual discrimination and has implemented this policy and procedure to prevent acts of sexual misconduct and sexual discrimination and to take prompt and appropriate action to investigate and effectively discipline those found to have engaged in such conduct, in a manner consistent with the law and due process.

LSU shall provide support and assistance to those who complain of sexual misconduct and shall report instances of sexual misconduct in accordance with law. This policy applies to all persons without regard to sexual orientation, gender identity and/or gender expression. Sexual misconduct violates an individual's fundamental rights and personal dignity. LSU considers sexual misconduct in all of its forms to be a serious offense. This policy has been developed to reaffirm these principles and to provide recourse for individuals whose rights have been violated. This policy establishes a mechanism for determining when rights have been violated in all LSU functions, including employment, student life, campus support services, LSU programs and/or an academic environment.

### NONDISCRIMINATION NOTICE

LSU does not discriminate on the basis of race, creed, color, marital status, sexual orientation, gender identity, gender expression, religion, sex, national origin, age, mental or physical disability, or veteran's status in its programs and activities and provides equal access to its programs and activities. Inquiries regarding the non-discrimination policy should be directed to the individual or individuals designated in each campus' applicable policy.

1

Louisiana State University | 3810 West Lakeshore Drive | Baton Rouge, LA 70808 | 225-578-2111 | lsu.edu

**EXHIBIT A**

JANE_DOE_000088

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

### FREEDOM OF SPEECH

This policy is not intended to infringe on any form of speech that is protected by the First Amendment of the United States Constitution nor to regulate protected speech.

I. **JURISDICTION**

   A. This policy shall apply to conduct that occurs on an LSU campus, at LSU sponsored activities, and/or when the student or employee is representing LSU. LSU shall have discretion to extend jurisdiction over conduct that occurs off campus when the conduct adversely or significantly affects the learning environment or LSU community and would be a violation of this policy and/or any applicable campus policy or code of conduct, if the conduct had occurred on campus. In determining whether or not to extend jurisdiction, LSU may consider, among other factors, its ability to gather information and affect a resolution. LSU may extend jurisdiction (over off-campus conduct) if the alleged conduct by the student or employee:

      1. Involved violence or produced a reasonable fear of physical harm; and/or
      2. Involved any other members of the LSU community or any academic work, records, documents, or property of LSU.

   B. Each student shall be responsible for his/her conduct from the time of acceptance for admission through the actual awarding of a degree or departure from the University.
   C. Employees are responsible for their conduct during work hours, on campus, at LSU-sponsored activities, and/or when the employee is representing LSU or when their conduct would adversely affect LSU's image, regardless of whether such conduct occurs on-campus or off-campus.
   D. This policy also applies to any person who is both a student and an employee at LSU, arising out of, or in connection with, conduct in either or both of those capacities. Any violation of this policy may subject such person to disciplinary action, as applicable, in either or both of those capacities.

II. **DEFINITIONS**

**"Sexual Misconduct"**: A sexual act or contact of a sexual nature that occurs, regardless of personal relationship, without the consent of the other person(s), or that occurs when the person(s) is unable to give consent or whose consent is coerced or obtained in a fraudulent manner. For the purpose of this Policy, sexual misconduct includes, but is not limited to, sexual assault, sexual abuse, violence of a sexual nature, sexual harassment, non-consensual sexual intercourse, sexual exploitation, video voyeurism, contact of a sexual nature with an object, or the obtaining, posting or disclosure of intimate descriptions, photos, or videos without the express consent or the persons depicted therein, as well as dating violence, domestic violence and stalking, as well as crimes of a sexual nature as defined in Title 14 or the Louisiana Revised Statutes or at La. R.S. 44:51.

**"Advisor of Choice" or "Confidential Advisor"**: A student or employee has the right to have an "Advisor of Choice" or a "Confidential Advisor" present during any meeting conducted under this policy.

**"Advisor of Choice"**: This Advisor can be any person who the student or employee chooses but may not have personal involvement regarding any facts or circumstances of the alleged misconduct. This Advisor's only function shall be to assist and/or consult with the student or employee. This Advisor may not act

2



EXHIBIT A

JANE_DOE_000089

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

as a spokesperson. This Advisor may be an attorney but participation shall be limited as stated above.

**"Confidential Advisor"**: A person trained in accordance with law and designated by the campus who the student or employee can choose to have support and advise them in accordance with law during the complaint process. This Confidential Advisor may be present during any meeting conducted under this policy to assist and/or consult with the student or employee. This Confidential Advisor may not act as a spokesperson.

**"Coercion"**: The use of express or implied threats, intimidation, or physical force which places an individual in fear of immediate harm or physical injury or causes a person to engage in unwelcome sexual activity. Coercion also includes administering a drug, intoxicant, or similar substance with the intent to impair that person's ability to consent prior to engaging in sexual activity.

**"Complainant"**: Any student or employee who alleges a violation under this policy.

**"Consent"**: Consent to engage in sexual activity must exist from the beginning to the end of each instance of sexual activity. Consent is demonstrated through mutually understandable words or actions that clearly indicate a willingness to engage in a specific sexual activity. Silence alone, without actions evidencing permission, does not demonstrate consent. Consent must be knowing and voluntary. To give consent, a person must be of legal age. Assent does not constitute consent if obtained through coercion or from a person who the alleged offender knows or should reasonably know is incapacitated. The responsibility of obtaining consent, through mutually understandable words or actions, rests with the person initiating sexual activity. Use of alcohol or drugs does not diminish the responsibility to obtain consent. Consent to engage in sexual activity may be withdrawn by any person at any time. Once withdrawal of consent has been expressed, the sexual activity must cease. Consent is automatically withdrawn by a person who is no longer capable of giving consent. A current or previous consensual dating or sexual relationship between the Parties does not itself imply consent or preclude a finding of responsibility.

**"Dating Violence" includes but is not limited to:**

**"Dating Violence" as defined by the Clery Act:** Violence, including but not limited to sexual or physical abuse or the threat of such abuse, committed by a person who is or has been in a social relationship of a romantic or intimate nature with the alleged victim. The existence of such a relationship will be determined based on a consideration of the length and type of relationship and the frequency of interaction.

**"Dating Violence" as defined by Louisiana Law:** Includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one dating partner against the other (La. RS § 46.2151(C)) For purposes of this Section, "dating partner" means any person who is or has been in a social relationship of a romantic or intimate nature with the victim and where the existence of such a relationship shall be determined based on a consideration of the following factors:
(1) The length of the relationship,
(2) The type of relationship, and
(3) The frequency of interaction between the persons involved in the relationship.

**"Domestic Violence" includes but is not limited to:**

**"Domestic Violence" as defined by the Clery Act:** Violence, including but not limited to sexual or physical

3

**EXHIBIT A**

JANE_DOE_000090

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

abuse or the threat of such abuse, committed by a current or former spouse or intimate partner or any other person from whom the alleged victim is protected under federal or Louisiana law. Felony or misdemeanor crime of violence committed:

- By a current or former spouse or intimate partner of the victim;
- By a person with whom the victim shares a child in common;
- By a person who is cohabitating with, or has cohabited with, the victim as a spouse or intimate partner;
- By a person similarly situated to a spouse of the victim under the domestic or family violence laws of the jurisdiction in which the crime of violence occurred; or
- By any other person against an adult or youth victim who is protected from that person's acts under the domestic or family violence laws of the jurisdiction in which the crime of violence occurred.

**"Domestic Abuse" as defined by Louisiana Law**: Abuse and violence including but not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another. La. RS 46:2132(3).

**"Family violence" as defined by in Louisiana Law:** Any assault, battery, or other physical abuse which occurs between family or household members, who reside together or who formerly resided together. La. RS § 46.2121.1(2)

**"Hostile Environment"**: Includes conduct of a sexual nature that is sufficiently severe, persistent, or pervasive to limit a student's or employee's ability to participate in or benefit from the education program or from one's employment, or to create a hostile or abusive educational or work environment.

**"Incapacitation"**: An individual is considered to be incapacitated if, by reason of mental or physical condition, the individual is manifestly unable to make a knowing and deliberate choice to engage in sexual activity. Being drunk or intoxicated can lead to incapacitation; however, someone who is drunk or intoxicated is not necessarily incapacitated, as incapacitation is a state beyond drunkenness or intoxication. Individuals who are asleep, unresponsive or unconscious are incapacitated. Other indicators that an individual may be incapacitated include, but are not limited to, inability to communicate coherently, inability to dress/undress without assistance, inability to walk without assistance, slurred speech, loss of coordination, vomiting, or inability to perform other physical or cognitive tasks without assistance.

**"Respondent"**: Any student or employee against whom a complaint under this policy has been made.

**"Responsible Person"**: Any employee who has the authority to take action to redress sexual violence or who has been given the duty of reporting incidents of sexual violence or any other misconduct prohibited by this policy by students or employees to the Title IX coordinator or other appropriate school designee. Responsible Persons do not include victims' advocates, mental health counselors, or clergy.

**"Retaliation"**: Title IX prohibits retaliation. Any acts or attempted acts for the purpose of interfering with any report, investigation, or proceeding under this Policy, or as retribution or revenge against anyone who has reported Sexual Misconduct or who has participated (or is expected to participate) in any manner in an investigation, or proceeding under this Policy. Prohibited retaliatory acts include, but are not limited to, intimidation, threats, coercion, or discrimination.

**EXHIBIT A**

JANE_DOE_000091

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**"Sexual assault"**: Any type of sexual contact or behavior that occurs, or is attempted, without the explicit consent of the recipient. Sexual assault includes, but is not limited to, sexual acts, or attempted sexual acts, such as rape, fondling, incest or statutory rape, forced sexual intercourse, sodomy, child molestation, any sexual touching, and includes sexual acts against people who are unable to consent either due to age or incapacitation.

**"Sexual Assault" also includes but is not limited to:**

**"Sexual Assault" as defined by the Clery Act:** Any offense that meets the definition of rape, fondling, incest, or statutory rape as used in the FBI's UCR program.

**"Non-Consensual Sexual Intercourse"**: Having or attempting to have sexual intercourse, cunnilingus, or fellatio without consent. Sexual intercourse is defined as anal or vaginal penetration by a penis, tongue, finger, or inanimate object.

**"Non-Consensual Sexual Contact"**: Any intentional sexual touching, or attempted sexual touching, without consent.

**"Sexual Assault" also includes sexual battery as defined in La. R.S. 14:43.1.**

**"Sexual Discrimination"**: Behaviors and actions that deny or limit a person's ability to benefit from, and/or fully participate in the educational programs, activities, and services because of a person's gender.

**"Sexual Exploitation":** Any act attempted or committed by a person for sexual gratification, financial gain, or other advancement through the abuse or exploitation of another person's sexuality. Examples of sexual exploitation include, but are not limited to, non-consensual observation of individuals who are undressed or engaging in sexual acts, non-consensual audio- or videotaping of sexual activity, prostituting another person, allowing others to observe a personal consensual sexual act without the knowledge or consent of all involved parties, and knowingly exposing an individual to a sexually transmitted infection without that individual's knowledge.

**"Sexual Harassment"**: The unwelcome conduct of a sexual nature when i) submission to such conduct is made either explicitly or implicitly a term or condition of a person's employment or education; ii) submission to or rejection of such conduct by a person is used as the basis for a decision affecting that person's employment or education; or iii) such conduct has the purpose or effect of unreasonably interfering with a person's employment or education, or creating an intimidating, hostile, or offensive employment or educational environment, and has no legitimate relationship to the subject matter of a course or academic research. Sexual Harassment also includes non-sexual harassment or discrimination of a person because of the person's sex and/or gender, including harassment based on the person's nonconformity with gender stereotypes. For purposes of this Policy, the various forms of prohibited Sexual Harassment are referred to as "Sexual Misconduct."

**"Sexually-Oriented Criminal Offense"**: any sexual assault offense as defined in La. R.S. 44:51, and any sexual abuse offense as defined in La. R. S. 14:403.

**"Stalking"** includes but is not limited to:

5

**EXHIBIT A**

JANE_DOE_000092