- Reaffirmed that prohibited "sexual harassment" includes "unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature," including "sexual violence" and "gender-based harassment."

- Reaffirmed the Department's "constructive knowledge" standard for administrative enforcement as follows: "If a school knows or reasonably should know about student-on-student harassment that creates a hostile environment, Title IX requires the school to take immediate action to eliminate the harassment, prevent its recurrence, and address its effects."

- Stressed the broad responsibilities of the Title IX Coordinator, including the responsibility to "oversee[] all Title IX complaints and identifying and addressing any patterns or systemic problems that arise during the review of such complaints"; to "be available to meet with students as needed"; and "not have other job responsibilities that may create a conflict of interest."

- Established an institution's obligation to ensure that "all school law enforcement unit employees should receive training on the school's Title IX grievance procedures and any other procedures used for investigating reports of sexual violence" and "instruct law enforcement unit employees both to notify complainants of their right to file a Title IX sex discrimination complaint with the school in addition to filing a criminal complaint, and to report incidents of sexual violence to the Title IX coordinator if the complainant consents."

- Outlined the standard of evidence (preponderance of the evidence), certain procedural requirements for investigations and hearings, and requiring training for Title IX Coordinators, investigators, and adjudicators.

- Recommended institutions "implement preventive education programs and make victim resources, including comprehensive victim services, available."

Despite the 2011 Dear Colleague Letter's clarion call for institutions to implement and increase infrastructure for Title IX offices, LSU did not have a formally designated Title IX Coordinator until 2014[21] when the University assigned Jim Marchand, one of two attorneys in the Office of General Counsel, to fill the Title IX Coordinator role for the entire LSU System on an "interim" basis. In addition, at that time, the University formally designated Gaston Reinoso, Assistant Vice President for Human Resource Management, as the LSU A&M Campus[22] Title IX Coordinator and Deputy Coordinator for Human Resource Management.[23] Significantly, both of these designations were "other duties as assigned" roles. Additionally, for many years, the University

---

[21] According to LSU's sexual harassment policy documents preceding 2014, "The Dean of Students and the Associate Vice President of Human Resource Management are responsible for administration of the University's policy on sexual harassment." *See* PS-95 at 4.

[22] "LSU A&M" refers to the official name of LSU's Baton Rouge campus, "Louisiana State University and Agriculture and Mechanical College."

[23] In addition, KC White, Dean of Students, was designated as the Deputy Title IX Coordinator for Students at the time.