Although the Department's 2020 Regulations eliminated the broad "responsible employee" reporting requirement, the regulations continue to attribute "actual knowledge" of an incident of sexual harassment triggering institutional responses to include notice to "any official of the recipient who has authority to institute corrective measures on behalf of the recipient."[63] Campus law enforcement officials meet this definition. Significantly, once the institution is on notice of an incident of sexual violence, "The **Title IX Coordinator** must promptly contact the complainant to discuss the availability of supportive measures" and "explain to the complainant the process for filing a formal complaint."[64] The Title IX Coordinator cannot fulfil this mandate if an institutional department does not share reports of sexual violence.

In addition, the University's current Title IX policy maintains the responsible employee reporting requirement as an institutional mandate, and, again, law enforcement officers are not excepted.[65] The policy makes clear: "To the extent a conflict exists between State or local law and Title IX, the obligation to comply with Title IX is not obviated or alleviated by any State or local law. To the extent other LSU or campus-based policies may conflict with this policy, the provisions of this policy shall supersede and govern."[66]

Moreover, the Louisiana legislature passed the "Campus Accountability and Safety Act" in 2015.[67] Among the mandates included in this comprehensive statute is a provision entitled "Coordination with local law enforcement," which requires:

> Each institution and law enforcement and criminal justice agency located within the parish of the campus of the institution shall enter into a memorandum of understanding to clearly delineate responsibilities and share information in accordance with applicable federal and state confidentiality laws, including but not limited to trends about sexually-oriented criminal offenses occurring against students of the institution.[68]

This statute outlines several elements for the memorandum of understanding, including the following elements:

> (1) Delineation and sharing protocols of investigative responsibilities.
>
> (2) Protocols for investigations, including standards for notification and communication and measures to promote evidence preservation.

---

[63] 34 C.F.R. § 106.30(a).
[64] 34 C.F.R. § 106.44(a) (emphasis added).
[65] *See* PM-73 (2020) at Appendix 1 (establishing requirement for "responsible employees" to "promptly notify the Title IX Campus Coordinator" of "incidents of Sexual Misconduct"), Appendix 8 (defining "responsible employee as ("Any employee given the duty of reporting actual notice of incidents of sexual violence or any other misconduct prohibited by this policy. Responsible Employees do not include victims' advocates, mental health counselors, or LSU Ombudsperson.").
[66] *Id.* at Appendix 7.
[67] *See* La. R.S. § 17:3399.11–17:3399.17.
[68] La. R.S. § 17:3399.14(A). The must "be updated every two years." *Id.* § 17:3399.14(B).