offices to work with the Title IX office in issuing accommodations and other assistance for students that were involved in a Title IX investigation. Plaintiff Hovis should have received academic assistance through the advocacy and support of the Title IX office, she should have been granted extensions, and she should not have had to pay for the class she failed.

LSU's failure to support Plaintiff Hovis after the Title IX investigation deprived Plaintiff Hovis of her right to receive remedies of the effects of her rape and resulting Title IX investigation, contrary to industry standards and practice in connection with Title IX compliance.

## IX.  Conclusion

As explained in detail in this report, it is my expert opinion that LSU failed to meet industry standards and practice in connection with Title IX compliance and its own PM-73 policy as to each of the Plaintiffs. My opinion is based on the documents provided and reviewed, as referenced in this report, and my training, knowledge, and experience as an independent, Title IX professional. If presented with new, additional, or different information, my opinion may change.

This report was prepared exclusively for the use of the Court, legal counsel to the parties involved in this matter, and others who have a right to the information contained herein in the context of the subject legal proceeding. It is confidential and is not to be distributed to or relied upon by others. I reserve the right to amend, modify or supplement this report based upon the receipt of new or additional information as I have been informed by counsel that discovery is ongoing in this case.

Date: January 6, 2023

Signature: