UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 7: ELISABETH ANDRIES**

The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") submits this reply memorandum in support of its Motion for Summary Judgment No. 7: Elisabeth Andries ("Plaintiff" or "Andries").[1] For the reasons set forth below and in the Board's original memorandum, Plaintiff's claim fails as matter of law.[2]

**I.   ANDRIES' ARGUMENTS OF POST-REPORTING CONDUCT RELATE TO DISMISSED CLAIMS.**

This Court dismissed the post-reporting deliberate indifference claim asserted by Andries, ruling that "Plaintiffs' Title IX deliberate indifference and hostile environment claims, asserted in Counts I and II of the Second Amended Complaint, . . . are time barred." (R. Doc. 340, pp. 19-20). Her sole remaining claim is one for heightened risk, a "before" violation, which is limited to conduct occurring pre-assault. Nevertheless, in her opposition, Andries argues numerous points that relate to post-assault occurrences, essentially attempting to obtain another bite at the apple on her dismissed "deliberate indifference" claim. For example, Andries complains about the investigation of her Title IX complaint, particularly the length of time it took to complete the

---

[1] The Board accepts Plaintiff's facts as true for purposes of its motion and memoranda only.
[2] The Board adopts and incorporates by reference the arguments and evidence submitted in support of its motion, as well as the arguments and evidence referenced in the Board's other reply memoranda.

1

investigation, the extension of response deadlines for Roe, and the appeal process. Andries also takes issue with the discipline imposed on Roe in connection with her complaint as well as Roe's alleged conduct after her report (*i.e.,* seeing him in class, at a football game, and at the coffee shop where she worked). These arguments are based on conduct that occurred after her alleged assault and report to LSU and are completely unrelated to her remaining pre-assault heightened risk claim.

## II. ANDRIES' CONCESSIONS PROVE SUMMARY JUDGMENT IS WARRANTED.

Andries has not introduced appropriate summary judgment evidence to refute the undisputed evidence introduced by the Board. She fails to address numerous significant facts and arguments supporting summary dismissal of her heightened risk claim, including:

- Plaintiffs did not plead a heightened risk claim with respect to Andries. Her claim fails for this reason alone. Consistent with her focus on post-assault conduct, every example of how LSU created a heightened risk of sexual misconduct for Roe's victims set forth in the Second Amended Complaint and Jury Demand (the "Complaint") involves conduct occurring after Andries' alleged assault by Roe. (R. Doc. 182, ¶ 933(a)-(c))

- In her attempts to confuse the issues before the Court by focusing on post-assault conduct, Andries fails to cite any conduct prior to her alleged assault to support her heightened risk claim.

- In their opposition memoranda, Plaintiffs differentiate **for the first time** between "Perpetrator-based Heightened Risk" and "Policy-based Heightened Risk." According to Plaintiffs: "In the present matter, all Plaintiffs have Policy-Based Heightened Risk claims; Plaintiffs Jade Lewis, Calise Richardson, Abby Owens, and Samantha Brennan also have Perpetrator-Based Heightened Risk claims . . . ." (Mize Opp. p. 7) Andries is not identified as asserting a Perpetrator-Based Heightened Risk claim, undoubtedly

2

because she is the first and only plaintiff alleging conduct by Roe, and Andries admits that Roe never committed another sexual act against her.[3] (Board 30(b)(60 I 48-49; Andries 26-27, 40, 49-50)

- Plaintiff cannot dispute her sworn deposition testimony regarding the scope of the alleged misconduct by Roe—she was groped by Roe in October 2016, and she prevented a subsequent groping in July 2017. (Andries 26-27, 40, 49-50) Indeed, although Plaintiff attempts to amplify the circumstances of each incident, her opposition is clear that her claim is limited to the alleged groping in October 2016 and the "attempted" groping in July 2017. (Andries Opp. p. 2)

- Despite her claim that she did not know anything about the Title IX process until spring 2019, Andries does not dispute that she completed training and received several communications regarding sexual assault, Title IX, and campus safety while she was a student at LSU and before spring 2019. (Andries 153-156; Andries Exhs. 32-36; Board 30(b)(6) I 33, 36-39, 41-43; Sanders Decl. ¶¶ 3, 5)

- Throughout her opposition brief, Plaintiff takes great liberties and mischaracterizes her testimony and the evidence in an effort to manufacture fact issues on her claims. For example, Andries claims she learned about the availability of disability services through a friend "not through her visit to the Lighthouse." (Andries Opp. p. 3) However, in her deposition, Andries testified that she began seeing Tiffany McCaughey at the LSU Student Health Center in November 2016, and McCaughey provided her with resources about LSU's Lighthouse Program. (Andries 54-55) Andries did not

---

[3] Should this Court conclude a police-based heightened risk claim is unavailable in the Fifth Circuit, summary judgment is warranted as a matter of law because Plaintiff has abandoned any other heightened risk claim. (See Mize Board Memorandum in Support of Motion for Summary Judgment No. 1, Section III.D)

testify that she was unaware of disability services. Rather, she testified that she decided not to use the resources available through the program at that time. (Andries 54-55) Additionally, Andries mispresents Title IX's response regarding the No-Contact Order. Andries admitted that Roe had not attempted to contact her in class or otherwise after July 2017. (Andries 72-73) Therefore, a "No-Contact Order" was not issued. (Andries 77-78) Further, Andries complains about the response she received when she decided to go to the Lighthouse Program, claiming she was told nothing could be done if she did not want to disclose the name of her assailant. (Andries Opp. p. 3). However, in her deposition, Andries acknowledged that she received disability services after her first visit to the program. (Andries 59) Finally, Andries claims the alleged assault by Roe caused several lumps to form in her breasts. (Andries Opp. p. 2) Notably, Andries acknowledged in her deposition that the cause of this type of lump is unknown, and her physician did not tell her the lumps were the result of the alleged assault. (Andries 159)[4]

### III. VULNERABILITY ALONE DOES NOT ESTABLISH A TITLE IX CLAIM.

*See* the discussion set forth in Reply Memorandum No. 1, Section III, which is adopted herein by reference.

### IV. ANDRIES DOES NOT HAVE A VIABLE HEIGHTENED RISK CLAIM.

**a. Andries Failed to Establish That Her Heightened Risk Claim Is Timely.**

*See* the discussion set forth in Reply Memorandum No. 1, Section IV.b, which is adopted herein by reference. Plaintiff relies on the Husch Blackwell Report, which was published in March 2021, in an effort to resurrect her otherwise untimely claim. Plaintiff claims the Husch Blackwell

---

[4] Notably, Andries' statement of medical opinion absent concurrence from her treating physician or other expert is not proper summary judgment evidence.

Report revealed (1) one of her professors filed a student in distress complaint requesting assistance for her, but the complaint was ignored; and (2) a student (like Roe) who is found responsible for two counts of sexual misconduct should have been suspended or expelled under LSU's policy. Neither of these points has any bearing on her remaining pre-assault claim. At best, Plaintiff's allegations relate to her already-dismissed deliberate indifference claim because they concern conduct occurring after the alleged assault. Plaintiff has not identified anything in the Husch Blackwell Report that revealed any pre-assault information impacting Andries' knowledge of her claim, and she has failed to show that she "did not have reason to further investigate" her claims until after the report was published. (R. Doc. 340, p. 20)

### b. Andries Does Not Establish Causation to Support Her Official Policy Arguments.

*See* the discussion set forth in Reply Memorandum No. 1, Section IV.a., which is adopted herein by reference. According to the opposition, "The experiences **Andries had** with LSU's Title IX process provide clear evidence that LSU was not following its official policies, and thereby maintained a policy of deliberate indifference." (Andries Opp. p. 8 (emphasis added)) In support of this argument, Andries challenges whether her alleged assault was properly reported under LSU's Title IX policy, the issuance of a No-Contract Order, and the discipline imposed by Roe in connection with her complaint. All of this conduct occurred **after** Andries' alleged assault and cannot serve the basis for her heightened risk claim. Moreover, for the reasons set forth in the Board's original memorandum, the Board's actions in response to Andries' complaint do not show a policy of deliberate indifference. (Andries Opp. pp. 11-12) Andries cannot establish that the Board's purported official policies subjected her to harassment or made her vulnerable to further harassment that actually occurred as required by *Davis*. Therefore, her claim fails as a matter of law.

5

### c. Andries Has Failed to Establish the Essential Elements of Her Claim.

*See* the discussion set forth in Reply Memorandum No. 1, Section V, which is adopted herein by reference. As to the first *Karasek* factor (a "policy" of deliberate indifference"), Andries fails to show a pre-assault policy of deliberate indifference that affected her. While she merely argues that "LSU was not following its official policies," it is well established that Title IX liability will not arise simply from a school's noncompliance with its internal policies and procedures, because doing so is not deliberately indifferent.[5]

With regard to the second factor, Andries attempts to establish her burden by relying on the fact that Roe was found responsible for two instances of sexual assault. However, both assaults occurred on the same night during the same party, and Plaintiff's report of an assault by Roe was the first report regarding Roe received by LSU. (Board 30(b)(6) I 48-49) Andries has not alleged or identified any conduct by Roe that would put LSU on notice of a particularized risk of sexual misconduct. The timing of the assaults does nothing to establish a pre-assault deliberate indifference claim, particularly when none of the other women reported to LSU until Andries reported. (Andries 30-31, 74-75. 110; Board 30(b)(6) I 47-49)

Further, Andries fails to establish the fourth factor (*i.e.,* "severe, pervasive, and objectively offensive" harassment that can be said to deprive plaintiff of educational opportunities). For the reasons set forth in the Board's Memorandum in Support of Motion for Summary Judgment No. 7, the evidence remains undisputed that the alleged conduct about which Andries complains falls far short of severe, pervasive and objectively offensively conduct for purposes of Title IX. (*See* Board Memorandum in Support of Motion for Summary Judgment: No. 7, Section III.C.b.) Andries focuses on the numerous negative effects after the alleged assault, such as "missing hours

---

[5] *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 169 (5th Cir. 2011); *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 369 (5th Cir. 2019).

of class" and "going to new coffee shops because she feared running into Roe in public."[6] (Andries Opp. p. 11) However, she fails to show that Roe's conduct is actionable.

## V.  CONCLUSION

For the reasons stated in the Board's memorandum in support of its Motion for Summary Judgment No. 7: Elisabeth Andries and herein, Andries' heightened risk claim fails as a matter of law and should be dismissed, with prejudice.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  /s/ *Susan W. Furr*
Shelton Dennis Blunt Bar Roll No. 21230
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No.: 36065
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com

---

[6] Any negative effects experienced by Plaintiff **as a result** of Roe's purported conduct cannot serve as evidence to establish the requisite severe, pervasive and offensive harassment, as the pertinent threshold inquiry is not the **effect** the conduct had on the individual, but rather whether the "harassment" itself was severe, pervasive, and objectively offensive. *See Sanches v. Carrollton-Farms Branch Indep. Sch. Dist.*, 647 F.3d at 165 (**harassment** must be severe, pervasive and objectively offensive) (citing Davis, 526 U.S. at 650)).

7

Email: michael.victorian@phelps.com

ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on August 22, 2023, with the Court's CM/ECF system. Undersigned counsel will send an electronic copy of the same to Plaintiffs' counsel.

/s/ *Susan W. Furr*
Susan W. Furr