UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, et al.** *Plaintiffs* | Case No.: 3:21-cv-00242 |
| | Division WBV-SDJ |
| v. | |
| | JUDGE WENDY B. VITTER |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE** *Defendant* | MAGISTRATE JUDGE JOHNSON |
| | JURY DEMANDED |

## SWORN DECLARATION OF CATHERINE E. LASKY, ESQ.

Pursuant to 28 U.S.C. § 1746, I hereby declare and state the following:

1. My name is Catherine E. Lasky. I am over the age of 21, and am competent to make this declaration.

2. I have personal knowledge of the facts set out in this Declaration, which are submitted in accordance with this Court's Order, dated September 29, 2023, requiring Plaintiffs in the above-captioned action to file a submission detailing all reasonable attorneys fees, costs, and expenses they have incurred as a result of Defendant's failure to preserve discoverable ESI in the form of cell phone text messages and other data of Michael and Julia Sell, pursuant to Rule 37(e)(1).

3. I am the founding member and manager of the law firm Katie Lasky Law, LLC and am duly licensed to practice in the State of Louisiana under Bar Roll No. 28652. I practice in the courts of this State and am familiar with the attorney's fees customarily charged by attorney's practicing in this jurisdiction.

4. As an attorney and managing member of Katie Lasky Law, LLC, I am responsible for preparing a contemporaneous account of legal services provided to the firm's clients in accordance with firm procedure, which are totaled on a monthly basis. The standard hourly billing rates charged to clients of Katie Lasky Law, LLC who elect to be billed on an hourly basis are as follows: $425 per hour for myself, as managing partner; $350 per hour for of counsel attorneys; $300 per hour for associate attorneys; and $175 per hour for paralegal services.

5. Katie Lasky Law, LLC, was retained by Plaintiffs, along with co-counsel Elizabeth Abdnour and Karen Truszkowski, to represent their interests in the above-captioned matter. In connection with the representation of Plaintiffs, our firm, among other services, undertook extensive discovery, including propounding written discovery and subpoenas, reviewing sizeable

productions of documents, and taking numerous depositions of both parties and non-parties to this litigation.

6. In the course of discovery, Plaintiffs sought, *inter alia,* data from LSU-issued cell phones used by Michael and Julia Sell during and in connection with their employment, more specifically, text messages that could not be retrieved from any source other than the phones themselves. Our firm issued a subpoena to the Sells on July 9, 2022, requesting relevant documents and communications, including these text messages, but by that time the Sells had left their employment with LSU and therefore responded that they no longer had possession of the phones and thus could not provide the relevant phone data.

7. Accordingly, in early September 2022, attorneys with Katie Lasky Law, LLC, contacted the Defendant Board, seeking responsive data from the cell phones that were now in the University's possession. In late October, the Board advised that the data sought was not available. Thereafter, however, we engaged in continued communications with attorneys for the Board about the data available from the mobile data provider, about who had custody of the cell phones at all times after the Sells returned them, and about why the Sells' data was no longer on the phones.

8. In late January 2023, an attorney from our firm ultimately drove to Baton Rouge to obtain the physical cell phones for inspection, at which time it was confirmed that both phones had been wiped of all data, in violation of the Agreed ESI Order in place between the parties to this litigation. Accordingly, Katie Lasky Law, LLC, along with co-counsel, filed a Motion for Sanctions, which this Court thereafter granted on September 29, 2023, awarding reasonable fees and costs incurred by Plaintiffs as a result of the foregoing events and the Defendant's failure to preserve ESI in accordance with its discovery obligations.

9. I have reviewed the time slips relating to the time spent by attorneys and paralegals in connection with the firm's representation of Plaintiffs, as well as expenses incurred in connection with the discovery involving the spoliated evidence, which are reflected in the billing records attached herewith as Exhibit A. The hours and amounts itemized in Exhibit A accurately reflect the time and costs spent in connection with the discovery involving the spoliated evidence.

10. Due to the obstructionist tactics of the Defendant in connection with Plaintiffs' attempts to discover the spoliated data, attorneys of this firm were forced to undertake extensive, measures in an attempt to obtain evidence which should have been discoverable, and which the Defendant was obligated to retain pursuant to this Court's oral order and Agreed ESI Order, which should have

put Defendant on notice to monitor and preserve ESI such at the data on the Sells' cell phones. As a result, Plaintiffs incurred unnecessary expenses, including attorney's fees and costs.

11. Plaintiffs' counsel expended a total amount of $ 21,002.30 in attorneys' fees and costs incurred in connection with these proceedings. This amount reflects compensation for 75.6 hours of legal services provided at the above-referenced rates, mileage reimbursements for additional travel, and the costs of personal service on both Julia Sell and Mike Sell.

12. As reflected in the exhibit filed herewith, time spent on this representation was shifted, where appropriate, to lower billing attorneys to minimize the fees charged to Plaintiffs in connection with these proceedings.

My name is Catherine E. Lasky and, authorized by 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of October, 2023.

_____
CATHERINE E. LASKY, ESQ.