UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ABBY OWENS, ET AL., | : | |
| | : | |
| **Plaintiffs,** | : | Case No. 21-242-WBV-SDJ |
| | : | |
| v. | : | JUDGE WENDY B. VITTER |
| | : | |
| BOARD OF SUPERVISORS OF | : | MAGISTRATE JUDGE JOHNSON |
| LOUISIANA STATE UNIVERSITY | : | |
| AND AGRICULTURAL AND | : | |
| MECHANICAL COLLEGE, | : | |
| | : | |
| **Defendant.** | : | |

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
OBJECTIONS TO MAGISTRATE JUDGE JOHNSON'S ORDER ON
PLAINTIFFS' MOTION FOR SANCTIONS**

---

Now come Plaintiffs Abby Owens, Samantha Brennan, Calise Richardson, Jade Lewis, Kennan Johnson, Elisabeth Andries, Jane Doe, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), by and through the undersigned counsel, and respectfully submit this Response in Opposition to Defendant's Objections to Magistrate Judge Johnson's September 29, 2023, Order (ECF No. 467). For the reasons stated herein, Plaintiffs respectfully request that the Court overrule Defendant's objections in its entirety.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit against multiple Defendants, including Michael and Julia Sell ("the Sells") on April 26, 2021. (ECF No. 1). The Sells are former tennis coaches at Louisiana State University ("LSU"). (ECF No. 1). Plaintiffs filed an Amended Complaint on June 25, 2021. (ECF No. 22). Plaintiffs filed a Second Amended Complaint on January 17, 2022. (ECF No. 182). The Sells were subsequently dismissed from this lawsuit on January 19, 2022. (ECF No. 187). On

1

February 20, 2023, Plaintiffs filed a Motion for Sanctions against Defendant Board Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board" or "Defendant") following the Board's failure to preserve electronically stored information ("ESI"). (ECF No. 325-1). On September 29, 2023, Magistrate Judge Johnson issued an Order, in part, granting Plaintiffs' Motion. (ECF No. 440). On October 13, 2023, the Board filed Objections to Magistrate Judge Johnson's Order. (ECF No. 468).

## II.    LAW AND ARGUMENT

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, when a nondispositive matter is referred to a Magistrate to decide, the Magistrate "must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). According to Rule 72, a party may then file objections to the Magistrate's order within fourteen (14) days. *Id.* The Fifth Circuit has held that "when a party makes timely objections to a Magistrate Judge's nondispositive order, the District Court will only modify or set aside any portion of the order that is clearly erroneous or contrary to law." *Esquivel v. Kendrick,* Docket No. 22-50979, 2023 U.S. App. LEXIS 22839, at *6 (5th Cir. Aug. 29, 2023). This District has held that there are three major grounds for justifying reconsideration of a Magistrate's Order: "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." *J.M.C. v. La. Bd. of Elem. and Secondary Educ.,* 584 F. Supp.2d 894, 896 (M.D. La. 2008).

> **A.** **The Court should affirm Magistrate Judge Johnson's Order finding prejudice due to the loss of ESI because the information believed to have been contained on the Sells' cell phones is relevant to Plaintiffs' Policy-Based Heightened Risk Claims.**

In its Objections to Magistrate Judge Johnson's Order, the Board argues that the sole remaining claim for Plaintiffs Abby Owens ("Owens"), Jade Lewis ("Lewis"), and Kennan

2

Johnson ("Johnson) is their Title IX Heightened Risk Claim "based on conduct that occurred before any alleged misconduct experienced by plaintiffs." (ECF No. 468 at 3). The Board incorrectly argues that "the Sells' cell phone information is not relevant to a pre-assault claim," and as such, Plaintiffs are not prejudiced from the loss of the data from the phones. (ECF No. 468 at 3-4). The Board's argument fails, as it wrongly argues that the information contained on the Sells' cell phones is not relevant to the pre-assault claims of seven Plaintiffs.

As discussed in Plaintiffs Opposition to Defendant's Motion for Summary Judgment, there are two types of heightened risk claims: Perpetrator-based Heightened Risk and Policy-Based Heightened Risk. (ECF No. 480). All ten Plaintiffs have a Policy-Based Heightened Risk Claim. To prove that an institution created a heightened risk of sexual harassment based on an institutional policy, a plaintiff must show, among other things, *that a school maintained a policy of deliberate indifference to reports of sexual misconduct* which created a heightened risk of sexual harassment. *Doe v. Metro. Gov't & Davidson Cnty.,* 35 F.4th 459, 465 (6th Cir. 2022). This type of heightened risk claim does not require additional instances of sexual harassment by any particular perpetrator.

As argued in Plaintiffs' Motion for Sanctions, the data from the Sells' cell phones could prove, at a minimum:

- o   When Julia Sell became aware that John Doe had raped Plaintiff Owens;

- o   Whether Julia Sell told Plaintiff Owens' father that she did not believe Owens had been raped by John Doe;

- o   Whether Julia and/or Mike Sell encouraged other student athletes to retaliate against Plaintiffs Lewis and/or Johnson;

- o   Whether and when Julia and/or Mike Sell became aware of John Coe's abuse of Plaintiff Lewis;

- o   Whether Mike Sell told Plaintiff Lewis' father that John Coe's abuse of Plaintiff Lewis was not possible; and

o   Whether Julia Sell discussed Plaintiff Johnson's weight and/or sexual orientation with other individuals.

(ECF No. 325-1 at 17-18). Further, because Plaintiffs do not know what was on the Sells' cell phones, there could have also been additional evidence that would have further supported their claims.  Given the Sells' employment by LSU during this period, this information is relevant to show that LSU, through the Sells, maintained a policy of deliberate indifference to reports of sexual misconduct.

The Board argues that the information on the Sells' cell phones is not relevant to pre-assault claims for Plaintiffs Owens, Lewis, and Johnson. (ECF No. 468 at 3). The Board does not reference any of the remaining seven Plaintiffs as they specifically state that Plaintiffs Owens, Lewis, and Johnson are the only plaintiffs "who allege claims involving the Sells." (ECF No. 468 at 2-3). The Board misunderstands both the law and Plaintiffs' claims. The information believed to have been contained on the Sells' cell phones is important in proving that the Board maintained a policy of deliberate indifference to reports of sexual misconduct which then created a heightened risk of sexual misconduct *for the Plaintiffs who had such experiences at LSU afterward.*

Of the three Plaintiffs with specific allegations involving the Sells, LSU, through the Sells, became aware of Plaintiff Owens' rape by John Doe first, in April 2017. (ECF No. 483 at 14). Six of the ten Plaintiffs experienced sexual misconduct and/or violations of their Title IX rights by LSU after the Board had knowledge of Plaintiff Owens' rape. John Coe's abuse of Plaintiff Lewis occurred both prior to Plaintiff Owens' report in 2017 and after, continuing into 2018. (ECF No. 484 at 2-16). Plaintiff Johnson's abuse began in the Fall of 2017. (ECF No. 488 at 3; ECF No. 340 at 14-15). Plaintiff Elisabeth Andries ("Andries") was sexually assaulted in 2016 and experienced repeated failures in the Title IX process through 2017 and into 2018. (ECF No. 486 at 2-3). Plaintiff Jane Doe's ("Doe") was sexually assaulted and stalked began in the Fall of 2018. (ECF No. 485 at

4

2). Plaintiff Sarah Beth Kitch ("Kitch") reported John Moe's abuse to LSU's Title IX Office in the

Fall of 2019, where she was discouraged from pursuing an investigation. (ECF No. 487 at 4).

Plaintiff Corinn Hovis' ("Hovis") was assaulted in January 2020. (ECF No. 489 at 2).

Further, because the data on the Sells' cell phones cannot be recovered, Plaintiffs have no

way of knowing whether the phones contained evidence of the Board's deliberate indifference to

reports of sexual harassment leading to the abuse suffered by Plaintiffs Ashlyn Mize Robertson

("Robertson"), Samantha Brennan ("Brennan"), and Calise Richardson ("Richardson"). Because

the data on the Sells' cell phones *is* relevant to prove Plaintiffs' Policy-Based Heightened Risk

claims for at least six of the ten Plaintiffs, Plaintiffs' Motion for Sanctions is not moot. For the

foregoing reasons, the Court should affirm Magistrate Judge Johnson's Order finding prejudice

against the Board.

**B. The Court should impose Magistrate Judge Johnson's recommended curative measure and allow Plaintiffs to inform the jury of Defendant's duty to preserve ESI and their failure to do so.**

Pursuant to Rule 37(e)(1) of the Federal Rules of Civil Procedure,

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice.

Magistrate Judge Johnson, in his September 29, 2023, Order, determined that adverse

inference sanctions are inappropriate "absent any further showing of intent" to deprive Plaintiff of

the ESI. (ECF No. 440 at 15). As such, Magistrate Judge Johnson left a final determination of

adverse inference sanctions for the Trial Judge following the close of discovery. *Id.* However, in

his Order, Magistrate Judge Johnson did recommend that the Trial Judge allow Plaintiffs to inform

the jury of the Board's duty to preserve the ESI and its subsequent failure to do so. *Id.* In the

Board's Objections to Magistrate Judge Johnson's Order, the Board argues that adverse inference

sanctions should not be imposed because, following the close of discovery, there is no evidence

that Defendant acted with intent to deprive. (ECF No. 468 at 5).

Even if this Court cannot order adverse inference sanctions in this case, this Court does

have the discretion, under Rule 37, to order other curative measures upon the finding of prejudice

due to the loss of the ESI. Plaintiffs argued in their Motion for Sanctions, and Magistrate Judge

Johnson agreed, that the Board should have preserved the data on the Sells' LSU-issued cell phones

from the time that the Board was aware of the allegations in the Complaint. (ECF No. 325-1 at 12;

ECF No. 440 at 7). The Board did not object to this finding. Magistrate Judge Johnson determined

that the Board failed to take reasonable steps to preserve the data on the Sells' cell phones. (ECF

No. 440 11). The Board did not object to this finding. Plaintiffs argued, and Magistrate Judge

Johnson agreed, that the data wiped from the Sells' cell phones cannot be restored or replaced

through additional discovery. (ECF No. 325-1 at 14-15; ECF No. 440 at 14). The Board did not

object to this finding.

Rule 37(e) gives this Court discretion to impose curative measures in these instances.

However, the Rule does not specify what curative measures the Court may impose. In fact, the

only limitation provided in the rule is that the curative measure imposed cannot be greater than

necessary to cure the prejudice. Here, the only remedy that would truly cure the prejudice would

be to order the Board to provide Plaintiffs with the data from the Sells' cell phones, which is not

possible. Magistrate Judge Johnson does attempt to cure Plaintiffs with his recommendation of "at

least informing the jury of Defendant's duty to preserve ESI and failure to do so." (ECF No. 440

at 15). This proposed curative measure, if imposed, is not greater than necessary to cure the

prejudice to Plaintiffs. Further, this proposed curative measure is appropriate in this case. As

6

Magistrate Judge Johnson writes in his Order, "Defendant's failure to preserve ESI is particularly egregious given the Court's oral order and Agreed ESI Order, which should have put Defendant on notice to carefully monitor ESI." (ECF No. 440 at 15). The Board did not specifically object to Magistrate Judge Johnson's recommended curative measure. Rather, in a footnote, the Board merely stated, with no rationale, that "there is no need to inform the jury of this issue."

For these reasons, Plaintiffs respectfully request that the Court impose Magistrate Judge Johnson's recommended curative measure and allow Plaintiffs to inform the jury of the Board's duty to preserve ESI and their failure to do so in connection with the Sells' cell phone data.

### C. The Board's argument that it should not be sanctioned fails as a matter of public policy.

The Board argues that it should not be sanctioned because it did not intend to deprive Plaintiff of ESI. (ECF No. 468 at 4-5). As stated in Plaintiffs' Motion for Sanctions, Plaintiffs' technology expert confirmed that the Sells' cell phones had, in fact, been reset to their factory settings. (ECF. No. 325-1 at 9). The Board acknowledged that the Sells' cell phones contained no data. (ECF No. 327 at 3). The Board argues that no one in the LSU Information Technology Department wiped the phones, nor does IT staff know who wiped them. (ECF No. 468 at 5). Both Michael and Julia Sell also testified at their depositions that they did not delete information pertaining to LSU nor did they reset their phones to their factory settings prior to turning in their phones to the University. (ECF No. 325-10 at 2; ECF No. 327-2 at 3). While it is unclear who wiped the Sells' cell phones, there is no dispute that the phones were wiped of their data. The Board argues that Plaintiffs are not prejudiced because there is no way to ascertain what evidence, if any, was destroyed on the Sells' cell phones. (ECF No. 327 at 7). However, as Magistrate Judge Johnson wrote, "to allow such an argument would be to allow every spoliator to claim lack of evidence implies lack of relevance." (ECF No. 440 at 14).

While it is impossible to determine who wiped the Sells' cell phones and while it is impossible to determine what information was contained on the phones, it is indisputable that the Board did not do its due diligence in preserving the information. Magistrate Judge Johnson found that the Board did, in fact, have a duty to preserve the data contained on the phones at the time it learned of the present litigation. (ECF No. 440 at 7).  Service of the Board was perfected in myriad ways on July 2 and July 7, 2021. (ECF No. 39).  Therefore, the Board had a duty to preserve information it could reasonably expect to be relevant to this litigation as of, at the latest, July 7, 2021.  It did not do so.  Magistrate Judge Johnson further found that the Board failed take reasonable steps to preserve the Sells' text communications (ECF. No. 440 at 11). That the Board would not have reasonably known that data contained on the cell phones of two named defendants would not be relevant to this litigation is outside the bounds of logic.  However, even if this Court finds that a reasonable party in the Board's position would not have known such, the Agreed ESI Order entered on March 3, 2022, made the Board's duty crystal clear: "This does not apply to the duty to implement a 'litigation hold' and ensure the preservation of relevant documents once the party reasonably anticipates litigation."  (ECF No. 207 at 1).

Failure to sanction the Board for its decision to ignore both its reasonable duty of care towards evidence in this litigation and this Court's explicit order that it ensure the preservation of relevant documents would set a disastrous precedent for any forthcoming party who may choose to seek justice through civil litigation.  Parties could withhold evidence and simply wait to see if claims were dismissed before even considering complying with discovery requests and the Federal Rules of Civil Procedure.  This would disadvantage opposing parties not only from obtaining evidence which they know exists but also from obtaining information relevant to their claims that they don't know exists, which is arguably the entire purpose of the discovery process.  It is difficult

8

to imagine how a litigant could have faith in the court system if this type of obfuscation is found to be acceptable.

If this Court accepts the Board's arguments and chooses not to sanction it, other litigants will be incentivized to negligently dispose of relevant evidence without fear of consequences. Therefore, the Board's arguments should fail as a matter of public policy.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule the Board's objections to Magistrate Johnson's September 29, 2023, Order in its entirety. Plaintiffs further request that the Court allow Plaintiffs to inform the jury of the Board's duty to preserve ESI and its failure to do so.

Respectfully submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour
*Pro Hac Vice*
Abdnour Weiker, LLP
500 East Michigan Ave. Suite 130
Lansing, Michigan 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

Catherine E. Lasky (La. Bar 28652)
Endya L. Hash (La. Bar 38260)
Katie Lasky Law
619 Homedale Street
New Orleans, Louisiana 70124
P: (504) 584-7336
F: (504) 375-2221
katie@katielaskylaw.com
endya@katielaskylaw.com

Karen Truszkowski
Pro Hac Vice
Temperance Legal Group, PLLC

9

503 Mall Court #131
Lansing, Michigan 48912
P: (844) 534-2560
F: (800) 531-6527
karen@temperancelegalgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically on October 27, 2023, through the court's electronic filing system which provides service upon all parties.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour