**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' SUBMISSION OF REASONABLE ATTORNEYS' FEES

The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") submits this response to Plaintiffs' Submission of Reasonable Attorneys' Fees ("Plaintiffs' Submission") (R. Doc. 502) and attached exhibits A and B detailing fees, costs, and expenses unrelated to the preservation of the Sells' text messages. For the reasons set forth below, Plaintiffs' request for attorneys' fees should be reduced.

**I. INTRODUCTION**

On February 20, 2023, Plaintiffs filed a Motion for Sanctions (the "Motion") against the Board in connection with the suspected contents of the Sells' LSU-issued iPhones. On September 29, 2023, the Magistrate Judge issued an Order granting the Motion in part and denying the Motion in part.[1] The Magistrate Judge found that Plaintiffs were prejudiced by the Board's purported failure to preserve cell phone information and awarded Plaintiffs reasonable fees, costs, and expenses.

Plaintiffs now seek $30,162.30 in attorneys' fees and expenses incurred on issues related to the Board's alleged failure to preserve information. However, Plaintiffs seek fees that are (1) unrelated to Michael and Julia Sell, (2) beyond the scope of the Magistrate's Order, and (3) for

---

[1] The Board filed Rule 72 Objections to the Magistrate Judge's Order on Plaintiffs' Motion for Sanctions (R. Doc. 467), which is currently pending. The Board submits this response to Plaintiffs' Submission of Reasonable Attorneys' Fees in compliance with the Magistrate Judge's Order in an abundance of caution.

clerical or administrative tasks. Therefore, this Court should make appropriate adjustments to Plaintiffs' Submission.

**II.    LAW AND ARGUMENT**

A court may award reasonable expenses, including attorney's fees, in connection with a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 37. It is well-settled that the Fifth Circuit uses the "lodestar" method to calculate attorneys' fees, including fees awarded as a sanction under Rule 37.[2] Lodestar is computed by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate, which is the market rate in the community for the type of work.[3] When calculating lodestar, the court should exclude all time that is "excessive, duplicative, or inadequately documented."[4] Additionally, if multiple attorneys work on a matter, the court should scrutinize the possibility of duplication of effort and proper utilization of time.[5]

After the lodestar amount is calculated, the district court must consider the weight and applicability of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[6] The court may modify the lodestar upward or downward based on the *Johnson* factors.[7]

"The party seeking attorneys' fees has the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment."[8] A review of Plaintiffs' Submission reveals that the lodestar should be reduced because (a) some of the fees sought are completely unrelated to the alleged loss of information from the Sells' cell phones; (b) some of the fees sought are beyond

---

[2] *Miller v. Danna*, No. 22-687, 2023 WL 35761, at *1-2 (E.D. La. Jan. 4, 2023); *see Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
[3] *Miller*, 2023 WL 35761, at *1.
[4] *Gilmore v. Audubon Nature Institute, Inc.*, 353 F.Supp.3d 499, 507 (E.D. La. Nov. 5, 2018).
[5] *Abrams v. Baylor Coll. of Medicine*, 805 F.2d 528, 535 (5th Cir. 1986).
[6] 488 F.2d 714 (5th Cir. 1974); *Miller*, 2023 WL 35761 at *1.
[7] *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).
[8] *Miller*, 2023 WL 35761, at *2.

- 2 -

the scope of the Magistrate Judge's Order; and (c) Plaintiffs seek reimbursement for clerical or administrative tasks.[9]

A. **<u>Plaintiffs Seek Reimbursement for Fees Having no Connection to the Sells.</u>**

As a preliminary matter, it is important to establish the relevant time period for recovery of fees and expenses in connection with the alleged loss of data. According to the declarations submitted by Plaintiffs' counsel, a subpoena for relevant documents and communications including text messages was issued to Michael and Julia Sell on July 9, 2022. (R. Doc. 502-1, ¶ 6; 502-3, ¶ 70) The declarations further state that in early September 2022, Plaintiffs' counsel contacted the Board's attorneys seeking responsive data from the Sells' cell phones. (R. Doc. 502-1, ¶ 6; 502-3, ¶ 70) These declarations indicate that Plaintiffs cannot recover fees in connection with the alleged loss of data until July 9, 2022, at the earliest. Plaintiffs seek recovery of 1.7 hours for work performed on June 30, 2022, which predates the relevant time period, and therefore, should be disallowed.[10]

In addition, Plaintiffs seek recovery of 13 hours of fees that are completely unrelated to Michael and Julia Sell.[11] According to the time entries, the fees are associated with the 30(b)(6) deposition of the Board and related correspondence with its counsel and discovery and trial strategy. The 30(b)(6) deposition notice included more than seventy (70) areas of inquiry, which covered a broad range of issues. The time entries in Plaintiffs' Submission do not show that the fees are related to Julia and Michael Sell, let alone to the alleged loss of cell phone data.[12] Moreover, Plaintiffs seek recovery of fees related to preparing for and deposing Marshall Walters, Interim Chief of the LSU Police Department, one of the Board's designated

---

[9] For the Court's convenience, the Board has identified its challenges to Plaintiffs' claimed attorney fees in the attached exhibits, A and B. References are to the exhibit and line number ("ln").
[10] Exhibit A, ln. 1.
[11] Exhibit A, ln. 14, 23, 32-33, 84, 104-110; Exhibit B, ln. 36-38.
[12] *See* Exhibit A, ln 104-110; Exhibit B, ln. 36-38.

representatives for the 30(b)(6) deposition. The topics about which Major Walters testified were completely unrelated to the Sells. Because Plaintiffs have failed to establish that these fees are related to the alleged loss of data, the fees should be disallowed.

**B.  Plaintiffs Seek Reimbursement for Fees Beyond the Scope of the Magistrate Judge's Order.**

According to the Order, the Board must pay "reasonable expenses, including attorneys' fees and costs, that Plaintiffs incurred *as a result of the Defendant's failure to preserve ESI*." (emphasis added) (R.Doc. 440, p. 15) However, a review of Plaintiffs' Submission shows that Plaintiffs seek reimbursement for 15.9 hours of fees and expenses in connection with expansive discovery related to Michael and Julia Sell, which includes, drafting and reviewing notices of deposition, serving subpoenas, corresponding with counsel for the Sells regarding various issues related to the Sells' depositions and discovery, corresponding with Magistrate Judge Johnson and appearing for a status conference regarding the Sells' depositions, and drafting a motion to compel the deposition of the Sells.[13] As indicated in Plaintiffs' Motion for Sanctions, there are extensive allegations in the Second Amended Complaint regarding the Sells. Therefore, Plaintiffs would have had to serve discovery and depose the Sells on the allegations in their complaint regardless of any issues related to their cell phones. Plaintiffs' and the Sells' counsel engaged in numerous discussions regarding issues related to the Sells' depositions, including the materials the Sells could review prior to their depositions, the location and logistics of the deposition, and other issues wholly unrelated to ESI preservation. Many of these topics were the subject of a motion for protective order filed by the Sells. (R. Doc. 265-2) None of these issues relate to the alleged loss of data. Accordingly, these fees should be disallowed.

---

[13] Exhibit A, ln. 2-4, 8-13, 15-16, 22, 24-26, 28-31, 36, 39-40, 51-53, 55, 65-69, 71, 86, 94; Exhibit B, ln 13.

C. **<u>Plaintiffs Cannot Recover for Clerical or Administrative Tasks</u>.**

It is well-settled that courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals but only to the extent the work performed is similar to that typically performed by lawyers.[14] Otherwise, paralegal expense is an unrecoverable overhead expense.[15] Indeed, ". . . purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."[16]

Plaintiffs seek 1.6 hours for the following tasks performed by their paralegal: saving subpoenas and updating calendar entries, filing affidavits and proofs of service, filing docketed item and updating pleading index, and filing pleadings. The law is clear that the time associated with these tasks is not recoverable.[17] Accordingly, Plaintiffs' Submission should be reduced.

**III.    CONCLUSION**

For these reasons, the Board objects to approximately 32 hours of claimed attorneys' fees included in Plaintiffs' Submission of Reasonable Attorneys' Fees (R. Doc. 502).

                                                  Respectfully submitted,

                                                  **JEFF LANDRY**
                                                  **ATTORNEY GENERAL**

                                                  BY:    /s/ *Karleen J. Green*
                                                  Susan W. Furr Bar Roll No. 19582
                                                  Shelton Dennis Blunt Bar Roll No. 21230
                                                  Karleen J. Green Bar Roll No. 25119
                                                  Gregory T. Stevens Bar Roll No. 29436
                                                  Jessica Coco Huffman LA Bar No.: 30445
                                                  Michael B. Victorian Bar Roll No.: 36065
                                                  Molly McDiarmid Bar Roll No. 36426
                                                  II City Plaza | 400 Convention St., Ste. 1100
                                                  Baton Rouge, Louisiana 70802

---

[14] *Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, at *9 (5th Cir. 1999), citing *Allen v. United States Steel Corp*., 665 F.2d 689, 697 (5th Cir. Unit B 1982).
[15] *Coleman*, 202 F.3d 264, at *9.
[16] *Missouri v. Jenkins*, 109 S.Ct. 2463, 2472 n.10 (1989).
[17] Exhibit A, ln. 6, 42, 47, 57, 73, 73, 85, 103.

Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: dennis.blunt@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR THE BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on November 3, 2023. Notice of filing will be served on all counsel of record herein via the Court's electronic filing system.

/s/ *Karleen J. Green*

- 6 -

PD.43509815.1