UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ABBY OWENS, ET AL.**              **CIVIL ACTION**

**VERSUS**              **NO. 21-242-WBV-SDJ**

**LOUISIANA STATE UNIVERSITY, ET AL.**

### ORDER AND REASONS

Before the Court is a Motion for Leave to File Amicus Brief filed by Public Justice.[1] Plaintiffs have consented to the filing.[2] Defendant the Board of Supervisors for Louisiana State University and Agricultural and Mechanical College ("LSU") opposes the Motion[3] and Public Justice has filed a Reply.[4] Also before the Court is a Motion for Alexandra Brodsky to Appear Pro Hac Vice for Proposed Amicus Curiae, Public Justice[5] and a Motion for Mollie Berkowitz to Appear Pro Hac Vice for Proposed Amicus Curiae, Public Justice.[6] After careful consideration of the parties' memoranda and the applicable law, the Motion for Leave to File Amicus Brief[7] is **DENIED** and the Motions to Appear Pro Hac Vice for Proposed Amicus Curiae Public Justice are **DENIED AS MOOT**.[8]

---

[1] R. Doc. 398.
[2] *Id.*
[3] R. Doc. 415.
[4] R. Doc. 418.
[5] R. Doc. 399.
[6] R. Doc. 400.
[7] R. Doc. 398.
[8] R. Doc. 399 and R. Doc. 400.

The parties agree and acknowledge that there is no federal rule governing the procedural or substantive requirements for district court amicus curiae briefs.[9] Further, the parties both point to the thorough analysis previously conducted by this Court that advises "Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace."[10] The parties are also on the same page that, in determining whether the amicus brief would be helpful to the Court, the Court should consider whether the organization seeking to file the amicus brief is an advocate for any party, which would be viewed with disfavor, whether the amicus has a special interest in the case, and whether the proposed amicus brief focuses on a broader legal interest.[11]

There is no question that the parties are ably represented by several counsel with decades of legal experience. It is further uncontested that counsel have zealously represented and advocated for their respective clients during the pendency of this matter.[12] To be sure, the Court has zero concerns about the level of expertise in the representation of the parties before the Court. The Court next addresses whether the amicus brief would be helpful to the Court in analyzing the legal issues. The Court determines that it would not be helpful.[13] As noted above, counsel for the parties have

---

[9] R. Doc. 398 and R. Doc. 415, both referencing *United States v. City of New Orleans*, Civ. A. No. 12-1924, 2022 WL 4465534 (E.D. La. Sept. 26, 2022).

[10] *U.S. v. Hamdan*, Crim. A. No. 19-60, 2021 WL 809376, at *5 (E.D. La. March 3, 2021) (quoting *In Re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Nat'l Org. for Women, Inc. v. Scheilder*, 223 F.3d 615, 616 (7th Cir. 2000))) (internal quotation marks omitted).

[11] R. Doc. 398 and R. Doc. 415.

[12] *See,* generally, the court record which speaks for itself regarding counsels' advocacy.

[13] Determining that the parties are more than ably represented and that the proposed amicus brief would not be helpful to the Court, the Court need not determine the "neutrality" of the proposed amicus. The Court is aware of Defendant's Opposition brief, which points out that Public Justice states in its Memorandum in Support that it seeks leave to file a brief "in opposition to Defendants' [sic] motions for summary judgment." R. Doc. 415 at p. 2 (*quoting* R. Doc. 398-1 at p. 1). The Court further

more than competently argued their respective positions and have thoroughly briefed the legal issues. In fact, a cursory review of the proposed amicus brief Table of Contents reveals that many of the cited cases are included in the parties' briefing on the motions before the Court. The Court finds that the additional briefing from Public Justice would be redundant to the ten motions for summary judgment, opposition briefs, and reply briefs before the Court.

Accordingly,

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion for Leave to File Amicus Brief filed by Public Justice is **DENIED**.[14]

**IT IS FURTHER ORDERED** that the Motions to Appear Pro Hac Vice for Proposed Amicus Curiae Public Justice are **DENIED AS MOOT**.[15]

New Orleans, Louisiana, November 17, 2023.

*(signature: Wendy B. Vitter)*
**WENDY B. VITTER**
**United States District Judge**

---

recognizes that the proposed amicus brief's "Introduction" advises that "This case arises from Louisiana State University's failures to live up to that [Title IX] obligation" and further argues what "LSU gets wrong" and asks the Court to deny Defendant's motions for summary judgment. R. Doc. 398-2 at pp. 6-7 & 17. Finally, the Court recognizes that Public Justice acknowledges in its Supporting Memorandum its "special interest" in the case, but contends that it seeks to "vindicate 'a broader legal interest' by advocating for appropriate judicial enforcement of Title IX." R. Doc. 398-1 at p. 3.
[14] R. Doc. 398.
[15] R. Doc. 399 and R. Doc. 400.