MINUTE ENTRY
VITTER, J.
DECEMBER 15, 2023
JS : 2:00

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**ABBY OWENS, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 21-242-WBV-SDJ**

**LOUISIANA STATE UNIVERSITY, ET AL.**

## TRIAL PREPARATIONS AND PROCEDURES ORDER

On December 15, 2023, the Court held a Final Pretrial Conference in this matter.

**PRESENT:**

**Catherine E. Lasky, Elizabeth K. Abdnour**
Counsel for Plaintiffs, Abby Owens, Kennan Johnson, Samantha Brennan, Elisabeth Andries, Jade Lewis, Calise Richardson, Ashlyn Robertson, Corinn Hovis, Sarah Beth Kitch, and Jane Doe

**Susan W. Furr, Jessica C. Huffman, Karleen J. Green, Molly C. McDiarmid, Shelton D. Blunt**
Counsel for Defendant, Board Of Supervisors for Louisiana State University and Agricultural and Mechanical College (the "Board")

During the Final Pretrial Conference, the Court discussed with counsel certain trial procedures, Plaintiffs' Ex Parte Motion For Leave to File Under Seal (R. Doc. 515), and the Board's Ex Parte Motion to File Under Seal (R. Doc. 518). The Court issued an **oral Order GRANTING** both motions. The Court then issued an **oral Order DENYING** Plaintiffs' Motion to Allow Remote Live Transmission Testimony of Plaintiff Lewis at Trial (R. Doc. 515-2), for the reasons stated during the conference.

The Court also discussed with counsel the parties' Proposed Joint Pretrial Order (R. Doc. 517), and the parties' proposed trial exhibits (R. Doc. 517-1), both of which contain numerous duplicate entries. The Court issued an **oral Order** for counsel to confer and narrow their objections to the proposed exhibits. Based upon these discussions regarding the Proposed Joint Pretrial Order, the Court issued an **oral Order** giving counsel until **January 5, 2024** to confer and file an amended proposed joint pretrial order addressing those issues. The Court also instructed the parties to include in the amended proposed joint pretrial order what claims remain pending for each plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Proposed Joint Pretrial Order (R. Doc. 517) is **NOT** approved and adopted. The parties shall have until **January 5, 2024** to confer and file an amended proposed joint pretrial order that addresses the concerns raised by the Court during the Final Pretrial Conference and specifies the remaining claims for each plaintiff.

**IT IS FURTHER ORDERED** that Plaintiffs' Ex Parte Motion for Leave to File Under Seal is **GRANTED.** The Clerk's Office is directed to file into the record **under seal** Plaintiffs' Memorandum in Support of Motion to Allow Remote Live Transmission Testimony of Plaintiff Lewis At Trial (R. Doc. 513-3), and the Exhibits thereto (R. Docs. 514-4 through 514-7).

**IT IS FURTHER ORDERED** that Defendant's Ex Parte Motion to File Under Seal (R. Doc. 518) is **GRANTED**. The Clerk's Office is directed to file into the record

**under seal** Defendant's Opposition to Plaintiffs' Motion to Allow Remote Live Transmission Testimony of Plaintiff Lewis at Trial (R. Doc. 518-2), and the Exhibits thereto (R. Docs. 518-3 through 518-5).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Allow Remote Live Transmission Testimony of Plaintiff Lewis At Trial (R. Doc. 515-2) is **DENIED.**

**IT IS FURTHER ORDERED** that an in-person status conference is scheduled for **Friday, January 12, 2024 at 10 a.m.** in Courtroom C352 of the United States District Court for the Eastern District of Louisiana.

**IT IS FURTHER ORDERED** that the parties shall attend another settlement conference before the trial commences, as discussed and ordered during the Pretrial Conference.

**IT IS FURTHER ORDERED:**

1. Jury trial of this matter shall commence at **9:00 a.m. on Tuesday, January 16, 2024** in Courtroom 3 of the Russel B. Long Federal Building and United States Courthouse. The estimated length of trial is **three (3) weeks**.

2. Counsel shall attend a conference with the Court at **8:00 a.m**. **on January 16, 2024** to resolve any issues that need to be addressed before trial begins. Each trial day after the first will begin at either 8:30 a.m. or 9:00 a.m., depending upon the preference of the jury (counsel must be present in court 30 minutes prior), and will conclude at approximately 5:30 p.m.

3. There will be **nine jurors** selected; the parties have agreed that trial will proceed with seven, eight, or nine jurors in the event any juror is excused. At the joint request of the parties, each side will be allowed **five peremptory challenges**.

4. The Court will provide the juror questionnaires, which have been received by the Clerk's Office, to counsel this week. These questionnaires contain private and sensitive information. The Clerk's Office is in the process of redacting the jurors' names from the questionnaires. Following that process, the questionnaires will be provided to counsel. The juror questionnaires will be identified by the Juror Participant Number issued by the Clerk's Office. On the morning of trial, the parties and the Court will receive the list of the entire jury venire, including those who may not have returned the juror questionnaire, with the correlating Juror Participant Numbers and names. Counsel shall not disclose the questionnaires, any information contained in the questionnaires, or any prospective juror's identity to anyone, including their clients, without the written permission of the Court. Should any questionnaire contain information identifying the potential juror, the parties are prohibited from making any contact whatsoever with the prospective juror. In the same vein, should counsel or any party learn of a prospective juror by any other means, it is required to advise the Court immediately of that information.

5. The parties shall meet and confer to discuss potential jurors they wish to strike for cause based solely on the information provided in the juror questionnaires. **IT IS ORDERED** that **on or before January 8, 2024** the parties shall email the Court at the Court's email address, efile-Vitter@laed.uscourts.gov, with a joint list of potential jurors whom they agree should be struck for cause by consent, with a brief explanation as to why each should be struck. Should either party seek to exclude any additional juror for cause, that party should include a separate listing *in the same document* with the prospective jurors it seeks to strike for cause with argument in support of the party's position and the opposing party shall briefly respond *in the same document* why it opposes the motion to strike for cause.

6. This will be a public trial and media will be allowed access. The Court will issue a separate Order consistent with MDLA General Order 2018-15 regarding the requirements for media attendance at the trial.

7. On or before **Wednesday, January 3, 2024:**

    i. Counsel shall provide the Court with an **electronic copy** of all numbered exhibits to be introduced at trial by sending them to the Court's email address, efile-Vitter@laed.uscourts.gov, in portable document format ("PDF"). Counsel shall also provide the Court with a thumb drive containing an electronic copy of their exhibits and the index thereto. Those exhibits should be numbered sequentially with

       a single numbering system (not Plaintiff Exhibit #1, etc, and Defendant Exhibit #2, etc).  Exhibits to which there are no objections shall be listed first on the index and placed in the front of the exhibit list.  Exhibits to which there are objections shall be listed at the end of the index and placed at the back of the exhibit list.

  ii. Counsel shall confer and provide the Court with an electronic copy of the deposition transcripts of any deposition testimony that the parties intend to introduce at trial in lieu of live witness testimony, as well their deposition designations and any objections thereto.  Counsel shall send the deposition transcripts, designations, and objections to the Court's email address, <u>efile-Vitter@laed.uscourts.gov</u>.  The parties advised that any depositions to be used for trial will be read to the jury in a "question and answer" format during the trial.  The party offering the deposition testimony will be responsible for having an individual read the questions from the podium and a separate individual read the answers from the witness stand.

  iii. Counsel shall confer and email the Court with their proposed time limits for presenting their respective cases, as discussed during the Final Pretrial Conference.

8. Any objections to exhibits shall be listed in **<u>one</u> Motion in Limine** per side, which must be filed on or before **Friday, January 5, 2024**.  The non-

moving party has through **Monday, January 8, 2024**, to file a response to the motion. No reply briefs will be allowed and the motions will be deemed submitted on January 8, 2024, regardless of any date provided by the Clerk's Office upon the filing of the Motion.

9. On or before **Monday, January 8, 2024:**

    i. The parties shall exchange and **file an electronic copy** of their **will-call** witness lists, indicating those witnesses they intend to call at trial in their cases in chief (no may-call witnesses will be allowed). Counsel shall also confer and include in the final witness list any witness who will appear at trial via Zoom video conference or via deposition. Such witnesses on the will-call witness list shall be made available for use by all parties by the party who lists the witness. **Any witness not listed thereon shall not be permitted to testify absent a showing of good cause, except for rebuttal witnesses**. Counsel shall comply with the Court's previous orders regarding identification of witnesses.

    ii. No witness shall be allowed to testify via Zoom without leave of Court.

    iii. The parties shall file into the record an electronic copy of **joint** jury instructions and a **joint** verdict form and shall email the Court (at the Court's email address) a copy thereof in Word format. All joint submissions should be formatted with footnotes

       indicating objections, as discussed in the pretrial conference. To the extent the parties rely upon Fifth Circuit Pattern Jury Instructions, the parties shall provide the Court with a complete copy of the instruction.

   iv.   The parties shall file into the record an electronic copy of **joint** special voir dire questions and shall email the Court (at the Court's email address) a copy thereof in Word format. All joint submissions should be formatted with footnotes indicating objections, as discussed in the pretrial conference.

   v.   Counsel shall confer and electronically file into the record a joint statement of the case to be read to the jury venire. This statement should be brief, approximately 2-3 sentences, to give the venire an overview of the basis of the case.

   vi.   Counsel shall exchange any demonstrative exhibits that they intend to use in opening statements. Counsel shall communicate any objections to the demonstrative exhibits, and shall provide a brief statement thereof, to the Court via email by **Wednesday, January 10, 2024**.

10. Each side shall have **30 minutes** for opening statements.

Counsel are to make an appointment with Case Administrator Javier Gutierrez (225-389-3554) as soon as possible to familiarize themselves and their

support staff with the courtroom technology if they are not already experienced in its use.

If needed during trial, counsel are invited to use the John V. Parker Attorney Conference Room located past the main lobby on the first floor toward the rear of the Russell B. Long Federal Building and Courthouse, which is accessible through the glass doors near the vending machines. The space provides attorneys access to a computer with high-speed internet, a printer, and a copier. A key may be requested from the Court Security Officer front desk, as the room remains locked when not in use.

New Orleans, Louisiana, December 18, 2023.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**