UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABBY OWENS, ET AL.** | **CIVIL ACTION NO. 3:21-CV-00242** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE JOHNSON** |

### MEMORANDUM IN SUPPORT OF JOINT MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

NOW INTO COURT, through undersigned counsel, come plaintiffs, Abby Owens, Jane Doe, Kennan Johnson, Samanatha Brennan, Elisabeth Andries, Jade Lewis, Calise Richardson, Ashlyn Robertson, Corinn Hovis, and Sarah Beth Kitch ("Plaintiffs"), and defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), and pursuant to the General Order of this Court, respectfully request this Court retain the following documents under seal: (1) Plaintiffs' Memorandum in Support of their Motion to Allow Remote Videoconferencing Testimony of Plaintiff Lewis at Trial, including exhibits[1] ("Plaintiffs' Videoconferencing Memorandum");[2] (2) the Board's Opposition to Plaintiffs' Motion to Allow Remote Videoconferencing Testimony of Plaintiff Lewis at Trial, including exhibits (the "Board's Opposition Memorandum");[3] (3) the Board's memoranda in support of each of its motions for summary judgment, including exhibits (the "Board's Summary Judgment Memoranda");[4] and (4)

---

[1] The exhibits for each pleading referenced herein were cited in the memoranda and attached to the motions. It is these exhibits that the parties seek to maintain under seal.
[2] R. Doc. 521.
[3] R. Doc. 522.
[4] R. Docs. 365, 367, 369, 371, 373, 375, 377, 379, 381, and 383.

1

Plaintiffs' memoranda in opposition to each of the Board's motions for summary judgment, including exhibits ("Plaintiffs' Summary Judgment Opposition Memoranda").[5]

## I. BACKGROUND

During the pendency of this litigation, a Protective Order allowed the parties to designate Discovery Material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The parties entered the agreed upon Protective Order with the understanding that such designated documents would not be disclosed by the parties, their counsel, or limited third parties. Pursuant to the Protective Order and Local Rule 5.6, the parties motioned this Court for various filed motions and accompanying exhibits to be filed under seal, including: (1) Plaintiffs' Videoconferencing Memorandum, (2) the Board's Opposition Memorandum, (3) the Board's Summary Judgment Memoranda, and (4) Plaintiffs' Summary Judgment Opposition Memoranda. Though the Title IX dispute is now resolved, Plaintiffs and the Board, pursuant to the Court's General Order, seek to maintain the aforementioned documents under seal.

## II. LAW AND DISCUSSION

While courts have recognized that the public has a right to inspect and copy judicial records, this right is not absolute.[6] The decision of whether to allow public access to court records is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."[7] Further, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[8] In determining whether a document should be sealed

---

[5] R. Docs. 405, 406, 407, 408, 409, 410, 411, 412, 413, and 414.
[6] *S.E.C. v. Van. Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).
[7] *June Med. Servs., LLC v. Phillips*, No. CV 14-525-JWD-RLB, 2021 WL 1936233, at *2 (M.D. La. May 13, 2021) (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctro.*, 913 F.3d 443, 450-51 (5th Cir. 2019)).
[8] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 588 (1978).

during the pendency of litigation, the court must balance the public's common law right to access against the interests favoring nondisclosure.[9]

When the parties have resolved a matter, they may motion the court to maintain under seal documents previously filed under seal during litigation.[10] Pursuant to this Court's General Order, thirty days after final disposition of an action, "all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal."[11] Upon such motion by the parties, the Court must reconsider its original balancing of the public's common law right to access against the interests favoring nondisclosure, keeping in mind the permanent nature of the party's request to maintain documents under seal.[12]

### III. MAINTAINING THE DOCUMENTS UNDER SEAL IS WARRANTED TO PROTECT THE PRIVACY INTERESTS AND/OR CONFIDENTIALITY OF PLAINTIFFS AND NON-PARTIES.

#### A. Plaintiffs' Videoconferencing Memorandum, Including Exhibits

Plaintiffs' Videoconferencing Memorandum and accompanying exhibits contain sensitive, personally identifiable information about Plaintiff Lewis. Given the level of intimacy involved in the details of this case, Plaintiff Lewis' right to privacy regarding the events described within Plaintiffs' Videoconferencing Memorandum outweighs any right the public may have in the release of such information.[13] Further, the information in Plaintiffs' Videoconferencing Memorandum, including information pertaining to Plaintiff Lewis' medical conditions, her

---

[9] *S.E.C.*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 599).
[10] See R. Doc. 544.
[11] *Id.*
[12] *See June Med. Servs.*, 2021 WL 1936233, at *3.
[13] *See Doe v. Univ. of Miss.*, 2021 WL 6752261, at *2 (S.D.Miss. 2021) (quoting *Doe v. Univ. of Miss.*, 2018 WL 1703013, at *2 (S.D.Miss. 2018) ("[G]iven the level of intimacy involved in the details of this case, [the individuals'] 'right to privacy with regard to the events described within the complaint outweighs the public's right to know [their] identit[ies].")).

3

whereabouts, and identifying information about her alleged assailant, is not otherwise publicly disseminated.[14] This is particularly true given the fact that the information contained in the documents was never subject to disclosure at trial, and the public has no interest in the release of such confidential information. Good cause exists to maintain Plaintiffs' Videoconferencing Memorandum and exhibits under seal to prevent improper public dissemination of sensitive information regarding Plaintiffs and non-parties.

### B. The Board's Opposition Memorandum, Including Exhibits.

Like Plaintiffs' Videoconferencing Memorandum, the Board's Opposition Memorandum, including exhibits, also contains sensitive, personally identifiable information about Plaintiff Lewis, including her medical conditions. "Courts routinely find that the personal interest in keeping medical records private outweighs the public's interest in viewing those records."[15] As a result, the Board's Opposition Memorandum, including exhibits, must also remain under seal to prevent dissemination of Plaintiff Lewis' confidential medical information.

### C. The Board's Summary Judgment Memoranda, Including Exhibits

The exhibits filed in connection with the Board's summary judgment motions and memoranda reference confidential educational records, sensitive and identifying information about parties and non-parties, and other confidential information. As a result, the parties' and non-parties' privacy interests weigh against nondisclosure. Numerous exhibits, particularly deposition testimony, include or reference personally identifiable information of non-plaintiff students contained in "educational records," which the Board is obligated to protect under the Family

---

[14] *See Borkowski v. Baltimore Cnty., Maryland*, 492 F.Supp.3d 454, 494 (D.Md. 2020) (determining that Title IX records including "sensitive" details of a parties' personal life, the lives of the alleged assailants, and other third-party witnesses should be placed under seal).

[15] *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 504 (E.D. Tex. 2022).

Educational Rights and Privacy Act (FERPA).[16] The personal interest in keeping educational records private outweighs any public interest in viewing those records. Investigative documents of Title IX reports are also "education records" under FERPA.[17] Filing under seal "personally identifiable information" of a student as defined by FERPA is a proper remedy.[18] Further, the exhibits reference the real names of Plaintiff "Jane Doe" and the "John Does" in this case, who Plaintiffs specifically chose not the identify. Maintaining the documents under seal is appropriate because disclosure of the exhibits would identify the individuals.[19]

Additionally, the exhibits contain other sensitive and personally identifiable information of parties and non-parties. Indeed, the highly sensitive nature of this case is evidenced by one plaintiff choosing to proceed under a pseudonym. Title IX records including "sensitive" details of a parties' personal life, the lives of the alleged assailants, and other third-party witnesses should be sealed.[20] In fact, this kind of personally identifying information of third parties is routinely permitted to remain under seal.[21]

---

[16] FERPA prevents federally funded education institutions from "releasing, or providing access to, any personally identifiable information in education records" without the written consent of the student, a lawfully issued subpoena, or a judicial order. 20 U.S.C. § 1232g(b)(2). The term "personally identifiable information" means information such as names, birthdates, social security numbers, and '[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who dose not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.
[17] 20 U.S.C. § 1232g(a)(B); *Borkowski*, 492 F.Supp.3d at 494.
[18] *Mitchell v. University of Louisiana*, 2015 WL 13528479, at *3 (M.D.La. 2015); *Borkowski,* 492 F.Supp.3d at 494; *see, e.g., Webster Groves Sch. Dist*, 898 F.2d 1371, 1375, 1377 (8th Cir. 1990) (finding it proper to close trial and maintained sealed record in proceeding involving records protected by FERPA); *Peloe v. Univ. of Cincinnati*, 2014 WL 5448868, at *1 (S.D. Ohio 2014) (holding that personally identifiable student information including the students' initials, name of their housing facility, and their activities on a particular night, should not be disclosed in any way that would violate FERPA).
[19] *See Doe*, 2021 WL 6752261 (ordering that no identifying information of the accused or accusing student should be made public in sexual harassment case against a school); *see also D.H.H. by and Through Rob Anna H. v. Kirbyville Consolidated Independent School District*, 2019 WL 5390125, at *18 (E.D.Tex. 2019) (granting motion to seal where the record would have made the identity of unidentified party known).
[20] *See generally, Borkowski*, 492 F.Supp.3d at 494 (determining that Title IX records including "sensitive" details of a parties' personal life, the lives of the alleged assailants, and other third-party witnesses should be placed under seal).
[21] *See, e.g., Jaufre ex rel. Jaufre v. Taylor*, 351 F.Supp.2d 514, 517-18 (E.D.La. 20015) (recognizing that privacy interests often outweigh the public's interest to access and therefore warrant sealing of personally identifiable information).

Because the Board's Summary Judgment Memoranda quote and/or cite private information which should remain under seal, the Board's Summary Judgment Memoranda must also remain under seal. The information contained in the Board's Summary Judgment Memoranda is not otherwise publicly disseminated, and no public interest exists in the release of such confidential information.[22] Thus, good cause warrants maintaining the Board's Summary Judgment Memoranda, including exhibits, under seal to prevent improper public dissemination of sensitive information of Plaintiffs and non-parties.

### D. Plaintiffs' Summary Judgment Opposition Memoranda, Including Exhibits.

Finally, Plaintiffs' Summary Judgment Opposition Memoranda, including exhibits, similarly contain personally identifiable information that would not otherwise be publicly disseminated. For all of the reasons above, no public interest exists in the release of the confidential information contained therein, and good cause exists to maintain Plaintiffs' Summary Judgment Opposition Memoranda, including exhibits, under seal.

### IV. CONCLUSION

Good cause exists to maintain the aforementioned documents under seal. Therefore, Plaintiffs and the Board respectfully ask that the Court grant this Joint Motion to Maintain Documents Under Seal, maintaining under seal: (1) Plaintiffs' Videoconferencing Memorandum, including exhibits; (2) the Board's Opposition Memorandum, including exhibits; (3) the Board's Summary Judgment Memoranda, including exhibits; and (4) Plaintiffs' Summary Judgment Opposition Memoranda, including exhibits.

*[SIGNATURE BLOCKS ON FOLLOWING PAGE]*

---

[22] *See McConnell v. Fed. Election Comm'n*, 251 F.Supp.2d 919, 933 (D.C. 2003) (affirming that confidential information which is not widely disseminated and in which a strong privacy interest existed should remain under seal, as the "private interests in keeping the [information] confidential outweighs the clear, probative value of the information contained therein").

Respectfully submitted,

                                              **LIZ MURRILL**
                                              **ATTORNEY GENERAL**

By: */s/ Catherine E. Lasky*                By: */s/ Molly C. McDiarmid*
    Catherine E. Lasky (La. Bar 28652)      Susan W. Furr, Bar Roll No. 19582
    KATIE LASKY LAW, LLC                    Karleen J. Green, Bar Roll No. 25119
    619 Homedale St.                            Shelton Dennis Blunt, Bar Roll No. 21230
    New Orleans, LA 70124                  Gregory T. Stevens, Bar Roll No. 29436
    Phone: (504) 584-7336                  Jessica C. Huffman, Bar Roll No. 30445
    Fax: (504) 375-2221                      Michael B. Victorian, Bar Roll No. 36065
    katie@katielaskylaw.com              Molly McDiarmid, Bar Roll No. 36426
                                            II City Plaza | 400 Convention Street, Suite 1100
                                            Baton Rouge, Louisiana 70802
    **Elizabeth K. Abdnour**                P.O. Box 4412
    *Pro Hac Vice*                                 Telephone: 225 346 0285
    Abdnour Weiker LLP                   Facsimile: 225 381 9197
    500 E. Michigan Ave.                   Email: susie.furr@phelps.com
    Suite 130                                         karleen.green@phelps.com
    Lansing, MI 48912                        dennis.blunt@phelps.com
    Phone: (517) 994-1776                  greg.stevens@phelps.com
    Fax: (614) 417-5081                      jess.huffman@phelps.com
    liz@education-rights.com              michael.victorian@phelps.com
                                            molly.mcdiarmid@phelps.com

    **Karen Truszkowski**
    *Pro Hac Vice*                                 **ATTORNEYS FOR DEFENDANT, THE**
    Temperance Legal Group, PLLC        **BOARD OF SUPERVISORS OF**
    503 Mall Court #131                      **LOUISIANA STATE UNIVERSITY AND**
    Lansing, MI 48912                        **AGRICULTURAL AND MECHANICAL**
    Phone: (844) 534-2560                  **COLLEGE**
    Fax: (800) 531-6527
    karen@temperancelegalgroup.com

**ATTORNEYS FOR PLAINTIFFS**

7

**CERTIFICATE OF SERVICE**

    I hereby certify on this 26th day of April 2024, the foregoing Memorandum in Support of Joint Motion to Maintain Documents Under Seal was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                              */s/ Molly C. McDiarmid*